PATRICK MILLER
Email: Patrick.miller@pmillerlegal.com
P. Miller Legal Services
121 S Oak Ave
Pasadena, CA 91107
Telephone: 213-364-7581

Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

FILED
OCT 11 2022
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:          Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 11<br><br>**EXHIBITS 1 & 2 OF THE OPPOSITION TO THE DEBTOR'S MOTION FOR ORDER CONTINUING STAY AND REQUEST FOR DISMISSAL WITH A BAR TO REFILING**<br><br>**Date**: 18 October 2022<br>**Time**: 10am<br>**Crtrm**: Virtual/5B |

Belgium Investments 960 Bay Dr, LLC, a California Corp. ("Belgium") hereby encloses Exhibits 1 & 2 to be included with its Opposition to the Debtor's Motion for Order Continuing Stay and Request for Dismissal with Bar to Refiling which it filed on 4 October 2022.

Dated:    6 Oct 2022

P. Miller Legal Services

By_____
Patrick Miller
Attorney for
Judgement Creditor

# EXHIBIT "1"

PATRICK MILLER
Email: Patrick.miller@pmillerlegal.com
P. Miller Legal Services
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581


Attorney for Judgement Creditor
BELGIUM INVESTMENTS 660 BAY DR,
LLC A CALIFORNIA CORP.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re El Mallakh | Case No 8:22-bk-11158-TA<br>Chapter 13<br><br>**MOTION FOR SANCTIONS BARRING SUBSEQUENT BANKRUPTCY FILING**<br><br>**Date**: 21 September 2022<br>**Time**: 3pm<br>**Crtrm**: Virtual/5B |

Belgium Investments 960 Bay Dr, LLC, a California Corp. ("Belgium") hereby motions for sanctions against defendant Bassem Essam El Mallakh because El Mallakh abused the bankruptcy process by incorrectly filing for Chapter 13 bankruptcy with the sole intention of obstructing the enforcement of a judgement resulting from state court litigation.

**Introduction**

Defendant is ineligible for Chapter 13 because his secured and/or unsecured debts exceed the statutory maximum of $1,395,875 and/or $465,275, respectively. Belgium has been engaged

1

in the enforcement of a Sister-State judgment totaling $4,255,000 since June 2020. El Mallakh lost a state court action brought against him for fraud and Belgium then moved to execute against a rental property owned by El Mallakh in partial satisfaction of its judgment. On the eve of the sheriff's auction, after Belgium prevailed over an emergency Ex Parte Application to stay the execution, El Mallakh filed for Chapter 13 bankruptcy in a further attempt to obstruct Belgium's enforcement. The Chapter 13 filing erroneously claimed El Mallakh's liabilities did not exceed $50,000. After two weeks, El Mallakh voluntarily dismissed the bankruptcy action, effectively accepting that the purpose of the bankruptcy filing was to delay the Sheriff's auction. Belgium seeks a bankruptcy filing injunction of 180 days to prevent El Mallakh from further abusing the bankruptcy process and obstructing efforts to enforce Belgium's judgement.

## Statement Of Relevant Facts

On 25 February 2020, a judgement in Florida state courts was entered against El Mallakh for $4.255,000 for claims involving fraud and other misconduct **[Exhibit 1]**. Belgium then filed an Application for Entry of Judgement on the Sister State Judgement in California on 18 June 2020 **[Exhibit 2]**. In February 2021, El Mallakh's rental property (the "**Rockefeller Property**") was levied upon and Motions to Vacate were filed in both Florida and California. In the Motions to Vacate, El Mallakh testified that the Rockefeller Property was not his primary residence when Belgium's judgment lien attached and that he had a lease agreement in place which expired in February 2024 **[Exhibit 3]**.

In Florida, the motion was denied after an evidentiary hearing and a Florida Appellate Court issued a written opinion affirming the trial court's denial on 15 May 2021 and 16 February 2022, respectively **[Exhibits 4 & 5]**. El Mallakh then filed a Motion for Rehearing En Blanc,

2

Certification or, Alternatively, for Rehearing or Clarification which was also denied by the Florida Appellate court in a one paragraph opinion issued on 28 June 2022 **[Exhibit 6]**.

