MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor,
Bassem Victor El Mallakh

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

BASSEM VICTOR EL MALLAKH,

      Debtor and Debtor-in-Possession.

CASE NO.: 8:22-bk-11605-TA

Chapter 11

**DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER CONTINUING THE AUTOMATIC STAY; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF**

Date:    October 18, 2022
Time:    10:00 a.m.
Place:   411 West Fourth Street
       Courtroom 5B
       Santa Ana, CA 92701

Via Tele/Videoconference on Zoom

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT, BELGIUM INVESTMENTS 960 BAY DR, LLC, TO THE UNITED STATES TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

1

Bassem Victor El Mallakh (the "Debtor") herein, respectfully submits his Reply to the Opposition of Belgium Investments 960 Bay Dr, LLC ("Belgium") to the Debtor's Motion in Individual Case for Order Continuing the Automatic Stay (the "Motion to Continue the Stay") as follows:

## I.   **INTRODUCTION**

Debtor asks that Belgium's Opposition to Debtor's Motion to Continue the Stay be overruled, and that the Motion to Continue the Stay be granted in full on the basis that there is no evidence of bad faith on behalf of the Debtor. Belgium is a disputed creditor, and **was a suspended corporation which has now been terminated**. By operation of law, Belgium cannot enforce any judgment against the Debtor and is also barred from filing anything in the Debtor's case due to its suspended status.

This is Debtor's second bankruptcy filing. He previously filed a Chapter 13, which Debtor voluntarily dismissed because he was over the debt limit. In the previous case, Belgium tried to obtain a bar on refiling, but the Court denied Belgium's motion. In response to Belgium's Motion for sanctions and bar on refiling, the Debtor indicated that he had retained his current counsel and was planning on filing Chapter 11 to reorganize his debts. In the Court's tentative ruling, which was adopted as its final ruling, the Court acknowledged Debtor's possible refiling as a Chapter 11, and did not find sufficient evidence to warrant a bar on refiling.  Belgium now seeks to relitigate the same issue in the Debtor's Chapter 11 case.

Debtor's financial situation has changed since the previous case was filed. Debtor can confirm a feasible Chapter 11 plan of reorganization. Debtor satisfies the requirements of 11 U.S.C. 362(c)(3). This case was filed in good faith as Debtor obtained an experienced chapter 11 counsel to file the present case. Debtor has an increase in his rental income from his real property and is actively looking for an employment. Debtor has a reasonable likelihood of a successful reorganization in this case. Debtor asks this Court to grant his Motion to Continue Stay.

## II.    RESPONSE TO BELGIUM'S OPPOSITION

1. Belgium is a Suspended Corporation, Its Opposition Should Be Stricken and Belgium Should Not Be Permitted to File Any Further Pleadings in Debtor's Cases

Belgium's Opposition should be disregarded by this Court. After its formation in 2013, Belgium was suspended in March 2018, revived in July 2018, again suspended in January 2022, and ultimately terminated in February 2022. Belgium has been litigating an alleged claim against the Debtor while maintaining a suspended corporate status. A true and correct copy of the corporate history and corporate termination is attached to Berger's Declaration as **Exhibit "1."**

A suspended corporation may be revived but during its period of suspension, it may not prosecute or defend an action, seek a writ of mandate, appeal from an adverse judgment, or renew a judgment obtained before suspension. *Center for Self-Improvement & Community Development v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1552, 94 Cal. Rptr.

3d 74, 79-80 (2009) (*citing Grell v. Laci Le Beau Corp.*, 73 Cal.App.4th 1300, 1306, 87 Cal. Rptr. 2d 358 (1999)). See also *Timberline, Inc. v Jaisinghani,* 54 Cal. App. 4th 1361 (1997), where the court held that a suspended corporation is disqualified from exercising any right, power, or privilege, including prosecuting or defending an action, or appealing a judgment.  Also, a suspended corporation may not prosecute or defend an action in a California court. (*Ransome-Crummey Co. v. Superior Court*, 54 Cal.App.4th 1366 (1922), 188 Cal. 393, 396-397 [205 P. 446]; *Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.* (1957) 155 Cal.App.2d 46, 50-51 [317 P.2d 649].)

