| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>**Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**Tel.: (310) 271-6223 Fax: (310) 271-9805**<br>**michael.berger@bankruptcypower.com** | FOR COURT USE ONLY |
| ☐ *Movant(s) appearing without an attorney*<br>☑ *Attorney for Movant(s)* **Bassem Victor El Mallakh** | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re:<br><br><div align="center">**Bassem Victor El Mallakh**</div><br><br><br>Debtor(s). | CASE NO.: **8:22-bk-11605-TA**<br>CHAPTER: **11**<br><hr><div align="center">**DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br><br>**LBR 9013-1(o)(3)**</div><hr><div align="center">[No Hearing Required]</div> |
|---|---|

1. I am the ☐ Movant(s) or ☑ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On *(date)*: __9/28/2022__ Movant(s) filed a motion or application (Motion) entitled: __Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1)__

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On *(date)*: __9/28/2022__ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than ____20____ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                   Page 1                **F 9013-1.2.NO.REQUEST.HEARING.DEC**

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date:   10/18/2022                                    _/s/Michael Jay Berger_____
                                                      Signature
                                                        **Michael Jay Berger**
                                                      Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                          Page 2                **F 9013-1.2.NO.REQUEST.HEARING.DEC**

he

| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**Tel.: (310) 271-6223 Fax: (310) 271-9805**<br>**michael.berger@bankruptcypower.com** | |

☐ *Individual appearing without attorney*
☑ *Attorney for:*    Bassem Victor El Mallakh

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Bassem Victor El Mallakh** | CASE NO: **8:22-bk-11605-TA**<br><br>CHAPTER 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [11 U.S.C. § 327(a), LBR 2014-1]; and**<br><br>☑ **TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR 9013-1(o)** |
| | This motion is being made under **ONLY ONE** of the following notice procedures:<br><br>☑ **No hearing unless requested under LBR 9013-1(o)(4); or**<br>☐ Hearing set on regular notice: LBR 9013-1(d):<br><br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| Debtor(s). | |

**PLEASE TAKE NOTICE THAT** the Debtor in Possession (the Debtor) requests an order authorizing the Debtor to employ general bankruptcy counsel and, if requested in this motion, to file interim fee applications using the procedures set forth in LBR 9013-1(o).

Your rights might be affected by this Motion. You may want to consult an attorney. Refer to the box checked below for the deadline to file and serve a written response. If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief. You must serve a copy of your opposition upon the Debtor, the Debtor's attorney, the United States trustee, and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                    Page 1          **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

a. ☑ **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b. ☐ **Hearing Set on Regular Notice; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

c. ☐ **Other** (*specify*):

Date: 9/27/2022          By: _____
                             Signature of Debtor

                         Name: **Bassem Victor El Mallakh**
                             Printed name of Debtor

Date: 9/27/2022          By: _____
                             Signature of attorney for Debtor, if any

                         Name: **Michael Jay Berger**
                             Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 2          **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

**MOTION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [LBR 2014-1] AND, IF REQUESTED BELOW, TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR901 3-1(o)**

**1. EMPLOYMENT**

a.  To assist the Debtor in the administration of this chapter 11 case, the Debtor must employ, effective on (*date*) **September 19, 2022**, the following professional **Michael Jay Berger with the Law Offices of Michael Jay Berger** (Professional) as chapter 11 general bankruptcy counsel pursuant to 11 U.S.C. § 327(a).

b.  The following information and documents are provided in support of this Motion:

   (1) The Professional seeks compensation pursuant to: ☐ 11 U.S.C. § 328; or ☑ 11 U.S.C. § 330.

   (2) The Debtor selected this Professional because the Professional is well qualified to represent the Debtor in this proceeding and for the following additional reasons:
   **Professional has extensive experience in Chapter 11 matters and is a Certified Legal Specialist in bankruptcy law, certified by the Legal Board of Specialization of the State Bar of California and has previously represented at least 153 Chapter 11 Debtors and in 54 cases, Professional prepared Chapter 11 Disclosures Statements and Plans and obtained orders confirming the plans.**

   (3) Professional agrees to render legal services in connection with the Debtor's chapter 11 case, including but not limited to the following services:

   (A) Advise the Debtor regarding matters of bankruptcy law and concerning the requirement of the Bankruptcy Code, and Bankruptcy Rules relating to the administration of this case, and the operation of the Debtor's estate as a debtor in possession;

   (B) Represent the Debtor in proceedings and hearings in the court involving matters of bankruptcy law;

   (C) Assistance in compliance with the requirements of the Office of the United States trustee;

   (D) Provide the Debtor legal advice and assistance with respect to the Debtor's powers and duties in the continued operation of the Debtor's business and management of property of the estate;

   (E) Assist the Debtor in the administration of the estate's assets and liabilities;

   (F) Prepare necessary applications, answers, motions, orders, reports and/or other legal documents on behalf of the Debtor;

   (G) Assist in the collection of all accounts receivable and other claims that the Debtor may have and resolve claims against the Debtor's estate;

   (H) Provide advice, as counsel, concerning the claims of secured and unsecured creditors, prosecution and/or defense of all actions;

   (I) Prepare, negotiate, prosecute and attain confirmation of a plan of reorganization;

   (J) ☐ Other (*specify*):

   (4) A declaration by the Professional provides information on the following: identification/qualifications; disinterestedness; compliance with FRBP 2014 and FRBP 5002; and compensation arrangements.

   (5) A declaration by the Debtor as to the source, amount and date of prepetition retainer paid to Professional and provisions for replenishment, if any, and any postpetition retainer and source of payment of postpetition retainer(s), if any. No liens against the retainer have been granted in favor of the Professional or any other party.

   (6) ☐ An optional Memorandum of Points and Authorities is attached.

   (7) ☑ Other (*specify*):  **Declaration of Reem Hanna**

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                          Page 3      **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

2. **FILE INTERIM FEE APPLICATIONS USING LBR 9013-1(o) (IF REQUESTED)**

☑    The Debtor requests authorization to use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications. Professional acknowledges, by checking this box, that to the best of Professional's knowledge, no other professional is or will be employed in this case. If additional professional(s) become employed, Professional agrees to give 45 days' notice of the date and time of any interim fee application hearing in compliance with LBR 2016-1(a)(2) and will cease filing interim fee applications pursuant to LBR 9013-1(o).

The Debtor requests the authority to (1) employ the Professional to represent the Debtor in this case and (2) file interim fee applications using the procedure set forth in LBR 9013-1(o).

