EXHIBIT 1

## EXHIBIT "A"
## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL NO. 1

UNIT 91 AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "PLAN") FOR LOT 18 OF TRACT NO. 16989, WHICH PLAN WAS RECORDED ON JUNE 25, 2013, 2013, AS INSTRUMENT NO. 2013000382584 IN OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, TRACT NO. 16989 IS SHOWN ON THE SUBDIVISION MAP FILED IN BOOK 887, PAGES 36 TO 48, INCLUSIVE, OF MISCELLANEOUS MAPS IN THE OFFICE OF THE ORANGE COUNTY RECORDER.

EXCEPTING THEREFROM, ALL OIL, OIL RIGHTS, MINERAL, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND/OR OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AS RESERVED IN DEED FROM IRVINE INDUSTRIAL COMPLEX, A CORPORATION, RECORDED SEPTEMBER 19, 1968 IN BOOK 8725, PAGE 311, OF OFFICIAL RECORDS. ALSO EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME AS FOLLOWS:

A. ANY AND ALL REMAINING OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM, ANY OTHER MATERIAL RESOURCES AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

B. ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE PROPERTY OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE PROPERTY (NO MATTER HOW ACQUIRED BY GRANTOR), WHETHER SUCH WATER, WATER RIGHTS OR INTEREST THEREIN SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, RE-DRILL, REMOVE AND STORE THE SAME FROM OR IN THE PROPERTY OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, WATER RIGHTS OR INTEREST THEREIN ON ANY PROPERTY OWNED OR LEASED BY GRANTOR; BUT WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF THE PROPERTY IN THE EXERCISE OF SUCH RIGHTS.

Order No.: 21-259017

EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, ENCROACHMENT, MAINTENANCE, DRAINAGE, SUPPORT, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CENTRAL PARK WEST, RECORDED MAY 1, 2008, AS INSTRUMENT NO. 2008000207242 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "MASTER DECLARATION"), THE SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR CENTRAL PARK WEST — THE TOWNES AT CENTRAL PARK WEST (MANHATTANS, UNITS 89 TO 98) RECORDED ON JUNE 27, 2013, AS INSTRUMENT NO. 2013000391502 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "SUPPLEMENTAL DECLARATION"), THE NEIGHBORHOOD DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE TOWNES AT CENTRAL PARK WEST, RECORDED ON JULY 2, 2010, AS INSTRUMENT NO, 2010000315037 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "NEIGHBORHOOD DECLARATION"), AND THE NOTICE OF ADDITION OF TERRITORY AND SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE TOWNES AT CENTRAL PARK WEST (MANHATTANS, UNITS 89 TO 98), RECORDED ON JUNE 27, 2013, AS INSTRUMENT NO. 2013000391503 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "NOTICE OF ADDITION"), ALL IN OFFICIAL RECORDS. EXCEPT AS OTHERWISE PROVIDED HEREIN, CAPITALIZED TERMS IN THIS DEED SHALL HAVE THE SAME MEANINGS AS ARE GIVEN SUCH TERMS IN THE NEIGHBORHOOD DECLARATION.

FURTHER EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME AS FOLLOWS: THE RIGHT TO PLACE ON, UNDER OR ACROSS THE UNIT, TRANSMISSION LINES AND OTHER FACILITIES FOR (I) A COMMUNITY ANTENNA TELEVISION SYSTEM; (II) FIBER OPTIC CABLE, VIDEO (BROADBAND), TELECOMMUNICATION AND DATA TRANSMISSION SYSTEMS; AND (III) ALARM SYSTEM, AND THEREAFTER TO OWN AND CONVEY SUCH LINES AND FACILITIES, AND THE RIGHT TO ENTER UPON THE UNIT TO SERVICE, MAINTAIN, REPAIR, RECONSTRUCT AND REPLACE SAID LINES AND FACILITIES; PROVIDED, HOWEVER, THAT THE EXERCISE OF SUCH RIGHTS SHALL NOT UNREASONABLY INTERFERE WITH GRANTEE'S REASONABLE USE AND ENJOYMENT OF THE UNIT.

FURTHER EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, THE RIGHT TO ENTER THE UNIT (I) TO COMPLETE AND REPAIR ANY IMPROVEMENTS OR LANDSCAPING LOCATED THEREON AS DETERMINED NECESSARY BY GRANTOR, IN ITS SOLE DISCRETION, (II) TO COMPLY WITH REQUIREMENTS FOR THE RECORDATION OF THE MAP OR THE GRADING OR CONSTRUCTION OF THE NEIGHBORHOOD, AS DEFINED IN THE NEIGHBORHOOD DECLARATION, OR (III) TO COMPLY WITH REQUIREMENTS OF APPLICABLE GOVERNMENTAL AGENCIES. GRANTOR SHALL PROVIDE REASONABLE NOTICE TO GRANTEE BEFORE SUCH ENTRY. IF THIS RESERVATION OF RIGHT OF ENTRY IS NOT COMPLIED WITH BY GRANTEE, GRANTOR MAY ENFORCE THIS RIGHT OF ENTRY IN A COURT OF LAW. GRANTEE SHALL BE RESPONSIBLE FOR ALL DAMAGES ARISING OUT OF SUCH FAILURE TO COMPLY, INCLUDING ATTORNEYS' FEES AND COURT COSTS. THE TERM OF THIS RESERVATION OF RIGHT OF ENTRY SHALL AUTOMATICALLY EXPIRE TWELVE (12) YEARS FROM THE DATE OF RECORDATION OF THIS GRANT DEED.

FURTHER EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, NONEXCLUSIVE EASEMENTS FOR THE INSTALLATION, MAINTENANCE AND REPAIR OF UTILITIES AND RELATED FACILITIES (INCLUDING, BUT NOT LIMITED TO, ELECTRICAL, TELEPHONE, CABLE TELEVISION, GAS, WATER AND SEWER LINES, UTILITY METERS, STORM DRAINS, STREET LIGHTS, MAIL BOXES, FIRE HYDRANTS AND TRAFFIC SIGNS) AS SHOWN ON THE MAP, OR OTHERWISE OF RECORD.

FURTHER EXCEPTING THEREFROM FOR THE BENEFIT OF LENNAR CENTRAL PARK, LLC, A DELAWARE LIMITED LIABILITY COMPANY (THE "MASTER DEVELOPER"), AND THE CENTRAL PARK WEST COMMUNITY ASSOCIATION, A CALIFORNIA NONPROFIT MUTUAL BENEFIT CORPORATION (THE "COMMUNITY ASSOCIATION") NONEXCLUSIVE EASEMENT FOR INGRESS, EGRESS, ACCESS, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, DRAINAGE, ENFORCEMENT AND ALL OTHER PURPOSES AS SET FORTH IN THE MASTER DECLARATION AND THE SUPPLEMENTAL DECLARATION.

PARCEL NO. 2

Order No.: 21-259017

AN UNDIVIDED ONE-TENTH (1/10) FEE SIMPLE INTEREST AS A TENANT-IN-COMMON IN AND TO THE COMMON AREA DESCRIBED IN THE PLAN.

PARCEL NO. 3

EXCLUSIVE EASEMENTS FOR THE BENEFIT OF THE UNIT APPURTENANT TO PARCEL NOS. 1 AND 2 DESCRIBED ABOVE, FOR EXCLUSIVE USE AREAS OVER THOSE PORTIONS OF THE NEIGHBORHOOD ASSOCIATION PROPERTY SHOWN ON THE PLAN OR AS DESCRIBED IN THE NEIGHBORHOOD DECLARATION OR NOTICE OF ADDITION.

PARCEL NO. 4

NONEXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, SUPPORT, ENCROACHMENT, MAINTENANCE, REPAIR, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN ON THE PLAN AND THE MAP, AND AS DESCRIBED IN THE MASTER DECLARATION, THE SUPPLEMENTAL DECLARATION, THE NEIGHBORHOOD DECLARATION AND THE NOTICE OF ADDITION.

APN:   930-243-45

# EXHIBIT 2

# APPRAISAL OF REAL PROPERTY
**Condominium Residence**
Exterior-Only Inspection



### LOCATED AT
116 Rockefeller
Irvine, CA 92612
LOT 18 OF TRACT 16989 OF CONDO PROJECT 830-24 LOCATED ON APN 445-231-37. TO GETHER WITH AN UND 1/10 INT IN LOT 18 (CONDO PLAN; ParcelQuest

### FOR
Bassem Essam Victor Elmallakh
116 Rockefeller
Irvine, CA 92612

### OPINION OF VALUE
1,120,000

### AS OF
09/26/2022

### BY
John Grichine
Northstar Appraisal Services
4 Clearwater
Irvine, CA 92604
(949)231-7989/(310)962-4123
John@NorthstarAppraiser.com
www.northstarappraiser.com

# Exterior–Only Inspection Residential Appraisal Report

Elmallakh
File # 22-300 / Condo

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | |
|---|---|
| Property Address 116 Rockefeller | City Irvine | State CA | Zip Code 92612 |

Freddie Mac Form 2055 March 2005     Page 1 of 6     Fannie Mae Form 2055 March 2005

Form 2055 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

**SUBJECT**

| | |
|---|---|
| Property Address 116 Rockefeller | City Irvine | State CA | Zip Code 92612 |
| Borrower n/a | Owner of Public Record Bassem Essam Victor Elmallakh | County Orange |
| Legal Description LOT 18 OF TRACT 16089 OF CONDO PROJECT 930-24 LOCATED ON APN 445-231-37, TO GETHER WITH AN UND 1/10 INT IN LOT 18 (CONDO PLAN , ParcelQuest |
| Assessor's Parcel # 930-24-345 | Tax Year 2021 | R.E. Taxes $ 11,420.80 |
| Neighborhood Name Central Park West | Map Reference 11244 | Census Tract 0626.10 |

Occupant ☒ Owner ☐ Tenant ☐ Vacant   Special Assessments $ 0   ☒ PUD   HOA $ 430 ☐ per year ☒ per month

Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)

Assignment Type ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe) Ascertain Current Fair Market Value of a real estate asset to assist the client in a personal matter

Lender/Client Bassem Essam Victor Elmallakh   Address

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s). SoCal MLS, Parcel Quest, Public Records.

**CONTRACT**

☐ I did ☒ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed. N/A; Not an appraisal for purchase transaction.

Contract Price $   Date of Contract   Is the property seller the owner of public record? ☐ Yes ☐ No   Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☐ No

If Yes, report the total dollar amount and describe the items to be paid.

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location | ☐ Urban ☒ Suburban ☐ Rural | | Property Values | ☐ Increasing ☐ Stable ☒ Declining | | PRICE $ (000) | AGE (yrs) | One-Unit | 92 % |
| Built-Up | ☒ Over 75% ☐ 25-75% ☐ Under 25% | | Demand/Supply | ☐ Shortage ☐ In Balance ☒ Over Supply | | 600 Low | 1 | 2-4 Unit | 1 % |
| Growth | ☐ Rapid ☒ Stable ☐ Slow | | Marketing Time | ☒ Under 3 mths ☐ 3-6 mths ☐ Over 6 mths | | 2,600 High | 36 | Multi-Family | 3 % |
| | | | | | | 1,200 Pred. | 15 | Commercial | 2 % |
| | | | | | | | | Other | 2 % |

Neighborhood Boundaries South of the 405 freeway, East and North of Michelson Dr, North & West of Jamboree Rd.

Neighborhood Description Newer neighborhood, predominantly composed of Condominium & SFR residences are between small and average-sized lots. The subject is located in close proximity to schools, highways, shopping, entertainment & recreation centers. Also close to major employment centers (1-45 miles). Relatively good marketability for the neighborhood. Located minutes from the 405 freeway & the 73 Toll rd. Subject's market area is of moderate density with a range of trees, greenbelts, hills & neighborhood views & with average construction quality and a good overall appeal. New construction in this market since

Market Conditions (including support for the above conclusions) The market conditions have began to cool off & decline in this single family residence market. There had been significant market appreciation in this market over the prior 2-3 years, but more recently, values began to stabilize & even decline. Seller concessions, REOs, short sales & foreclosures have all began to make a comeback. DOMs are generally under 2 months. There are 6 actives with 1 mo of subject with between 1800 & 2800 sf of GLA, listed at between $825,000 & $1,369,800 as of effective date. DOMs for closed sales w/in 1 mile of the subject & which sold w/in the past year range from 1 to 183 days with mean & median values of btwn 45 days.

**SITE**

Dimensions See plat map   Area 4.8 acre project   Shape Irregular, See Plat Map   View Trees, neighborhood, greenbelts

Specific Zoning Classification R1   Zoning Description Condominium, Pud

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ City/Average/Typical | Water | ☒ | ☐ City/Average/Typical | Street Asphalt Paved | ☐ | ☒ |
| Gas | ☒ | ☐ City/Average/Typical | Sanitary Sewer | ☒ | ☐ City/Average/Typical | Alley None | ☐ | ☐ |

FEMA Special Flood Hazard Area ☐ Yes ☒ No   FEMA Flood Zone X   FEMA Map # 06059C0437J   FEMA Map Date 12/03/2009

Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No If Yes, describe

No known or visible easements, encroachments or any other adverse site conditions were observed or noticed at or in the immediate vicinity of the subject property at time of the appraisal inspection (exterior-only inspection). The subject is an interior unit condominium with 2 common walls. Minor local traffic & noise from the subject's street. Views of trees, greenbelts, trees, common area and the immediate neighborhood.

**IMPROVEMENTS**

Source(s) Used for Physical Characteristics of Property ☐ Appraisal Files ☒ MLS ☒ Assessment and Tax Records ☐ Prior Inspection ☒ Property Owner

☒ Other (describe) Exterior-Only inspection.   Data Source for Gross Living Area SoCal MLS, Parcel Quest Database, Title co , The Inside Tract

| General Description | | General Description | | Heating/Cooling | | Amenities | | Car Storage | |
|---|---|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | | Concrete Slab ☒ | ☐ Crawl Space | ☒ FWA ☐ HWBB | | Fireplace(s) # 0 | ☐ None | ☐ None | |
| # of Stories 3 | | ☐ Full Basement | ☐ Finished | ☐ Radiant | | Woodstove(s) # 0 | | ☐ Driveway # of Cars 0 | |
| Type ☐ Det. ☒ Att. ☐ S-Det/End Unit | | ☐ Partial Basement | ☐ Finished | ☐ Other | | ☒ Patio/Deck Slab,2 dck | | Driveway Surface Concrete Slab | |
| ☒ Existing ☐ Proposed ☐ Under Const. | | Exterior Walls Stucco | | Fuel Natural Gas | | ☐ Porch None | | ☒ Garage # of Cars 2 | |
| Design (Style) Contemporary | | Roof Surface Concrete tile | | ☒ Central Air Conditioning | | ☐ Pool None | | ☐ Carport # of Cars 0 | |
| Year Built 2013 | | Gutters & Downspouts None | | ☐ Individual | | ☐ Fence None | | ☐ Attached ☐ Detached | |
| Effective Age 5 | | Window Type Double pane vinyl | | ☒ Other Windows | | ☐ Other None | | ☒ Built-in | |

Appliances ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☒ Microwave ☐ Washer/Dryer ☐ Other (describe)

Finished area above grade contains: 8 Rooms 3 Bedrooms 3.0 Bath(s) 2,318 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.) No visible recent exterior improvements or upgrades were observed, were visible or disclosed at the time of the drive-by inspection. Owner provided photos that depicted some older updates and upgrades.

Describe the condition of the property and data source(s) (including apparent needed repairs, deterioration, renovations, remodeling, etc.). Judging from the exterior-only inspection & photos of the interior provided by the client/owner, the subject is a 3 story interior unit with 2 common walls. The dwelling is in average overall condition with average appeal, as could be observed from the outside & judged from client's photos; A few older updates & other improvements. No disclosed, visible or known needed repairs. According to ParcelQuest & The Inside Tract the subject has approximately 2,318 square feet of dwelling area, 7 or 8 total rooms, 3 bedrooms, 3 bathrooms, no fireplaces, FAU/CAC, dual pane windows were observed from the street, 2-car built-in garage. Relatively average & neighborhood-typical depreciation was observed at the time of the appraisal inspection. Relatively average exterior condition & neighborhood-conforming overall condition & appeal. No visible or disclosed needed repairs as seen from the outside or as disclosed by the client.

Are there any apparent physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No If Yes, describe.

None were apparent or visible from the street at the time of the appraisal inspection.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No If No, describe.

Structurally and architecturally similar to other Condominium residences in the neighborhood and immediate market area.

**Exterior-Only Inspection Residential Appraisal Report**

Elmaliakh
File # 22-300 / Condo

| | | | |
|---|---|---|---|
| There are | 8 | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 935,000 | to $ 1,399,800 |
| There are | 66 | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 858,888 | to $ 1,450,000 |

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Address | 116 Rockefeller Irvine, CA 92612 | 166 Tribeca Irvine, CA 92612 | 59 Gramercy Irvine, CA 92612 | 107 Waldorf Irvine, CA 92612 |
| Proximity to Subject | | 0.12 miles E | 0.11 miles SE | 0.18 miles SW |
| Sale Price | $ | $ 1,130,000 | $ 1,305,000 | $ 1,050,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 585.80 sq.ft. | $ 569.87 sq.ft. | $ 472.76 sq.ft. |
| Data Source(s) | | CRMLS#OC22148103;DOM 51 | CRMLS#NP22143887,DOM 37 | CRMLS#OC22148459,DOM 5 |
| Verification Source(s) | | Just closed, no doc # issued yet | Doc#307551 | Doc#270586 |

| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
|---|---|---|---|---|---|---|---|
| Sales or Financing | | ArmLth | 0 | ArmLth | 0 | ArmLth | 0 |
| Concessions | | Conv;0 | 0 | Conv;0 | 0 | FHA;0 | 0 |
| Date of Sale/Time | | s10/22;c08/22 | -16,950 | s09/22;c08/22 | -19,575 | s08/22;c07/22 | -26,250 |
| Location | Interior unit,2 green wtlg/avg | Interior unit,2 green walls | 0 | Interior unit,2 green walls | 0 | Interior unit,2 green walls | 0 |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | 0 | Fee Simple | 0 | Fee Simple | 0 |
| Site | 4.8 acre project | Similar project | 0 | Subject's project | 0 | Subject's project | 0 |
| View | Trees,neighborhd greenbelts | Gmbelts,city,streets | 0 | Gmbelts,city,streets | 0 | Gmbelts,city,streets | 0 |
| Design (Style) | Contemporary | Contemporary | 0 | Contemporary | 0 | Contemporary | 0 |
| Quality of Construction | Avg /Typical for area | Avg / Similar | 0 | Avg / Similar | 0 | Avg / Similar | 0 |
| Actual Age | 9 | 3 | -12,000 | 8 | -2,000 | 8 | -2,000 |
| Condition | Older upgrades/Avg | Upgraded/Superior | -33,900 | Remodeled Vout/Superior | -143,550 | Older, similar upgrades | 0 |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 8   3   3.0 | 7   3   3.0 | 0 | 8   3   3.0 | 0 | 8   3   2.5 | 0 |
| Gross Living Area | 2,318 sq.ft. | 1,929 sq.ft. | +48,600 | 2,290 sq.ft. | +3,500 | 2,221 sq.ft. | +12,125 |
| Basement & Finished | 0sf | 0sf | 0 | 0sf | 0 | 0sf | 0 |
| Rooms Below Grade | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Functional Utility | Average | Average | 0 | Average | 0 | Average | 0 |
| Heating/Cooling | FAU/ A/C, other | FAU/CAC | 0 | FAU/CAC | 0 | FAU/CAC | 0 |
| Energy Efficient Items | Windows | Windows | 0 | Windows | 0 | Windows | 0 |
| Garage/Carport | 2-car grge garage | 2-car del garage | 0 | 2-car att garage | 0 | 2-car att garage | 0 |
| Porch/Patio/Deck | Cvrd patio/2 dcks | 2 decks only | +10,000 | Cvrd patio/2 dcks | 0 | Patio,2 decks/3 | 0 |
| Pool/Spa/Other | HOA pool & spa | HOA pool & spa | 0 | HOA pool & spa | 0 | HOA pool & spa | 0 |
| Fireplace(s) | None | None | 0 | None | 0 | None | 0 |
| Other | None | None | 0 | None | 0 | None | 0 |
| Net Adjustment (Total) | | □ + ☒ - $ | -4,250 | □ + ☒ - $ | -161,625 | □ + ☒ - $ | -16,125 |
| Adjusted Sale Price | | Net Adj. 0.4 % | | Net Adj. 12.4 % | | Net Adj. 1.5 % | |
| of Comparables | | Gross Adj. 10.7 % $ | 1,125,750 | Gross Adj. 12.9 % $ | 1,143,375 | Gross Adj. 3.8 % $ | 1,033,875 |

☒ I did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s) SoCal MLS, Parcel Quest, Corelogic, Public Records.
My research ☐ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s) SoCal MLS, Parcel Quest, Corelogic, Public Records.
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | 12/31/2014 | 02/01/2018 | |
| Price of Prior Sale/Transfer | | $730,000 | $840,000 | |
| Data Source(s) | CoreLogic, Parcel Quest | CoreLogic, ParcelQuest | CoreLogic, ParcelQuest | CoreLogic, ParcelQuest |
| Effective Date of Data Source(s) | 09/26/2022 | 09/26/2022 | 09/26/2022 | 09/26/2022 |

Analysis of prior sale or transfer history of the subject property and comparable sales    The subject previously transferred over 36 months prior to the effective date of this appraisal report; The subject has not been listed for sale within 12 months of the effective date of this appraisal report (SoCal MLS, client, Parcel Quest). There are no known or disclosed agreements of sale of the subject property as of the effective date of this appraisal assignment. None out of the 5 comparables previously transferred within a year prior to their most recent sales or listings (SoCalMLS, Parcel Quest). This is typical for this neighborhood and has no adversity on subject's value opinion or on its marketability.