In California, the trial court denied the Motion to Vacate and later issued an order for the sale of the subject real property on 15 July 2021 and 21 April 2022 **[Exhibits 7 & 8]**. The Order for Sale was delayed substantially to allow for El Mallakh's appeal in Florida to be resolved. The Sheriff's auction was finally scheduled for 13 July 2022. On the day before the Sheriff's auction, the California trial court heard an emergency ex parte motion to stay the sale of the Rockefeller Property. This motion was denied and it was ordered that the proceeds of such sale would be directed to the trust account managed by Creditor's counsel to be distributed at a later date—at no time did El Mallakh indicate he might file for bankruptcy **[Exhibit 9]**.

On the same day his ex parte petition was denied, and on the eve of the Sheriff's auction, El Mallakh filed this Chapter 13 bankruptcy petition. The Chapter 13 petition contained an egregious error at paragraph 20 where El Mallakh claimed that his liabilities did not exceed $50,000 **[Exhibit 10]**. Exactly two weeks after the bankruptcy action was filed, it was voluntarily dismissed **[Exhibit 11]**. Paragraph 4 of the Debtor's Motion for Voluntary Dismissal states:

> *This case was filed on the eve of a sheriff's sale after a stay pending appeal was denied in an underlying state court proceeding. Debtor seeks dismissal to explore other options of resolving the primary debt at issue.*

At no time during the years-long enforcement process did El Mallakh ever indicate a willingness to resolve Belgium's judgement against him.

3

## Legal Argument That El Mallakh Should Be Sanctioned and Prohibited from Filing Bankruptcy for 180 days

### I.    Debtor Filed for Chapter 13 in Bad Faith and Abused the Bankruptcy Process

11 U.S.C. § 349 (a) and 11 U.S.C. § 109(g) allow bankruptcy courts to issue remedial orders when granting a debtor's 11 U.S.C. § 1307(b) motion to dismiss to address bad faith or abuse of the bankruptcy process by the debtor In re Minogue, 632 B.R. 287, 293-294 (Bankr. D.S.C. 2021). When examining whether bad faith is present, a bankruptcy court must examine the "totality of the circumstances." In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994). Bankruptcy courts consider four factors when applying the "totality of the circumstances test" (1) whether the debtor misrepresented facts in his petition, unfairly manipulated the bankruptcy code, or filed his petition in an inequitable manner; (2) the history of the debtor's filings and dismissals; (3) if the debtor's intention was to defeat state court litigation; and (4) whether egregious behavior was present. In re Leavitt, 171 F.3d 1219, 1224 (9th. Cir. 1999).

### A. El Mallakh Misrepresented Facts in His Petition

Misrepresentation of facts in a bankruptcy petition can indicate bad faith. In re Cortez, 349 B.R. 608, 613 (Bankr. N.D. Cal. 2006). In his Voluntary Petition for Individuals Filing for Bankruptcy, El Mallakh stated under penalty of perjury that his estimated liabilities were worth $0 - $50,000 [see Exhibit 10 at page 6]. This fact is clearly false given the $4.255 million Florida judgement against him. Based on this liability alone, El Mallakh is ineligible for Chapter 13 bankruptcy. In addition to his debts from the Florida Judgement, El Mallakh appears to have debts to other creditors [See Exhibit 10]. As in Nelson v. Meyer (In re Nelson), 2007 Bankr.

4

LEXIS 3134, 11 (B.A.P 9th Cir. 2007), where a debtor acted in bad faith due in part to misrepresenting facts in her bankruptcy schedule, here, El Mallakh has likewise misrepresented facts in his bankruptcy petition and has acted in bad faith. This bad faith is apparent from the obviousness of the error and the explanation found in the voluntary dismissal motion (see further below).