Although Belgium was active at the time it obtained its judgment against the Debtor, Belgium was later suspended in January 2022, and terminated in February 2022. Belgium has been acting in bad faith, and in violation of the law by illegally seeking to collect on a judgment against the Debtor without any right to do so, as a suspended entity. Due to the corporation's suspension, Belgium is barred from litigating this matter against the Debtor.

2. Belgium Sought a Bar on Refiling for the Debtor, Which This Court Denied

Debtor's previous emergency Chapter 13 case was filed on July 12, 2022 (Case No.; 8:22-bk-11158-TA) to stop the foreclosure sale on Debtor's home the next morning. While Debtor and his former counsel were preparing the case in order to meet the deadline to file Debtor's Schedules, it became apparent that Debtor's case could not proceed under Chapter 13 and that the case would inevitably be dismissed due to Debtor being over the § 109(e) debt limits.  Rather than allowing the case to be dismissed for

4

failure to file schedules, Debtor showed his good faith and on July 26, 2022 filed a

Request for Voluntary Dismissal of Ch 13 Case [Chapter 13 docket no.: 15] asking the

Court to dismiss the Debtor's case in order to attempt to resolve its debts outside of the

Chapter 13 case[1]. On July 26, 2022, the Court entered its Order and Notice of dismissal

arising from debtor's request for voluntary dismissal of chapter 13 (11 U.S.C. Section

1307(b)) [Chapter 13 docket no.: 16].

On August 5, 2022, Belgium filed a Motion for Sanctions Barring Subsequent

Bankruptcy Filing [Chapter 13 docket no.: 18]. On September 7, 2022, Debtor filed his

Opposition to the Motion [Chapter 13 docket no.: 18] and on September 12, 2022,

Belgium filed its Reply to Debtor's Opposition [Chapter 13 docket no.: 25]. Substantial

briefing was done by both sides on the issue of whether the Court should impose a bar on

refiling. On October 4, 2022, the Court denied Belgium's Motion and did not impose a

bar on refiling for the Debtor [Chapter 13 docket no.: 32]. The Court specifically in its

tentative ruling, which it adopted as its final ruling that Belgium's "evidence is not

persuasive" to make a showing that the Debtor acted in bad faith. The Court's tentative

stated that the timing of filing a Chapter 13 case to prevent a foreclosure sale is "not

unusual" and is a common reason to file for bankruptcy protection. The Court's tentative

recognized that "this case is likely to be followed by a refiling under Chapter 11." A true

and correct copy of the Court's Tentative Ruling on Belgium's Motion for Sanctions

---

[1] The Debtor is not versed in bankruptcy law and is not expected to know whether he
qualified for Chapter 13 or not.

5

Barring Subsequent Bankruptcy Case is attached to the Declaration of Michael Jay

Berger as **"Exhibit 2."** Belgium now seeks to relitigate this issue in the Debtor's Chapter

11 case.  This Court allowed for the Debtor to dismiss his Chapter 13 case without a bar

on refiling and without a finding of bad faith in the Chapter 13. It follows that the Court

would intend to continue the automatic stay to permit the Debtor an opportunity to

reorganize.

   3.  Belgium's Opposition is Filled with False Innuendo and Is Not Supported by Any
       Evidence

       Belgium's Opposition is filed with false and baseless legal conclusions that are not

supported by evidence. Belgium's assertion that Debtor has no intention of putting

forward a reasonable Chapter 11 Plan is false and not supported by any evidence.

Belgium makes false assertions about Debtor's business dealings with his sister, who is

renting Debtor's property. There is no evidence of mismanagement by the Debtor.

Belgium is arguing its previous motion for a bar on refiling, which it already lost.

Belgium is trying to refute Debtor's plan of reorganization, which has not yet been filed.

Belgium may now realize that it is facing the possibility of its judgment lien being

invalidated by its suspended corporate status and any proof of claim being denied in

Debtor's case. As such, Belgium is vehemently opposing Debtor's bankruptcy case in

order to continue to wrongfully collect on its lien.  Alternatively, Belgium's counsel may

be acting without the knowledge of Belgium and without any authority, by illegally

pursuing this claim on behalf of a suspended/terminated LLC.