Date: 9/27/2022

By: _____
Signature of attorney for Debtor, if any

Name: **Michael Jay Berger**
Printed name of attorney for Debtor, if any

Date: 9/27/2022

By: _____
Signature of Debtor

Name: **Bassem Victor El Mallakh**
Printed name of Debtor

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                              Page 4     **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

## DECLARATION OF PROFESSIONAL

I, (*print name*)  __Michael Jay Berger__ , have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

1.   **Identification/Qualifications**

   a.   ☑   I am a licensed attorney.

   b.   I, and the (*name of firm*)  __Law Offices of Michael Jay Berger__   (*Firm*) of which I am a (*position with Firm*)  __Owner__ , maintain our principal offices at **9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212**

   c.   I believe that I am qualified to represent the Debtor. A copy of my resume is attached as **Exhibit 1.**

      (1)   ☑   I have previously represented at least  __153__  chapter 11 debtors and in  __54__  of those cases, I prepared a chapter 11 plan and obtained an order confirming the plan.

      (2)   ☐   I cannot check box 1.c.(1) but I believe that I should be allowed to represent this Debtor because (*specify*):

   d.   Additional resumes for any and all professionals at my Firm who will work on this case are attached as **Exhibit 2.**

2.   **Disclosures Re Connections and Adverse Interests**

   a.   Authority is sought pursuant to 11 U.S.C § 327(a)

      The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. § 101. We are (a) not creditors, equity security holders, or insiders of the Debtor; (b) are not and were not, within 2 years before the date of the filing of the petition, directors, officers or employees of the Debtor; and (c) do not have interests materially adverse to the interest of the estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason. The Firm and I do not hold or represent an interest adverse to the estate.

   b.   Disclosures re FRBP 2014

      Except as indicated below and other than representing the Debtor in this case, neither the Firm nor I ever represented the Debtor, and neither the Firm nor I have any connection with the Debtor, any insider of the Debtor, or insider of an insider of the Debtor, any creditor of the Debtor or any other party in interest herein, the United States trustee, persons employed by the United States trustee, persons employed by the Bankruptcy Court or a Bankruptcy Judge, or any of their respective attorneys or accountants. Other information relevant to relationships with the Debtor is as follows (*specify*):_
      _

   c.   The Firm and I do not hold any prepetition claim against the estate.

   d.   The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

3.   **Compensation Arrangements**

   a.   (1)  ☑   Prior to the chapter 11 petition date, the Firm and I received $  __21,770.00__  from

      ☐   the Debtor

      ☑   other (*specify source of funds*):  **On September 7, 2022, Debtor's sister, Reem Hanna, paid a $10,000.00 retainer of the $20,000.00 retainer. On September 15, 2022, Ms. Hanna paid the remaining retainer of $10,000.00 plus**

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                   Page 5   **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

$1,738.00 filing fee and $32.00 credit report fee as a gift contribution to the Debtor. Ms. Hanna is not a creditor of the Debtor and is not seeking repayment of the $20,000.00 retainer and the $1,738.00 filing fee and $32.00 credit report fee from the Debtor.

As of the petition date, $ __15,732.50__ of the retainer funds remain unexhausted.

(2) ☐ Firm and I will receive $ _____ from

    ☐ the Debtor

    ☐ other (*specify source of funds*): _____
    postpetition on (*specify date or timing of payment*): _____

b.   Pursuant to the Debtor's initial retainer agreement, the Debtor agreed to pay for services as they were performed. However, any payment of fees and expenses is subject to court approval. A true and correct copy of the retainer agreement is attached as **Exhibit 3**.

c.   The Firm and I will comply with the *Guide To Application For Retainers and Professional And Insider Compensation* promulgated by the Office of the United States trustee, as well as any other applicable employment guidelines and fee guidelines in withdrawing the prepetition or postpetition retainer funds, if any.

d.   <u>THE FIRM'S PROPOSED COMPENSATION IS:</u>

(1)  <u>Hourly rates</u>

Partner, primary/lead counsel (*insert names of partners and each rate*)

| | | |
|---|---|---|
| **Michael Jay Berger** | $ 595.00 | per hour |
| **Sofya Davtyan** | $ 545.00 | per hour |
| | $ | per hour |

Associate attorney (*insert names of associates and each rate*)

| | | |
|---|---|---|
| **Debra Reed** | $ 435.00 | per hour |
| **Carolyn Afari** | $ 435.00 | per hour |
| **Robert Poteete** | $ 435.00 | per hour |

Law clerks/paralegal (*insert names and each rate*)

| | | |
|---|---|---|
| **Gary Baddin (bankruptcy analyst)** | $ 275.00 | per hour |
| **Yathida Nipha** | $ 250.00 | per hour |
| **Karine Manvelian** | $ 250.00 | per hour |
| **Peter Garza** | $ 200.00 | per hour |

    ☐ Optional: See **Exhibit 4** for the Firm's hourly rates

(2)  <u>Other</u>

If the Firm's compensation is set by other than hourly rate, specify:

e.   <u>THE FIRM'S EXPENSE REIMBURSEMENT RATES ARE:</u>

| | | |
|---|---|---|
| Fax in & fax out | 0.10 | (Actual cost, not to exceed $0.10 per page) |
| Messenger | Actual cost | |
| Photocopies | 0.10 | (Actual cost, not to exceed $0.10 per page) |
| Postage | Actual cost | |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*        Page 6   **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

|  |  |
|---|---|
| Telephone | No charge |

Other: (*describe expense*)

_____    _____ (Actual cost)

_____    _____ (Actual cost)

f.    Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 9/27/2022

By: _____
Signature of proposed/t professional

Name: Michael Jay Berger
Printed name of proposed professional

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*    Page 7    **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

## DECLARATION OF DEBTOR IN POSSESSION

I, **Bassem Victor El Mallakh**, am the Debtor in Possession in this case.

To the best of my knowledge, all of the Professional's connections with the Debtor, creditors, or any party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee are as stated in the attached Declaration of Professional.

☐  I paid the following amounts to _____ as follows:

| Amount | Date of Payment | Source of Funds |
|--------|-----------------|-----------------|
| $      |                 |                 |
| $      |                 |                 |

☐  I caused to be paid $ _____ to _____ pursuant to our initial retainer agreement, and have agreed that fees are to be billed against this amount.