Summary of Sales Comparison Approach    Comparables #2 & 3 were most heavily weighted as they are overall the most comparable to the subject due to location, views and condition and quality of the improvements. Each of the closed sales brackets several of the subject's features, characteristics and improvements. The most recently closed sales were used since they are the most accurate, credible and reliable representations of fair market value. All of the comparables are within 1/2 mile of the subject property. Comparable #1 Adjustment made for time of sale. Similar interior unit location with 2 common walls. Similar traffic & noise and privacy. Similar views of the neighborhood. Newer construction age. Superior interior condition and appeal with recent upgrades. Similar GLA, FAU/CAC, dual pane windows, 2-car garage, 2 decks, HOA pool & spa. The property sold a copy of the effective date of the valuation (purchase contract 08/27/2022). Comparable #2 Adjustment made for time of sale. Similar interior unit location with 2 common walls and similar traffic/noise. Similar views of the neighborhood. Similar construction age. Superior interior condition and appeal with a recent remodel. Similar GLA, FAU/CAC, no fireplaces, dual pane windows, 2-car garage, cvrd patio, 2 decks, HOA pool & spa. Comp #3 interior unit with 2 common walls, similar views, construction age, GLA, property condition, improvements & appeal, 2-car garage, patio, 2 decks, double pane windows, HOA pool & spa, older sale from July of 2022. **NOTE** The adjustments that were made were estimated with the help of the paired-sales analysis, with the assistance of the extraction method and with the help of the appraiser's knowledge of this market area. Additional comparables, their descriptions and adjustment multipliers/magnitudes are    found on page 3

Indicated Value by Sales Comparison Approach $    1,120,000
Indicated Value by: Sales Comparison Approach $    1,120,000    Cost Approach (if developed) $    Income Approach (if developed) $
Emphasis was placed on the sales comparison approach, which best reflects recent action of willing buyers and willing sellers in the open market. Since an interior inspection was not done and the appraiser was not told otherwise, the subject is appraised on an assumption of average/non-occupied; The income approach is not required for owner-occupied units; Income approach was not requested by the client and hence was not developed. The cost approach was not developed due to an abundance of adequate comparable sales data and due to the subject being a Condominium.

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:

Based on a visual inspection of the exterior areas of the subject property from at least the street, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $    1,120,000 , as of    09/26/2022 , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 2055 March 2005                                    Page 2 of 6                                    Fannie Mae Form 2055 March 2005

Form 2055 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

# Exterior-Only Inspection Residential Appraisal Report

Elmallakh
File # 22-300 / Condo

This appraisal is an exterior-only appraisal report. The information about the subject's exterior was gathered based on the appraiser's knowledge of subject's neighborhood & market area, appraiser's conversation with local real estate agents in this market area & information gathered from comparable single family homes from the subject's neighborhood. The intended user of this appraisal is solely the client indicated in this appraisal report and the client's assignees. Subject appeared to be in average condition with an exterior inspection only.

ADDITIONAL COMMENTS

HIGHEST AND BEST USE ANALYSIS: THE HIGHEST AND BEST USE OF A PROPERTY, INCLUDING THE LEGAL & PERMISSIBLE USES, IS THE MOST REASONABLE AND PROFITABLE USE THAT WILL  THE HIGHEST PRESENT USE. FOR EXAMPLE, IF ZONING PERMITTED USAGE OF MULTIFAMILY UNITS OR A SINGLE FAMILY RESIDENCE ON A VACANT PARCEL, THE MULTIFAMILY UNITS WOULD PROVIDED THE LANDOWNER WITH A HIGHER RETURN THAT A SINGLE FAMILY RESIDENCE AND WOULD THUS BE DETERMINED TO BE THE HIGHEST & BEST USE. HOWEVER, WITH A SITE THAT IS ALREADY IMPROVED, THE COST TO RAZE THE EXISTING STRUCTURE, THEREBY MAKING THE PARCEL VACANT, WOULD BE MORE THAN THE COST OF ACQUIRING ANOTHER SUITABLE SITE. OFTEN, THE HIGHEST AND BEST USE IS ITS PRESENT USE BECAUSE THE COST OF ACQUIRING THE PROPERTY & REMOVING OR RAZING THE EXISTING STRUCTURE WOULD BE MORE THAN THE COST OF ACQUIRING ANOTHER SUITABLE VACANT SITE AND ALSO THERE IS NO EVIDENCE OF MAJOR REDEVELOPMENT WITHIN THE NEIGHBORHOOD WITH OTHER USAGE. SITE  THE APPRAISER IS NOT AWARE OF AN EASEMENTS, RESTRICTIONS, ENCROACHMENTS, LEASES, RESERVATIONS, COVENANTS, CONTRACTS, DECLARATIONS, ORDINANCES, SPECIAL ASSESSMENTS OR OTHER ITEMS OF A SIMILAR NATURE THAT WOULD ADVERSELY AFFECT THE VALUE OR MARKETABILITY OF THE SUBJECT PROPERTY UNLESS ADDRESSED OTHERWISE IN THE BODY OF THE REPORT. TYPICAL UTILITY EASEMENTS EXIST.  THE APPRAISER HAS NOT EXAMINED

PRELIMINARY TITLE WORK OR SURVEY UNLESS OTHERWISE NOTED IN THE BODY OF THE REPORT. FLOOD ZONE  FLOOD DATA AND MAP NUMBERS REPORTED WITH THE BODY OF THE REPORT ARE OBTAINED FROM AN OUTSIDE VENDOR.  IF THE SUBJECT PROPERTY LIES WITH A FLOOD ZONE, A FLOOD MAP IS ATTACHED TO THIS REPORT. THE FOLLOWING ITEMS ARE BEYOND THE SCOPE OF THE APPRAISAL ASSIGNMENT: UNLESS OTHERWISE STATED ELSEWHERE IN THE APPRAISAL REPORT, THE EXISTENCE OF HAZARDOUS MATERIAL, WHICH MAY OR MAY NOT BE PRESENT ON THE PROPERTY, WAS NOT OBSERVED BY THE APPRAISER. THE APPRAISER HAS NO KNOWLEDGE OF THE EXISTENCE OF SUCH MATERIAL ON OR IN THE VICINITY OF THE SUBJECT PROPERTY. THE APPRAISER IS NOT QUALIFIED TO DETECT SUCH SUBSTANCES. THE PRESENCE OF HAZARDOUS MATERIALS SUCH AS RADON GAS, ASBESTOS, UREA FORMALDEHYDE FOAM INSULATION, SPECIFIC TYPES OF MOLD OR OTHER POTENTIALLY HAZARDOUS MATERIALS MAY AFFECT THE VALUE OF THE PROPERTY AND THE VALUE ESTIMATE IS MADE WITH THE ASSUMPTION THAT THERE IS NO SUCH MATERIAL ON OR IN THE VICINITY OF THE SUBJECT PROPERTY THAT COULD CAUSE A LOSS IN VALUE. THE APPRAISER ASSUMES NO RESPONSIBILITY FOR ANY SUCH CONDITIONS ON FOR ANY EXPERTISE OR KNOWLEDGE OF ENGINEERING REQUIRED TO DISCOVER SUCH HAZARDOUS ELEMENTS. IF SUCH HAZARDOUS MATERIALS ARE OBVIOUS (SUCH AS VISIBLE MOLD PROBLEMS) THEN THE APPRAISER WILL REQUEST AN INSPECTION (ON PAGE 2 OF THE REPORT) AND RECOMMENDS THAT THE CLIENT RETAIN AN EXPERT IN THIS FIELD TO ASCERTAIN SCOPE OF THE PROBLEM AND REMEDIATION. ADDITIONALLY, >>> MAKING A PHYSICAL INSPECTION OF THE ATTIC/SCUTTLE AREA, UNDER THE STRUCTURE OR ANY AREA NOT READILY ACCESSIBLE OR NORMALLY OBSERVED DURING A ROUTINE WALK THROUGH OF THE SUBJECT PROPERTY. >> ORDERING A CURRENT TITLE REPORT OF THE SUBJECT PROPERTY, HOWEVER, ONE WILL BE REVIEWED IF SUBMITTED TO THE APPRAISER. >> VERIFYING THE WORKING CONDITION OF THE MECHANICAL SYSTEMS, APPLIANCES, ELECTRICAL SYSTEMS OR POOL AND OR SPA EQUIPMENT (IF EXISTING), ALL OF WHICH ARE ASSUMED TO BE IN GOOD WORKING ORDER, UNLESS SPECIFICALLY NOTED IN THE APPRAISAL REPORT. >> DETECTING LATENT DEFECTS IN THE PROPERTY

ADDITIONALLY >>> MAKING A PHYSICAL INSPECTION OF THE ATTIC/SCUTTLE AREA, UNDER THE STRUCTURE OR ANY AREA NOT READILY ACCESSIBLE OR NORMALLY OBSERVED DURING A ROUTINE WALK THROUGH OF THE SUBJECT PROPERTY. >> ORDERING A CURRENT TITLE REPORT OF THE SUBJECT PROPERTY, HOWEVER, ONE WILL BE REVIEWED IF SUBMITTED TO THE APPRAISER. >> VERIFYING THE WORKING CONDITION OF THE MECHANICAL SYSTEMS, APPLIANCES, ELECTRICAL SYSTEMS OR POOL AND OR SPA EQUIPMENT (IF EXISTING), ALL OF WHICH ARE ASSUMED TO BE IN GOOD WORKING ORDER, UNLESS SPECIFICALLY NOTED IN THE APPRAISAL REPORT. >> DETECTING LATENT DEFECTS IN THE PROPERTY

>> THIS REPORT IS NOT A PRODUCT OF A "HOME INSPECTION" SERVICE AND THE OVERALL SCOPE OF THE ASSIGNMENT IS CONSIDERED TO BE LIMITED IN THIS REGARD. NOTE: THE INTENDED USER OF THIS APPRAISAL REPORT IS THE LENDER/CLIENT AND ITS ASSIGNEES. THE INTENDED USE IS TO EVALUATE THE PROPERTY THAT IS THE SUBJECT OF THIS APPRAISAL FOR A CURRENT FAIR MARKET VALUE APPRAISAL, SUBJECT TO THE STATED SCOPE OF WORK, PURPOSE OF THE APPRAISAL, REPORTING REQUIREMENTS OF THIS APPRAISAL REPORT FORM AND DEFINITION OF MARKET VALUE. NO ADDITIONAL INTENDED USERS ARE IDENTIFIED BY THE APPRAISER.

## COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)    The cost approach was not developed due to the availability of ample comparable sale data and also since the subject is a Condominium Property. The development and implementation of the cost approach is not necessary in order to develop credible and reliable valuation results when there is ample comparable sale data. There is also a scarcity of comparably-sized and comp zoned residential land sales within 2 miles of the subject and within 12 months of the effective date of this valuation assignment.

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | | OPINION OF SITE VALUE | | =$ |
|---|---|---|---|---|
| Source of cost data | | DWELLING | Sq.Ft. @ $ | =$ |
| Quality rating from cost service | Effective date of cost data | | Sq.Ft. @ $ | =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | =$ |
| The cost approach was not developed due to the ample availability of | | Garage/Carport | Sq.Ft. @ $ | =$ |
| comparable sales data. The development and implementation of the cost | | Total Estimate of Cost-New | | =$ |
| approach is not necessary to determine a credible and reliable market value | | Less    Physical    Functional    External | | |
| when there is ample comparable sales data. There was also a significant | | Depreciation | | =$( ) |
| scarcity of comparably-sized and comparably-zoned residential vacant land | | Depreciated Cost of Improvements | | =$ |
| sales within the subject's immediate market area and within 12 months of the | | "As-is" Value of Site Improvements | | =$ |
| effective date of this valuation assignment. | | | | |
| Estimated Remaining Economic Life (HUD and VA only) | Years | INDICATED VALUE BY COST APPROACH | | =$ |

## INCOME APPROACH TO VALUE (not required by Fannie Mae)

| Estimated Monthly Market Rent $ | X Gross Rent Multiplier | = $ | Indicated Value by Income Approach |
|---|---|---|---|

Summary of Income Approach (including support for market rent and GRM)    Income approach is not required for owner-occupied units. Income approach was not requested by the client. Subject was assumed to be owner-occupied on the effective date of this valuation and was not generating any rental income.

## PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)?   ☐ Yes  ☒ No    Unit type(s)  ☐ Detached  ☒ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | Total number of units | | Total number of units sold |
|---|---|---|---|
| Total number of units rented | Total number of units for sale | | Data source(s) |

Was the project created by the conversion of existing building(s) into a PUD?   ☐ Yes    ☐ No  If Yes, date of conversion

Does the project contain any multi-dwelling units?   ☐ Yes  ☐ No  Data Source(s)

Are the units, common elements, and recreation facilities complete?   ☐ Yes  ☐ No  If No, describe the status of completion

Are the common elements leased to or by the Homeowners' Association?   ☐ Yes  ☐ No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

**Exterior–Only Inspection Residential Appraisal Report**

Elmallakh
File # 22-300 / Condo

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

SCOPE OF WORK:  The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a visual inspection of the exterior areas of the subject property from at least the street, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

The appraiser must be able to obtain adequate information about the physical characteristics (including, but not limited to, condition, room count, gross living area, etc.) of the subject property from the exterior-only inspection and reliable public and/or private sources to perform this appraisal. The appraiser should use the same type of data sources that he or she uses for comparable sales such as, but not limited to, multiple listing services, tax and assessment records, prior inspections, appraisal files, information provided by the property owner, etc.

INTENDED USE:  The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

INTENDED USER:  The intended user of this appraisal report is the lender/client.

DEFINITION OF MARKET VALUE:  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:  The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

3. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

5. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

Form 2055 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

FHA/VA Case No.

## Exterior–Only Inspection Residential Appraisal Report

Elmallakh
File # 22-300 / Condo

**APPRAISER'S CERTIFICATION:**    The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a visual inspection of the exterior areas of the subject property from at least the street. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

Elmallakh

FHA/VA Case No.

## Exterior-Only Inspection Residential Appraisal Report    File # 22-300 / Condo

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

SUPERVISORY APPRAISER'S CERTIFICATION:    The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name    John Grichine | Name |
| Company Name    Northstar Appraisal Services | Company Name |
| Company Address    4 Clearwater, Irvine, CA 92604 | Company Address |
| Telephone Number    (949)231-7889/(310)962-4123 | Telephone Number |
| Email Address    John@NorthstarAppraiser.com | Email Address |
| Date of Signature and Report    10/27/2022 | Date of Signature |
| Effective Date of Appraisal    09/26/2022 | State Certification # |
| State Certification #    AR033389 | or State License # |
| or State License # | State |
| or Other (describe)    State # | Expiration Date of Certification or License |
| State    CA | |
| Expiration Date of Certification or License    07/10/2024 | SUBJECT PROPERTY |
| ADDRESS OF PROPERTY APPRAISED | ☐ Did not inspect exterior of subject property |
| 116 Rockefeller | ☐ Did inspect exterior of subject property from street |
| Irvine, CA 92612 | Date of Inspection |
| APPRAISED VALUE OF SUBJECT PROPERTY $    1,120,000 | |
| LENDER/CLIENT | COMPARABLE SALES |
| Name    Bassem Essam Victor Elmallakh | ☐ Did not inspect exterior of comparable sales from street |
| Company Name | ☐ Did inspect exterior of comparable sales from street |
| Company Address | Date of Inspection |
| Email Address    bassemv@aol.com | |

Form 2055 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

FHLVA Case No.

## Exterior-Only Inspection Residential Appraisal Report

Elmallakh
File # 22-300 / Condo

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address | 116 Rockefeller | 160 Tribeca | | 706 Rockefeller | | | |
| | Irvine, CA 92612 | Irvine, CA 92612 | | Irvine, CA 92612 | | | |
| Proximity to Subject | | 0.12 miles E | | 0.10 miles S | | | |
| Sale Price | $ | $ | 1,170,000 | $ | 1,200,000 | $ | |
| Sale Price/Gross Liv. Area | $        sq.ft. | $   606.53 sq.ft. | | $   524.48 sq.ft. | | $        sq.ft. | |
| Data Source(s) | | CRMLS#PW22127083;DOM 0 | | CRMLS#OC22139586;DOM 110 | | | |
| Verification Source(s) | | Doc#241057 | | Active listing / SoCal MLS | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | ArmLth | 0 | Listing | 0 | | |
| Concessions | | Cash;0 | 0 | | | | |
| Date of Sale/Time | | s07/22;c06/22 | -40,950 | Active Listing | -36,000 | | |
| Location | Interior unit,2 cmmn wlls/Avg | 1 cmmn wall/Superior | -35,100 | 2 cmmn walls/Similar | 0 | | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | 0 | Fee Simple | 0 | | |
| Site | 4.8 acre project | Subject's project | 0 | Subject's project | 0 | | |
| View | Trees,neighbrhd,greenbelts | Trees,gmbelts,neighbrhd | 0 | Trees,gmbelts,neighbrhd | 0 | | |
| Design (Style) | Contemporary | Contemporary | 0 | Contemporary | 0 | | |
| Quality of Construction | Avg /Typical for area | Avg / Similar | 0 | Avg / Similar | 0 | | |
| Actual Age | 9 | 4 | -10,000 | 12 | +6,000 | | |
| Condition | Older upgrades/Avg | Minor upgrades/Similar | 0 | Recent/newer upgrades | -36,000 | | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | 0 | Total Bdrms. Baths | 0 | Total Bdrms. Baths | |
| Room Count | 8    3    3.0 | 7    3    3.0 | 0 | 8    3    3.0 | 0 | | |
| Gross Living Area | 2,318 sq.ft. | 1,929 sq.ft. | +48,600 | 2,288 sq.ft. | +3,750 | sq.ft. | |
| Basement & Finished | 0sf | 0sf | 0 | 0sf | 0 | | |
| Rooms Below Grade | 0 | 0 | 0 | 0 | 0 | | |
| Functional Utility | Average | Average | 0 | Average | 0 | | |
| Heating/Cooling | FAU/ A/C, other | FAU/CAC | 0 | FAU/CAC | 0 | | |
| Energy Efficient Items | Windows | Windows | 0 | Windows | 0 | | |
| Garage/Carport | 2-car b/in garage | 2-car att garage | 0 | 2-car att garage | 0 | | |
| Porch/Patio/Deck | Cvrd patio/2 dcks | Patio, 1 deck | +5,000 | Patio,2 decks/Similar | 0 | | |
| Pool/Spa/Other | HOA pool & spa | HOA pool & spa | 0 | HOA pool & spa | 0 | | |
| Fireplace(s) | None | None | 0 | 1 Fireplace | -4,500 | | |
| Other | None | None | 0 | None | 0 | | |
| Net Adjustment (Total) | | ☐ + ☒ - | -32,450 | ☐ + ☒ - | -66,750 | ☐ + ☐ - | $ |
| Adjusted Sale Price | | Net Adj.    2.8 % | | Net Adj.    5.6 % | | Net Adj.       % | |
| of Comparables | | Gross Adj. 11.9 % $ | 1,137,550 | Gross Adj. 7.2 % $ | 1,133,250 | Gross Adj.    % $ | |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 4 | COMPARABLE SALE # 5 | COMPARABLE SALE # 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | | | |
| Price of Prior Sale/Transfer | | | | |
| Data Source(s) | CoreLogic, Parcel Quest | CoreLogic, ParcelQuest | CoreLogic, ParcelQuest | |
| Effective Date of Data Source(s) | 09/26/2022 | 09/26/2022 | 09/26/2022 | |

Analysis of prior sale or transfer history of the subject property and comparable sales    The subject previously transferred over 36 months prior to the effective date of this appraisal report; The subject has not been listed for sale within 12 months of the effective date of this appraisal report (SoCal MLS, client, Parcel Quest). There are no known or disclosed agreements of sale of the subject property as of the effective date of this appraisal assignment. None out of the 5 comparables previously transferred within a year prior to their most recent sales or listings (SoCalMLS, Parcel Quest). This is typical for this neighborhood and has no adversity on subject's value opinion or on its marketability

Analysis/Comments    Comparable #4: Adjustment made for time of sale. Superior end unit location with 1 common wall and less traffic and noise and with more privacy. Similar views. Newer construction age. Similar interior condition and appeal with older upgrades; Smaller GLA, FAU/CAC, dual pane windows, 2-car garage, covered slab patio, 1 deck, HOA pool & spa.    Comparable #5: Active listing with 110 DOM thus far. Similar interior unit location with 2 common walls and similar traffic/noise. Similar views of the city and greenbelts. Older construction age. Superior interior condition and appeal with many recent updates and upgrades; Similar GLA, FAU/CAC, dual pane windows, 2-car garage, covered slab patio, 2 decks, HOA pool & spa.