### B. El Mallakh's Intention Was to Defeat State Court Litigation

A bankruptcy filing is in bad faith if the debtor's intention is to defeat state court litigation. In re Chinichian 784 F.2d 1440, 1445 (9th Cir. 1986). In In re Chinichian, a debtor was found to have filed bankruptcy solely for the purpose of defeating state court litigation ordering the specific performance of the sale of their house. Id. Here, El Mallakh's only motivation for filing for Chapter 13 was his intention to obstruct the impending Sheriff's auction of the Rockefeller Property. El Mallakh's voluntary dismissal after two weeks coupled with his egregious misrepresentation show he was never serious about completing bankruptcy proceedings and only filed his petition as a tactic to obstruct the state court execution proceedings.

### C. El Mallakh's Behavior was Egregious

A disclosure failure is in bad faith if it was egregious, that is, where it was done without a justification or an excuse such as a credible misunderstanding of fact or statutory requirements. In re Ezell, 2022 Bankr. Lexis 1689, 3 (Bankr. D.Or. 2022). Egregiousness is not an independent factor for bad faith but a measure of the seriousness of another factor. Id. In In re Ezell, a debtor's conduct was egregious because he misrepresented facts in the schedule, failed to disclose ownership of interests in an LLC, and failed to list year-to-date income. Here, El

Mallakh cannot claim a credible misunderstanding of the amount of his liabilities or a reasonable misunderstanding of the requirements of Chapter 13. He had no reasonable belief that his liabilities were only $0-50,000 given the $4.2 million judgement against him. He admits that the filing because of the impending auction of the Rockefeller Property, and he had been engaged in a years-long process to obstruct Belgium's multi-million-dollar judgment enforcement. His claim of only up to $50,000 in liabilities and election of Chapter 13 were done without justification and thus egregious.

## Conclusion

In conclusion, the "totality of the circumstances" show El Mallakh acted in bad faith when he filed for Chapter 13 bankruptcy because he drastically understated the extent of his liabilities and his motive was to obstruct state court enforcement proceedings. His conduct was egregious because there could be no reasonable belief that his claim of having only $50,000 in liabilities was accurate, let alone being eligible for Chapter 13. Belgium has waited over two years for the chance to partially recover the proceeds of El Mallakh's fraud and does not expect to ever recover the full amount of its damages. El Mallakh's fraud, coupled with his obstruction efforts, have caused considerable cost & damage to Belgium. It's key avenue for redress is through the Rockefeller Property sale. It is fair & equitable that this auction be allowed to proceed without any further wrongful obstructions from El Mallakh.

In the interests of justice, movant respectfully requests this Court issue a filing injunction preventing El Mallakh from filing for bankruptcy for 180 days to prevent him from further obstructing the enforcement proceedings.

Dated:    5 August 2022                                    P. Miller Legal Services

By_____
Patrick Miller
Attorney for
Judgement Creditor

**EXHIBIT "2"**

CFN: 20200138107 BOOK 31
DATE:03/04/2020 04:15:21 P
HARVEY RUVIN, CLERK OF COU

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BELGIUM INVESTMENTS 960 BAY DR, LLC,
a California LLC, et al.,

    Plaintiffs,

v.

CASE NO.: 18-28145 CA

SPENCER BLANK, et al.,

    Defendants.

_____/

## FINAL JUDGMENT AGAINST BASSEM ESSAM EL MALLAKH

THIS CAUSE having come before the Court upon Plaintiff's Motion for Entry of Final Judgment Against Bassem Essam El Mallakh (the "Motion"), and the Court having reviewed the record and been otherwise duly advised, it is hereby

**ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2. The Court hereby enters final judgment against Defendant Bassem Essam El Mallakh as to Count VI, Count VII, and Count VIII.

3. This judgment is final.

4. Plaintiff is currently due $4,255,000.00 (four million two hundred and fifty-five thousand dollars USD) in damages from Defendant Bassem Essam El Mallakh.