Belgium's counsel Patrick Miller (State Bar Number 301819) was admitted to practice before the United States District Court on September 21, 2022, https://www.cacd.uscourts.gov/attorneys/admissions/attorney-admissions-search, but was filing pleadings in the Debtor's prior Chapter 13 case on August 5, 2022 without being admitted to this Court.  He seems to be not concerned about the legality of his status and his client's status.

Belgium's Opposition includes exhibits which are not properly authenticated. Belgium's failure to authenticate the exhibits attached to the Declaration of Patrick Miller results in no admissible evidence in support of any of Belgium's false claims. Given that the facts before the Court are extremely scant, and the remedy sought is extreme, Belgium has attempted to submit various out-of-context documents which they hope will cast Debtor in a bad light. These documents are not authenticated as required by Federal Rule of Evidence 901 and, as such, are inadmissible. Belgium's Counsel's statements made throughout the motion are, likewise, inadmissible as evidence: *Van De Kamp v. Bank of America*, 204 Cal.App.3d 819, 843 (Cal. Ct. App. 1988) ("It is elementary statements of the attorneys are not evidence. (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 283, p. 286; BAJI No. 1.02.)").

Debtor asks this Court to consider setting an Order to Show Cause re sanctions against Belgium and its counsel, for their intentional and unlawful actions.  As to Belgium, the Court should impose sanctions including the denial in full of its claim in this bankruptcy.  Belgium's judgment should be invalidated as Belgium is a suspended

and thereafter terminated corporation that cannot illegally collect on a judgment. Belgium's counsel, Patrick Miller should be referred to the disciplinary panel for prosecuting claims for a suspended corporation and for misleading the court about the fact that he was not admitted to practice before this Court until September 21, 2022. Both Patrick Miller, and a representative of Belgium should be required to attend the hearing on this Motion to Continue the Stay, to explain why a suspended corporation with no standing to file anything in this Court, hired an attorney not authorized to appear before this Court, and why their conduct should not subject them to serious sanctions.

4. Debtor's Motion to Continue the Automatic Stay Should be Granted in Full

Pursuant to 11 U.S.C. § 362(c)(3), the stay should be continued in the Debtor's case. Debtor has retained new counsel. Both Michael Berger and Sofya Davtyan are certified specialist in bankruptcy law, and will help Debtor navigate his Chapter 11 case. Debtor's prior voluntary dismissal was excusable because Debtor did not qualify to be in Chapter 13, and could not remain in that case. Debtor has a likelihood of reorganization in this case.

The Debtor's real property is his principal residence and Debtor intends to remain in his home. Debtor's home is necessary for his reorganization. Debtor will remain post-petition current on his obligations until a plan is confirmed. Filing a bankruptcy case on the eve of a foreclosure or sheriff's sale is a common practice and is not bad faith. The "emergency petition" procedure is very common. Bankruptcy should be treated as a last resort, and this procedure makes that possible. Bankruptcy cases are often filed on the eve

of some kind of creditor enforcement, whether that be a wage garnishment, bank levy, foreclosure sale, suspension of a driver's license, various types of lien fixing, and all the other acts enumerated in §362(a). It is often that debtors do not "pull the trigger" until they have exhausted their other means of resolving their debt issues.

Debtor is actively looking for a job, while also receiving $4,000 a month in rental income from his property.

Belgium's Opposition seeks dismissal of Debtor's bankruptcy case. Belgium would first have to file a motion to dismiss, which it has not, but it would also need to cite from 9th circuit authority to prove such grounds, which it has completely failed to do. Belgium wants Debtor's case dismissed so that it can foreclose on Debtor's real property and obtain a windfall, at the detriment of the other creditors of the estate.