**On September 7, 2022, my sister, Reem Hanna, paid Applicant $10,000.00 of the $20,000.00 retainer. On 15, 2022, Ms. Hanna paid the remaining retainer of $10,000.00 plus $1,738.00 filing fee and $32.00 credit report fee as a gift contribution on my behalf.  Ms. Hanna is not a creditor of the estate and is not seeking repayment of the $20,000.00 retainer, the $1,738.00 filing fee and $32.00 credit report fee from me.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____        By: _____
                                    Signature of Debtor in Possession

                               Name:  **Bassem Victor El Mallakh**_____
                                    Printed name of Debtor in Possession

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page  8    **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.      I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I am the sole owner of the Law Offices of Michael Jay Berger.

2.      I seek to be employed by Bassem Victor El Mallakh (the "Debtor"), Debtor and Debtor-in-Possession herein, as his General Bankruptcy Counsel.

3.      I am sufficiently an expert in the field of bankruptcy to act as General Bankruptcy Counsel for Debtor herein. I have 40 years of professional experience in bankruptcy law. I am a Certified Legal Specialist in Bankruptcy Law, certified by the California Board of Legal Specialization of the State Bar of California.

4.      A true and correct copy of my resume, and the resumes of my Partner Sofya Davtyan, mid-level associate attorneys Carolyn M. Afari, Robert Poteete and Debra Reed, are collectively attached hereto as Exhibits "1" and "2". A true and correct copy of the resumes of my analyst/field agent Gary Baddin and my paralegals Yathida Nipha, Karine Manvelian, and Peter Garza, are also collectively attached hereto as Exhibit "2".

5.      The employment at the rates disclosed in this Application would be in the best interests of the estate, and I make this declaration pursuant to the provisions of 11 U.S.C. § 327 of the Bankruptcy Code. I further declare that I am in compliance with, and am qualified to act as General Bankruptcy Counsel for the Debtor herein in accordance with said provision. A Statement of Disinterestedness describing my connections, or lack thereof, to other parties in this case is attached hereto as Exhibit "3".

6.      I am rated "A/V" in the Martindale-Hubbell legal directory and have maintained this rating continuously from 1995 to 2022.  This is the highest rating for both the quality of my work and my ethics.   I have successfully represented debtors and creditors in many Chapter 7, Chapter 11, and Chapter 13 cases.

7.      Cases in which I have been approved to be employed as counsel for the debtors and confirmed plans in a chapter 11 case include, but are not limited to, the following:

a. On September 2, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case in Eastern District of California entitled <u>California Roofs and Solar, Inc.</u>, Case No.: 22-10061. This case involved the Debtor providing residential remodeling services.

b. On September 2, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>CICO Electrical Contractors, Inc.</u>, Case No.: 2:21-bk-19348-VZ. This case involved the reorganization of a solar energy / solar panel business.

c. On August 15, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>K. Anthony Incorporated dba K. Anthony Pre-School Inc.</u> This case involved restructuring of a pre-school and daycare.

d. On July 18, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>Amphil Group, LLC,</u> Case No.: 2:21-bk-18014-VZ. This case involved stopping the foreclosure sale date.

e. On April 26, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re: DLR Express, Inc.</u> This case involved the successful reorganization of a trucking business.

f.  On March 30, 2022, I confirmed a plan of reorganization in a Chapter 11
    case entitled <u>In re: BCT Deals, Inc., dba Best Costumes and Toy Deals.</u>
    This case involved the successful reorganization of a costume store.

g.  On December 28, 2021, I confirmed a plan of reorganization in a Chapter
    11 case entitled <u>In re: Anait Akopyan</u>. This case involved the successful
    reorganization of an individual with two rental properties with substantial
    amount of pre-petition arrears and multiple judgment liens.

h.  On December 21, 2021, I confirmed a Subchapter V plan of reorganization
    in a Chapter 11 case entitled <u>In re Pacific Environmental Technologies, Inc.</u>
    This case involved a successful reorganization of a business which provides
    modular, soft wall, mobile, and conventional cleanrooms, as well as
    refrigerated storages, freezers, and solar and energy storages to
    pharmaceutical aerospace, and industrial companies.

i.  On June 29, 2021, I confirmed a plan of reorganization in a Chapter 11 case
    entitled <u>In re RedRhino: The Epoxy Flooring Company, Inc.</u>  This case
    involved the successful reorganization of a business which provides
    protective coating, overlaying, and polished concrete services to the
    industrial and commercial work spaces.

j.  On June 10, 2021, I confirmed a plan of reorganization in a Chapter 11 case
    entitled <u>In re Talk Venture Group, Inc.</u>, Case No.: 8:19-bk-14893-TA. This
    case involved the successful reorganization of a business selling
    merchandise on Amazon.com.

k.  On June 10, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled In re Paul Se Won Kim, Case No.: 8:20-bk-10168-TA. This case involved the successful reorganization of Debtor's personal finances.

l.  On May 21, 2021, I confirmed a plan of reorganization in a Subchapter V Chapter 11 case entitled In re Real Estate Recovery, Case No.: 2:20-bk-19134-VZ. This case involved a successful reorganization of a non-profit organization that provides affordable housing to low-income veterans and homeless people.

m.  On May 12, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled In re Nuance Energy Group, Inc., Case No.: 2:20-bk-17761-VZ. This case involved the successful reorganization of a solar installation company.

n.  On December 18, 2020, I confirmed a plan of reorganization in a Chapter 11 case entitled In re: Marco General Construction, Inc., Case No.: 2:19-bk-14758-BB. This case involved the successful reorganization of a construction company.

o.  On December 9, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled In re: C2 Plumbing, Inc., Case No.: 2:19-bk-23459-VZ. This case involved the successful reorganization of a plumbing business.

p.  On October 28, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled In re: Unified Protective Services, Inc., Case No. 2:19-bk-16482-

NB. This case involved the successful reorganization of a private security company.

q. On July 20, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Edmond Melamed and Rozita Melamed, Case No. 2:bk-22426-NB. This case involved the successful reorganization of their personal finances.

r. On January 23, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Exie Marie Leagons, Case No. 2:18-bk-17859-VZ. This case involved the successful reorganization of her personal finances.

s. On November 27, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, Damu Vusha and Akiba Vusha, Case No. 2:18-bk-11284-ER. This case involved the successful reorganization of their personal finances.

t. On October 11, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Ameriquest Security Service, Case No. 2:18-bk-21241-WB. This case involved the successful reorganization of a private security company.

u. On April 23, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: John Michael Wilcox and Gwenn Ellen Wilcox, Case No. 2:17-bk-24446-SK. This case involved the successful reorganization of their personal finances.