*NOTE* Dwelling size differences adjusted at $125/sf; Condition adjustments were made based on MLS descriptions & photos of the interior & exterior and quality of the materials, improvements & upgrades and were made at between 1 and 12% of the comparable's unadjusted sale price; 3rd bedrooms valued at $15,000; Half bathrooms valued at $12,000 each; Full baths adjusted at $24,000; Covered patios and porches valued at between $2,000 and $10,000; Balconies and decks valued at between $2,50 and $15,000; Fireplaces valued at $4,500; Construction age differences were made at $2,000 per 1 year of difference and an adjustment was made when the difference in age exceeded 1 year; Properties that sold more than 1 month prior to the effective date of this valuation assignment were adjusted at -1% per month to account for slightly declining condominium values in subject's market area over the prior 5-6 months. These adjustments are typical for the market area & neighborhood & have no adversity or subject's value opinion or its marketability; The adjustments were derived and estimated with the assistance of the extraction method and with the help of the paired-sale analysis.

## Assumptions, Limiting Conditions & Scope of Work

| | | | | | Elmallakh |
| File No.: 22-300 / Condo |

| Property Address: 116 Rockefeller | City: Irvine | State: CA | Zip Code: 92612 |
| Client: Bassem Essam Victor Elmallakh | Address: |
| Appraiser: John Grichine | Address: |

**STATEMENT OF ASSUMPTIONS & LIMITING CONDITIONS**

– The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

– The appraiser may have provided a sketch in the appraisal report to show approximate dimensions of the improvements, and any such sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size. Unless otherwise indicated, a Land Survey was not performed.

– If so indicated, the appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

– The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

– If the cost approach is included in this appraisal, the appraiser has estimated the value of the land in the cost approach at its highest and best use, and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used. Unless otherwise specifically indicated, the cost approach value is not an insurance value, and should not be used as such.

– The appraiser has noted in the appraisal report any adverse conditions (including, but not limited to, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property, or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property, or adverse environmental conditions (including, but not limited to, the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

– The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

– The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

– If this appraisal is indicated as subject to satisfactory completion, repairs, or alterations, the appraiser has based his or her appraisal report and valuation conclusion on the assumption that completion of the improvements will be performed in a workmanlike manner.

– An appraiser's client is the party (or parties) who engage an appraiser in a specific assignment. Any other party acquiring this report from the client does not become a party to the appraiser–client relationship. Any persons receiving this appraisal report because of disclosure requirements applicable to the appraiser's client do not become intended users of this report unless specifically identified by the client at the time of the assignment.

– The appraiser's written consent and approval must be obtained before this appraisal report can be conveyed by anyone to the public, through advertising, public relations, news, sales, or by means of any other media, or by its inclusion in a private or public database.

– An appraisal of real property is not a 'home inspection' and should not be construed as such. As part of the valuation process, the appraiser performs a non-invasive visual inventory that is not intended to reveal defects or detrimental conditions that are not readily apparent. The presence of such conditions or defects could adversely affect the appraiser's opinion of value. Clients with concerns about such potential negative factors are encouraged to engage the appropriate type of expert to investigate.

The Scope of Work is the type and extent of research and analyses performed in an appraisal assignment that is required to produce credible assignment results, given the nature of the appraisal problem, the specific requirements of the intended user(s) and the intended use of the appraisal report. Reliance upon this report, regardless of how acquired, by any party or for any use, other than those specified in this report by the Appraiser, is prohibited. The Opinion of Value that is the conclusion of this report is credible only within the context of the Scope of Work, Effective Date, the Date of Report, the Intended User(s), the Intended Use, the stated Assumptions and Limiting Conditions, any Hypothetical Conditions and/or Extraordinary Assumptions, and the Type of Value, as defined herein. The appraiser, appraisal firm, and related parties assume no obligation, liability, or accountability, and will not be responsible for any unauthorized use of this report or its conclusions.

Additional Comments (Scope of Work, Extraordinary Assumptions, Hypothetical Conditions, etc.):

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc must be acknowledged and credited
Form GPRES2AD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE                                    3/2007

## Certifications

Elmallakh
File No.: 22-300 / Condo

| Property Address: | 116 Rockefeller | | City: Irvine | | State: CA | Zip Code: 92612 |
|---|---|---|---|---|---|---|
| Client: | Bassem Essam Victor Elmallakh | | Address: | | | |
| Appraiser: | John Grichine | | Address: | | | |

**APPRAISER'S CERTIFICATION**

I certify that, to the best of my knowledge and belief:

– The statements of fact contained in this report are true and correct.

– The credibility of this report, for the stated use by the stated user(s), of the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

– I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

– Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

– I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

– My engagement in this assignment was not contingent upon developing or reporting predetermined results.

– My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

– My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

– I did not base, either partially or completely, my analysis and/or the opinion of value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property, or of the present owners or occupants of the properties in the vicinity of the subject property.

– Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.

– Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification.

**Additional Certifications:**

**DEFINITION OF MARKET VALUE \*:**

Market value means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their own best interests;
3. A reasonable time is allowed for exposure in the open market;
4. Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

\* This definition is from regulations published by federal regulatory agencies pursuant to Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) of 1989 between July 5, 1990, and August 24, 1990, by the Federal Reserve System (FRS), National Credit Union Administration (NCUA), Federal Deposit Insurance Corporation (FDIC), the Office of Thrift Supervision (OTS), and the Office of Comptroller of the Currency (OCC). This definition is also referenced in regulations jointly published by the OCC, OTS, FRS, and FDIC on June 7, 1994, and in the Interagency Appraisal and Evaluation Guidelines, dated October 27, 1994.

| Client Contact: Bassem Victor | Client Name: Bassem Essam Victor Elmallakh |
|---|---|
| E-Mail: bassemv@aol.com | Address: |

| **APPRAISER** | **SUPERVISORY APPRAISER (if required)** |
| | **or CO-APPRAISER (if applicable)** |
|---|---|
| *[signature: John Grichine]* | |
| Appraiser Name: John Grichine | Supervisory or |
| | Co-Appraiser Name: |
| Company: Northstar Appraisal Services | Company: |
| Phone: (949)231-7989/(310)962-4123    Fax: | Phone:    Fax: |
| E-Mail: John@NorthstarAppraiser.com | E-Mail: |
| Date Report Signed: 10/27/2022 | Date Report Signed: |
| License or Certification #: AR033389    State: CA | License or Certification #:    State: |
| Designation: | Designation: |
| Expiration Date of License or Certification: 07/10/2024 | Expiration Date of License or Certification: |
| Inspection of Subject:  ☐ Interior & Exterior  ☒ Exterior Only  ☐ None | Inspection of Subject:  ☐ Interior & Exterior  ☐ Exterior Only  ☐ None |
| Date of Inspection: 09/26/2022 | Date of Inspection: |

**GP RESIDENTIAL**

Copyright 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

Form GPRES2AD – "TOTAL" appraisal software by a la mode, inc. – 1-800-ALAMODE

3/2007

**Supplemental Addendum**

File No. 22-300 / Condo

FHA/VA Case No.

| Borrower | n/a | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | | |
| City | Irvine | County | Orange | State | CA | Zip Code 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | | |

1. "Other" in the neighborhood land use represents government-owned land, open and green areas, fire & police stations, parks, etc. This land use has no adversity on subject's value or marketability.

2. Estimated exposure time for the subject property is 45 days on the market and with the assistance of a licensed and experienced real estate professional with knowledge of subject's market area.

3. I have performed a prior service, as an appraiser, regarding the property that is the subject of this appraisal assignment within the three-year period immediately preceding acceptance of this assignment. This prior service has an effective date of August of 2021.

**Comparables Search Criteria:**
The search criteria were ranked in order of importance as follows: #1. Within 1 mile of the subject and preferably with an interior lot location in subject's or in a comparable neighborhood and with minor to moderate local traffic & noise. #2. Within 30% of the subject's dwelling size. #3. Closed escrow within 6 months of the effective date of this appraisal assignment. #4. Similar property improvements, upgrades, materials and overall appeal. #5. Similar views and construction age. #6. Lot/site characteristics, features and improvements (i.e. pool, spa, b/in bbq, patio, deck, etc.). Some of the comparables exceeded these search parameters, but were utilized in order to bracket some of the subject's other features, characteristics and improvements

## Market Conditions Addendum to the Appraisal Report

Elmallakh
File No.  22-300 / Condo

| | |
|---|---|
| The purpose of this addendum is to provide the lender/client with a clear and accurate understanding of the market trends and conditions prevalent in the subject neighborhood. This is a required addendum for all appraisal reports with an effective date on or after April 1, 2009. | |

Property Address  116 Rockefeller    City  Irvine    State  CA    ZIP Code  92612

Borrower  n/a

Instructions: The appraiser must use the information required on this form as the basis for his/her conclusions, and must provide support for those conclusions, regarding housing trends and overall market conditions as reported in the Neighborhood section of the appraisal report form. The appraiser must fill in all the information to the extent it is available and reliable and must provide analysis as indicated below. If any required data is unavailable or is considered unreliable, the appraiser must provide an explanation. It is recognized that not all data sources will be able to provide data for the shaded areas below; if it is available, however, the appraiser must include the data in the analysis. If data sources provide the required information as an average instead of the median, the appraiser should report the available figure and identify it as an average. Sales and listings must be properties that compete with the subject property, determined by applying the criteria that would be used by a prospective buyer of the subject property. The appraiser must explain any anomalies in the data, such as seasonal markets, new construction, foreclosures, etc.

| Inventory Analysis | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | 38 | 15 | 13 | ☐ Increasing | ☐ Stable | ☒ Declining |
| Absorption Rate (Total Sales/Months) | 6.33 | 5 | 4.33 | ☐ Increasing | ☐ Stable | ☒ Declining |
| Total # of Comparable Active Listings | 5 | 12 | 8 | ☐ Declining | ☒ Stable | ☐ Increasing |
| Months of Housing Supply (Total Listings/Ab.Rate) | 0.79 | 2.4 | 1.85 | ☐ Declining | ☒ Stable | ☐ Increasing |
| Median Sale & List Price, DOM, Sale/List % | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
| Median Comparable Sale Price | $1,075,000 | $1,180,000 | $1,150,000 | ☐ Increasing | ☐ Stable | ☒ Declining |
| Median Comparable Sales Days on Market | 8.5 | 18 | 25 | ☐ Declining | ☐ Stable | ☒ Increasing |
| Median Comparable List Price | $1,148,888 | $1,210,000 | $1,139,000 | ☐ Increasing | ☐ Stable | ☒ Declining |
| Median Comparable Listings Days on Market | 35 | 24 | 101 | ☐ Declining | ☐ Stable | ☒ Increasing |
| Median Sale Price as % of List Price | 100.09 | 100 | 97.9 | ☐ Increasing | ☒ Stable | ☐ Increasing |
| Seller- (developer, builder, etc.)paid financial assistance prevalent? | ☐ Yes | ☒ No | ☐ Declining | ☒ Stable | | ☐ Increasing |

Explain in detail the seller concessions trends for the past 12 months (e.g., seller contributions increased from 3% to 5%, increasing use of buydowns, closing costs, condo fees, options, etc.).    The CRMLS MLS indicates there were 66 closed sales during the past 12 months and 7 of those sales contained seller concessions which is 11% of the total transactions in this market area. Prior Months 7-12: 38 Sales; 5 with concessions; 13% of sales for this period. 4-6: 15 Sales; 2 with concessions; 13% of sales for this period. 0-3: 13 Sales; 0 with concessions; 0% of sales for this period The concessions ranged between $500 and $32,500. The median concession amount is $3,500.

Are foreclosure sales (REO sales) a factor in the market?    ☐ Yes   ☒ No    If yes, explain (including the trends in listings and sales of foreclosed properties).
The data used in the grid above does not indicate there were any REO/Short sales or other distressed properties associated with the reported transactions. However, this is not a mandatory reporting field for agents and there may be some distressed sales that were not reported. It is beyond the scope of this assignment to confirm each sale used in the Market Conditions Report.

Cite data sources for above information.    The CRMLS MLS was the data source used to complete the Market Conditions Addendum. Effective Date: Monday, October 24, 2022

Summarize the information as support for your conclusions in the Neighborhood section of the appraisal report form. If you used any additional information, such as an analysis of pending sales and/or expired and withdrawn listings, to formulate your conclusions, provide both an explanation and support for your conclusions.
The subject's market has been active and appreciating over the past 2-3 years. More recently though, subject's market area is expected to slow down an significantly cool off heading into the early Fall months with inflation, higher interest rates and the COVID-19 Pandemic having a significant, yet uncalcula impact on value and marketability of Single Family and Condominium Residences in subject's neighborhood and immediate market area; Some value stagnation and decline is already evident in this market area. Short sales and foreclosures are not a significant factor at this time, but could become so in near future with many people potentially losing their jobs and income and as inflation sets-in.

If the subject is a unit in a condominium or cooperative project , complete the following:    Project Name:

| Subject Project Data | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | | | | ☐ Increasing | ☐ Stable | ☐ Declining |
| Absorption Rate (Total Sales/Months) | | | | ☐ Increasing | ☐ Stable | ☐ Declining |
| Total # of Active Comparable Listings | | | | ☐ Declining | ☐ Stable | ☐ Increasing |
| Months of Unit Supply (Total Listings/Ab.Rate) | | | | ☐ Declining | ☐ Stable | ☐ Increasing |

Are foreclosure sales (REO sales) a factor in the project?    ☐ Yes    ☐ No    If yes, indicate the number of REO listings and explain the trends in listings and sales of foreclosed properties.

Summarize the above trends and address the impact on the subject unit and project.

| | |
|---|---|
| Signature | Signature |
| Appraiser Name  John Gridline | Supervisory Appraiser Name |
| Company Name  Northstar Appraisal Services | Company Name |
| Company Address  4 Clearwater, Irvine, CA 92604 | Company Address |
| State License/Certification #  AR033389    State  CA | State License/Certification #    State |
| Email Address  John@NorthstarAppraiser.com | Email Address |

Freddie Mac Form 71  March 2009    Page 1 of 1    Fannie Mae Form 1004MC  March 2009

Form 1004MC2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

## 1004MC Graph Addendum 1

| Borrower | n/a |
|---|---|
| Property Address | 116 Rockefeller |
| City | Irvine |
| Lender/Client | Bassem Essam Victor Elmallakh |

County  Orange    State  CA    Zip Code  92612





### Total Sales

Comments:

### Total Active Listings

Comments:





### Total Sales and Active Listings

Comments:

### Median Sales Price

Comments:

## 1004MC Graph Addendum 2

| Borrower | n/a | | | | |
|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | |
| City | Irvine | County | Orange | State CA | Zip Code 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | |



**Median List Price**

Comments:



**Median Sales and List Price**

Comments:



**Median Sales DOM**

Comments:



**Median Listings DOM**

Comments:

RHA/VA Case No.

## 1004MC Graph Addendum 3

| Borrower | n/a |
| Property Address | 116 Rockefeller |
| City | Irvine | | County | Orange | | State | CA | Zip Code | 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh |



**Median Sales and Listings DOM**



**Median List-to-Sale Price Ratio**

### Median Sales and Listings DOM

Comments:

### Median List-to-Sale Price Ratio

Comments:



**Distress Sales**



**Housing Supply**

### Distress Sales

Comments:

### Housing Supply

Comments:

## 1004MC Graph Addendum 4

| Borrower | n/a | | | | |
|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | |
| City | Irvine | County | Orange | State | CA | Zip Code | 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | |

### Avg. Sale Price Per Sq. Foot



### Avg. List Price Per Sq. Foot



**Sale Price Per Sq. Foot**

Comments:

**List Price Per Sq. Foot**

Comments:

### Avg. Sale and List Price Per Sq. Foot



### Sale Price Per Sq. Foot Scatter Graph



**Sale and List Price Per Sq. Foot**

Comments:

**Sale Price Per Sq. Foot Scatter Graph**

Comments:

**Plat Map – Page 1**



**Plat Map - Page 2**



FHA/VA Case No.

## Location Map

| Borrower | n/a | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | | |
| City | Irvine | County | Orange | State | CA | Zip Code  92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | | |



FHA/VA Case No.

**Aerial Map**

| Borrower | n/a | | | | |
|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | |
| City | Irvine | County Orange | | State CA | Zip Code 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | |



**Aerial Map 2**

| Borrower | n/a | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | | |
| City | Irvine | | County | Orange | State | CA | Zip Code | 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | | |



## Subject Photo Page

| Borrower | n/a | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | | | |
| City | Irvine | | County | Orange | State | CA | Zip Code 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | | | |



**Subject Front**

116 Rockefeller
Sales Price
G.L.A.            2,318
Tot. Rooms       8
Tot. Bedrms.     3
Tot. Bathrms.    3.0
Location         Interior unit 2 comm adu/Avg
View             Trees neighborhd, greenbelts
Site             4.8 acre project
Quality          Avg /Typical for area
Age              9



**Subject Rear**



**Subject Street**

Form PIC4X6.SR - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

### Photograph Addendum

| Borrower | n/a | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | | |
| City | Irvine | County | Orange | State | CA | Zip Code | 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | | |



**Greenbelt**



**Alley**

FHA/VA Case No.

## Comparable Photo Page

| Borrower | n/a | | | | |
|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | |
| City | Irvine | County | Orange | State CA | Zip Code 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | |



### Comparable 1

166 Tribeca
| | |
|---|---|
| Prox. to Subject | 0.12 miles E |
| Sale Price | 1,130,000 |
| Gross Living Area | 1,929 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 3.0 |
| Location | Interior unit,2 cmn walls |
| View | Gmbelts,city,streets |
| Site | Similar project |
| Quality | Avg / Similar |
| Age | 3 |



### Comparable 2

59 Gramercy
| | |
|---|---|
| Prox. to Subject | 0.11 miles SE |
| Sale Price | 1,305,000 |
| Gross Living Area | 2,290 |
| Total Rooms | 8 |
| Total Bedrooms | 3 |
| Total Bathrooms | 3.0 |
| Location | Interior unit,2 cmn walls |
| View | Gmbelts,city,streets |
| Site | Subject's project |
| Quality | Avg / Similar |
| Age | 8 |



### Comparable 3

107 Waldorf
| | |
|---|---|
| Prox. to Subject | 0.18 miles SW |
| Sale Price | 1,050,000 |
| Gross Living Area | 2,221 |
| Total Rooms | 8 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.5 |
| Location | Interior unit,2 cmn walls |
| View | Gmbelts,city,streets |
| Site | Subject's project |
| Quality | Avg / Similar |
| Age | 8 |

FHA/VA Case No.