5. Plaintiff is entitled to post-judgment interest from Defendant Bassem Essam El Mallakh.

6. The sum referenced above in paragraph 4 shall bear interest from this date forward at the prevailing legal rate of interest.

7. The Court finds that it has jurisdiction over the Defendant Bassem Essam El Mallakh.

8. The Court further finds that Defendant failed to timely respond to the Complaint, default has been entered against Defendant, and thus Defendant has admitted *pro confesso* to the allegations in the Complaint.

9. The Court finds as follows as to Defendant Bassem Essam El Mallakh:

   a. Plaintiff BELGIUM INVESTMENTS 960 BAY DR, LLC ("Plaintiff Belgium") owns the property located at 960 W Bay Drive, Miami Beach, Florida (the "Property").

   b. Plaintiff Belgium was originally co-managed by, among others, Defendant Bassem Essam El Mallakh.

   c. Defendant Bassem Essam El Mallakh was acting in a fiduciary capacity, oversaw decisions on Plaintiff Belgium's behalf, and co-managed its operations.

   d. Amongst the tasks Defendant Bassem Essam El Mallakh was required to perform, was the engagement and supervision of contractors to perform construction and renovation work on the Property.

   e. Unbeknownst to the Plaintiffs, and as set forth with specificity in the Complaint, Defendant Bassem Essam El Mallakh engaged in activity to defraud Plaintiff Belgium of hundreds of thousands of dollars.

   f. Defendant Bassem Essam El Mallakh acted to introduce and induce Plaintiffs to engage certain contractors, whom Defendant Bassem Essam El Mallakh improperly lauded and extoled in order to induce Plaintiffs to engage them.

2

g.  Defendant Bassem Essam El Mallakh concealed key details concerning his relationship to the certain contractors, including without limitations, that they were partners in various other projects.

h.  Had the Plaintiffs been aware of all the facts—including without limitation the undisclosed closed ties between Defendant Bassem Essam El Mallakh and the contractors, and the conspiracy between them to improperly enrich themselves at the expense of the Plaintiffs—they would not have engaged the contractors.

i.  As a consequence of Defendant Bassem Essam El Mallakh's acts, Plaintiffs entered into an agreement dated March 14, 2016 (the "Agreement") to finish the renovation of the Property (the "Project") for an amount of $400,000.

j.  The timeframe promised to complete the project was 60 days i.e., by May 18, 2016, including a certificate of occupancy.

k.  Under Defendant Bassem Essam El Mallakh's mismanagement and improper acts, the Project failed to complete on the specified time or otherwise, and instead lost all funds to and through Defendant Bassem Essam El Mallakh, whereby he defrauded and improperly enriched himself at the expense of the Plaintiffs.

l.  Under Defendant Bassem Essam El Mallakh's mismanagement and improper acts, additional funds were improperly taken under threat that a failure to provide the additional funds would result in their abrupt withdrawal from the Project, which would inter alia, cause the Project to fail.

m.  Defendant Bassem Essam El Mallakh misrepresented to Plaintiffs that the financial requests were legitimate when they were not, and urged the payment of additional and unwarranted moneys improperly.

3

n. Defendant Bassem Essam El Mallakh then took the ill-gotten profits from overcharging Plaintiffs.

o. Defendant Bassem Essam El Mallakh would support and otherwise corroborate the risks to Project if the Plaintiffs did not pay the additional funds.

p. As a consequence of Defendant Bassem Essam El Mallakh actions, Defendant Bassem Essam El Mallakh initially extorted over $703,912.00.

q. Notwithstanding the additional funds paid by Plaintiffs, the Project did not get close to being finished.

r. Plaintiffs requested on multiple instances an accounting and/or explanation on the use of the additional funds (over the agreed-upon amount) paid by Plaintiffs, yet Defendant Bassem Essam El Mallakh never provided it.

s. Under Defendant Bassem Essam El Mallakh's mismanagement, and improper acts a revised "final budget" requesting an additional $667,500 to complete the Project was made to Plaintiffs, with another $134,030.66, allegedly for "past work performed," accompanied by threats to withdraw from the Project, and to record liens upon the Property if Plaintiffs did not provide the additional monies demanded.

t. Defendant Bassem Essam El Mallakh provided no documentary support for the "requests" for additional funds; no invoices (or other support) were provided by Defendant Bassem Essam El Mallakh.

u. The limited actual work performed was shoddy, incomplete, and failed to meet minimum acceptable standards, and did not meet the requirements necessary to obtain a certificate of occupancy, as promised in the Agreement.