The facts here are very similar to those in a recent Ninth Circuit Bankruptcy Appellate Panel decision from March of 2022, *Massis v. Gavin (In re Gavin)*, BAP NC-21-1130-SGB (B.A.P. 9th Cir. Mar. 14, 2022). There, the debtor had a default judgment entered against him in 2019. Over the next two years, the creditor was unsuccessful on many attempts to enforce the judgment. Eventually, the creditor was able to schedule a sheriff's sale that was set for April 5, 2021. The debtor commenced an action to challenge the judgment. On Friday, April 2, 2021, the state court issued a tentative ruling indicating that the sale on the following Monday could move forward. The debtor immediately retained counsel to file a bankruptcy case. Although the debtor's attorney was aware that the debts most likely exceeded the debt limits, he did not have adequate

9

information at that time to make a definitive determination. As such, the case was filed as an emergency/skeletal Chapter 13 in order to give the debtor some breathing room to reassess his situation, and then make a determination of whether he was over the debt limits, and whether to convert to Chapter 7 or 11, or dismiss the case. Shortly after the case was commenced, the debtor filed the remaining case commencement documents and a motion to covert to Chapter 11. The creditor opposed the motion to convert on the basis that the filing was void due to the debt limits, and that by filing under Chapter 13 and checking the incorrect box for estimated liabilities, the debtor had committed an abuse of process. The creditor also filed a Rule 9011 motion seeking sanctions against the debtor and his attorney.

The Court in *In re Gavin* granted the Debtor's motion to convert without a hearing and denied the motions to dismiss and for sanctions. According to the bankruptcy court, § 1307(d) specifically contemplated conversion to chapter 11 when debtors who initially file chapter 13 do not fall within § 109(e)'s debt limits.  As for the motions to dismiss and for sanctions, the bankruptcy court denied them because the chapter 13 petition was filed under "pressing circumstances" - on the eve of the state court sale order hearing. The court found particularly significant Creditors' inability to explain how they would have been in any more favorable situation if Gavin had originally filed a chapter 11 petition instead of mistakenly seeking relief under chapter 13." *In re Gavin* at 6-7.

On appeal, the Bankruptcy Appellate Panel held, "An eleventh-hour bankruptcy filing on the eve of a potentially decisive hearing in state court is not by itself sufficient

to find bad faith. *See In re Ho*, 274 B.R. at 876 (bankruptcy court inappropriately dismissed chapter 13 case based on "the timing of Debtor's filing, just prior to the establishment of a trial date by the state court for the litigation"). Many bankruptcy cases are filed on the eve of adverse events such as foreclosure or the imminent entry of a judgment. Debtors do so for the financial breathing space that bankruptcy provides. This inherently delays the payment of creditors and alone is insufficient to sustain a finding of bad faith." *In re Gavin* at 11. "Nor is the mistaken filing of the bankruptcy petition under chapter 13 specifically probative of bad faith under the totality of circumstances presented here. *In re Gavin* at 12-13.

Just like in *In re Gavin*, the Debtor herein was faced with the possibility of losing his home and filed an emergency petition on the eve of a foreclosure sale. This Court did not make a finding of bad faith on the part of the Debtor in the Chapter 13, and as illustrated herein, Debtor has a change in circumstances since the filing to warrant continuing the automatic stay and affording the Debtor an opportunity to reorganize his debts in his Chapter 11 case.

## III.    <u>CONCLUSION</u>

WHEREFORE, Debtor asks for an order granting Debtor's Motion to Continue the Automatic Stay, and asks this Court to issue an Order to Show Cause in response to Belgium and its counsel's misconduct, and for any further relief deemed necessary and proper.

11

DATED: 10/11/2022                    LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger
*Proposed* Counsel for Debtor-in-Possession
Bassem Victor El Mallakh

12

## DECLARATION OF MICHAL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.      I am Counsel for the Debtor. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      Since its formation in 2013, Belgium has been suspended in March 2018, revived in July 2018, and again suspended in January 2022, and ultimately terminated in February 2022. Belgium has been litigating an alleged claim against the Debtor while maintaining a suspended corporate status.

3.      Although Belgium was active at the time it obtained its judgment against the Debtor, Belgium was later suspended in January 2022, and terminated in February 2022.