v. On October 4, 2018, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Zenah Mohamed Essayli, Case No. 8:17-bk-14597-CB. This case involved the successful reorganization of her personal finances.

w. On August 20, 2018, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Union County Transport, Inc., Case No. 2:17-bk-21514-BB. This case involved the successful reorganization of transportation business.

x. In 2018, I obtained a Final Decree and Discharge in a Chapter 11 case entitled, In In re: Shahla Dowlati Chapter 11 Case No. 1:16-bk-10073-VK, after successfully confirming a plan of reorganization in said case. That case involved the successful reorganization of Debtor's two income properties. I was approved as counsel for Debtor on February 12, 2016 and my final fee application granting my fees was entered on August 8, 2018.

y. On October 24, 2017, I confirmed a plan of reorganization in a Chapter 11 entitled, In re Rescue One Ambulance, Case No. 2:17-bk-10002-NB. This case involved the successful reorganization of an ambulance transportation business involving the Internal Revenue Service.

z. On July 10, 2017, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re Amos C. Acoff, Case No. 2:16-bk-10109-VZ. That case involved the successful reorganization of his residence and multiple real properties.

aa. On June 14, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled, Bbeautiful LLC, Case No. 2:16-bk-10799-ER. The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand & nail, body hair, pedicure, makeup and fragrance.

bb. On February 12, 2016, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re Edward D. Roane, Case No. 1:14-bk-15621-VK. That

case involved the successful reorganization of his residence and multiple real properties.

cc. On December 23, 2015, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Steven and Julie Sassoon, Case No. 2:14-bk-12673-TD. That case involved the successful reorganization of their unsecured debt after years in state court litigation.

dd. On March 11, 2015, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Michael J. and Cristina M. Parker, Case No. 6:13-bk-3051-MJ. That case involved the successful reorganization of the Debtors' residence and resolution of multiple state court lawsuits. The Debtors obtained a discharge order on April 30, 2015.

ee. On October 28, 2014, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Nabih Mansour and Mary Mansour, Case No. 2:12-bk-48622-RN. This case involved a foreclosure sale of their home. Mr. Mansour operates a veterinarian hospital and Mrs. Mansour is a Pharmacist.

ff. On May 5, 2014, I confirmed a plan of reorganization in a Chapter 11 case entitled In re: Ruth Hasson, Case No. 2:13-bk-15138-RK. This case involved a foreclosure sale date. Final decree was entered on September 25, 2014.

gg. On December 11, 2013, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: Martha Gutierrez and Aaron Gutierrez, Case No. 2:12-bk-32047-WB. The case involved the successful reorganization of the loans on the Debtors' two rental properties.

hh. On November 6, 2013, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: Jamal Elyazal, Case No. 6:12-bk-11709-MW. The case involved the successful reorganization of the loans on the Debtor's loans on Debtor's primary residence and 17 rental properties.

ii. On October 1, 2013, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: CDG Materials, Inc., Case No. 6:12-bk-12935-MH. This case involved the successful reorganization of a corporation principally engaged in the business of manufacturing and selling various types and grades of gravel and sand.

jj. On June 5, 2013, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Vicente Zarate and Ingrid R. Zarate, Case No.: 2-12-bk-16597-PC. This case involved the successful reorganization of the loans on the Debtors' primary residence and their multiple rental properties.

kk. On May 23, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Hamid Doe and Farideh Doe, Case No.: 1-11-bk-17414-AA. This case involved the successful reorganization of the loans on the Debtors' primary residence.

ll. On May 10, 2013, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Alejandro Caray Casasola and Zenaida Urmanita Casasola, Case No. 2:11-bk-47034-ER. This case also involved the successful reorganization of the loans on the Debtors' primary residence and their multiple rental properties.

mm.    On May 1, 2013, I confirmed a plan of reorganization in a Consolidated Chapter 11 Case entitled In re Steven Michael Mehr and

Larissa Deshaviegh Mehr, lead case number 8:11-bk-12166-ES, consolidated case number 8:11-bk-17014-ES. This case involved the successful reorganization of debtors' primary residence in Orange County and 7 rental properties located throughout Orange County and Los Angeles County.

nn. On March 27, 2013, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Arthur Melnikov and Alina Kutsevol, Case No.: 1:11-bk-11614-GM. This was a personal Chapter 11 for individual Debtors that owned a home and two rental properties. The Debtors were in bankruptcy for 15 months before they hired me.

oo. On December 17, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Ovazine Yvette Shannon, Case No.:2:11-bk-38912-VZ. This case involved the successful reorganization of debtor's six multi-unit apartment building rental properties.

pp. On July 23, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Richard G. Miller and Shannon Miller,  Case No # 6:10-bk-31105-MJ. This was a personal Chapter 11 bankruptcy case for a retired, married couple that owned a home, rental property, and vacant land.

qq. On August 12, 2012, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: Hoskins Enterprises, Inc., Case No. 1:11-bk-15148.GM. Hoskins Enterprises, Inc., provides adult day care services for mentally disabled adults. Debtor was forced into bankruptcy by a wrongful termination lawsuit.

rr. On June 29, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Leonor Zimerman, Case No. 1:11-bk-14045-GM. That case involved the successful reorganization of Debtor's rental property and income property. Final decree was entered on January 7, 2013.

ss. On June 13, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Vahigh and Penah Dadayan, Case No. 2:11-bk-14452-RK. That case involved the successful reorganization of their primary residence and 5 rental properties. Final decree was entered on January 7, 2013.

tt. On May 23, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Hamid Peter and Farideh Keshavarz, Case No. 1:11-bk-17414-AA. That case involved the successful reorganization of the Debtors debts on their primary residence. A final decree order was entered on June 4, 2013.

uu. On April 11, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Gregory Stephen Jones and Eteva Desiree Laufasa, Case No. 2:11-bk-22829-PC. That case involved reorganization of the Debtors' primary residence and their rental properties. A discharge order was entered on October 15, 2014.

vv. On February 27, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re 7 West, LLC, Case # 2:10-bk-36804-ER. This case involved the successful reorganization of a 24-unit apartment complex in Los Angeles, California. A Final Decree was entered on May 10, 2013.

ww.    On February 17, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: 7 West, LLC, Case No. 2:10-bk-36804-ER.