## Comparable Photo Page

| Borrower | n/a | | | | |
|---|---|---|---|---|---|
| Property Address | 116 Rockefeller | | | | |
| City | Irvine | County | Orange | State CA | Zip Code 92612 |
| Lender/Client | Bassem Essam Victor Elmallakh | | | | |



### Comparable 4

160 Tribeca

| | |
|---|---|
| Prox. to Subject | 0.12 miles E |
| Sale Price | $1,170,000 |
| Gross Living Area | 1929 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 3.0 |
| Location | 1 cmmn wall/Superior |
| View | Trees,gmbelts,neighbrhd |
| Site | Subject's project |
| Quality | Avg / Similar |
| Age | 4 |



### Comparable 5

706 Rockefeller

| | |
|---|---|
| Prox. to Subject | 0.10 miles S |
| Sale Price | $1,200,000 |
| Gross Living Area | 2288 |
| Total Rooms | 8 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.2 |
| Location | 2 cmmn walls/Similar |
| View | Trees,gmbelts,neighbrhd |
| Site | Subject's project |
| Quality | Avg / Similar |
| Age | 12 |

Prox. to Subject
Sale Price
Gross Living Area
Total Rooms
Total Bedrooms
Total Bathrooms
Location
View
Site
Quality
Age

**Appraiser License**



Business, Consumer Services & Housing Agency

## BUREAU OF REAL ESTATE APPRAISERS
## REAL ESTATE APPRAISER LICENSE

**John N. Grichine**

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title:

"Certified Residential Real Estate Appraiser"

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

**BREA APPRAISER IDENTIFICATION NUMBER:** AR 033389

Effective Date: July 11, 2022
Date Expires: July 10, 2024

Loretta Dillon, Deputy Bureau Chief, BREA

306317R

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO SEE CHAIN LINK

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

# EXHIBIT 3

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Bassem Victor El Mallakh** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:22-bk-11605-TA** |

■ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property                                              12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2
■ Yes. Where is the property?

1.1

| | | |
|---|---|---|
| **116 Rockefeller** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☐ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| **Irvine        CA    92612-0000** | ☐ Manufactured or mobile home | |
| City          State    ZIP Code | ☐ Land | **Current value of the entire property?**    **Current value of the portion you own?** |
| | ☐ Investment property | **$1,120,000.00**         **$1,120,000.00** |
| | ☐ Timeshare | |
| | ■ Other   **Townhouse** | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property?** Check one | **100%** |
| **Orange** | ■ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | ☐ Check if this is community property (see instructions) |
| | Other information you wish to add about this item, such as local property identification number: | |
| | **Debtor's principal residence: townhouse.** | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for
pages you have attached for Part 1. Write that number here...................................................................=>    **$1,120,000.00**

**Part 2:**  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1   **Bassem Victor El Mallakh**                          Case number *(if known)*   **8:22-bk-11605-TA**

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| | | |
|---|---|---|
| 3.1  Make:  **Mercedes** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model:  **C300** | ■ Debtor 1 only | |
| Year:  **2016** | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own |
| Approximate mileage:  **42,000** | ☐ Debtor 1 and Debtor 2 only | |
| Other information: | ☐ At least one of the debtors and another | |
| **The vehicle is financed with TD Financial. Monthly payment is $367.00.** | ☐ Check if this is community property (see instructions) | $15,000.00      $15,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

**5**  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................=>          $15,000.00

| Part 3: | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?                          Current value of the portion you own? Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Debtor's residence: Couch, coffee table, mattress, dresser, dining room table with 6 chairs, patio furniture, wall mirror, lamps, and other household goods and furniture** | $2,000.00 |
| **Debtor's residence: 3 televisions, stove, fridge, laptop, desk computer, 2 cell phones, dishwashers, washer and dryer, and other household electronics** | $3,000.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
■ No
☐ Yes. Describe.....

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes. Describe.....

Debtor 1    **Bassem Victor El Mallakh**                Case number *(if known)*  **8:22-bk-11605-TA**

| Debtor's residence: Bicycle and tennis equipment | $500.00 |

**10. Firearms**
  *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
  ■ No
  ☐ Yes.  Describe.....

**11. Clothes**
  *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
  ☐ No
  ■ Yes.  Describe.....

| Debtor's residence: Clothes and shoes | $800.00 |

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
  ■ No
  ☐ Yes.  Describe.....

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ■ No
  ☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ■ No
  ☐ Yes.  Give specific information.....

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here ...........................................................................** | **$6,300.00** |

**Part 4:   Describe Your Financial Assets**

**Do you own or have any legal or equitable interest in any of the following?**    Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ☐ No
  ■ Yes..............................................................................................

|  | Cash | $150.00 |

**17. Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
  institutions. If you have multiple accounts with the same institution, list each.
  ☐ No
  ■ Yes.......................                 Institution name:

| 17.1. | **Checking account** | Chase checking account ending in 7332 | $1,658.00 |

| 17.2. | **Checking account** | Wells Fargo account ending in 4464 | $0.00 |

Debtor 1    **Bassem Victor El Mallakh**                                    Case number *(if known)*   **8:22-bk-11605-TA**

| | 17.3. | **Checking account** | Wells Fargo account ending in 3158 | | $0.00 |
|---|---|---|---|---|---|
| | 17.4. | **Brokerage account ending in 9722** | **Robinhood Markets, Inc.** | | $1,629.40 |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   □ Yes..................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   □ No
   ■ Yes. Give specific information about them...................
      Name of entity:                                         % of ownership:

| | % of ownership: | | |
|---|---|---|---|
| Debtor has a 10% ownership interest in Belgium Investments 5655 S Troy LLC.  The LLC owns an interest in a multi-family building (10 units), which are rented. However, due to Covid-19, some tenants have not been paying rent.  The intention is to sell the property. | 10% | % | $40,000.00 |
| Debtor has a 20% ownership interest in Belgium Investments 5544 North Avenue, LLC.   Debtor's 20% interest in Belgium Investments 5544 North Avenue, LLC held by his corporation BBGIP, Inc., in which Debtor holds a 20% interest, with another individual holding 80% interest.  The property is vacant and has been in rehabilitation during the last two years. | 20% | % | Unknown |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   □ Yes. Give specific information about them
      Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   □ Yes. List each account separately.
      Type of account:        Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   □ Yes. .....................    Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
   ■ No
   □ Yes..............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   □ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

Debtor 1    **Bassem Victor El Mallakh**                              Case number *(if known)*   **8:22-bk-11605-TA**

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ☐ No
    ■ Yes.  Give specific information about them, including whether you already filed the returns and the tax years.......

| 2021 tax refund | Federal and State | $1,400.00 |
|---|---|---|

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security
    benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

Debtor 1    **Bassem Victor El Mallakh**                                   Case number *(if known)*    **8:22-bk-11605-TA**

**35. Any financial assets you did not already list**
   ■ No
   ☐ Yes. Give specific information..

**36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part 4. Write that number here**...................................................................................................

| | $44,837.40 |
|---|---|

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37.  Do you own or have any legal or equitable interest in any business-related property?
   ■ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
            If you own or have an interest in farmland, list it in Part 1.

46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
   ■ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

**Part 7:    Describe All Property You Own or Have an Interest In That You Did Not List Above**

53.  Do you have other property of any kind you did not already list?
     *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

| | $0.00 |
|---|---|

**Part 8:    List the Totals of Each Part of this Form**

| | | | |
|---|---|---|---|
| 55.  **Part 1: Total real estate, line 2** ......................................................................... | | | $1,120,000.00 |
| 56.  **Part 2: Total vehicles, line 5** | | $15,000.00 | |
| 57.  **Part 3: Total personal and household items, line 15** | | $6,300.00 | |
| 58.  **Part 4: Total financial assets, line 36** | | $44,837.40 | |
| 59.  **Part 5: Total business-related property, line 45** | | $0.00 | |
| 60.  **Part 6: Total farm- and fishing-related property, line 52** | | $0.00 | |
| 61.  **Part 7: Total other property not listed, line 54** | + | $0.00 | |
| 62.  **Total personal property. Add lines 56 through 61**... | | $66,137.40 | Copy personal property total          $66,137.40 |

63.  **Total of all property on Schedule A/B. Add line 55 + line 62**

| | $1,186,137.40 |
|---|---|

EXHIBIT 4

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Bassem Victor El Mallakh** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 8:22-bk-11605-TA | | |
| (if known) | | | |

■ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **116 Rockefeller Irvine, CA 92612 Orange County** Debtor's principal residence: townhouse. Line from *Schedule A/B*: **1.1** | **$1,120,000.00** | ■ **$626,400.00** ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.730** |
| **2016 Mercedes C300 42,000 miles** The vehicle is financed with TD Financial.  Monthly payment is $367.00. Line from *Schedule A/B*: **3.1** | **$15,000.00** | ■ **$3,625.00** ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.010** |
| **Debtor's residence: Couch, coffee table, mattress, dresser, dining room table with 6 chairs, patio furniture, wall mirror, lamps, and other household goods and furniture** Line from *Schedule A/B*: **6.1** | **$2,000.00** | ■ **$2,000.00** ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **Debtor's residence: 3 televisions, stove, fridge, laptop, desk computer, 2 cell phones, dishwashers, washer and dryer, and other household electronics** Line from *Schedule A/B*: **6.2** | **$3,000.00** | ■ **$3,000.00** ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |

| Debtor 1 | **Bassem Victor El Mallakh** | | Case number (if known) | **8:22-bk-11605-TA** |
|---|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Debtor's residence: Bicycle and tennis equipment**<br>Line from *Schedule A/B*: **9.1** | $500.00 | ■    $500.00<br>☐   100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **Debtor's residence: Clothes and shoes**<br>Line from *Schedule A/B*: **11.1** | $800.00 | ■    $800.00<br>☐   100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐   No

   ■   Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ■   No

        ☐   Yes

# EXHIBIT 5

REPRESENTATION OF PRINTED DOCUMENT

**Mortgage Statement**

Statement Date 08/18/22

FREEDOM MORTGAGE

IF RETURNED
PLEASE DO NOT SEND PAYMENTS TO THIS ADDRESS
P.O. BOX 619063
DALLAS, TX 75261-9063

### Contact Information

| | |
|---|---|
| Phone: | 1-855-690-5900 |
| Customer Care: | Monday - Friday 8:00am – 8:00pm ET<br>Saturday 9:00am – 2:00pm ET |
| Find us on the web at: | www.freedommortgage.com |

5-807-77441-0004950-001-010-110-000-000

BASSEM ELMALLAKH
116 ROCKEFELLER
IRVINE CA 92612-8114

| | |
|---|---|
| Loan Number | ████275 |
| Payment Due Date | 09/01/22 |
| **Amount Due\*\*** | **$61,815.02** |

Property Address: 116 ROCKEFELLER
IRVINE CA 92612

### Account Information

| | |
|---|---|
| Outstanding Principal | $201,970.66 |
| Deferred Balance | $0.00 |
| Interest Rate (Until November 2022) | 2.500% |
| Prepayment Penalty | No |
| Escrow Balance | ($24,711.82) |
| Unapplied Funds | $0.00 |

### Explanation of Amount Due

| | |
|---|---|
| Accelerated Amount Due | $243,971.77 |
| Overdue Payment | $61,072.74 |
| Total Fees & Charges | $585.00 |
| Unpaid Late Charges | $157.28 |
| **Total Reinstatement Amount Due\*\*** | **$61,815.02** |

The reinstatement amount reflected above is the amount we will accept, as of 08/18/22, to bring your account current. Additional fees and charges, including interest, may accrue after this date. The amount due is not a payoff quote.

### Transaction Activity (07/19/22 - 08/18/22)

| Transaction Description | Date | Interest Paid To Date | Transaction Effective Date | Transaction Amount | Interest Paid | Principal Paid | Escrow Paid | Late Charges Paid | Fees Paid | Optional Insurance | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Foreclosure Expenses | 08/10/22 | 00/00/00 | 08/10/22 | $555.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees\*\* | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Partial Payment Unapplied\* | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

*Partial Payments: Any funds received that are less than a full periodic payment may be applied to your account, promptly returned to you, or held in a non-interest bearing account until enough funds are received to apply to a full periodic payment.
**Amounts listed here will include other/optional products, if applicable

### Important Messages

FREEDOM MORTGAGE CORPORATION IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED BECAUSE OF A BANKRUPTCY PROCEEDING, THIS NOTICE IS GIVEN TO YOU FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

Delinquency information is reflected on page 2 in the Delinquency Notice section.

If you're experiencing financial difficulties, we're here to help. Please contact us today at (855) 690-5900 or visit our website at www.freedommortgage.com to learn about your options.

\*\*The Amount Due shown is the amount necessary to reinstate your loan, as of 08/18/22. Please contact us at 1-855-690-5900 to obtain up-to-date reinstatement information.

Additional information is provided on the back of the statement.

DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT



FREEDOM MORTGAGE

LOAN NUMBER: ████275 BASSEM ELMALLAKH

FREEDOM MORTGAGE
P.O. BOX 7230
PASADENA CA 91109-7230



### Amount Due

| Due By 09/01/22: | $61,815.02 |
|---|---|
| Additional Principal | $ . |
| Additional Escrow | $ . |
| Late Charge | $ . |

| Total Amount Enclosed $ | . |
|---|---|

Make check payable to Freedom Mortgage

☐ To change mailing address and/or contact information, check here and complete form on back.

Internet Reprint

EXHIBIT 6

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Bassem Victor El Mallakh** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:22-bk-11605-TA** |
| (if known) | |

■ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral | Unsecured portion |
| | | Do not deduct the value of collateral. | that supports this claim | If any |
| **2.1** Belgium Investments 960 Bay Dr, LLC | Describe the property that secures the claim: | $4,345,250.00 | $1,120,000.00 | $3,469,221.77 |
| Creditor's Name | 116 Rockefeller Irvine, CA 92612 Orange County Debtor's principal residence: townhouse. | | | |
| c/o Patrick Miller, Esq. P. Miller Legal Services 121 S Oak Avenue Pasadena, CA 91107 | As of the date you file, the claim is: Check all that apply. | | | |
| Number, Street, City, State & Zip Code | ☐ Contingent ☐ Unliquidated ■ Disputed | | | |
| **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. | | | |
| ■ Debtor 1 only ☐ Debtor 2 only ☐ Debtor 1 and Debtor 2 only ☐ At least one of the debtors and another | ☐ An agreement you made (such as mortgage or secured car loan) ☐ Statutory lien (such as tax lien, mechanic's lien) ■ Judgment lien from a lawsuit ■ Other (including a right to offset)    A writ of execution | | | |
| ☐ Check if this claim relates to a community debt | | | | |

Date debt was incurred  **11/9/2020**      Last 4 digits of account number  **NCJC**

Debtor 1    **Bassem Victor El Mallakh**
   First Name        Middle Name       Last Name

Case number (if known)    **8:22-bk-11605-TA**

---

| 2.2 | **Central Park West Community Associa** | | | |
|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**    $2,878.93    $1,120,000.00    $2,878.93

**116 Rockefeller Irvine, CA 92612
Orange County
Debtor's principal residence:
townhouse.**

**401 Rockefeller #208
Irvine, CA 92612**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **HOA**

Date debt was incurred    **5/16/2022**    Last 4 digits of account number    **3201**

---

| 2.3 | **Freedom Mortgage Corporation** | | | |
|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**    $243,971.77    $1,120,000.00    $0.00

**116 Rockefeller Irvine, CA 92612
Orange County
Debtor's principal residence:
townhouse.**

**Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel, NJ 08054**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)    **First Trust Deed**

Date debt was incurred    **October 29, 2013**    Last 4 digits of account number    **4275**

---

Debtor 1   **Bassem Victor El Mallakh**                                     Case number (if known)   **8:22-bk-11605-TA**
    First Name      Middle Name      Last Name

| 2.4 | **Td Auto Finance** | | $6,493.00 | $15,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**2016 Mercedes C300 42,000 miles
The vehicle is financed with TD
Financial.  Monthly payment is
$367.00.**

**Attn: Bankruptcy
Po Box 9223
Farmington Hills, MI
48333**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   Auto loan

Date debt was incurred   **Opened 08/16  Last Active 04/21**   Last 4 digits of account number   **9787**

| 2.5 | **The Townes at Central Park West Ass** | | $7,276.60 | $1,120,000.00 | $7,276.60 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**116 Rockefeller Irvine, CA 92612
Orange County
Debtor's principal residence:
townhouse.**

**15241 Laguna Canyon Rd.
Irvine, CA 92618**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **HOA**

Date debt was incurred   **2/9/2022**   Last 4 digits of account number   **3401**

Add the dollar value of your entries in Column A on this page. Write that number here:   **$4,605,870.30**

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:   **$4,605,870.30**

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

[ ]   Name, Number, Street, City, State & Zip Code
**First Service Residential
c/o Community Legal Advisors
509 N. Coast Highway
Oceanside, CA 92054**

On which line in Part 1 did you enter the creditor?   **2.5**

Last 4 digits of account number ___

| Debtor 1 | **Bassem Victor El Mallakh** | | | Case number (if known) | **8:22-bk-11605-TA** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

[ ]   Name, Number, Street, City, State & Zip Code
**Freedom Mortgage**
**951 Yamato Rd.**
**Boca Raton, FL 33431**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

[ ]   Name, Number, Street, City, State & Zip Code
**Freedom Mortgage**
**PO Box 50428**
**Indianapolis, IN 46250**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

[ ]   Name, Number, Street, City, State & Zip Code
**TD Auto Finance**
**6 Atlantis Way**
**Lewiston, ME 04240**

On which line in Part 1 did you enter the creditor?  **2.4**

Last 4 digits of account number ___

---

# EXHIBIT 7

Case 8:22-bk-11605-TA    Doc 59-1    Filed 11/23/22    Entered 11/23/22 16:58:36    Desc
Electronically Filed by Superior Court of California County of Orange, 11/06/2020 08:33:00 PM.
30-2020-01148745-CU-EN-CJC - ROA # 16 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.    320

**EJ-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number)*:<br>After recording, return to:<br>Patrick Miller (Cal Bar No 301819)<br>285 E California, Unit 201<br>Pasadena, CA, 91106 | Recorded in Official Records, Orange County<br>Hugh Nguyen, Clerk-Recorder |
|---|---|

TEL NO.:                FAX NO. (optional)

98.00

E-MAIL ADDRESS *(Optional)*: patrick.miller@pmillerlegal.com

\* S R 0 0 1 2 2 2 4 5 5 8 S \*

[X] ATTORNEY FOR  [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

2020000643121 10:39 am 11/09/20

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

320 RW1A A03   2

STREET ADDRESS: 700 Civic Center Dr West

0.00 0.00 0.00 0.00 3.00 10.00 0.000.0075.00 3.00

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Unlimited Civil

FOR RECORDER'S USE ONLY

| PLAINTIFF: Belgium Investments 960 Bay Dr, LLC, a California Corp.<br>DEFENDANT: Bassem Essam El Mallakh | CASE NUMBER:<br>30-2020-01148745-CU-EN-CJC |
|---|---|

| ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS        [ ] Amended | FOR COURT USE ONLY |
|---|---|

1. The [X] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   Bassem Essam El Mallakh, 116 Rockefeller Irvine, CA, 92612

   b. Driver's license no. (last 4 digits) and state:        [X] Unknown
   c. Social security no. (last 4 digits):        [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address)*:

   Bassem Essam El Mallakh, 116 Rockefeller Irvine, CA, 92612 (through substituted service on Ms Reem Hanna)

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address)*:
   Belgium Investments 960 Bay Dr, LLC, a California Corporation
   960 Bay Drive, Miami, FL, 33141
   Date: October 29, 2020
   Patrick Miller
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   (SIGNATURE OF APPLICANT OR ATTORNEY)

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

6. Total amount of judgment as entered or last renewed:
   $4,345,250

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: 6/18/20
   b. Renewal entered on *(date)*:

9. [ ] This judgment is an installment judgment.