4

v. All conditions precedent to bringing this action occurred, have been performed, or have been waived.

w. Plaintiffs have provided additional supporting documentation and evidence on damages, which remain uncontested by Defendant Bassem Essam El Mallakh.

10. As to Count VI for breach of fiduciary duty:

a. Defendant Bassem Essam El Mallakh owed a fiduciary duty to Plaintiff Belgium and all of its members to act with the highest degree of good faith and loyalty, and to always act for the benefit of Plaintiff Belgium and its members.

b. Defendant Bassem Essam El Mallakh breached his fiduciary duty by mismanaging and misappropriating Plaintiff Belgium's monies, using those monies for their personal benefit and not for the benefit of Plaintiff Belgium, and engaging in actions contrary to the best interests of Plaintiff Belgium and its members, for their own personal interest.

c. As a result of Defendant Bassem Essam El Mallakh's breach of fiduciary duty, the Plaintiff Belgium has suffered, and continues to suffer, damages.

d. WHEREFORE, the Court enters final judgment against Defendant Bassem Essam El Mallakh for breach of fiduciary duty, for $4,255,000.00 in damages, plus interest, attorney's fees and costs.

11. As to Count VII for conversion/theft:

a. By using and misappropriating the assets and property of Plaintiff Belgium for his own personal use and benefit, Defendant Bassem Essam El Mallakh has exercised wrongful dominion and control over the assets and property of Plaintiff Belgium, to the detriment of the rights of Plaintiff Belgium, the rightful and lawful owner of same.

5

  b. Defendant Bassem Essam El Mallakh's conduct constitutes a conversion and theft of Plaintiff Belgium's property and assets, which has caused, and continues to cause, damage to the Plaintiff Belgium.

  c. WHEREFORE, the Court enters default final judgment against Defendant Bassem Essam El Mallakh for $4,255,000.00 in damages, plus interest, attorney's fees and costs.

12. As to Count VIII for unjust enrichment:

  a. By diverting Plaintiff Belgium's funds to himself, and for his own personal benefit, Defendant Bassem Essam El Mallakh has conferred a benefit on themselves to which he was not lawfully entitled.

  b. Defendant Bassem Essam El Mallakh knew, or should have known, that the monies taken belonged to the Plaintiff Belgium and not to him individually.

  c. Defendant Bassem Essam El Mallakh improperly retained the Plaintiff Belgium's funds, despite a lack of lawful right to do so.

  d. It would be unjust and inequitable to allow Defendant Bassem Essam El Mallakh to retain said benefit without adequate consideration.

  e. WHEREFORE, the Court enters default final judgment against Defendant Bassem Essam El Mallakh for $4,255,000.00 in damages, plus attorney's fees and costs.

13. Execution shall issue immediately upon Defendant Bassem Essam El Mallakh for the judgment principal of $4,255,000.00, along with post-judgment interest at the prevailing legal rate, due to Plaintiffs by Defendant Bassem Essam El Mallakh.

14. This Court retains jurisdiction to enforce this judgment and enter further orders that are proper.

15. Defendant Bassem Essam El Mallakh shall serve within 45 calendar days a fact information sheet with all supporting documentation, as provided under Florida Rule of Civil Procedure 1.977.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida this 21 day of February, 2020.

THE HONORABLE WILLIAM THOMAS
CIRCUIT COURT JUDGE

William Thomas
Circuit Court Judge

7