4.      I know this because I obtained this information by conducting a search on the California Secretary of State's website at this link: https://bizfileonline.sos.ca.gov/search/business. A true and correct copy of the corporate history and corporate termination is attached hereto as **Exhibit "1."**

5.      On August 5, 2022, Belgium filed a Motion for Sanctions Barring Subsequent Bankruptcy Filing [Chapter 13 docket no.: 18]. On September 7, 2022, Debtor filed his Opposition to the Motion [Chapter 13 docket no.: 18] and on September 12, 2022, Belgium filed its Reply to Debtor's Opposition [Chapter 13 docket no.: 25]. Substantial briefing was done by both sides on the issue of whether the Court should impose a bar on refiling. On October 4, 2022, the Court denied Belgium's Motion and did not impose a bar on refiling for the Debtor [Chapter 13 docket no.: 32]. The Court specifically in its tentative ruling, which it adopted as its final ruling that Belgium's "evidence is not persuasive" to make a showing that the Debtor acted in bad faith. The Court's tentative stated that the timing of filing a Chapter 13 case to prevent a foreclosure sale is "not unusual" and is a common reason to file for bankruptcy protection. The

13

Court's tentative recognized that "this case is likely to be followed by a refiling under

Chapter 11." A true and correct copy of the Court's Tentative Ruling on Belgium's

Motion for Sanctions Barring Subsequent Bankruptcy Case is attached hereto as

**"Exhibit 2."**

6.      Belgium's counsel, Patrick Miller (State Bar Number 301819) was

admitted to practice before the United States District Court on September 21, 2022

https://www.cacd.uscourts.gov/attorneys/admissions/attorney-admissions-search, but was

filing pleadings in the Debtor's prior Chapter 13 case on August 5, 2022 without being

admitted to this Court.   I know this because I checked the attorney admission records of

the United States District Court for the Central District of California and because I

reviewed the docket for Debtor's prior Chapter 13 case.


I declare under penalty of perjury that the foregoing is true and correct and that

this declaration is executed on October 11, 2022 at Beverly Hills, California.

_____
Michael Jay Berger

## DECLARATION OF BASSEM VICTOR EL MALLAKH

I, Bassem Victor El Mallakh, declare and state as follows:

1.      I am the Debtor. I am over the age of 18. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      This is my second bankruptcy filing. I previously filed a Chapter 13, which I voluntarily dismissed because I was over the debt limit. In the previous case, Belgium tried to obtain a bar on refiling, but the Court denied Belgium's motion. In response to Belgium's Motion for sanctions and bar on refiling, I indicated that I had retained my current counsel and was investigating filing Chapter 11 to reorganize my debts.

3.      My financial situation has changed since the previous case was filed. I can confirm a feasible Chapter 11 plan of reorganization. This case is filed in good faith as I had retained experienced chapter 11 counsel to file and prosecute my Chapter 11 case. I am collecting $4,000.00 per month rental income from my real property and am actively looking for an employment.

4.      My previous emergency Chapter 13 case was filed on July 12, 2022 (Case No.; 8:22-bk-11158-TA) to stop the foreclosure sale on my home the next morning. While my former counsel and I were preparing the case in order to meet the deadline to file my Schedules, it became apparent that my case could not proceed under Chapter 13. On July 26, 2022, I filed a Request for Voluntary Dismissal of Ch 13 Case [Chapter 13 docket no.: 15], asking the Court to dismiss my case in order to attempt to resolve my debts outside of the Chapter 13 case[2]. On July 26, 2022, the Court entered its Order and Notice of dismissal arising from my request for voluntary dismissal of chapter 13 (11 U.S.C. Section 1307(b)) [Chapter 13 docket no.: 16].

---

[2] I am not versed in bankruptcy law and is not expected to know whether I qualified for Chapter 13 or not.

5.      My real property is my principal residence and I intend to remain in my home. My home is necessary for my reorganization. I will remain post-petition current on my obligations until a plan is confirmed.  I filed my prior chapter 13 bankruptcy after exhausting all other remedies, including the appeal of the Florida judgment to stay the Sheriff's sale.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 11, 2022 at Irvine, California.

_____
Bassem Victor El Mallakh

EXHIBIT 1



## California Secretary of State
### Electronic Filing

**FILED**

Secretary of State
State of California

# LLC Termination – Certificate of Cancellation

| | |
|---|---|
| Entity Name: | BELGIUM INVESTMENTS 960 BAY DR, LLC |
| Entity (File) Number: | 201315010139 |
| File Date: | 02/01/2022 |

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California
Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code
have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability
Company's registration is cancelled and its powers, rights and privileges will
cease in California.