That case involved the reorganization of an apartment complex. Final decree was entered May 10, 2013.

xx. On February 3, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Moshe Segev and Michelle M. Cohen, Case # 1:09-bk-23222-GM. This was a personal Chapter 11 for a couple with 4 children under the age of 9.

yy. On September 30, 2011, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Ludo Gust Mensch and Lorraine Patricia Mensch, Case No. 1:10-bk-22102-MT. That case involved the reorganization of a construction company.

zz. On June 29, 2011, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Twelve Signs Incorporated, Case No. 2:10-bk-11758-PC. That case involved the liquidation of various intellectual property of an astrological products company.

aaa.      On April 13, 2011, I confirmed a plan of reorganization in a Chapter 11 Case entitled, In re: Rahim Zabihi, Case No. 8:10-bk-11504-TA. That case involved the successful reorganization of two veterinarian clinics and five pieces of real property.

In Chapter 11 filings, I have successfully represented individuals, restaurants, nightclubs, retail stores, dry cleaners, advertising agencies, manufacturing companies, construction companies, real estate owners, real estate developers, medical practices, trucking companies, an ambulance company and other businesses.

I will charge the Debtor for my services at the rate of $595.00 per hour. I will charge Debtor $545.00 per hour for the services of my Partner Sofya Davtyan, $435.00

per hour for the services of my mid-level associate attorneys Debra Reed, Carolyn M. Afari and Robert Poteete, $275.00 per hour for the services of his bankruptcy analyst/field agent Gary Baddin; $250.00 per hour for the services of my bankruptcy senior paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals.

On September 7, 2022, Debtor's sister, Reem Hanna, paid me a $10,000.00 installment of the $20,000.00 retainer. On September 15, 2022, Ms. Hanna paid me the remaining retainer of $10,000.00 plus the $1,738.00 filing fee and $32.00 credit report fee as a gift contribution to the Debtor. Ms. Hanna is not a creditor of the Debtor and is not seeking repayment of the $20,000.00 retainer, $1,738.00 filing fee and $32.00 credit report fee. I will keep the $15,732.50 retainer in my client trust account until the Court approves this application and after a Fee Application is filed and approved by the Court pursuant to 11 U.S.C. §330.

Pursuant to the written fee agreement between the Debtor and I, my actual pre-petition fees and cost incurred were deemed fully earned as of the filing of the petition, and were withdrawn from the client trust account immediately prior to the filing of Debtor's bankruptcy petition as payment for the pre-petition work done by me. The actual pre-petition fees were $4,267.50 and pre-petition cost were $1,738.00 for the Chapter 11 filing fee and $32.00 credit report fee. The unearned retainer of $15,732.50 will be maintained in my client trust account until court authorization is obtained pursuant to 11 U.S.C. § 330.

Attached hereto as <u>Exhibit "4"</u> is a true and correct copy of the Attorney-Client Written Fee Contract entered into between Debtor and I.

My post-petition legal services for the Debtor began on September 19, 2022.

1
2          I declare under penalty of perjury that the foregoing is true and correct and that
3    this declaration is executed on September 27 2022 at Beverly Hills, California.
4
5
6                                                    Michael Jay Berger
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF BASSEM VICTOR EL MALLAKH

I, Bassem Victor El Mallakh, declare and state as follows:

1.      I am the Debtor and Debtor-in-Possession (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2.      I make this declaration in support of my Application to Employ the Law Offices of Michael Jay Berger ("Applicant") as my General Bankruptcy Counsel ("Application").

3.      On September 7, 2022, my sister, Reem Hanna, paid Applicant a $10,000.00 installment of the $20,000.00 retainer. On September 15, 2022, my sister paid the Applicant remaining retainer of $10,000.00 plus the $1,738.00 filing fee, and $32.00 credit report fee as a gift contribution on my behalf. My sister is not a creditor and is not seeking repayment of the $20,000.00 retainer or $1,738.00 filing fee $32.00 credit report fee. Applicant will keep the $15,732.50 retainer in his client trust account until the Court approves this application and after a Fee Application is filed and approved by the Court pursuant to 11 U.S.C. §330.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on September 27 2022 at Beverly Hills, California.

_____
Bassem Victor El Mallakh

14

## DECLARATION OF REEM HANNA

I, Reem Hanna declare and state as follows:

1.  I am the sister of Bassem Victor El Mallakh (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2.  On September 7, 2022, I paid Applicant a $10,000.00 installment of the $20,000.00 retainer. On September 15, 2022, I paid Applicant the remaining retainer of $10,000.00 plus the $1,738.00 filing fee and $32.00 credit report fee as a gift contribution to the Debtor. I am not a creditor of the Debtor and am not seeking repayment of the $20,000.00 retainer, $1,738.00 filing fee and $32.00 credit report fee.

3.  I understand that I am not the client of the Law Offices of Michael Jay Berger and that I have no right to control the Chapter 11 case of my brother, Bassem Victor El Mallakh.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on September _27_ 2022 at _Irvine_, California.

Reem Hanna

15

# EXHIBIT 1

# MICHAEL JAY BERGER

9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212
Telephone: 310.271.6223  |  Fax: 310.271.9805  |  E: michael.berger@bankruptcypower.com
Website: www.bankruptcypower.com

## EDUCATION

**Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California**
Certified on September 1, 2006 and continuously certified since then.

Law School – HASTINGS COLLEGE OF LAW, San Francisco, California
    J.D. with Honors, May 1981;
    Class Standing: Top 10%

Main Honors and Activities
    Order of the Coif          Law Review
    Thurston Honor Society    Phi Alpha Delta

Undergraduate – DUKE UNIVERSITY, Durham, North Carolina
    B.A.  Graduated with Honors, 1978 Major: English

Main Honors and Activities
    Captain of the Duke Debate Team
    Chairman, Duke Branch of the North Carolina Public Interest Research Group
    Member, National Honorary Society
    Delta Sigma Rho Tau Kappa Alpha

## WORK EXPERIENCE

40 years of experience representing accountants, actors, advertising agencies, ambulance companies, bail bond companies, book stores, car washes, churches and synagogues, clothing companies, construction companies, construction supply companies, contractors, cosmetic companies, dentists, designers, doctors, entrepreneurs, film companies, gas stations, hospitals, hotels, insurance agencies, insurance sales people, investors, landlords and tenants, landscape companies, lawyers, lenders, magazines, manufacturing companies, musicians, nightclubs, online sales companies, pawn shops, physical therapists, radio stations, real estate brokers, real estate developers, real estate investors, restaurants, retail stores, schools, screenwriters, security guard companies, shopping centers, song writers, stock brokers, students, teachers, television stations, trucking companies and veterinarians.

| | |
|---|---|
| 1996 to Now | LAW OFFICES OF MICHAEL JAY BERGER<br>Beverly Hills, California<br>Principal attorney in law firm specializing in bankruptcy practice.<br>Extensive experience representing debtors, creditors and third parties in Chapter 7, 11 and 13 Cases and Adversary Proceedings |
| 1983 to 1996 | Attorney and Managing Partner, BERGER & STOLAR, INC.<br>Beverly Hills, California<br>Senior trial lawyer specializing in bankruptcy and civil litigation practice. Very knowledgeable and experienced in all types of civil litigation, including all types of collection, business, contract, entertainment, real estate, probate and bankruptcy cases.  Extensive experience representing debtors and creditors in numerous Chapter 7, 11 and 13 proceedings. |

1981 to 1983    Attorney, RIFKIND, STERLING & LEVIN, INC.
Beverly Hills, California
Practiced in all phases of civil litigation. Primarily responsible for
collection, bankruptcy, breach of contract, real estate and tort cases.