[SEAL]
David H. Yamasaki, Clerk of the Court

This abstract issued on *(date)*:
11/06/2020

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date)*:

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

Clerk, by        A. Gill        , Deputy

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700 190

| PLAINTIFF:   Belgium Investments 960 Bay Dr, LLC, a California Corp.<br>DEFENDANT:   Bassem Essam El Mallakh | COURT CASE NO.<br>30-2020-01148745-CU-EN-CJC |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13.  Judgment creditor (name and address):

14.  Judgment creditor (name and address):

15.  [ ]  Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.             Name and last known address

17.             Name and last known address

Driver's license no. [last 4 digits] and state:                 [ ] Unknown

Social security no. [last 4 digits]:                 [ ] Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:                 [ ] Unknown

Social security no. [last 4 digits]:                 [ ] Unknown

Summons was personally served at or mailed to (address):

18.             Name and last known address

19.             Name and last known address

Driver's license no. [last 4 digits] and state:                 [ ] Unknown

Social security no. [last 4 digits]:                 [ ] Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:                 [ ] Unknown

Social security no. [last 4 digits]:                 [ ] Unknown

Summons was personally served at or mailed to (address):

20.  [ ]  Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

**RECORDING REQUESTED BY AND RETURN TO:**

Orange County Sheriff Civil Division
4601 Jamboree Rd
Room 108
Newport Beach, CA 92660

(949) 476-4820

Fax:   Fax: (949) 476-4980

California Relay Service Number
(800) 735-2929 TDD or 711

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

31.00

*$ R 0 0 1 2 5 0 2 6 9 6 $*

2021000083928 2:04 pm 02/05/21

371 406A N19   8
0.00 0.00 0.00 0.00 21.00 0.00 0.000.000.00 3.00

THIS SPACE FOR RECORDER'S USE ONLY

**EJ-150 Notice of Levy**

Title of Document

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**

**(Additional Recording Fee Applies)**

EJ-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and Address):* | FOR RECORDER USE ONLY |
|---|---|
| **P Miller Legal Services**<br>**285 E. California, Unit 201**<br>**Pasadena, CA 91106**<br><br>TELEPHONE NO.: **Daytime: (213) 364-7581**    FAX NO.:<br>E-MAIL ADDRESS: **patrick.miller@pmillerlegal.com**<br>ATTORNEY FOR *(Name):* **Belgium Investments 960 Bay Dr, LLC, a California Corp.** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange** | LEVYING OFFICER (NAME AND ADDRESS): |
|---|---|
| STREET ADDRESS: **700 Civic Center Drive West** | **Orange County Sheriff's Department** |
| MAILING ADDRESS: | **4601 Jamboree Rd** |
| CITY AND ZIP CODE: **Santa Ana, CA 92701** | **Room 108** |
| BRANCH NAME: **Orange County Superior Court** | **Newport Beach, CA 92660** |

| PLAINTIFF/PETITIONER: **Belgium Investments 960 Bay Dr, LLC, a California Corp.** | COURT CASE NUMBER:<br>**2020-01148745** |
|---|---|
| DEFENDANT/RESPONDENT: **Bassem Essam El Mallakh** | |

| NOTICE OF LEVY<br>Under Writ of Execution (Money Judgment) | LEVYING OFFICER FILE NUMBER:<br>**2021100140** |
|---|---|

TO THE PERSON NOTIFIED *(name):*        Bassem Essam El Mallakh (Debtor)

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:

    a. Judgment debtor *(name):*    Bassem Essam El Mallakh

    b. The property to be levied upon is described

    ☐ in the accompanying writ of possession or writ of sale.

    ☒ as follows:

    Please see Attachment A for description of Real Property.

2. The judgment is for *(check one):*      Other

3. The amount necessary to satisfy the judgment creditor's judgment is (specify total amount due under the writ less partial satisfactions plus daily interest from the date of the writ until the date of levy):

    $4,345,342.00

4. You are notified as
    a. ☒ a judgment debtor.
    b. ☐ a person other than the judgment debtor *(state capacity in which person is notified):*

    *(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

---

Notice of Levy was

☐ mailed on *(date):*        ☐ posted on *(date):*
☐ delivered on *(date):*     ☐ filed on *(date):*
                             ☐ recorded on *(date):*

---

Signed by:  Sheriff's Authorized Agent

*(SIGNATURE)*

☒ Levying officer    ☐ Registered process server

Don Barnes
Sheriff-Coroner

*(Continued on reverse)*    RECORDER COPY

| Form Approved for Optional Use<br>Judicial Council of California<br>EJ-150 [Rev. September 1, 2020] | NOTICE OF LEVY<br>(Enforcement of Judgment) | Code of Civil Procedure, § 699.540<br><br>263120 |
|---|---|---|

EJ-150

| SHORT TITLE:<br>Belgium Investments 960 Bay Dr, LLC, a California Corp. vs Bassem Essam<br>El Mailakh | LEVYING OFFICER FILE NO.:<br>2021100140 | COURT CASE NO.:<br>2020-01148745 |
|---|---|---|

### - INFORMATION FOR JUDGMENT DEBTOR-

1. The levying officer is required to take custody of the property described in Item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. **You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. ~~You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.~~

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

### - INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR-

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010-720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

### - INFORMATION ABOUT DEPOSIT ACCOUNTS -

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

EJ-150 [Rev. September 1, 2020]

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NO. 301819 | FOR COURT USE ONLY |
|---|---|---|

NAME: Patrick Miller
FIRM NAME: P Miller Legal Services
STREET ADDRESS: 285 E California, Unit 201
CITY: Pasadena   STATE: CA   ZIP CODE: 91106
TELEPHONE NO: 213-364-7581   FAX NO:
EMAIL ADDRESS: patrick.miller@pmillerlegal.com
ATTORNEY FOR (name): Belgium Investments 960 Bay Dr, LLC, a California Corp.

[X] ATTORNEY FOR   [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

**RECEIVED**
**O.C. SHERIFF'S DEPT**
**HARBOR/COURT SERVICES**
2021 JAN 12 A 10: 2

Pursuant to California Government
Code § 68150(f), the Clerk of the
Court hereby certifies this document
accurately reflects the official court
record. The electronic signature and
seal on this document have the
same validity and legal force and
effect as an original clerk's
signature and court seal. California
Government Code § 68150(g).

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Dr West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA, 92701
BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER: Belgium Investments 960 Bay Dr, LLC, a California Corp.
DEFENDANT/RESPONDENT: Bassem Essam El Mallakh

| CASE NUMBER |
|---|
| 30-2020-01148745-CU-EN-CJC |

| WRIT OF | [X] EXECUTION (Money Judgment) | | | [ ] Limited Civil Case (including Small Claims) |
|---|---|---|---|---|
| | [ ] POSSESSION OF | [ ] Personal Property | | [X] Unlimited Civil Case (including Family and Probate) |
| | [ ] SALE | [ ] Real Property | | |

1. **To the Sheriff or Marshal of the County of:** Orange
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): Belgium Investments 960 Bay Dr, LLC, a California Corp.
   is the [X] original judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity if not a natural person, and last known address):*

   Bassem Essam El Mallakh,
   116 Rockefeller Irvine, CA, 92612

   [ ] Additional judgment debtors on next page

5. **Judgment entered on** *(date):* June 18, 2020
   *(See type of judgment in item 22.)*

6. [ ] Judgment renewed on *(dates):*

7. **Notice of sale under this writ:**
   a. [X] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [X] This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment *(as entered or renewed)* | $ | 4,345,250.00 |
| 12. Costs after judgment *(CCP 685.090)* | $ | 0.00 |
| 13. Subtotal *(add 11 and 12)* | $ | 4,345,250.00 |
| 14. Credits to principal *(after credit to interest)* | $ | 0.00 |
| 15. Principal remaining due *(subtract 14 from 13)* | $ | 4,345,250.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) *(not on GC 6103.5 fees)* | $ | |
| 17. Fee for issuance of writ *(per GC 70626(a)(I))* | $ | 40.00 |
| 18. Total amount due *(add 15, 16, and 17)* | $ | 4,345,290.00 |

19. Levying officer:
   a. Add daily interest from date of writ *(at the legal rate on 15) (not on GC 6103.5 fees)* ......... $ 0.00
   b. Pay directly to court costs included in 11 and 17 *(GC 6103.5, 68637; CCP 699.520(j))* .......... $ 0.00

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

David H. Yamasaki, Clerk of the Court

Date: 12/09/2020   Clerk, by   A. Gill   , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure §§ 699.520, 712.010, 715.010
Government Code § 6103.5
www.courts.ca.gov

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: Belgium Investments 960 Bay Dr, LLC, a California Corp. | CASE NUMBER: |
| Defendant/Respondent: Bassem Essam El Mallekh | 30-2020-01146745-CU-EN-CJC |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

22. The judgment is for *(check one):*
    a. ☐ wages owed.
    b. ☐ child support or spousal support.
    c. ☒ other. Sister-state judgment

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)
    a. *on (date):*            a. *on (date):*
    b. name, type of legal entity if not a natural person, and   b. name, type of legal entity if not a natural person, and
      last known address of joint debtor:            last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on *(date):*
        *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

      (1) ☐ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
           judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

      (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

      (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
           judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
           to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
           415.46 and 1174.3(a)(2).)*

      (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
          not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

        (a) The daily rental value on the date the complaint was filed was $

        (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

EJ-130 [Rev. September 1, 2020]               **WRIT OF EXECUTION**               Page 2 of 3

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: Belgium Investments 960 Bay Dr, LLC, a California Corp. | **CASE NUMBER:** |
| Defendant/Respondent: Bassem Essam El Mallakh | **30-2020-01146745-CU-EN-CJC** |

25. b. ☐ Possession of personal property.

    ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

    c. ☐ Sale of personal property.

    d. ☐ Sale of real property.

    e. The property is described ☐ below ☐ on Attachment 25e.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

## ATTACHMENT A TO SHERIFF'S INSTRUCTIONS – DESCRIPTION OF REAL PROPERTY

- The common street address is 116 Rockefeller, Irvine, CA, 92612.

- The Legal Description Is Unit 91, as shown and described in the Condominium Plan for a portion of Lot 9 of Tract No. 16989.

  - o This Condominium Plan was recorded on June 25, 2013 as Instrument No. 2013000382583 in the Official Records of Orange County.

  - o Track No. 16989 is shown on the Subdivision Map filed in Book 887, pages 36-48, inclusive, of Miscellaneous Maps in the Office of the County Recorder.

  - o This parcel also includes all easements and/or common areas as described in the Condominium Plan or any other relevant document.

- The APN Number shown on the Grant Deed is 445-231-10 (WOP).

- The APN Number shown in the County Record map address search is 445-231-37.

RECEIVED
O.C. SHERIFF'S DEPT
HARBOR/COURT SERVICES
2021 JAN 14 P 12: 52

# ATTACHMENT A TO SHERIFF'S INSTRUCTIONS – DESCRIPTION OF REAL PROPERTY

- The common street address is 116 Rockefeller, Irvine, CA, 92612.

- The Legal Description is Unit 91, as shown and described in the Condominium Plan for a portion of Lot 9 of Tract No. 16989.

    o This Condominium Plan was recorded on June 25, 2013 as Instrument No. 2013000382583 in the Official Records of Orange County.

    o Track No. 16989 is shown on the Subdivision Map filed in Book 887, pages 36-48, inclusive, of Miscellaneous Maps in the Office of the County Recorder.

    o This parcel also includes all easements and/or common areas as described in the Condominium Plan or any other relevant document.

- The APN Number shown on the Grant Deed is 445-231-10 (WOP).

- The APN Number shown in the County Record map address search is 445-231-37.

RECEIVED
O.C. SHERIFF'S DEPT
HARBOR/COURT SERVICES
2021 JAN 14 P 12: 52

EXHIBIT 8

# WFG National Title Company
*a Williston Financial Group company*

## PRELIMINARY REPORT

**Title Contact Information:**
**WFG National Title Company of California**
**700 N Brand Blvd., Suite 1100**
**Glendale, CA  91203**
**Phone:  (818) 476-4083**
**E-mail:  teammark@wfgtitleco.com**

**Title Officer:  Mark Mendoza**

Arthur Ramos
AR Real Estate
1121 Grande Vista
Los Angeles, CA 90023

Order No.: 21-259017

**Property Address:**
**116 Rockefeller**
**Irvine, CA 92612**

**APN:  930-243-45**

In response to the above referenced application for a policy of title insurance, WFG National Title Insurance Company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance of describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien, or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit One attached.  The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.  Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit One.  Copies of the policy forms should be read.  They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit One of this report carefully.  The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.  This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

The form of policy or policies of title insurance contemplated by this report is/are:

**ALTA® HomeOwner's Policy (12-02-13)**

**ALTA® Ext Loan Policy (06-17-06)**

**Issued by WFG National Title Insurance Company**

Dated as of: **August 9, 2021 at 7:30 am**

The estate or interest in the land hereinafter described or referred to covered by this Report is:

**A Condominium in fee as to Parcel(s) 1 and 2; an Easement as to Parcel(s) 3 and 4**

Title to said estate or interest at the date hereof is vested in:

**Bassem Essam Victor Elmallakh, a single man, subject to Item No. 29**

view image

The land referred to in this report is situated in the State of California, County of Orange, and is described as follows:

**SEE ATTACHED EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

Order No.: 21-259017

# EXHIBIT "A"
## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL NO. 1

UNIT 91 AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "PLAN") FOR LOT 18 OF TRACT NO. 16989, WHICH PLAN WAS RECORDED ON JUNE 25, 2013, 2013, AS INSTRUMENT NO. 2013000382584 IN OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, TRACT NO. 16989 IS SHOWN ON THE SUBDIVISION MAP FILED IN BOOK 887, PAGES 36 TO 48, INCLUSIVE, OF MISCELLANEOUS MAPS IN THE OFFICE OF THE ORANGE COUNTY RECORDER.

EXCEPTING THEREFROM, ALL OIL, OIL RIGHTS, MINERAL, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND/OR OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AS RESERVED IN DEED FROM IRVINE INDUSTRIAL COMPLEX, A CORPORATION, RECORDED SEPTEMBER 19, 1968 IN BOOK 8725, PAGE 311, OF OFFICIAL RECORDS. ALSO EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME AS FOLLOWS:

A. ANY AND ALL REMAINING OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM, ANY OTHER MATERIAL RESOURCES AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

B. ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE PROPERTY OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE PROPERTY (NO MATTER HOW ACQUIRED BY GRANTOR), WHETHER SUCH WATER, WATER RIGHTS OR INTEREST THEREIN SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, RE-DRILL, REMOVE AND STORE THE SAME FROM OR IN THE PROPERTY OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, WATER RIGHTS OR INTEREST THEREIN ON ANY PROPERTY OWNED OR LEASED BY GRANTOR; BUT WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF THE PROPERTY IN THE EXERCISE OF SUCH RIGHTS.

Order No.: 21-259017

EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, ENCROACHMENT, MAINTENANCE, DRAINAGE, SUPPORT, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CENTRAL PARK WEST, RECORDED MAY 1, 2008, AS INSTRUMENT NO. 2008000207242 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "MASTER DECLARATION"), THE SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR CENTRAL PARK WEST — THE TOWNES AT CENTRAL PARK WEST (MANHATTANS, UNITS 89 TO 98) RECORDED ON JUNE 27, 2013, AS INSTRUMENT NO. 2013000391502 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "SUPPLEMENTAL DECLARATION"), THE NEIGHBORHOOD DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR THE TOWNES AT CENTRAL PARK WEST, RECORDED ON JULY 2, 2010, AS INSTRUMENT NO, 2010000315037 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "NEIGHBORHOOD DECLARATION"), AND THE NOTICE OF ADDITION OF TERRITORY AND SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE TOWNES AT CENTRAL PARK WEST (MANHATTANS, UNITS 89 TO 98), RECORDED ON JUNE 27, 2013, AS INSTRUMENT NO. 2013000391503 (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "NOTICE OF ADDITION"), ALL IN OFFICIAL RECORDS. EXCEPT AS OTHERWISE PROVIDED HEREIN, CAPITALIZED TERMS IN THIS DEED SHALL HAVE THE SAME MEANINGS AS ARE GIVEN SUCH TERMS IN THE NEIGHBORHOOD DECLARATION.

FURTHER EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME AS FOLLOWS: THE RIGHT TO PLACE ON, UNDER OR ACROSS THE UNIT, TRANSMISSION LINES AND OTHER FACILITIES FOR (I) A COMMUNITY ANTENNA TELEVISION SYSTEM; (II) FIBER OPTIC CABLE, VIDEO (BROADBAND), TELECOMMUNICATION AND DATA TRANSMISSION SYSTEMS; AND (III) ALARM SYSTEM, AND THEREAFTER TO OWN AND CONVEY SUCH LINES AND FACILITIES, AND THE RIGHT TO ENTER UPON THE UNIT TO SERVICE, MAINTAIN, REPAIR, RECONSTRUCT AND REPLACE SAID LINES AND FACILITIES; PROVIDED, HOWEVER, THAT THE EXERCISE OF SUCH RIGHTS SHALL NOT UNREASONABLY INTERFERE WITH GRANTEE'S REASONABLE USE AND ENJOYMENT OF THE UNIT.

FURTHER EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, THE RIGHT TO ENTER THE UNIT (I) TO COMPLETE AND REPAIR ANY IMPROVEMENTS OR LANDSCAPING LOCATED THEREON AS DETERMINED NECESSARY BY GRANTOR, IN ITS SOLE DISCRETION, (II) TO COMPLY WITH REQUIREMENTS FOR THE RECORDATION OF THE MAP OR THE GRADING OR CONSTRUCTION OF THE NEIGHBORHOOD, AS DEFINED IN THE NEIGHBORHOOD DECLARATION, OR (III) TO COMPLY WITH REQUIREMENTS OF APPLICABLE GOVERNMENTAL AGENCIES. GRANTOR SHALL PROVIDE REASONABLE NOTICE TO GRANTEE BEFORE SUCH ENTRY. IF THIS RESERVATION OF RIGHT OF ENTRY IS NOT COMPLIED WITH BY GRANTEE, GRANTOR MAY ENFORCE THIS RIGHT OF ENTRY IN A COURT OF LAW. GRANTEE SHALL BE RESPONSIBLE FOR ALL DAMAGES ARISING OUT OF SUCH FAILURE TO COMPLY, INCLUDING ATTORNEYS' FEES AND COURT COSTS. THE TERM OF THIS RESERVATION OF RIGHT OF ENTRY SHALL AUTOMATICALLY EXPIRE TWELVE (12) YEARS FROM THE DATE OF RECORDATION OF THIS GRANT DEED.

FURTHER EXCEPTING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSORS AND ASSIGNS, NONEXCLUSIVE EASEMENTS FOR THE INSTALLATION, MAINTENANCE AND REPAIR OF UTILITIES AND RELATED FACILITIES (INCLUDING, BUT NOT LIMITED TO, ELECTRICAL, TELEPHONE, CABLE TELEVISION, GAS, WATER AND SEWER LINES, UTILITY METERS, STORM DRAINS, STREET LIGHTS, MAIL BOXES, FIRE HYDRANTS AND TRAFFIC SIGNS) AS SHOWN ON THE MAP, OR OTHERWISE OF RECORD.

FURTHER EXCEPTING THEREFROM FOR THE BENEFIT OF LENNAR CENTRAL PARK, LLC, A DELAWARE LIMITED LIABILITY COMPANY (THE "MASTER DEVELOPER"), AND THE CENTRAL PARK WEST COMMUNITY ASSOCIATION, A CALIFORNIA NONPROFIT MUTUAL BENEFIT CORPORATION (THE "COMMUNITY ASSOCIATION") NONEXCLUSIVE EASEMENT FOR INGRESS, EGRESS, ACCESS, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, DRAINAGE, ENFORCEMENT AND ALL OTHER PURPOSES AS SET FORTH IN THE MASTER DECLARATION AND THE SUPPLEMENTAL DECLARATION.

PARCEL NO. 2

Order No.: 21-259017

AN UNDIVIDED ONE-TENTH (1/10) FEE SIMPLE INTEREST AS A TENANT-IN-COMMON IN AND TO THE COMMON AREA DESCRIBED IN THE PLAN.

PARCEL NO. 3

EXCLUSIVE EASEMENTS FOR THE BENEFIT OF THE UNIT APPURTENANT TO PARCEL NOS. 1 AND 2 DESCRIBED ABOVE, FOR EXCLUSIVE USE AREAS OVER THOSE PORTIONS OF THE NEIGHBORHOOD ASSOCIATION PROPERTY SHOWN ON THE PLAN OR AS DESCRIBED IN THE NEIGHBORHOOD DECLARATION OR NOTICE OF ADDITION.