By signing this document, I certify that the information is true and correct and that
I am authorized by California law to sign.

**Electronic Signature(s):**

Jean Ruche

California
Secretary of
State

Business    UCC    Login

Home

Search

Forms

Help

# Business Search

*The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

### Basic Search

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a ?keyword? search. The Advanced search allows for a ?starts with? filter. To search entities that have a status other than active or to refine search criteria, use the **Advanced** search feature.*

### Advanced Search

*An Advanced search is required when searching for publicly traded disclosure information or a status other than active.*

*An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.*

**Disclaimer:** *Search results are limited to the*

Skip to main content
*State*

## BELGIUM INVESTMENTS 960 BAY DR, LLC (201315010139)

| | |
|---|---|
| Status | Terminated |
| Standing - SOS | Not Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Inactive Date | 02/01/2022 |
| Formed In | CALIFORNIA |
| Entity Type | Limited Liability Company - CA |
| Principal Address | Other RUE DE SCOUMONT 3 BELGIUM, 7181 |
| Mailing Address | Other RUE DE SCOUMONT 3 BELGIUM, 7181 |
| Statement of Info Due Date | 01/01/0001 |
| Agent | 1505 Corporation 112 C T CORPORATION SYSTEM 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 |



View History



Request Access

# California
Secretary of State

Business  UCC

Login

Home

Search

Forms

Help

*please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.*

*Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.*

belgium investments 960 b 🔍

Advanced ⌄

Results: 1

| Entity Information | Initial Filing Date | Status |
|---|---|---|
| BELGIUM INVESTMENTS 960 BAY DR, LLC (201315010139) > | 05/30/2013 | Terminated |

## BELGIUM INVESTMENTS 960 BAY DR, LLC (201315010139)

| | |
|---|---|
| Status | Terminated |
| Standing - SOS | Not Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Inactive Date | 02/01/2022 |
| Formed In | CALIFORNIA |
| Entity Type | Limited Liability Company - CA |
| Principal Address | Other RUE DE SCOUMONT 3 BELGIUM, 7181 |
| Mailing Address | Other RUE DE SCOUMONT 3 BELGIUM, 7181 |
| Statement of Info Due Date | 01/01/0001 |
| Agent | 1505 Corporation 112 C T CORPORATION SYSTEM 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 |

🕘
View History


Request Access

© 2022 CA Secretary of State





EXHIBIT 2

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Wednesday, September 21, 2022                                    **Hearing Room**     **5B**

<u>3:00 PM</u>
**8:22-11158    Bassem Essam El Mallakh**                               **Chapter 13**

**#27.00**    Motion For Sanctions Barring Subsequent Bankruptcy Filing

Docket    18

**Tentative Ruling:**

Tentative for 9/21/22:
This is the creditor's motion for sanctions for what the creditor characterizes
as a bad faith filing. But the evidence is not persuasive. The timing is not
even unusual. However, as this case is likely to be followed by a refiling under
Chapter 11 there will be other opportunities to address good faith, such as the
inevitable hearing under §362(c )(3).

Deny

Appearance: required

| Party Information |
|---|

**Debtor(s):**

   Bassem Essam El Mallakh              Represented By
                                                  Benjamin  Heston

**Trustee(s):**

   Amrane (SA)  Cohen (TR)              Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO BELGIUM
INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER CONTINUING
THE AUTOMATIC STAY; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL
MALLAKH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10/11/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Proposed Counsel for Debtor: Michael Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Interested Party: Chad L Butler caecf@tblaw.com
U.S. Trustee: Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Counsel for TD Bank: Randall P Mroczynski    randym@cookseylaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On 10/11/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

Belgium Investments 960 Bay Dr., LLC
c/o Patrick Miller, Esq.
P. Miller Legal Services
121 S. Oak St.
Pasadena, CA 91107

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 10/11/2022, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Chambers of the Honorable Theodor C. Albert, Chief Judge
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/11/2022 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**