## ACTIVITIES AND ASSOCIATIONS

"AV" rated lawyer as rated by Martindale Hubbell legal directory 1995-2021[*]

"Superb Rated Attorney" By Avvo
Former Judge Pro Tem, Beverly Hills Municipal Court
Former Arbitrator, Beverly Hills Bar Association
Former Editor of the Beverly Hills Bar Association Journal
Member of the Bankruptcy Section of the Beverly Hills Bar Association
Member of the Los Angeles Bankruptcy Forum
Member of the California Bankruptcy Forum
Member of the American Bankruptcy Institute
Member of Mensa, The High IQ Society
Member of Track Club Los Angeles
Marathon and Ultramarathon Runner
Guitar Player and Lead Singer for the Rock and Roll Band DTF

## AREA SERVED

I serve all of California, with the majority of my cases being in the Central District of California
downtown Los Angeles, San Fernando Valley, Santa Ana and Riverside branch courts.

---

[*] The Martindale-Hubbell "AV" rating indicates very high to preeminent legal ability and very high ethical standards
as established by confidential opinions from members of the bar.

# EXHIBIT 2

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212
Tel: 310-271-6223 | Fax: 310-271-0985

LAW OFFICES OF MICHAEL J. BERGER (the "Firm") limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation and transactional matters. The Firm's legal representation, involves extensive involvement with consumers and businesses, as Debtors and Debtors-in-Possession in chapter 7, 11 and 13 Bankruptcies.

## DESCRIPTION OF RESPONSIBILITIES OF BANKRUPTCY ATTORNEYS

The Firm's Bankruptcy Department currently employs four full-time attorneys whose duties include, but are not limited to, attendance at the client's initial debtor interview, 341(a) meeting of creditors and confirmation hearing. The Firm's attorneys also prepare petitions, schedules and other documents that are critical to the success of each case.

The attorneys, under the supervision of the Firm's principal attorney, Michael Jay Berger, are responsible for the research, preparation and filing of applications, motions and other documents throughout the course of a client's bankruptcy. More specifically, the attorneys draft applications to employ professionals and applications for attorney compensation, as well as budget motions, motions for the interim use of cash collateral, motions to value and Chapter 11 and 13 plans of reorganization and disclosure statements.

The Firm's attorneys also ensure compliance with the Bankruptcy Code and Local Bankruptcy Rules. The attorneys are often required to prepare and file: applications for orders shortening time, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, and proofs of claim.

Immediately following is a brief description of the qualifications of the Firm's Attorneys.

**Michael Jay Berger – _Principal Attorney_**, admitted to the State Bar of California, 1981; Central District of California, 1982. Mr. Berger is a Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California.

University of California Hastings, San Francisco, CA (1981)
Duke University, Durham, NC (1978).

1

**Sofya Davtyan – *Partner*:** Admitted to the State Bar of California, 2008; Central District of California, 2008. Ms. Davtyan joined the firm in February of 2009. Ms. Davtyan is a Certified Specialist in Bankruptcy Law, Certified by the California Board of Legal Specialization.

Ventura College of Law, Ventura, CA (2008)
University of Southern California, Los Angeles, CA (2002)

**Carolyn M. Afari  – *Mid-Level Associate*:** Admitted to the State Bar of California, 2012; Central District of California, 2012. Ms. Afari joined the firm in June of 2017.

University of West Los Angeles School of Law, Los Angeles, CA (2011)
University of Southern California, Los Angeles, CA (2005)

**Debra J. Reed – *Mid-Level Associate*.** Admitted to the State Bar of California, 2010; Central District of California, 2020. Ms. Reed joined the firm in 2020.

Santa Clara University School of Law, Santa Clara, CA • Juris Doctor (2009)
Baruch College, New York, NY • Masters of Business Administration (2000)
Boston College, Boston MA • Bachelor of Arts (1986)

**Robert Poteete – *Mid-Level Associate*:** Admitted to the State Bar of California, 2007; Central District of California, 2008. Mr. Poteete joined the firm in 2022.

UCLA School of Law, Los Angeles, CA (2006)
University of Pennsylvania, Philadelphia, PA (2003)

## DESCRIPTION OF RESPONSIBILITIES OF PARALEGALS & LEGAL ASSISTANTS

The Firm's Bankruptcy Department currently employs four full-time paralegals and legal assistants whose duties include, but are not limited to, the following:

Attendance at initial attorney/client meetings, preparation of petitions, schedules, statement of affairs and rendering assistance to client in meeting the requirements of the United States Trustee.

After filing of the petition, the Paralegals, under the supervision of the attorneys, prepare drafts of motions, applications and other documents, including, but not limited to the following:

Application for authorization to employ professional persons, applications for compensation of attorneys' fees, motions to compromise controversies, stipulations, motions for extension of time for the debtor to file schedules, motions for extension of exclusivity periods [Bankruptcy Code §1121], motions for extension of the time in which the debtor may assume or reject nonresidential real property leases, motions for authorization to sell assets of the debtor's estate, applications for orders shortening time for serving notices to creditors, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports and account [Bankruptcy Rule 1019 (6)], notices as required by the Bankruptcy Rules, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, final decrees, statements

of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, proofs of claims, and any other documents which may appropriately be drafted at the legal assistant level.

Immediately following is a brief description of the qualifications of the Firm's Paralegals and Legal Assistants.