PARCEL NO. 4

NONEXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, SUPPORT, ENCROACHMENT, MAINTENANCE, REPAIR, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN ON THE PLAN AND THE MAP, AND AS DESCRIBED IN THE MASTER DECLARATION, THE SUPPLEMENTAL DECLARATION, THE NEIGHBORHOOD DECLARATION AND THE NOTICE OF ADDITION.

APN:    930-243-45

Order No.: 21-259017

**At the date hereof exception to coverage in addition to the printed Exceptions and Exclusions in said policy form
would be as follows:**

1a.  General and special taxes and assessments for the fiscal year 2021 - 2022, a lien not yet due or
payable.

1b.  General and Special City and/or County taxes, including any personal property taxes and any
assessments collected with taxes, for the fiscal year 2020 - 2021:

|  |  |
|---|---|
| 1st Installment: | $6,046.98, Paid |
| 2nd Installment: | $6,046.98, Paid |
| APN.: | 930-243-45 View Taxes |
| Code Area: | 26-037 |

1c.  The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75 of
the California Revenue and Taxation Code.

1d.  Assessments, for community facility districts, if any, affecting said land which may exist by virtue of
assessment maps or notices filed by said districts.

1e.  The liens of bonds and assessments liens, if applicable, collected with the general and special taxes.

2.  Water rights, claims or title to water, whether or not shown by the public records.

3.  Any easements or servitudes appearing in the public records.

Affects: Common Area

4.  An easement for avigation and rights incidental thereto, as set forth in a document recorded on March
17, 1964, as Instrument No. (book) 6965 (page) 721, of Official Records.

Reference is hereby made to said document for full particulars.

5.  Covenants, conditions, restrictions and easements in the document recorded on March 21, 1965, as
Instrument No. (book) 7529 (page) 600, of Official Records.

Document(s) declaring modifications thereof recorded on May 30, 1989, as Instrument No. 89-285371;
October 27, 1989 as Instrument No. 89-580884; January 5, 1990 as Instrument No. 90-009885; March 2,
1990 as Instrument No. 90-112441; April 20, 1990 as Instrument No. 90-207379; April 24, 1990 as
Instrument No. 90-215987; July 5, 1990 as Instrument No. 90-353612; September 28, 1990 as
Instrument No. 90-518160; October 2, 1990 as Instrument No. 90-524796; October 4, 1990 as
Instrument No. 90-531896; October 5, 1990 as Instrument No. 90-535152; January 10, 1991, as
Instrument Nos. 91-014595, 91-014596; January 17, 1991 as Instrument No. 91-024956; January 17,
1991 as Instrument No. 91-024957; January 18, 1991 as Instrument No. 91-026673; April 5, 1991 as
Instrument No. 91-160564; May 20, 1991 as Instrument No. 91-245131; July 15, 1991 as Instrument No.
91-366077; August 19, 1991 as Instrument No. 91-444033 and re-recorded January 22, 1992 as
Instrument No. 92-037322 and February 3, 1992 as Instrument Nos. 92-064817 and 92-064818; August
27, 2002 as Instrument No. 20020718490; September 26, 2002 as Instrument No. 20020827184;
November 8, 2002 as Instrument No. 2002-000988721; December 31, 2002 as Instrument No. 2002-
001201904; March 25, 2003 as Instrument No. 2003000321093; August 18, 2004 as Instrument No.
2004000749426 and June 26, 2006 as Instrument No. 2006000426492, all of Official Records.

6.  Any restrictions covering the future use of said land, as disclosed by a document entitled "Irvine Industrial
Complex-Planned Community 11th Amendment" recorded by city of Irvine on February 11, 1974 as Book
11073, Page 1577, of Official Records, covering the herein described and other land.

7.  The terms, conditions and provisions contained in the document entitled Joint Use Agreement, recorded
on June 10, 1997, as Instrument No. 19970265792, Official Records.

Reference is hereby made to said document for full particulars.

Order No.: 21-259017

8.  The terms, conditions and provisions contained in the document entitled Grant of Easement, recorded on September 14, 2000, as Instrument No. 20000481417, Official Records.

Reference is hereby made to said document for full particulars.

9.  The fact that the ownership of said land does not include rights of access to or from the street or highway abutting said land, such rights having been relinquished by the map of said Tract.

Affects: Michelson drive, except at approved locations

Said land, however, abuts on a public thoroughfare other than the one referred to above, over which rights of vehicular ingress and egress have not been relinquished.

10.  An easement for avigation and rights incidental thereto, as set forth in a document recorded on May 13, 2005, as Instrument No. 2005000369486, of Official Records.

Reference is hereby made to said document for full particulars.

11.  The terms, conditions and provisions contained in the document entitled Impact Mitigation Agreement Related to Proposed Community Facilities District No. 2004-1, recorded on September 9, 2005, as Instrument No. 2005000714739, Official Records.

Reference is hereby made to said document for full particulars.

12.  The terms, conditions and provisions contained in the document entitled Parking Agreement, recorded on July 6, 2009, as Instrument No. 2006000453883, Official Records.

Reference is hereby made to said document for full particulars.

13.  An easement for public utilities and rights incidental thereto, as set forth in a document recorded on November 1, 2006, as Instrument No. 2006000738464, of Official Records.

Reference is hereby made to said document for full particulars.

14.  The terms, conditions and provisions contained in the document entitled Covenant and Agreement, recorded on December 4, 2006, as Instrument No. 2006000812314, Official Records.

Reference is hereby made to said document for full particulars.

15.  An easement for pipeline for sewer, water and access and rights incidental thereto, as shown or as offered for dedication on the recorded Map of Tract No. 16989.

16.  An easement for pipeline for sewer, water and access and rights incidental thereto, as shown or as offered for dedication on the recorded Map of Tract No. 16989.

17.  An easement for emergency access, public service vehicular ingress and egress and rights incidental thereto, as shown or as offered for dedication on the recorded Map of Tract No. 16989.

18.  An easement for private street or driveway purposes and rights incidental thereto, as shown or as offered for dedication on the recorded Map of Tract No. 16989.

19.  The terms, conditions and provisions contained in the document entitled Declaration as to Access Easements, recorded on March 16, 2007, as Instrument No. 2007000170252, Official Records.

Reference is hereby made to said document for full particulars.

20.  Covenants, conditions, restrictions, easements, assessments, liens, charges, terms and provisions in the document recorded on July 2, 2010, as Instrument No. 2010000315037, of Official Records.

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

The provisions of said Covenants, Conditions, and Restrictions were extended to include the herein described land by instrument recorded on June 27, 2013, as Instrument No. 2013000391503, of Official Records.

21.    The terms and provisions of an unrecorded agreement regarding instructions by and between Central Park West Holdings, LLC, a Delaware Limited Liability Company and Lennar Homes of California, Inc., a California Corporation, a memorandum thereof recorded December 12, 2012 as Instrument No. 2012000771464, Official Records

22.    Covenants, conditions, restrictions, easements, assessments, liens, charges, terms and provisions in the document recorded on May 1, 2008, as Instrument No. 2008000207242, of Official Records.

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

The provisions of said Covenants, Conditions, and Restrictions were extended to include the herein described land by instrument recorded on June 27, 2013, as Instrument No. 2013000391502, of Official Records.

23.    The terms, conditions and provisions contained in the document entitled Memorandum Regarding Instructions, recorded on December 12, 2012, as Instrument No. 2012000771464, Official Records.

Reference is hereby made to said document for full particulars.

24.    The terms, provisions and conditions contained in a Notice of Builder's Election of Handling of Construction Claims pursuant to California Civil Code Section 895 et seq.
Executed by: Lennar Homes of California, Inc., a California Corporation.
Recorded: June 27, 2013, as Instrument No. 2013000391504 of Official Records.
Said notice provides that violation thereof will not invalidate or impair the rights of any mortgagee or beneficiary.
Reference is made to said document for full particulars.

25.    The terms, conditions and provisions contained in the document entitled Corporation Grant Deed, recorded on October 29, 2013, as Instrument No. 2013-000604919, Official Records.

Reference is hereby made to said document for full particulars.

26.    A deed of trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby:

| | |
|---|---|
| Amount: | $234,000.00 |
| Dated: | October 29, 2013 |
| Trustor: | Bassem Essam Victor Elmallakh, a single man |
| Trustee: | Universal American Mortgage Company, LLC |
| Beneficiary: | Mortgage Electronic Registration Systems, Inc., as nominee for |
| Lender: | Universal American Mortgage Company of California, a California Corporation |
| Recorded: | October 29, 2013 |
| Instrument No.: | 2013000604919 of Official Records |

According to the public records, the beneficial interest under said instrument was assigned:

| | |
|---|---|
| Assignee: | Freedom Mortgage Corporation |
| Recorded: | September 1, 2020 |
| Instrument No.: | 2020000457259, of Official Records. |

27. A Notice of Homeowners Association Assessment Lien:

| | |
|---|---|
| Association: | The Townes at Central Park West Association |
| Amount: | $3,506.03, and any other amounts due thereunder |
| Recorded: | November 23, 2020 |
| Instrument No.: | 2020000680356, of Official Records. |

A Notice of Default:

| | |
|---|---|
| Recorded: | May 18, 2021 |
| Instrument No.: | 2021000352029, of Official Records. |

28. A Notice of Homeowners Association Assessment Lien:

| | |
|---|---|
| Association: | Central Park West Community Association |
| Amount: | $3,667.64, and any other amounts due thereunder |
| Recorded: | January 21, 2021 |
| Instrument No.: | 2021000040918, of Official Records. |

29. A writ of execution:

| | |
|---|---|
| Court: | Superior Court of California, County of Orange |
| Case Number: | 2020-01148745 |
| Debtor: | Bassem Essem El Mallakh |
| Creditor: | Belgium Investments |
| Amount: | $4,345,342.00, and any other amounts due thereunder |
| Recorded: | February 5, 2021 |
| Instrument No.: | 2021000083928, of Official Records. |

30. A certified copy of a judgment or an abstract thereof:

| | |
|---|---|
| Court: | Superior Court |
| Case No.: | 30-2020-01148745-CU-EN-CJC |
| Debtor: | Bassam Essam El Mallakh |
| Creditor: | Belgium Investments 960 Bay Dr, LLC, a California Corporation |
| Amount: | $4,345,250.00, and any other amounts due thereunder |
| Recorded: | November 9, 2020 |
| Instrument No.: | 2020000643121, of Official Records. |

31. The transaction contemplated in connection with this report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

## END OF EXCEPTIONS

# REQUIREMENTS

Req. No. 1.    Statements of information from all parties to the transaction.

Req. No. 2.    Prior to the issuance of title insurance, it will be necessary that we be furnished a written statement from the Homeowners Association of which said property is a member, which will provide that all liens, charges and/or assessments levied on said land have been paid. Said statement should provide clearance up to and including the time of closing. In order to avoid unnecessary delays at the time of closing we ask that you obtain and forward said statement at your earliest convenience.

Req. No. 3.    Determination of whether reporting is required under any applicable U.S. Department of Treasury FINCEN Geographic Targeting Order (GTO) and, if reporting under the GTO is required, providing to the Company the information and identity documents required to comply with the GTO and complete the report.

# NOTES

This report does not reflect requests for notice of default, requests for notice of delinquency, subsequent transfers of easements, and similar matters not germane to the issuance of the policy of title insurance anticipated hereunder.

Note 1: If this company is requested to disburse funds in connection with this transaction, Chapter 598 of 1989 Mandates of the California Insurance Code requires hold periods for checks deposited to escrow or sub-escrow accounts. Such periods vary depending upon the type of check and anticipated methods of deposit should be discussed with the escrow officer.

Note 2: No endorsement issued in connection with the policy and relating to covenants, conditions or restrictions provides coverage for environmental protection.

Note 3: Special recordings: Due to a severe budget shortfall, many county recorders have announced that severe limitations will be placed on the acceptance of "special recordings."

Note 4: Homeowners association: if the property herein described is subject to membership in a homeowners association, it will become necessary that we be furnished a written statement from the said homeowners association of which said property is a member, which provides that all liens, charges and/or assessments levied on said land have been paid. Said statement should provide clearance up to and including the time of closing. In order to avoid unnecessary delays at the time of closing, we ask that you obtain and forward said statement at your earliest convenience.

Note 5: Demands: This Company requires that all beneficiary demands be current at the time of closing. If the demand has expired and a current demand cannot be obtained it may be necessary to hold money whether payoff is made based on verbal figures or an expired demand.

Note 6: Line of credit payoffs: If any deed of trust herein secures a line of credit, we will require that the account be frozen and closed and no additional advances be made to the borrower. If the beneficiary is unwilling to freeze the account, we will require you submit to us all unused checks, debit vouchers, and/or credit cards associated with the loan along with a letter (affidavit) signed by the trustor stating that no additional advances will be made under the credit line. If neither of the above is possible, it will be necessary to hold any difference between the demand balance and the maximum available credit.

Note 7: Maps: The map attached hereto may or may not be a survey of the land depicted thereon. You should not rely upon it for any purpose other than orientation to the general location of the parcel or parcels depicted. WFG National Title Company of California expressly disclaims any liability for alleged loss or damages which may result from reliance upon this map.

Note 8: In the event of cancellation or if the transaction has not closed within 90 days from the date hereof, the rate imposed and collectable shall be a minimum of $360.00, pursuant to Section 12404 of the Insurance code, unless other provisions are made.

Note 9: A Preliminary Change of Ownership Report (PCOR) must be filed with each conveyance in the County Recorder's office for the county where the property is located. If a document evidencing a change in ownership is presented to the Recorder for recordation without the concurrent filing of a PCOR, the Recorder may charge an additional recording fee of twenty dollars ($20). State law also provides for a penalty of be levied if the Change of Ownership Report is not returned to the Assessor within a timely filing period. The penalty for failure to file a Change in Ownership Statement is $100 or 10% of the new tax bill, whichever is greater, but not to exceed $2,500.

Note 10: As to any and all covenants and restrictions set forth herein, the following is added: "but omitting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, sexual orientation, familial status, disability, handicap, national origin, genetic information, gender, gender identity, gender expression, marital status, source of income (as defined in subdivision (p) of Section 12955), or ancestry, that restriction violates state and federal fair housing laws and is void, and may be removed pursuant to Section 12956.2 of the Government Code, to the extent such covenants, conditions or restrictions violate Title 42, Section 3604(c), of the United States Codes or Section 12955 of the California Government Code. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status."

Order No.: 21-259017

Note 11:   Due to current conflicts or potential conflicts between state and federal law, which conflicts may extend to local law, regarding marijuana, if the transaction to be insured involves property which is currently used or is to be used in connection with a marijuana enterprise, including but not limited to the cultivation, storage, distribution, transport, manufacture, or sale of marijuana and/or products containing marijuana, the Company declines to close or insure the transaction, and this Preliminary Title Report shall automatically be considered null and void and of no force and effect.

Note 12:   This report is preparatory to the issuance of an ALTA Loan Policy. We have no knowledge of any fact which would preclude the issuance of the policy with CLTA Endorsement forms 100, 116 or 116.01 and if applicable, 115 and 116.02 attached.

When issued, the CLTA endorsement form 116, 116.01 or 116.02, if applicable will reference **Condominium**

known as
**116 Rockefeller, City of Irvine, County of Orange, California**

Note 13:   The only conveyances affecting said land which recorded within twenty-four (24) months of the date of this report are:

None of Record

Order No.: 21-259017

### Exhibit One (Rev. 06-15-14)
### CLTA STANDARD COVERAGE POLICY—1990 (4-8-14)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)   Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

    (b)   Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.  Defects, liens, encumbrances, adverse claims or other matters:

    (a)   whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or  agreed to by the insured claimant;

    (b)   not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

    (c)   resulting in no loss or damage to the insured claimant;

    (d)   attaching or created subsequent to Date of Policy; or

    (e)   resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE—SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land which may be asserted by persons in possession thereof.

3.  Easements, liens or encumbrances, or claims thereof, which are not shown by the public records.

4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.  (a)  Unpatented mining claims;  (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof;  (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.  Any lien or right to a lien for services, labor or material not shown by the public records.

Order No.: 21-259017

## CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
## EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:

    (a)  building;

    (b)  zoning;

    (c)  land use;

    (d)  improvements on the Land;

    (e)  land division; and

    (f)  environmental protection.

    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3.  The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Covered Risk 17.

4.  Risks:

    (a)  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;

    (b)  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

    (c)  that result in no loss to You; or

    (d)  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.  Failure to pay value for Your Title.

6.  Lack of a right: (a) to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and (b) in streets, alleys, or waterways that touch the Land. This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake or subsidence.

9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

*   For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $10,000.00 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000.00 |
| Covered Risk 19: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000.00 |
| Covered Risk 21: | 1% of Policy Amount Shown in Schedule A of $2,500 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06/17/06))
## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.    (a)    Any law, ordinance or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting or relating to

            (i)      the occupancy, use, or enjoyment of the Land;
            (ii)     the character, dimensions or location of any improvement erected on the Land;
            (iii)    the subdivision of land; or
            (iv)     environmental protection;
            or the effect of any violation of these laws, ordinances or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

Order No.: 21-259017

(b)    Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.    Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.    Defects, liens, encumbrances, adverse claims or other matters:
    (a)    created, suffered, assumed or agreed to by the Insured Claimant;
    (b)    not Known to the Company, not recorded in the public records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an insured under this policy;
    (c)    resulting in no loss or damage to the Insured Claimant;
    (d)    attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11,13, or 14); or
    (e)    resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.    Unenforceability of the lien of the Insured Mortgage because of the inability or failure of the Insured to comply with applicable doing-business laws of the state in which the land is situated.
5.    Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.    Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)    a fraudulent conveyance or fraudulent transfer, or
    (b)    a preferential transfer for any reason not stated in covered Risk 13(b) of this policy..
7.    Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

Except as provided in Schedule B - Part II, this policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

### PART 1

1.    (a)    Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records;

    (b)    Proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.    Any facts, rights, interests or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.    Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.    Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.    (a)    Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the Public Records

6.    Any lien or right to a lien for services, labor or material not shown by the Public Records.

### PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:]

### 2006 ALTA OWNER'S POLICY (06/17/06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.    (a)    Any law, ordinance or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting or relating to
        (i) the occupancy, use, or enjoyment of the Land;
        (ii) the character, dimensions or location of any improvement erected on the Land;
        (iii) the subdivision of land; or
        (iv) environmental protection;
        or the effect of any violation of these laws, ordinances or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)    Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.    Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.    Defects, liens, encumbrances, adverse claims or other matters:

    (a)    created, suffered, assumed or agreed to by the Insured Claimant;

b)      not Known to the Company, not recorded in the public records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an insured under this policy;

c)   resulting in no loss or damage to the Insured Claimant;

(d)      attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or

(e)      resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4.      Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is

(a)      a fraudulent conveyance or fraudulent transfer, or

(b)      a preferential transfer for any reason not stated in covered Risk 9 of this policy..

5.      Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees or expenses which arise by reason of:

1.     (a)      Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records;

(b)      Proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.      Any facts, rights, interests or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.      Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.      Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.     (a)      Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the Public Records.

6.      Any lien or right to a lien for services, labor or material not shown by the Public Records.

7.      Variable exceptions such as taxes, easements, CC&R's, etc. shown here.

Order No.: 21-259017

## ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (12-02-13)
## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)  the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii)  the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
    (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6.  Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8.  The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)  a fraudulent conveyance or fraudulent transfer, or
    (b)  a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.



# CONDOMINIUM PLAN
## Manhattans at Central Park West

### BUILDING LOCATION

PAGE 11

**EXHIBIT-9**

**Fill in this information to identify the case:**

Debtor 1    Bassem Victor El Mallakh

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    8:22-bk-11605-TA

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

The Townes at Central Park West Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Community Legal Advisors Inc.
Name

509 N. Coast Highway
Number    Street

Oceanside          CA          92054
City          State          ZIP Code

Contact phone  760-529-5211

Contact email  Jeffs@AttorneyforHOA.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on ____ / ____ / ____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  __4__  __7__  __3__  __4__

**7. How much is the claim?**   $_____7,276.60__  Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Delinquent monthly homeowner assessment payments pre-petition.

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   Personal residence / real estate.