## Gary Baddin (Bankruptcy Analyst / Field Agent)

Mr. Baddin joined the firm in June 2021. In 1987, he joined the elite Special Procedures Staff of the IRS, administering the Service's tax claims in the U. S. Bankruptcy Court. He worked for the Office of the United States Trustee in the U.S. Department of Justice as a Bankruptcy Analyst for 30 years and was assigned oversite of chapter 11 cases. Mr. Baddin received his Bachelor's Degree in Political Science from UC Davis and holds a Master's Degree in Public Administration from USC.

## Yathida Nipha (Senior Paralegal): Ms. Nipha is a senior paralegal with over twelve years of experience in Chapters 7, 11 and 13. Ms. Nipha joined the firm in January 2010.
University of Phoenix, Los Angeles, CA (2008)

## Karine Manvelian (Senior Paralegal): Mrs. Manvelian joined the firm in 2014 and has returned in December 2015. Mrs. Manvelian worked with the United States Bankruptcy Court for over 20 years.

## Peter Garza (Paralegal): Mr. Garza joined the firm in May 2015. Prior to joining the firm, Mr. Garza was a customer service supervisor with Williams Lea, Inc. at O'Melveny & Myers for 15 years. Mr. Garza prepares declarations of service and Applications to Employ Professionals. Mr. Garza has experience preparing bankruptcy schedules in chapter 7, 11, and 13.

3

**EXHIBIT 3**

| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar Nos. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**(310) 271-6223 Fax: (310) 271-9805**<br>**michael.berger@bankruptcypower.com**<br><br><br><br><br><br>*Attorney for Debtor* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re: | CASE NO.:  **8:22-bk-11605-TA** |
|---|---|
| | CHAPTER:  **11** |
| Bassem Victor El Mallakh | **STATEMENT OF DISINTERESTEDNESS**<br>**FOR EMPLOYMENT OF PROFESSIONAL**<br>**PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)** |
| Debtor(s). | [No Hearing Required] |

1.   Name, address and telephone number of the professional (Professional) submitting this Statement:
     **Michael Jay Berger (SBN 100291)**
     **Law Offices of Michael Jay Berger**
     **9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA 90212**
     **Tel (310) 271-6223; Fax (310) 271-9805; Email michael.berger@bankruptcypower.com**

2.   The services to be rendered by the Professional in this case are *(specify)*:
     **Legal services required in representing Debtor in ch 11 proceedings include advising Debtor of his legal rights and remedies, negotiating w/attorneys for unsecured creditors, negotiating with creditors, representing Debtor at related hearings, assisting Debtor in complying with OUST rules and regulations, assisting in paperwork preparation to continue and conclude this chapter 11 proceeding, responding to creditor inquiries, reviewing proofs of claims filed in this bankruptcy proceeding, preparing Notices of Automatic Stay in all State Court proceedings in which Debtor is sued during pendency of the bankruptcy and responding to Motions filed in Debtor's bankruptcy. Also, the Professional will object to inappropriate claims, and prepare a Disclosure Statement and Plan on behalf of the Debtor.**

3.   The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
     **Applicant will charge for Michael Berger's services at the rate of $595.00 per hour; $545.00 per hour for partner Sofya Davtyan; $435.00 per hour for mid-level associate attorneys Debra Reed, Carolyn M. Afari,**

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 1                          **F 2014-1.STMT.DISINTEREST.PROF**

and Robert Poteete; $275.00 per hour for bankruptcy analyst/field agent Gary Baddin, and $250.00/$200.00 per hour for senior paralegals, law clerks, and paralegals.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:
**The agreed retainer is $20,000.00. On September 7, 2022, Debtor's sister, Reem Hanna, paid Professional $10,000.00 installment of the $20,000.00 retainer. On September 15, 2022, Ms. Hanna paid Professional the remaining retainer of $10,000.00 plus $1,738.00 filing fee and $32.00 credit report as a gift contribution. Ms. Hanna is not a creditor of the Debtor and is not seeking repayment of the $20,000.00 retainer, $1,738.00 filing fee and $32.00 credit report fee. Pursuant to the written fee agreement between Professional and Debtor, the sum 4,267.50 in fees was earned by Applicant prior to the petition date and withdrawn from Applicant's client trust account along with the $1,738.00 filing fee. The unearned balance of $15,732.50 is maintained in Applicant's client trust account until court authorization is pursuant to 11 U.S.C. Section 330.**

5.    The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*: **Applicant reviewed his list of current and past clients and found no contact with Debtor's creditors or other parties in interest.**

6.    The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee (specify, attaching extra pages as necessary):

**Applicant's office employs Gary Baddin who was previously employed as Analyst for the Office of the United States Trustee. Applicant does not believe Mr. Baddin's previous employment and current work on the case presents any conflict.**

7.    The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:
**n/a**

8.    The Professional is not and was not, within 2 years before the date of filing of the petition, a director, officer or employee of the Debtor.

9.    The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:
**n/a**

10.   Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:
**Michael Jay Berger (SBN 100291)
Law Offices of Michael Jay Berger
9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA 90212
Tel (310) 271-6223; Fax (310) 271-9805; Email michael.berger@bankruptcypower.com**

11.   The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:

12.   Total number of attached pages of supporting documentation: _____

13.   After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                Page 2                                **F 2014-1.STMT.DISINTEREST.PROF**

perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_9/27/2022_ __**Michael Jay Berger**__ _____

Date                **Printed Name**                                      Signature

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 3                          **F 2014-1.STMT.DISINTEREST.PROF**

# EXHIBIT 4

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6ᵗʰ Floor
Beverly Hills, California 90212-2929
Tel 310-271-6223 ● Fax 310-271-9805
e-mail: michael.berger@bankruptcypower.com
website: www.bankruptcypower.com

Michael Jay Berger is a California State Bar
Certified Bankruptcy Law Specialist

Sofya Davtyan is a California State Bar
Certified Bankruptcy Law Specialist

Debra J. Reed
Carolyn Afari
Robert Poteete

---

September 5, 2022

Bassem Essam Elmallakh
116 Rockefeller
Irvine, CA 92612

Via E-mail at: bassemv@aol.com

Re:    **Representing Bassem Essam Elmallakh in a Chapter 11 Bankruptcy to be filed in
United States Bankruptcy Court, Central District of California**

       This document is our written fee contract.  California law requires lawyers to have
written fee contracts with their clients.  I will provide legal services to you on the terms set forth
below.

       1.     CONDITIONS.     This agreement will not take effect, and I will have no
obligation to provide legal services, until you return a signed copy of this agreement to me and
pay the initial $10,000.00 payment of the $20,000.00 retainer called for in paragraph 4.