**Basis for perfection:**   Judgment

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $___1,100,000.00__

**Amount of the claim that is secured:**   $_____7,276.60__

**Amount of the claim that is unsecured:**   $_____0.00__ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____7,276.60__

**Annual Interest Rate (when case was filed)** 10.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/05/2022
                   MM / DD / YYYY

/s/Jeffrey W. Speights
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Jeffrey | W. | Speights |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Community Legal Advisors Inc. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 509 N. Coast Highway | | |
| | Number    Street | | |
| | Oceanside | CA | 92054 |
| | City | State | ZIP Code |
| Contact phone | 760-529-5211 | Email | Jeffs@AttorneyforHOA.com |

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

**EJ-001**

*SR00135255458*

98.00

2022000054790 2:53 pm 02/09/22

227 RW9A A03  2

0.00 0.00 0.00 0.00 3.00 10.00 0.00 0.0075.00 3.00

---

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and State Bar number)*

After recording return to: 199217/265206

Mark T. Guithues/Jeffrey W. Speights
Community Legal Advisors Inc.
509 N. Coast Highway
Oceanside, CA 92054

TEL NO. (760) 529-5211    FAX NO. *(optional)* (760) 453-2194

E-MAIL ADDRESS *(Optional):* mark@attorneyforhoa.com

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

STREET ADDRESS    700 Civic Center Drive West

MAILING ADDRESS

CITY AND ZIP CODE    Santa Ana, CA 92701

BRANCH NAME    Central Justice Center

PLAINTIFF: THE TOWNES AT CENTRAL PARK
DEFENDANT: BASSEM ESSAM VICTOR ELNALLAKH

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR RECORDER'S USE ONLY

CASE NUMBER
30-2021-01232974-CL-CO-CJC

*FOR COURT USE ONLY*

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor [ ] assignee of record
applies for an abstract of judgment and represents the following.
   a. Judgment debtor's
      Name and last known address

      ┌ BASSEM ESSAM VICTOR ELMALLAKH
      116 Rockefeller
      Irvine CA 92612                              ┘

   b. Driver's license no. [last 4 digits] and state:    [X] Unknown
   c. Social security no. [last 4 digits]:    [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      BASSEM ESSAM VICTOR ELMALLAKH - 116 Rockefeller, Irvine CA 92612

2. [ ] Information on additional judgment debtors is    4. [ ] Information on additional judgment creditors is
   shown on page 2.                                          shown on page 2.

3. Judgment creditor *(name and address)::*    5. [ ] Original abstract recorded in this county:
THE TOWNES AT CENTRAL PARK WEST ASSOCIATION, a nonprofit
mutual benefit corporation c/o Community Legal Advisors    a. Date.
Inc., 509 N. Coast Hwy, Oceanside CA 92054                  b. Instrument No.:

Date: February 9, 2022
Mark T. Guithues, Esq.
(TYPE OR PRINT NAME)                                         (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:    10. [ ] An [ ] execution lien [ ] attachment lien
   $ 12,083.47                                                   is endorsed on the judgment as follows:
7. All judgment creditors and debtors are listed on this abstract.    a. Amount: $
8. a. Judgment entered on *(date)* 2/4/2022                    b. In favor of *(name and address).*
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.    11. A stay of enforcement has
                                                        a. [X] not been ordered by the court.
                                                        b. [ ] been ordered by the court effective until
                                                            *(date)*

                                                    12. a. [X] I certify that this is a true and correct abstract of
This abstract issued on *(date):*                          the judgment entered in this action.
02/09/2022    David H Yamasaki, Clerk of the Court       b. [ ] A certified copy of the judgment is attached.
                          Clerk, by _____    A. Van Arkel, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1 2014]    CEB Essential Forms    **ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

4734.3

| PLAINTIFF: THE TOWNES AT CENTRAL PARK | COURT CASE NO: 30-2021-01232974-CL-CO-CJC |
|---|---|
| DEFENDANT: BASSEM ESSAM VICTOR ELMALLAKH | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.   Name and last known address

17.   Name and last known address

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.   Name and last known address

19.   Name and last known address

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

CEB | Essential Forms
ceb.com

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

4734.3

Page 2 of 2

Account Name: Bassem Essam Victor Elmallakh (2022
Judgment)
Unit Address: 116 Rockefeller, Irvine, CA 92612
Association: The Townes at Central Park West Association
Firm File No: 4734.3    Mgmt Co File No: 00302-4232
10/04/2022 9:59:39 AM

Community Legal Advisors, Inc.
509 N. Coast Highway
Oceanside, CA, 92054
Phone: (760) 529-5211

## Account History

| Trans Date | Type | Description | Check Number | Original | Open | Running Bal |
|---|---|---|---|---|---|---|
| 09/16/2022 | Payment | | wired | ($735.00) | $0.00 | $7,276.60 |
| 08/16/2022 | Payment | | wired | ($735.00) | $0.00 | $8,011.60 |
| 07/15/2022 | Payment | | wired | ($735.00) | $0.00 | $8,746.60 |
| 06/16/2022 | Payment | | wired | ($735.00) | $0.00 | $9,481.60 |
| 05/18/2022 | Payment | | wired | ($735.00) | $0.00 | $10,216.60 |
| 04/13/2022 | Payment | portion of wired funds | wired | ($651.87) | $0.00 | $10,951.60 |
| 03/16/2022 | Credit | in effort to resolve | | ($1,000.00) | $0.00 | $11,603.47 |
| 03/03/2022 | Attorney Fee | $15x18mos = monitoring fee | | $270.00 | $270.00 | $12,603.47 |
| 03/03/2022 | Attorney Fee | Payment Plan | | $250.00 | $250.00 | $12,333.47 |
| 02/04/2022 | Attorney Costs | Judgment | | $726.50 | $726.50 | $12,083.47 |
| 02/04/2022 | Attorney Fee | Judgment | | $2,060.00 | $2,060.00 | $11,356.97 |
| 12/15/2021 | Payment | wired | 002883-0 | ($1,000.00) | $0.00 | $9,296.97 |
| 11/30/2021 | Interest | | | $63.12 | $63.12 | $10,296.97 |
| 11/16/2021 | Late Fee | | | $23.00 | $23.00 | $10,233.85 |
| 11/01/2021 | Assessment | | | $230.00 | $0.00 | $10,210.85 |
| 10/30/2021 | Interest | | | $60.59 | $60.59 | $9,980.85 |
| 10/16/2021 | Late Fee | | | $23.00 | $23.00 | $9,920.26 |
| 10/01/2021 | Assessment | | | $230.00 | $0.00 | $9,897.26 |
| 09/30/2021 | Interest | | | $58.06 | $58.06 | $9,667.26 |
| 09/28/2021 | Attorney Fee | complaint | | $600.00 | $600.00 | $9,609.20 |
| 09/28/2021 | Attorney Costs | recording fee for release and rescission | | $200.00 | $200.00 | $9,009.20 |
| 09/16/2021 | Late Fee | | | $23.00 | $23.00 | $8,809.20 |
| 09/01/2021 | Assessment | | | $230.00 | $0.00 | $8,786.20 |
| 08/30/2021 | Interest | | | $55.53 | $55.53 | $8,556.20 |
| 08/30/2021 | Interest | july | | $53.00 | $53.00 | $8,500.67 |
| 08/17/2021 | Interest | | | $53.00 | $53.00 | $8,447.67 |
| 08/16/2021 | Late Fee | | | $23.00 | $23.00 | $8,394.67 |
| 08/12/2021 | Attorney Costs | mailing - pre lawsuit | | $14.10 | $14.10 | $8,371.67 |
| 08/12/2021 | Attorney Fee | Pre-Lawsuit for Foreclosure Complaint letter | | $300.00 | $300.00 | $8,357.57 |
| 08/01/2021 | Assessment | | | $230.00 | $0.00 | $8,057.57 |
| 07/16/2021 | Late Fee | | | $23.00 | $23.00 | $7,827.57 |
| 07/01/2021 | Assessment | | | $230.00 | $0.00 | $7,804.57 |
| 06/17/2021 | Interest | | | $50.47 | $50.47 | $7,574.57 |
| 06/16/2021 | Late Fee | | | $23.00 | $23.00 | $7,524.10 |
| 06/04/2021 | Attorney Costs | Mailing Fee - NOD | | $34.08 | $34.08 | $7,501.10 |
| 06/01/2021 | Assessment | | | $230.00 | $0.00 | $7,467.02 |
| 05/28/2021 | Attorney Costs | Recording Fee - NOD | | $107.50 | $107.50 | $7,237.02 |
| 05/27/2021 | Attorney Fee | Notice of Default | | $325.00 | $325.00 | $7,129.52 |
| 05/27/2021 | Attorney Fee | Notary Fee - NOD | | $15.00 | $15.00 | $6,804.52 |
| 05/17/2021 | Interest | | | $47.94 | $47.94 | $6,789.52 |
| 05/16/2021 | Late Fee | | | $23.00 | $23.00 | $6,741.58 |
| 05/01/2021 | Assessment | | | $230.00 | $0.00 | $6,718.58 |
| 04/19/2021 | Interest | | | $45.41 | $45.41 | $6,488.58 |
| 04/19/2021 | Attorney Fee | Signal letter | | $150.00 | $150.00 | $6,443.17 |
| 04/16/2021 | Late Fee | | | $23.00 | $23.00 | $6,293.17 |
| 04/01/2021 | Assessment | | | $230.00 | $0.00 | $6,270.17 |
| 03/26/2021 | Attorney Fee | Pre-Foreclosure letter | | $300.00 | $300.00 | $6,040.17 |

| Trans Date | Type | Description | Check Number | Original | Open | Running Bal |
|---|---|---|---|---|---|---|
| 03/26/2021 | Attorney Costs | title | | $50.00 | $50.00 | $5,740.17 |
| 03/26/2021 | Attorney Costs | pre foreclosure mailing | | $14.10 | $14.10 | $5,690.17 |
| 03/16/2021 | Late Fee | | | $23.00 | $23.00 | $5,676.07 |
| 03/05/2021 | Interest | | | $42.88 | $42.88 | $5,653.07 |
| 03/01/2021 | Assessment | | | $230.00 | $0.00 | $5,610.19 |
| 02/24/2021 | Attorney Costs | Mailing Fee - FDCPA | | $14.24 | $14.24 | $5,380.19 |
| 02/23/2021 | Attorney Fee | FDCPA letter | | $250.00 | $250.00 | $5,365.95 |
| 02/23/2021 | Attorney Fee | Open file, Title research, verify accounting, etc. | | $125.00 | $125.00 | $5,115.95 |
| 02/22/2021 | Collection Cost | Foreclosure Package Fee | | $350.00 | $350.00 | $4,990.95 |
| 02/03/2021 | Interest | | | $40.35 | $40.35 | $4,640.95 |
| 02/01/2021 | Assessment | | | $230.00 | $0.00 | $4,600.60 |
| 01/31/2021 | Late Fee | | | $23.00 | $23.00 | $4,370.60 |
| 01/28/2021 | Collection Cost | Intent to Foreclose Fee | | $75.00 | $75.00 | $4,347.60 |
| 01/06/2021 | Interest | | | $37.82 | $37.82 | $4,272.60 |
| 01/01/2021 | Assessment | | | $230.00 | $0.00 | $4,234.78 |
| 12/31/2020 | Late Fee | | | $23.00 | $23.00 | $4,004.78 |
| 12/03/2020 | Interest | | | $31.14 | $31.14 | $3,981.78 |
| 12/01/2020 | Assessment | | | $230.00 | $0.00 | $3,950.64 |
| 11/30/2020 | Late Fee | | | $23.00 | $23.00 | $3,720.64 |
| 11/16/2020 | Collection Cost | Recording Fee - Lien | | $125.00 | $125.00 | $3,697.64 |
| 11/16/2020 | Collection Cost | Notary Fee - Lien | | $15.00 | $5.77 | $3,572.64 |
| 11/04/2020 | Interest | | | $28.61 | $0.00 | $3,557.64 |
| 11/03/2020 | Collection Cost | Lien Fee | | $275.00 | $0.00 | $3,529.03 |
| 11/01/2020 | Assessment | | | $230.00 | $0.00 | $3,254.03 |
| 10/30/2020 | Late Fee | | | $23.00 | $0.00 | $3,024.03 |
| 10/05/2020 | Interest | | | $26.08 | $0.00 | $3,001.03 |
| 10/01/2020 | Assessment | | | $230.00 | $0.00 | $2,974.95 |
| 09/30/2020 | Late Fee | | | $23.00 | $0.00 | $2,744.95 |
| 09/04/2020 | Interest | | | $23.55 | $0.00 | $2,721.95 |
| 09/01/2020 | Assessment | | | $230.00 | $0.00 | $2,698.40 |
| 08/31/2020 | Late Fee | | | $23.00 | $0.00 | $2,468.40 |
| 08/05/2020 | Interest | | | $21.02 | $0.00 | $2,445.40 |
| 08/01/2020 | Assessment | | | $230.00 | $0.00 | $2,424.38 |
| 07/30/2020 | Late Fee | | | $23.00 | $0.00 | $2,194.38 |
| 07/06/2020 | Interest | | | $18.49 | $0.00 | $2,171.38 |
| 07/01/2020 | Assessment | | | $230.00 | $0.00 | $2,152.89 |
| 06/30/2020 | Late Fee | | | $23.00 | $0.00 | $1,922.89 |
| 06/05/2020 | Interest | | | $15.96 | $0.00 | $1,899.89 |
| 06/01/2020 | Assessment | | | $230.00 | $0.00 | $1,883.93 |
| 05/31/2020 | Late Fee | | | $23.00 | $0.00 | $1,653.93 |
| 05/06/2020 | Interest | | | $13.43 | $0.00 | $1,630.93 |
| 05/01/2020 | Assessment | | | $230.00 | $0.00 | $1,617.50 |
| 04/30/2020 | Late Fee | | | $23.00 | $0.00 | $1,387.50 |
| 04/06/2020 | Interest | | | $8.90 | $0.00 | $1,364.50 |
| 04/01/2020 | Collection Cost | Intent to Lien w/ Title | | $200.00 | $0.00 | $1,355.60 |
| 04/01/2020 | Assessment | | | $230.00 | $0.00 | $1,155.60 |
| 03/31/2020 | Late Fee | | | $23.00 | $0.00 | $925.60 |
| 03/05/2020 | Interest | | | $6.40 | $0.00 | $902.60 |
| 03/01/2020 | Assessment | | | $230.00 | $0.00 | $896.20 |
| 02/29/2020 | Late Fee | | | $20.00 | $0.00 | $666.20 |
| 02/06/2020 | Interest | | | $4.20 | $0.00 | $646.20 |
| 02/01/2020 | Assessment | | | $200.00 | $0.00 | $642.00 |
| 01/31/2020 | Late Fee | | | $20.00 | $0.00 | $442.00 |
| 01/07/2020 | Interest | | | $2.00 | $0.00 | $422.00 |
| 01/01/2020 | Assessment | | | $200.00 | $0.00 | $420.00 |

| Trans Date | Type | Description | Check Number | Original | Open | Running Bal |
|---|---|---|---|---|---|---|
| 12/31/2019 | Late Fee | | | $20.00 | $0.00 | $220.00 |
| 12/01/2019 | Assessment | | | $200.00 | $0.00 | $200.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

509 N. Coast Highway, Oceanside, CA 92054

A true and correct copy of the foregoing document entitled (specify): _____
PROOF OF CLAIM _____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) __10/05/2022__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  Debtor: Bassem Victor El Mallakh, 116 Rockefeller, Irvine, CA 92612
  Debtor Attorney: Michael Jay Berger, 9454 Wilshire Blvd 6th Fl, Beverly Hills, CA 90212-2929
  United States Trustee (SA): c/o Nancy S Goldenberg, 9411 W Fourth St., Suite 7160, Santa Ana, CA 92701-8000

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/05/2022 | Denise Weiler | /s/ Denise Weiler |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT-10**

**Fill in this information to identify the case:**

Debtor 1    Bassem Victor El Mallakh

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    8:22-bk-11605-TA

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Central Park West Community Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Alterra Assessment Recovery, LLC
Name

27101 Puerta Real, Suite 250
Number    Street

Mission Viejo    CA    92691
City    State    ZIP Code

Contact phone    949-588-0866

Contact email    ctodd@tinnellylaw.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City    State    ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _3_ _2_ _4_ _4_

**7. How much is the claim?** $ _____2,878.93_. Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

HOA Delinquent Assessments

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection:     Notice of Delinquent Assessment Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                $ _____

Amount of the claim that is secured:     $ ____2,878.93

Amount of the claim that is unsecured:  $ _____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:     $ ____2,878.93

Annual Interest Rate (when case was filed) 12.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.     $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    11/07/2022
                    MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Corey | L | Todd |
|---|---|---|---|
| | First name | Middle name | Last name |

Title    Attorney

Company    Alterra Assessment Recovery, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    27101 Puerta Real, Suite 250
           Number    Street

Mission Viejo    CA    92691
City    State    ZIP Code

Contact phone    949-588-0866    Email    ctodd@tinnellylaw.com

## Mortgage Proof of Claim Attachment
(12/16)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 8:22-bk-11605-TA | Principal balance: | $1,182.00 | Principal & Interest due: | $1,446.13 | Principal & Interest: | n/a |
| Debtor 1: | Bassam Victor El Mallakh | Interest due: | $284.13 | Prepetition fees due: | $781.20 | Monthly escrow: | n/a |
| Debtor 2: | | Fees, costs due: | $1,661.32 | Escrow deficiency for funds advanced: | $0.00 | Private mortgage insurance: | n/a |
| Last 4 digits to identify: | — — — — | Escrow deficiency for funds advanced: | 0.00 | Projected escrow shortage: | $0.00 | Total monthly payment: | n/a |
| Creditor: | Central Park West Com. Assn. | Less total funds on hand: | – $248.52 | Less funds on hand: | – $0.00 | | |
| Servicer: | Alterra Assessment Recovery | Total debt: | $2,878.93 | Total prepetition arrearage: | $2,227.33 | | |
| Fixed accrual/daily simple interest/other: | 12% | | | | | | |

### Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | | | | | | | | | | | | | |

Please See Attached Ledger

Official Form 410A                    Mortgage Proof of Claim Attachment                    page 1 of __

**Mortgage Proof of Claim Attachment: Additional Page**                    (12/16)

Case number:    8:22-bk-11605-TA

Debtor 1:    Bassem Victor El Mallakh

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount Incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | Please See Attached Ledger | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

Official Form 410A                Mortgage Proof of Claim Attachment                page ___ of ___



| | | | |
|---|---|---|---|
| **Homeowner(s)** | Bassem Essam Victor Elmallakh | **Effective Date:** | November 03, 2022 |
| **Subject Property:** | 116 Rockefeller | **Total Amount:** | $2,878.93 |
| **Subject City, State, Zip:** | Irvine, CA 92612 | **Alterra File No:** | 603244 |
| **Association** | Central Park West Community Association | **Account Id:** | 579955 |
| **Mgmt Company:** | FirstService Residential | **Mgmt Account No:** | 0532 01 |