       2.     SCOPE OF SERVICES.     You are hiring me to prepare and file a
Chapter 11 bankruptcy petition for you. I will provide the legal services reasonably required to
represent you. Representation will include pre-bankruptcy planning, preparing a Chapter 11
bankruptcy Petition and all supporting schedules and statements, advising you regarding your
legal rights and obligations in a bankruptcy proceeding, assisting you in preparing the documents
and reports required by the Office of the United States Trustee, representing you at the initial
debtor interview with the Office of the United States Trustee, representing you at the first
meeting of creditors, representing you in opposition to any Motion for Relief from Stay that may
be filed and assisting you in preparing the paperwork needed to continue and conclude a Chapter
11 proceeding.  In addition, I will respond to creditor inquiries, review proofs of claim filed in
your bankruptcy, object to inappropriate claims, respond to all Motions filed in your bankruptcy
proceeding. If and when it is appropriate, I will prepare a proposed Disclosure Statement and

1

Plan of Reorganization for you.  I will keep you informed about the status of your case and to respond to your inquiries.

3.    CLIENT'S DUTIES.        You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts.

4.    RETAINER.        You agree to pay me a retainer of $20,000.00. The initial $10,000.00 payment is due when you hire me. The second payment of $10,000.00 is due before I file your case. The $20,000.00 retainer shall be deposited into my client trust account and will be billed against at the hourly rates set forth herein.  Before filing your bankruptcy petition, I will give you a bill for all of my time and costs spent on your matter before the filing of your bankruptcy petition. The amount due and owing pursuant to this bill shall be deemed to be fully earned prior the filing of the bankruptcy petition on your behalf.  I shall withdraw this amount from my client trust account prior to my filing of the bankruptcy petition on your behalf.  After the filing of your bankruptcy petition, I will continue to bill against the remaining balance of the retainer.  The $20,000.00 retainer is a retainer.  It is not a cap.  It is not a minimum fee.  Your final bill could be more or less than the retainer amount.  Your actual total bill will be based on the hourly rate charges and costs.

5.    LEGAL FEES.        You agree to pay me for my legal services at the following hourly rates: Michael Berger's time --$595.00/ hour; Partner Sofya Davtyan's time --$545.00/hour; mid-level associate attorneys Debra Reed, Carolyn Afari and Robert Poteete's time --$435.00/hour; bankruptcy analyst Gary Baddin's time -- $275.00 per hour; senior paralegal and law clerk time --$250.00 per hour; paralegal time --$200.00. These rates will not be raised and will continue in effect until the conclusion of this case.

6.    COSTS.        In addition to paying legal fees, you agree to reimburse me for all costs and expenses that I incur on your behalf.  Costs and expenses commonly include court filing fees, trustee fees, court reporter fees, long distance telephone calls, messenger fees, postage, in office photocopying at $.10 per page, outside copying at my actual costs no charge for receiving faxes, $.10 per page for sending faxes, parking, and mileage at $.55 per mile.  I will have no obligation to advance any money for costs.  I agree to waive all costs for computerized legal research and word processing.  You authorize me to incur all reasonable costs.

The initial filing fee for a Chapter 11 is $1,738.00.  You agree to pay me $1,738.00 prior to the filing of the Chapter 11 Petition to cover this fee.

7.    BILLS.        I will send you periodic bills for any fees and costs that I incur on your behalf.  I will apply to the bankruptcy court for approval of my fees and costs. So long as your case is pending in the bankruptcy court, no further compensation will be paid to me without the approval of the bankruptcy court.

2

8.    **DISCHARGE AND WITHDRAWAL.**    You may discharge me at any time. I may withdraw with your consent or for good cause as found by a court of law. Good cause includes, but is not limited to, your breach of this agreement, your refusal to cooperate with me or to follow my advice on a material matter, or any fact or circumstance which would render my continuing representation of you nonproductive, unlawful or unethical.

9.    **DISCLAIMER OF GUARANTEE.**    Nothing in this agreement and nothing in my statements to you should be construed as a promise or guarantee about the outcome of your matter. I make no such promises or guarantees. My comments about the possible outcome of your matter are expressions of opinion only.

Thank you for retaining me in this matter. I will use my best efforts on your behalf.

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger

**I have read and understood the foregoing terms and agree to them.**

By: _____
Bassem Essam Elmallakh

3

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212**

A true and correct copy of the foregoing document entitled (*specify*): __**NOTICE OF MOTION AND MOTION  IN
INDIVIDUAL CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY
GENERAL BANKRUPTCY COUNSEL [11 U.S.C. 327(a), LBR 2014-1]; AND TO FILE INTERIM FEE AP__** will be
served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders
and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/28/22  I
checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are
on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Proposed Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com,
HestonBR41032@notify.bestcase.com,NexusBankruptcy@jubileebk.net
 United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 9/28/22 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for
each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 9/28/22 , I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Honorable Theodore Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/28/22 | Peter Garza | /s/Peter Garza |
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                    Page 9      **F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

2. **SERVED BY UNITED STATES MAIL**:

SECURED CREDITORS:

Belgium Investments 960 Bay Dr, LLC
c/o Patrick Miller, Esq.
P. Miller Legal Services
121 S Oak Avenue
Pasadena, CA 91107

Central Park West Community HOA
401 Rockefeller #208
Irvine, CA 92612

First Service Residential
15241 Laguna Canyon Rd.
Irvine, CA 92618

First Service Residential
c/o Community Legal Advisors
509 N. Coast Highway
Oceanside, CA 92054

Freedom Mortgage
951 Yamato Rd.
Boca Raton, FL 33431

Freedom Mortgage
PO Box 50428
Indianapolis, IN 46250

Freedom Mortgage Corporation
Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel, NJ 08054

Td Auto Finance
Attn: Bankruptcy
Po Box 9223
Farmington Hills, MI 48333

TD Auto Finance
6 Atlantis Way
Lewiston, ME 04240

20 LARGES UNSECURED CREDITORS:

Wells Fargo Bank NA
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                          Page 10    F2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document entitled: __ **DECLARATION THAT NO PARTY REQUESTED A HEARING ON**
**MOTION** __ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __10/18/2022__ , I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:
Proposed Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, HestonBR41032@notify.bestcase.com,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __10/18/2022__ , I served the following persons
and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile
transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodore Albert**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5085 / Courtroom 5B**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/18/2022 | Peter Garza | /s/Peter Garza |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                       Page 3      **F 9013-1.2.NO.REQUEST.HEARING.DEC**