### SECURED ACCOUNT LEDGER

| Date | Charge | Description | Amount |
|---|---|---|---|
| 11/03/2022 | Attorney/Paralegal Time | Detailed review of matter file; Reconcile account ledger; Calculate, adjust and update interest in preparation for filing Proof of Claim; Update matter file. | $45.00 |
| 11/03/2022 | Attorney/Paralegal Time | Prepare Proof of Claim for filing. | $265.00 |
| 11/03/2022 | Attorney/Paralegal Time | Pre-Post Bankruptcy Letter | $55.00 |
| 11/03/2022 | Collection Cost | Printing and Postage Costs | $2.12 |
| 11/02/2022 | Attorney/Paralegal Time | Conference with Paralegal regarding Chapter 11 Bankruptcy Filing and Proof of Claim requirements; Review matter file; Provide guidance on same; Update matter file. | $79.50 |
| 11/02/2022 | Attorney/Paralegal Time | Receipt, review and analyze collection documents prepared by Management to ensure statutory compliance; Update matter file; Notes regarding same. | $45.00 |
| 11/02/2022 | Attorney/Paralegal Time | Analysis of pending bankruptcy action, petition date and related information for attorney review; Update file. | $50.00 |
| 11/02/2022 | Attorney/Paralegal Time | Review and reconciliation of delinquent account ledger. | $45.00 |
| 11/02/2022 | Attorney/Paralegal Time | Research bankruptcy information to determine existence of any pending bankruptcy action. | $50.00 |
| 11/02/2022 | Attorney/Paralegal Time | Review and analyze ownership and property information; Review and update matter file. | $36.00 |
| 10/31/2022 | Collection Cost | Ownership & Senior Status Report. | $40.00 |
| 10/31/2022 | Attorney/Paralegal Time | Review matter file; Prepare request to title company regarding ownership and senior foreclosure status; Update matter file. | $27.00 |
| 10/31/2022 | Attorney/Paralegal Time | Brief review of matter file; Prepare correspondence to Management regarding matter file and request for additional information; Update matter file. | $36.00 |
| 10/31/2022 | Attorney/Paralegal Time | Open File | $45.00 |
| 10/26/2022 | Attorney/Paralegal Time | Conference with Paralegal regarding newly filed Bankruptcy petition; Review Bankruptcy Court Register of Actions to evaluate for Proof of Claim; Provide guidance on same; Update matter file. | $79.50 |
| 05/30/2022 | Late Fee | Late Fee | $16.60 |
| 05/16/2022 | Management Fee | SB2 Recording Fee-LN | $125.00 |
| 05/16/2022 | Management Fee | Notary Fee - LN | $15.00 |
| 05/06/2022 | Management Fee | Lien | $275.00 |
| 05/04/2022 | Interest | Interest | $12.53 |
| 05/01/2022 | Assessment | Assessment | $166.00 |
| 04/30/2022 | Late Fee | Late Fee | $16.60 |
| 04/05/2022 | Interest | Interest | $8.21 |
| 04/01/2022 | Assessment | Assessment | $166.00 |
| 03/31/2022 | Late Fee | Late Fee | $16.60 |
| 03/09/2022 | Management Fee | Intent to Lien w/Title | $250.00 |
| 03/03/2022 | Interest | Interest | $6.38 |
| 03/01/2022 | Assessment | Assessment | $166.00 |
| 02/28/2022 | Late Fee | Late Fee | $16.60 |
| 02/03/2022 | Interest | Interest | $66.82 |
| 02/01/2022 | Assessment | Assessment | $166.00 |
| 01/31/2022 | Late Fee | Late Fee | $16.60 |

November 03, 2022
Page 2

| | | | |
|---|---|---|---|
| 01/06/2022 | Interest | Interest | $54.19 |
| 01/01/2022 | Assessment | Assessment | $166.00 |
| 12/31/2021 | Late Fee | Late Fee | $16.60 |
| 12/03/2021 | Interest | Interest | $68.83 |
| 12/01/2021 | Assessment | Assessment | $166.00 |
| 11/30/2021 | Late Fee | Late Fee | $16.60 |
| 11/03/2021 | Interest | Interest | $67.17 |
| 11/01/2021 | Assessment | Assessment | $166.00 |
| | **Total Charges** | | **$3,127.45** |
| 11/03/2022 | Credit | Credit Interest Adjustment 05/04/2022 | ($0.07) |
| 11/03/2022 | Credit | Credit Interest Adjustment (11/03/21-03/03/22) | ($248.45) |
| | **Total Payments & Credits** | | **($248.52)** |
| **Total** | | | **$2,878.93** |

Recording Requested By:
North American Title Company
Order No.:    92010-1255839-13
Escrow No.:   92010-1255839-13

AND WHEN RECORDED MAIL TO:

Name:    BASSEM ESSAM VICTOR
ELMALLAKH

Street
Address   116 ROCKEFELLER

City &
State     IRVINE, CA 92612

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

44.00

* S R 0 0 0 6 5 7 8 5 2 1 3 *

2014000106607 8:00 am 03/21/14
90 401 D10 P13   6
0.00 0.00 0.00 20.00 16.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

A.P.N.  445-231-10 (W.O.P)

Notice:   This page has been added for the sole purpose of providing adequate space for capturing the recording
information only and does not constitute a change to the original document which follows.
(Government Code 27361.6)

Recorder:  Please index the document title as follows:

# GRANT DEED (CORRECTIVE)

THIS INSTRUMENT IS BEING RECORDED TO CORRECT THE ERRONEOUS LEGAL DESCRIPTION ON THAT CERTAIN
GRANT DEED DATED SEPTEMBER 9, 2013 AND RECORDED OCTOBER 29, 2013 AS INSTRUMENT NO. 2013000604918

Order No. 1255839
RECORDING REQUESTED BY:
NORTH AMERICAN TITLE COMPANY
WHEN RECORDED MAIL TO:
BASSEM ESSAM VICTOR ELMALLAKH
116 ROCKEFELLER
IRVINE, CA 92612

MANHATTANS 91

DOCUMENTARY TRANSFER TAX $ -0- CORRECTIVE DEED        SPACE ABOVE THIS LINE FOR RECORDER'S USE

_____ x  Computed on the consideration or value of property conveyed, OR        Same as the undersigned grantor

_____    Computed on the consideration or value liens or encumbrances
         remaining at time of sale.        Signature of Declarant or Agent determining tax – Firm Name

APN: 445-331-19 (WOF)
TRA: 26-037

# GRANT DEED

For valuable consideration, receipt of which is hereby acknowledged, **LENNAR HOMES OF CALIFORNIA, INC.**, a California corporation (*"Grantor"*)

hereby grants to: BASSEM ESSAM VICTOR ELMALLAKH, A SINGLE MAN

(hereinafter jointly referred to as (*"Grantee"*), the real property in the City of Irvine, County of Orange, State of California, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO

STATE OF CALIFORNIA
COUNTY OF ORANGE                                Dated: January 30, 2014

On March 11, 2014, before me, Kara Ann Cawood,
Notary Public, (here insert name and title of the officer),        LENNAR HOMES OF CALIFORNIA, INC.,
personally appeared Anita Davey                                  a California corporation
who proved to me on the basis of satisfactory evidence to be the person
whose name is subscribed to the within instrument and acknowledged        By: _____
to me that he/she executed the same in his/her authorized capacity, and        **Anita Davey**
that by his/her signature on the instrument the person, or the entity upon        Title:  **Vice President**
behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of                Grantor
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MAIL TAX STATEMENTS TO: SAME AS ABOVE

KARA ANN CAWOOD
Commission # 1931993
Notary Public - California
Orange County
My Comm. Expires Aug 29, 2014

2544-113353\DEEDA113S390.3
6/18/13

Exhibit A

**EXHIBIT 1**
**TO**
**GRANT DEED TO PURCHASERS**

**LEGAL DESCRIPTION**

**PARCEL NO. 1**

Unit 91 (the *"Unit"*) as shown and described in the Condominium Plan (together with any amendments thereto, collectively, the *"Plan"*) for Lot 18 of Tract No. 16989, which Plan was recorded on June 25, 2013, 2013, as Instrument No. 2013000382584 in Official Records of Orange County, California (*"Official Records"*).    Tract No. 16989 is shown on the Subdivision Map (*"Map"*) filed in Book 887, Pages 36 to 48, inclusive, of Miscellaneous Maps in the Office of the Orange County Recorder.

EXCEPTING THEREFROM, all oil, oil rights, mineral, mineral rights, natural gas, natural gas rights and other hydrocarbons by whatsoever name known that may be within or under the parcel of land hereinabove described, together with the perpetual right of drilling, mining, exploring and/or operating therefor and storing in and removing the same from said land or any other land, including the right to whipstock or directionally drill and mine from lands other than those hereinabove described, oil or gas wells, tunnels and shafts into, through or across the subsurface of the land hereinabove described, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under and beneath or beyond the exterior limits thereof and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines, without, however, the right to drill, mine, store, explore and operate through the surface or the upper 500 feet of the subsurface of the land hereinabove described, as reserved in deed from Irvine Industrial Complex, a corporation, recorded September 19, 1968 in Book 8725, Page 311, of Official Records.

ALSO EXCEPTING THEREFROM, for the benefit of Grantor, its successors and assigns, together with the right to grant and transfer all or a portion of the same as follows:

A.    Any and all remaining oil, oil rights, minerals, mineral rights, natural gas rights and other hydrocarbons by whatsoever name known, geothermal steam, any other material resources and all products derived from any of the foregoing, that may be within or under the Property, together with the perpetual right of drilling, mining, exploring and operating therefor and storing in and removing the same from the Property or any other land, including the right to whipstock or directionally drill and mine from lands other than the Property, oil or gas wells, tunnels and shafts into, through or across the subsurface of the Property, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under and beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines without, however, the right to drill, mine, store, explore or operate through the surface or upper five hundred (500) feet of the subsurface of the Property.

1-1

2544-113353\DEEDA\1353903
6/18/13

B.      Any and all water, water rights or interests therein appurtenant or relating to the Property or owned or used by Grantor in connection with or with respect to the Property (no matter how acquired by Grantor), whether such water, water rights or interest therein shall be riparian, overlying, appropriative, littoral, percolating, prescriptive, adjudicated, statutory or contractual, together with the right and power to explore, drill, re-drill, remove and store the same from or in the Property or to divert or otherwise utilize such water, water rights or interest therein on any Property owned or leased by Grantor; but without, however, any right to enter upon the surface of the Property in the exercise of such rights.

RESERVING THEREFROM, for the benefit of Grantor, its successors and assigns, nonexclusive easements for access, ingress, egress, encroachment, maintenance, drainage, support, and for other purposes, all as described in the Master Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Central Park West, recorded May 1, 2008, as Instrument No. 2008000207242 (together with any amendments thereto, collectively, the *"Master Declaration"*), the Supplemental Declaration of Covenants, Conditions and Restrictions for Central Park West – The Townes at Central Park West (Manhattans, Units 89 to 98) recorded on June 27, 2013, as Instrument No. 2013000391502 (together with any amendments thereto, collectively, the *"Supplemental Declaration"*), the Neighborhood Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for The Townes at Central Park West, recorded on July 2, 2010, as Instrument No. 2010000315037 (together with any amendments thereto, collectively, the *"Neighborhood Declaration"*), and the Notice of Addition of Territory and Supplemental Declaration of Covenants, Conditions and Restrictions for The Townes at Central Park West (Manhattans, Units 89 to 98), recorded on June 27, 2013, as Instrument No. 2013000391503 (together with any amendments thereto, collectively, the *"Notice of Addition"*), all in Official Records. Except as otherwise provided herein, capitalized terms in this Deed shall have the same meanings as are given such terms in the Neighborhood Declaration.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors and assigns, together with the right to grant and transfer all or a portion of the same as follows: The right to place on, under or across the Unit, transmission lines and other facilities for (i) a community antenna television system; (ii) fiber optic cable, video (broadband), telecommunication and data transmission systems; and (iii) alarm system, and thereafter to own and convey such lines and facilities, and the right to enter upon the Unit to service, maintain, repair, reconstruct and replace said lines and facilities; provided, however, that the exercise of such rights shall not unreasonably interfere with Grantee's reasonable use and enjoyment of the Unit.

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors and assigns, the right to enter the Unit (i) to complete and repair any improvements or landscaping located thereon as determined necessary by Grantor, in its sole discretion, (ii) to comply with requirements for the recordation of the Map or the grading or construction of the Neighborhood, as defined in the Neighborhood Declaration, or (iii) to comply with requirements of applicable governmental agencies. Grantor shall provide reasonable notice to Grantee before such entry. If this reservation of right of entry is not complied with by Grantee, Grantor may enforce this right of entry in a court of law. Grantee shall be responsible for all damages arising out of such failure to comply, including attorneys' fees and court costs. The term of this reservation of right of entry shall automatically expire twelve (12) years from the date of recordation of this Grant Deed.

2544-113353\DEED\11353390.3
6/18/13

FURTHER RESERVING THEREFROM, for the benefit of Grantor, its successors and assigns, nonexclusive easements for the installation, maintenance and repair of utilities and related facilities (including, but not limited to, electrical, telephone, cable television, gas, water and sewer lines, utility meters, storm drains, street lights, mail boxes, fire hydrants and traffic signs) as shown on the Map, or otherwise of record.

FURTHER RESERVING THEREFROM for the benefit of Lennar Central Park, LLC, a Delaware limited liability company (the *"Master Developer"*), and the Central Park West Community Association, a California nonprofit mutual benefit corporation (the *"Community Association"*) nonexclusive easements for ingress, egress, access, encroachment, support, maintenance, repairs, drainage, enforcement and all other purposes as set forth in the Master Declaration and the Supplemental Declaration.

## PARCEL NO. 2

An undivided one-tenth (1/10) fee simple interest as a tenant-in-common in and to the Common Area described in the Plan.

## PARCEL NO. 3

Exclusive easements for the benefit of the Unit appurtenant to Parcel Nos. 1 and 2 described above, for Exclusive Use Areas over those portions of the Neighborhood Association Property shown on the Plan or as described in the Neighborhood Declaration or Notice of Addition.

## PARCEL NO. 4

Nonexclusive easements for access, drainage, support, encroachment, maintenance, repair, and for other purposes, all as may be shown on the Plan and the Map, and as described in the Master Declaration, the Supplemental Declaration, the Neighborhood Declaration and the Notice of Addition.

## SUBJECT TO:

1.  Nondelinquent general and special real property taxes and public and private assessments;

2.  All covenants, conditions, restrictions, easements, reservations, rights, rights-of-way and other matters, including without limitation, the Master Declaration, the Supplemental Declaration, the Neighborhood Declaration, the Notice of Addition, the Plan and the Map;

3.  All (i) matters discoverable or ascertainable by inspection or survey of the Unit, (ii) zoning ordinances and regulations and any other laws, ordinances or governmental regulations restricting the use, occupancy or enjoyment of the Unit, and (iii) any other matters already permitted or approved by Grantee; and

4.  The Notice of Builder's Election for Handling of Construction Claims Pursuant to California Civil Code Section 895, *et seq.*, recorded on June 27, 2013, as Instrument No. 2013000391504, in Official Records (*"Notice of Election"*), and the restrictions, rights, benefits and

2544-113353\DBBDA\135390.3
6/18/13

burdens contained in the Notice of Election, each and all of which (a) are covenants running with the land established in accordance with Section 1468 of the California Civil Code for the benefit of and binding upon Grantor and Grantee and each successive owner of all or any portion of the land affected by the Notice of Election, and (b) are expressly incorporated by reference in this Grant Deed as though set out in full.

*[Signatures Included on Following Page]*

1-4

2544-11335\DEED\1135390.3
6/18/13

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

88.00

*$ R 0 0 1 3 7 3 3 7 8 6 5 *
**2022000182038 11:49 am 05/16/22**
65 RW10A N16    3
0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 0.00

RECORDING REQUESTED BY,
AND WHEN RECORDED MAIL TO:

CENTRAL PARK WEST COMMUNITY
ASSOCIATION
C/O ASSESSMENT MANAGEMENT SERVICES
15241 LAGUNA CANYON ROAD
IRVINE, CA  92618

---

| CE-WES 0532 01 | NOTICE OF DELINQUENT ASSESSMENT |
| --- | --- |

In accordance with California Civil Code section 5650 and 5660, and Article XIII of the Declaration of Restrictions recorded on 05/01/2008 as Instrument No. 2008-0207242 of Official Records of Orange County, California, and effective on the date of recordation of this notice, the **CENTRAL PARK WEST COMMUNITY ASSOCIATION** has a lien on the property described below in Paragraph 1, in the amount listed in Paragraph 3.

1.      The property against which the lien is imposed is commonly referred to as: **APN # 930-243-45, located at 116 ROCKEFELLER, IRVINE, CA 92612, and more particularly described as: Unit 91, an undivided 1/10th fee simple interest as a tenant-in-common in and to the Common Area, as shown and described in the Condominium Plan for Lot 18 of Tract No. 16989, shown on the Subdivision Map filed in Book 887, Pages 36 to 48, inclusive of Miscellaneous Maps, in the office of the County Recorder of Orange County.**

2.      The owner(s) of record of the property described in Paragraph 1 is (are): **BASSEM ESSAM VICTOR ELMALLAKH, a single man**

3.      The amount due under this assessment lien is:    $_____1,737.92

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

**and such future sums which may accrue under the terms of the CC&R's.**

4.      The name and address of the trustee authorized to enforce the lien is ALS, PO BOX 64750, LOS ANGELES, CA 90064

Date:    05/10/2022

Board of Directors of:                                      By:

**CENTRAL PARK WEST**                            ASSESSMENT MANAGEMENT SERVICES
**COMMUNITY ASSOCIATION**                    Agent for Homeowners Association

By: _Pw_____            PATRICIA MOORE            AMS MANAGER

05/10/2022 10:57 AM

Payment History Report
CENTRAL PARK WEST
Starting Date 05/10/2022

**EXHIBIT "A"**

All Balances

ASSOC: CE-WES    CENTRAL PARK WEST
c/o FirstService Residential
IRVINE, CA 92612

Management Co: FirstService Residential CA
15241 Laguna Canyon Road
Irvine, CA 92618

| Unit Resident | | Status Move In | Late Fees | NSF Checks | LT/UNT Address | | |
|---|---|---|---|---|---|---|---|
| Comment | Batch No Date | Type CC AC | Description | | | Amount | Balance |

0533 01 BASSEM ESSAM ELMALLAWI    C 11/03/2013    16705/04/2022    0    91    116 ROCKEFELLER

| | | | | | Amount | Balance |
|---|---|---|---|---|---|---|
| 06003881 11/01/2021 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 140.00 |
| 06169183 | PMT  01 IP  ATTY ALTERRA PP | 02/11/2022 | | | -166.00 | |
| 06169278 | TRAN 01 IP  REAPPLY | 02/15/2022 | | | 166.00 | |
| 06184909 | PMT  01 IP  ATTY ALTERRA PP | 02/28/2022 | | | -26.00 | |
| 06043645 12/01/2021 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 166.00 |
| 06169183 | PMT  01 IP  ATTY ALTERRA PP | 02/11/2022 | | | -166.00 | |
| 06169278 | TRAN 01 IP  REAPPLY | 02/15/2022 | | | 166.00 | |
| 06079532 01/01/2022 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 166.00 |
| 06169183 | PMT  01 IP  ATTY ALTERRA PP | 02/11/2022 | | | -166.00 | |
| 06169278 | TRAN 01 IP  REAPPLY | 02/15/2022 | | | 166.00 | |
| 06118810 02/01/2022 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 166.00 |
| 06169183 | PMT  01 IP  ATTY ALTERRA PP | 02/11/2022 | | | -166.00 | |
| 06169278 | TRAN 01 IP  REAPPLY | 02/15/2022 | | | 166.00 | |
| 06157651 03/01/2022 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 166.00 |
| 06193053 04/01/2022 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 166.00 |
| 06232989 05/01/2022 CHG  01 IP  ASSESSMENT | | | | | 166.00 | 166.00 |

01 Balance:    1,136.00

| | | | | | Amount | Balance |
|---|---|---|---|---|---|---|
| 06188049 03/03/2022 CHG  IT CR  IT PAST DUE BALANCE | | | | | 6.38 | 6.38 |
| 06228904 04/05/2022 CHG  IT CR  IT PAST DUE BALANCE | | | | | 8.21 | 8.21 |
| 06266169 05/04/2022 CHG  IT CR  IT PAST DUE BALANCE | | | | | 12.53 | 12.53 |

IT Balance:    27.12

| | | | | | Amount | Balance |
|---|---|---|---|---|---|---|
| 06187740 02/28/2022 CHG  LF CR  LATE FEE | | | | | 16.60 | 16.60 |
| 06228747 03/31/2022 CHG  LF CR  LATE FEE | | | | | 16.60 | 16.60 |
| 06265900 04/30/2022 CHG  LF CR  LATE FEE | | | | | 16.60 | 16.60 |

LF Balance:    49.80

| | | | | | Amount | Balance |
|---|---|---|---|---|---|---|
| 06197015 03/09/2022 CHG  LL CR  INT TO LIEN W/TITLE | | | | | 250.00 | 250.00 |

LL Balance:    250.00

| | | | | | Amount | Balance |
|---|---|---|---|---|---|---|
| 06271210 05/06/2022 CHG  LN CR  LIEN | | | | | 275.00 | 275.00 |

LN Balance:    275.00

Balance:    1,737.92

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA        )
                                    )
COUNTY OF ORANGE         )

On 05/16/2022 before me, C. Holmes, a Notary Public, personally appeared Patricia Moore, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

C. Holmes, Notary Public

C. HOLMES
Notary Public - California
Orange County
Commission # 2361602
My Comm. Expires Jun 17, 2025