MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Counsel for Debtor,
Bassem Victor El Mallakh

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

BASSEM VICTOR EL MALLAKH,

                Debtor and Debtor-in-Possession.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  8:22-bk-11605-TA

Chapter 11

**DEBTOR'S OPPOSITION TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S MOTION TO DISMISS AND/OR CONVERT CASE TO CHAPTER 7; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF**

Date:      December 21, 2022
Time:      10:00 a.m.
Place:     411 West Fourth Street
           Courtroom 5B
           Santa Ana, CA 92701

Via Tele/Videoconference on Zoom

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT, BELGIUM INVESTMENTS 960 BAY DR, LLC, TO THE UNITED STATES TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

1

1   Bassem Victor El Mallakh (the "Debtor") herein, respectfully submits his

2   Opposition to Belgium Investments 960 Bay Dr, LLC's ("Belgium") Motion to Dismiss

3   and/or Convert Case to Chapter 7 (the "Motion to Dismiss") as follows:

## I.    INTRODUCTION

5   Debtor asks that Belgium's Motion to Dismiss be denied in full on the basis that

6   there is no evidence of bad faith on behalf of the Debtor. Belgium is a disputed creditor,

7   and **was a suspended corporation which has now been terminated**. By operation of

8   law, Belgium has no standing to bring this Motion to Dismiss, Belgium cannot enforce

9   any judgment against the Debtor and is also barred from filing anything in the Debtor's

10  case due to its suspended status[1].

11  Debtor filed his instant Chapter 11 case on September 19, 2022. Belgium's Motion

12  to Dismiss is premature. In the two and a half months since the case was filed, Debtor has

13  made significant progress in his case and is on his way to proposing a confirmable

14  Chapter 11 Plan of Reorganization. Belgium fails to provide any evidence of bad faith on

15  the part of the Debtor, and fails to demonstrate how dismissal or conversion of the case

16  will benefit the creditors of the estate. Wherefore, Debtor asks that Belgium's Motion to

17  Dismiss be denied.

## II.    HISTORY AND PROCEDURAL STATUS OF DEBTOR'S CHAPTER 11
##         CASE

### A. Debtor's History of Prior Chapter 13 Filing

22  Debtor's instant Chapter 11 case was filed on September 19, 2022. This is

23  Debtor's second bankruptcy filing. He previously filed a Chapter 13 [case no.: 8:22-bk-

24  11158-TA], which Debtor voluntarily dismissed because he was over the debt limit. In

25  the prior case, Belgium tried to obtain a bar on refiling, but the Court denied Belgium's

26  motion. In response to Belgium's Motion for sanctions and bar on refiling in the prior

---

[1] Debtor is preparing an OSC re Belgium's lack of standing to be filed with the Court.

case, the Debtor indicated that he had retained his current counsel and was planning on filing Chapter 11 to reorganize his debts. In the Court's September 21, 2022 tentative ruling, which was adopted as its final ruling, the Court did not make a finding of bad faith by the Debtor.

Debtor's current Chapter 11 case was filed in order to reorganize his debts. Debtor can confirm a feasible Chapter 11 Plan of Reorganization. This case was filed in good faith and Debtor obtained experienced chapter 11 counsel to file the present case. Debtor had an increase in his rental income from his real property from $3,000 to $4,000, which will be evidenced by his Monthly Operating Reports filed in the case. Debtor is actively looking for employment. Debtor is also reaching out to family to obtain family contributions to support his payments through the Plan. Debtor has a reasonable likelihood of a successful reorganization in this case.

### B. Debtor's Progress in Instant Chapter 11 Case

Debtor has made significant progress in his instant Chapter 11 case since its filing two and a half months ago.

Debtor's Chapter 11 case was filed on September 19, 2022 [docket no.: 1].

On September 27, 2022, Debtor filed his Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 20]. On October 4, 2022, Belgium filed its Opposition To The Debtor's Motion For Order Continuing Stay And Request For Dismissal With A Bar To Refiling [docket no.: 25] and Exhibits thereon [docket no.: 26]. On October 11, Debtor filed his Reply to Belgium's Opposition [docket no.: 27]. On October 25, 2022, the Court entered its Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 35].

On September 28, 2022, Debtor filed his Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael Jay Berger as General Bankruptcy Counsel [docket no.: 23]. On October 19, 2022, the Court

3

entered its Order Granting Motion in Individual Ch 11 Case To Authorize Debtor-In-Possession To Employ General Counsel [docket no.: 33].

On September 12, 2022, Debtor filed his Initial Status Report; Declaration of Bassem Victor El Mallakh in Support Thereof [docket no.: 28].

Debtor's Initial Debtor Interview was held on October 3, 2022.

On October 25, 2022, the Debtor filed his Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 [docket no.: 37].

Debtor's Preliminary Status Conference was held on October 26, 2022.

Debtor's 341a Meeting of Creditors was held and concluded on October 28, 2022.

On November 4, 2022, Creditor TD Auto Finance LLC filed its Notice of Motion and Motion for Relief from the Automatic Stay with Supporting Declarations Personal Property Re: 2016 Mercedes-Benz C-Class [docket no.: 44]. On November 8, 2022, Creditor TD Auto  Finance LLC filed a Stipulation by TD Auto Finance LLC and Debtor for Resolution of Motion for Relief from the Automatic Stay, for Maintenance of Adequate Protection Payments and for Resolution of Claim Treatment Issues [docket no.: 49]. On November 8, 2022, the Court entered its Order Granting Motion for Relief from the Automatic Stay Personal Property – Settlement by Stipulation Re: 2016 Mercedes-Benz C-Class [docket no.: 50].

On November 23, 2022, Debtor filed his Motion to Avoid Lien Under 11 U.S.C. Section 522(f) as to Belgium's lien [docket no.: 59][2].

On November 23, 2022, Debtor filed his Second Status Report [docket no.: 60].

///

///

///

///

---

[2] Debtor is also in the process of finalizing lien avoidance motions as to the two homeowners association liens on the Rockefeller Property.

## III.    RESPONSE TO BELGIUM'S MOTION TO DISMISS

1. <u>Belgium is a Suspended Corporation – Belgium's Motion to Dismiss Should Be
Denied and Belgium Should Not Be Permitted to File Any Further Pleadings in
Debtor's Cases</u>

Belgium's Opposition should be disregarded by this Court. After its formation in 2013, Belgium was suspended in March 2018, revived in July 2018, again suspended in January 2022, and ultimately terminated in February 2022. Belgium has been litigating an alleged claim against the Debtor while maintaining a suspended corporate status. A true and correct copy of the corporate history and corporate termination is attached to Berger's Declaration as **Exhibit "1."**

A suspended corporation may be revived but during its period of suspension, it may not prosecute or defend an action, seek a writ of mandate, appeal from an adverse judgment, or renew a judgment obtained before suspension. *Center for Self-Improvement & Community Development v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1552, 94 Cal. Rptr. 3d 74, 79-80 (2009) (*citing Grell v. Laci Le Beau Corp.*, 73 Cal.App.4th 1300, 1306, 87 Cal. Rptr. 2d 358 (1999)). See also *Timberline, Inc. v Jaisinghani*, 54 Cal. App. 4th 1361 (1997), where the court held that a suspended corporation is disqualified from exercising any right, power, or privilege, including prosecuting or defending an action, or appealing a judgment.  Also, a suspended corporation may not prosecute or defend an action in a California court. (*Ransome-Crummey Co. v. Superior Court*, 54 Cal.App.4th 1366 (1922), 188 Cal. 393, 396-397 [205 P. 446]; *Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.* (1957) 155 Cal.App.2d 46, 50-51 [317 P.2d 649].)

Although Belgium was active at the time it obtained its judgment against the Debtor, Belgium was later suspended in January 2022, and terminated in February 2022. Belgium is the party which has been acting in bad faith, and in violation of the law by illegally seeking to collect on a judgment against the Debtor without any right to do so, as a suspended entity. Due to the corporation's suspension, Belgium is barred from litigating

5

this matter against the Debtor, and barred from filing the Motion to Dismiss. Belgium's

Motion to Dismiss must be denied on the basis that Belgium is a suspended corporation

and has no standing to file this Motion.[3]

    2.  <u>This Court Did Not Make a Finding of Bad Faith in the Debtor's Previous Chapter</u>

      <u>13 Case</u>

    Debtor's previous emergency Chapter 13 case was filed on July 12, 2022 (Case

No.: 8:22-bk-11158-TA) to stop the foreclosure sale on Debtor's home the next morning.

While Debtor and his former counsel were preparing the case in order to meet the

deadline to file Debtor's Schedules, it became apparent that Debtor's case could not

proceed under Chapter 13 and that the case would inevitably be dismissed due to Debtor

being over the § 109(e) debt limits.  Rather than allowing the case to be dismissed for

failure to file schedules, Debtor showed his good faith and on July 26, 2022 filed a

Request for Voluntary Dismissal of Ch 13 Case [Chapter 13 docket no.: 15] asking the

Court to dismiss the Debtor's case in order to attempt to resolve its debts outside of the

Chapter 13 case[4]. On July 26, 2022, the Court entered its Order and Notice of dismissal

arising from debtor's request for voluntary dismissal of chapter 13 (11 U.S.C. Section

1307(b)) [Chapter 13 docket no.: 16].

    On August 5, 2022, Belgium filed a Motion for Sanctions Barring Subsequent

Bankruptcy Filing [Chapter 13 docket no.: 18]. On September 7, 2022, Debtor filed his

Opposition to the Motion [Chapter 13 docket no.: 18] and on September 12, 2022,

Belgium filed its Reply to Debtor's Opposition [Chapter 13 docket no.: 25]. Substantial

briefing was done by both sides on the issue of whether the Court should impose a bar on

refiling. The Court specifically in its tentative ruling, which it adopted as its final ruling

found that Belgium's "evidence is not persuasive" to make a showing that the Debtor

---

[3] Debtor is preparing an OSC re Belgium's lack of standing to be filed with the Court.
[4] The Debtor is not versed in bankruptcy law and is not expected to know whether he
qualified for Chapter 13 or not.

acted in bad faith. A true and correct copy of the Court's September 21, 2022 Tentative Ruling on Belgium's Motion for Sanctions Barring Subsequent Bankruptcy Case is attached to the Declaration of Michael Jay Berger as **"Exhibit 2."** The Court's tentative stated that the timing of filing a Chapter 13 case to prevent a foreclosure sale is "not unusual" and is a common reason to file for bankruptcy protection. The Court's tentative recognized that "this case is likely to be followed by a refiling under Chapter 11." On October 4, 2022, the Court denied Belgium's Motion and did not impose a bar on refiling for the Debtor [Chapter 13 docket no.: 32]. This Court allowed for the Debtor to dismiss his Chapter 13 case without a bar on refiling and without making any finding of bad faith in the Chapter 13.

3. The Court Granted Debtor's Motion to Continue the Automatic Stay Giving the Debtor an Opportunity to Reorganize in this Chapter 11 Case

On September 27, 2022, Debtor filed his Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 20]. On October 4, 2022, Belgium filed its Opposition to the Debtor's Motion For Order Continuing Stay And Request For Dismissal With A Bar To Refiling [docket no.: 25] and Exhibits thereon [docket no.: 26] making claims that Debtor's instant case was a bad faith filing, and should be dismissed with a bar on refiling. On October 18, 2022, the Court issued its tentative ruling indicating that Belgium offers no evidence to support its claims that the Debtor's current or previous case was filed in bad faith. The Court found that "this case was filed in apparent good faith... [and Debtor] must be prepared to show progress...]. A true and correct copy of the October 18, 2022 tentative ruling is attached to the Declaration of Michael Jay Berger as **Exhibit "3."** The Court overruled Belgium's Objection, and on October 25, 2022, the Court entered its Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 35]. The Court did not make a finding of bad faith in the current Chapter 11 case, and gave the Debtor an opportunity to reorganize in this Chapter 11 case.

7

4. <u>Belgium's Motion to Dismiss is Filled with Non-Relevant Information and Does Not Support Dismissal of Debtor's Chapter 11 Bankruptcy Case</u>

Belgium's Motion to Dismiss begins by setting out the history of Belgium's lien against the Debtor and how it was obtained by a default judgment. None of these facts are probative to show the Debtor's pending Chapter 11 case was filed in bad faith, or that it should be dismissed. Belgium argues again that the Debtor's previous Chapter 13 case was a bad faith filing, even though this Court did not make a finding of bad faith in Debtor's previous case, and made a finding that the current case was filed in good faith thereby continuing the automatic stay in the current Chapter 11 case. Belgium then argues that Debtor's counsel only confirmed 35% of his Chapter 11 cases, and that somehow is grounds for dismissal of Debtor's case. Debtor's counsel is a certified specialist in Bankruptcy and has confirmed numerous cases for his clients. Generally only 10% of all Chapter 11 cases are confirmed[5]. Thus, Debtor's counsel's success rate is significantly higher than the industry average and Debtor has his best chance of confirming a Chapter 11 Plan with the assistance of Debtor's current counsel.

5. <u>Debtor's Principal Residence is the Rockefeller Property on the Petition Date and this Fact is Not Probative of Belgium's Request for Dismissal or Conversion of Debtor's Chapter 11 Cases</u>

Belgium next argues that the fact that Rockefeller Property is Debtor's principal residence is grounds for dismissal of his case because the Debtor previously did not live there. Debtor's primary residence as of the filing of the bankruptcy case was, and currently is, the Rockefeller Property. Debtor's current Chapter 11 case, and his previously filed Chapter 13 case listed the Rockefeller Property as his primary residence,

---

[5] https://efinancemanagement.com/financial-leverage/chapter-11-bankruptcy#:~:text=Success%20Rate%20of%20Chapter%2011%20The%20history%20and,expenses%2C%20complicated%20procedures%2C%20restrictive%20timelines%2C%20and%20so%20on.

DEBTOR'S OPPOSITION TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S MOTION TO DISMISS AND/OR CONVERT CASE TO
CHAPTER 7; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF

as does his tax returns and bank statements. A true and correct copy of Debtor's Chapter 13 Voluntary Petition, first pages of Debtor's 2019-2022 tax returns, and other statements indicating Debtor lives in the Rockefeller Property are attached to the Declaration of Bassem El Mallakh as **Exhibit "4."**

6.  Debtor's Case Was Filed in Good Faith and Debtor Has Reasonable Prospects for Confirming a Plan of Reorganization

Debtor's case was filed two and a half months ago. Debtor has made progress in his case. There has been no finding of bad faith by this Court. The Debtor filed his lien avoidance motion under 11 U.S.C. § 522(f) as to Belgium's claim, a summary of which is as follows:

| Property/Lien Description | Value | Remaining Equity/ Treatment |
|---|---|---|
| Rockefeller Property | $1,120,000.00 | |
| Homestead Exemption | $626,400.00 | $493,600.00 |
| 1st TD Freedom Mortgage | $234,000.00 | Secured: $234,000.00 |
| Belgium Judgment Lien (disputed claim) | $4,345,250.00 | Secured: $259,600.00 Unsecured: $4,085,650.00 |
| The Townes at Central Park West Assn. | $3,506.03 | Unsecured: $3,506.03 |
| Central Park West Community Assn. | $3,667.64 | Unsecured: $3,667.64 |

Based on Debtor's lien avoidance motion, Debtor will continue to pay his mortgage and postpetition homeowners association fees. A true and correct copy of Debtor's payments on the mortgage and homeowners association fees is attached to the Declaration of Bassem Victor El Mallakh as **Exhibit "5."** To the extent Belgium's disputed claim is valid and secured, at the most Belgium may have a secured claim of $249,628.23, and the remainder of Belgium's disputed claim may be included in the unsecured class. Debtor will propose a plan to pay a pro rata share of its undisputed debts once a determination is made. The deadline for Debtor to file his plan is March 1, 2022.

9

Debtor has rental income and is looking for a job to supplement his income. Debtor is also working on securing family contributions to further fund his Plan. Belgium's assertion that there is a diminution of the value of the Rockefeller Property is baseless and not supported by any evidence. All of Belgium's Motion to Dismiss is speculative and there is no evidence to support any of Belgium's hypotheticals that the tenant may move out or what the future may hold.

Belgium argues that conversion to Chapter 7 would be in the best interest of the creditors. However, the Chapter 7 trustee's administrative fees to sell the Debtor's primary residence will take a significant portion of any sale proceeds, and Belgium will receive less than what it would potentially receive through a Chapter 11 Plan. Belgium's Motion to Dismiss or Convert should be denied in full as Belgium's Motion to Dismiss is baseless and not supported by any probative evidence in the current Chapter 11 case.

## IV.    CONCLUSION

WHEREFORE, Debtor asks for an order denying Belgium's Motion to Dismiss, and for any further relief deemed necessary and proper.

DATED: December 7, 2022            LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger
Counsel for Debtor-in-Possession
Bassem Victor El Mallakh

10

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.      I am Counsel for the Debtor. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      Since its formation in 2013, Belgium has been suspended in March 2018, revived in July 2018, and again suspended in January 2022, and ultimately terminated in February 2022. Belgium has been litigating an alleged claim against the Debtor while maintaining a suspended corporate status.

3.      Although Belgium was active at the time it obtained its judgment against the Debtor, Belgium was later suspended in January 2022, and terminated in February 2022.

4.      I know this because I obtained this information by conducting a search on the California Secretary of State's website at this link: https://bizfileonline.sos.ca.gov/search/business. A true and correct copy of the corporate history and corporate termination is attached hereto as **Exhibit "1."**

5.      Debtor's Chapter 11 case was filed on September 19, 2022 [docket no.: 1].

6.      On September 27, 2022, Debtor filed his Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 20]. On October 4, 2022, Belgium filed its Opposition To The Debtor's Motion For Order Continuing Stay And Request For Dismissal With A Bar To Refiling [docket no.: 25] and Exhibits thereon [docket no.: 26]. On October 11, Debtor filed his Reply to Belgium's Opposition [docket no.: 27]. On October 25, 2022, the Court entered its Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 35].

7.      On September 28, 2022, Debtor filed his Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael Jay Berger as General Bankruptcy Counsel [docket no.: 23]. On October 19, 2022, the Court

11

entered its Order Granting Motion in Individual Ch 11 Case To Authorize Debtor-In-Possession To Employ General Counsel [docket no.: 33].

8.    On September 12, 2022, Debtor filed his Initial Status Report; Declaration of Bassem Victor El Mallakh in Support Thereof [docket no.: 28].

9.    Debtor's Initial Debtor Interview was held on October 3, 2022.

10.    On October 25, 2022, the Debtor filed his Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 [docket no.: 37].

11.    Debtor's Preliminary Status Conference was held on October 26, 2022.

12.    Debtor's 341a Meeting of Creditors was held and concluded on October 28, 2022.

13.    On November 4, 2022, Creditor TD Auto Finance LLC filed its Notice of Motion and Motion for Relief from the Automatic Stay with Supporting Declarations Personal Property Re: 2016 Mercedes-Benz C-Class [docket no.: 44]. On November 8, 2022, Creditor TD Auto  Finance LLC filed a Stipulation by TD Auto Finance LLC and Debtor for Resolution of Motion for Relief from the Automatic Stay, for Maintenance of Adequate Protection Payments and for Resolution of Claim Treatment Issues [docket no.: 49]. On November 8, 2022, the Court entered its Order Granting Motion for Relief from the Automatic Stay Personal Property – Settlement by Stipulation Re: 2016 Mercedes-Benz C-Class [docket no.: 50].

14.    On November 23, 2022, Debtor filed his Motion to Avoid Lien Under 11 U.S.C. Section 522(f) as to Belgium's lien [docket no.: 59][6].

15.    On November 23, 2022, Debtor filed his Second Status Report [docket no.: 60].

16.    Debtor's previous emergency Chapter 13 case was filed on July 12, 2022 (Case No.: 8:22-bk-11158-TA).

_____

[6] Debtor is also in the process of finalizing lien avoidance motions as to the two homeowners association liens on the Rockefeller Property.

17.    On July 26, 2022 filed a Request for Voluntary Dismissal of Ch 13 Case [Chapter 13 docket no.: 15].

18.    On July 26, 2022, the Court entered its Order and Notice of dismissal arising from debtor's request for voluntary dismissal of chapter 13 (11 U.S.C. Section 1307(b)) [Chapter 13 docket no.: 16].

19.    On August 5, 2022, Belgium filed a Motion for Sanctions Barring Subsequent Bankruptcy Filing [Chapter 13 docket no.: 18]. On September 7, 2022, Debtor filed his Opposition to the Motion [Chapter 13 docket no.: 18] and on September 12, 2022, Belgium filed its Reply to Debtor's Opposition [Chapter 13 docket no.: 25].

20.    A true and correct copy of the Court's September 21, 2022 Tentative Ruling on Belgium's Motion for Sanctions Barring Subsequent Bankruptcy Case is attached hereto as **"Exhibit 2."**

21.    On September 27, 2022, Debtor filed his Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 20]. On October 4, 2022, Belgium filed its Opposition to the Debtor's Motion For Order Continuing Stay And Request For Dismissal With A Bar To Refiling [docket no.: 25] and Exhibits thereon [docket no.: 26]. A true and correct copy of the October 18, 2022 tentative ruling is attached hereto as **Exhibit "3."**  On October 25, 2022, the Court entered its Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 35].

///

///

///

///

///

///

///

13

1

22.    I am a certified specialist in Bankruptcy and my firm has confirmed

2 numerous cases for my clients. Generally only 10% of all Chapter 11 cases are

3 confirmed[7].  Thus, my success rate is significantly higher than the industry average and

4 Debtor has his best chance of confirming a Chapter 11 Plan with my assistance.

5

6        I declare under penalty of perjury that the foregoing is true and correct and that

7 this declaration is executed on December 7, 2022 at Beverly Hills, California.

8

9

10                                                Michael Jay Berger

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____

27 [7] https://efinancemanagement.com/financial-leverage/chapter-11-
bankruptcy#:~:text=Success%20Rate%20of%20Chapter%2011%20The%20history%20a
28 nd,expenses%2C%20complicated%20procedures%2C%20restrictive%20timelines%2C%
20and%20so%20on.

DEBTOR'S OPPOSITION TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S MOTION TO DISMISS AND/OR CONVERT CASE TO
CHAPTER 7; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF

<u>DECLARATION OF BASSEM VICTOR EL MALLAKH</u>

I, Bassem Victor El Mallakh, declare and state as follows:

1.     I am the Debtor. I am over the age of 18. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.     My instant Chapter 11 case was filed on September 19, 2022. This is my second bankruptcy filing. I previously filed a Chapter 13 [case no.: 8:22-bk-11158-TA], which I voluntarily dismissed because I was over the debt limit. In the prior case, Belgium tried to obtain a bar on refiling, but the Court denied Belgium's motion. In response to Belgium's Motion for sanctions and bar on refiling in the prior case, I indicated that I had retained my current counsel and was planning on filing Chapter 11 to reorganize my debts.

3.     My current Chapter 11 case was filed in order to reorganize my debts. I had an increase in my rental income from my real property from $3,000 to $4,000, which will be evidenced by my Monthly Operating Reports filed in the case. I am actively looking for employment. I am also reaching out to family to obtain family contributions to support my payments for the Plan I intend to file.

4.     My previous emergency Chapter 13 case was filed on July 12, 2022 (Case No.: 8:22-bk-11158-TA) to stop the foreclosure sale on my home the next morning. While my former counsel and I were preparing the case in order to meet the deadline to file my Schedules, it became apparent that my case could not proceed under Chapter 13 and that the case would inevitably be dismissed due to my being over the § 109(e) debt limits.  Rather than allowing the case to be dismissed for failure to file schedules, I showed good faith and on July 26, 2022 filed a Request for Voluntary Dismissal of Ch 13 Case [Chapter 13 docket no.: 15] asking the Court to dismiss my case in order to attempt to resolve its debts outside of the Chapter 13 case.

DEBTOR'S OPPOSITION TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S MOTION TO DISMISS AND/OR CONVERT CASE TO
CHAPTER 7; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF

5.      My primary residence is the Rockefeller Property. My current Chapter 11 case, and my previously filed Chapter 13 case listed the Rockefeller Property as my primary residence, as do my tax returns and bank statements. A true and correct copy of my Chapter 13 Voluntary Petition, first pages of Debtor's 2019-2022 tax returns, and other statements indicating Debtor lives in the Rockefeller Property are attached hereto as **Exhibit "4."**

6.      I filed my lien avoidance motion under 11 U.S.C. § 522(f) as to Belgium's claim, as summary of which is as follows:

| Property/Lien Description | Value | Remaining Equity/ Treatment |
|---|---|---|
| Rockefeller Property | $1,120,000.00 | |
| Homestead Exemption | $626,400.00 | $493,600.00 |
| 1st TD Freedom Mortgage | $234,000.00 | Secured: $234,000.00 |
| Belgium Judgment Lien (disputed claim) | $4,345,250.00 | Secured: $259,600.00 Unsecured: $4,085,650.00 |
| The Townes at Central Park West Assn. | $3,506.03 | Unsecured: $3,506.03 |
| Central Park West Community Assn. | $3,667.64 | Unsecured: $3,667.64 |

7.      I have made payments on the mortgage and homeowners association on my real property. A true and correct copy of my payments on the mortgage and homeowners association fees is attached hereto as **Exhibit "5."**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on December 7, 2022 at Irvine, CA .

Bassem Victor El Mallakh

16

EXHIBIT 1





History

Expand All

Termination - 2/1/2022

System Amendment - SOS Suspended - 1/4/2022

System Amendment - Pending Suspension - 10/5/2021

System Amendment - Penalty Certification - SI - 10/5/2021

System Amendment - SI Delinquency for the year of 0 - 8/31/2021

Statement of Information - 2/28/2019

System Amendment - FTB Revivor - 7/18/2018

https://bizfileonline.sos.ca.gov/search/business

**California Secretary of State**
Electronic Filing



# LLC Termination – Certificate of Cancellation

|  |  |
|---|---|
| Entity Name: | BELGIUM INVESTMENTS 960 BAY DR, LLC |
| Entity (File) Number: | 201315010139 |
| File Date: | 02/01/2022 |

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

**Electronic Signature(s):**

Jean Ruche

EXHIBIT 2

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Wednesday, September 21, 2022**                                    **Hearing Room**       **5B**

---

<u>3:00 PM</u>
**8:22-11158      Bassem Essam El Mallakh**                                              **Chapter 13**

#27.00      Motion For Sanctions Barring Subsequent Bankruptcy Filing

                              Docket        18

**Tentative Ruling:**

Tentative for 9/21/22:
This is the creditor's motion for sanctions for what the creditor characterizes
as a bad faith filing. But the evidence is not persuasive.  The timing is not
even unusual. However, as this case is likely to be followed by a refiling under
Chapter 11 there will be other opportunities to address good faith, such as the
inevitable hearing under §362(c )(3).

Deny

Appearance: required

| Party Information |
|---|

**<u>Debtor(s):</u>**

   Bassem Essam El Mallakh              Represented By
                                        Benjamin  Heston

**<u>Trustee(s):</u>**

   Amrane (SA)  Cohen (TR)              Pro Se

EXHIBIT 3

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Tuesday, October 18, 2022                                    Hearing Room        5B

---

10:00 AM
**8:22-11605    Bassem Victor El Mallakh**                                    **Chapter 11**

#5.00    Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic
         Stay as the Court Deems Appropriate

                              Docket      20

**Tentative Ruling:**

        Tentative for 10/18/22:
                This is Debtor's motion to continue the automatic stay in his chapter 11
        case filed on September 19, 2022. Debtor previously filed a chapter 13 on
        July 12, 2022. The chapter 13 case was dismissed at Debtor's request on
        July 26, 2022. Debtor explains that he requested that the chapter 13 case be
        dismissed when it became clear he was not eligible to be a debtor in chapter
        13. Creditor Belgium Investments 960 Bay Dr, LLC ("Belgium") opposes this
        motion, arguing that this case was filed in bad faith and that the case should
        be dismissed with a bar.

                Pursuant to section 362(c)(3), where a debtor has a case that was
        pending within the previous one-year that was dismissed, the automatic stay
        terminates on the 30th day after the petition date on the refiled case. The stay
        may be continued upon motion if four minimum requirements are met: (1) a
        motion is filed; (2) there is notice and a hearing; (3) the hearing is completed
        before the expiration of the 30-day stay; and (4) the debtor proves that the
        filing of the new case "is in good faith as to the creditors to be stayed" *In re
        Castaneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006) (citations omitted).

                The movant bears the burden of proof of establishing these minimum
        requirements.  Upon meeting these minimum requirements, the court "may"
        then continue the stay "subject to such conditions or limitations as the court
        may then impose." § 362(c)(3)(B). *Id*. Section 362(c)(3)(C) sets forth
        circumstances in which a case is presumed to be filed in bad faith. If the
        presumption of bad faith arises, the movant must rebut the presumption by
        "clear and convincing evidence to the contrary." *Id*.; § 362(c)(3)(C).  In
        contrast, if the court finds there is no presumption of bad faith arising under §
        362(c)(3)(C)(i) or (ii), then the burden of establishing good faith is reduced to
        preponderance of the evidence. *Id*. at 94-95.  The burden of establishing the

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Tuesday, October 18, 2022                                      Hearing Room          5B

10:00 AM
**CONT...      Bassem Victor El Mallakh**                                    **Chapter 11**
presence of presumptive bad faith rests upon the opponent to the motion. *Id.*
at 95.

    Section 362(c)(3)(B) directs that a court may continue the stay "only if
the party in interest [movant] demonstrates that the filing of the latter case is
in good faith ..." (emphasis added). This necessarily means a court must
make its own determination of good faith under the applicable evidentiary
standard before it may continue the stay. Consequently, the moving papers
must establish the nonexistence of presumptive bad faith, or the moving
papers must admit and rebut the presumption, even though the burden of
proof technically rests upon the opponent and the motion may be unopposed.
*Id.*

    Here, the first three Castaneda requirements are easily met. Debtor
has filed this motion to continue the stay, which will be heard within the 30-
day window. The question, then, is whether the filing of this chapter 11 case
was in good faith as to the creditors to be stayed. But a presumption of bad
faith does not arise in this case because the earlier dismissal was at debtor's
request and none of the other elements of §362(c)(3)(C) appear, or at least
not clearly so. Debtor only had one previous case pending within the last
year, the previous case was not dismissed because Debtor failed to perform
under any obligation or requirement of the court as outlined at §362(c)(3)(C).
But one possibility remains, i.e. Belgium's assertion that there has not been a
substantial change in Debtor's affairs since the first case was filed [§362(c)(3)
(C)(III)] and so no reason appears to conclude that this case can be
concluded successfully in a confirmed plan. While the record is pretty thin
issues of concern do arise (for example: are there other creditors who could
provide an impaired consenting class? How can a plan be funded?) But
because Debtor is now at least in the proper chapter with experienced
counsel and shows at least some declared source of income the court is
inclined to give the benefit of the doubt to debtor. Debtor states that he is
looking for work, collecting rent, and will remain post-petition current on his
obligations and will cure defaults through a plan. While such a claim that a
debtor is looking for work may be tenuous and not a compelling reason for
the case to drag on, and just how a plan would work is pretty vague, this is at
least a reasonable approach in chapter 11.

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Tuesday, October 18, 2022                                Hearing Room    **5B**

<u>10:00 AM</u>
**CONT...**    **Bassem Victor El Mallakh**                          **Chapter 11**

Belgium argues that Debtor has filed both cases in bad faith in order to evade Belgium's judgment but offers no evidence to support its claims. Filing a bankruptcy to avoid foreclosure (or levy of a judgment) is very common and not alone indicative of bad faith. Without evidence to support the arguments in the opposition, the court can and does find that this case was filed in apparent good faith and will continue the stay, but without prejudice to renewal of the issue in a motion to dismiss. Debtor should realize that this case appears very tenuous and so he must be prepared to show progress and that he deserves the benefit of the doubt extended here.

Arguments only tangentially related to the issue before the court are raised in both the opposition and reply. If Belgium believes that there are nevertheless grounds to dismiss this case it may develop that record and file such a motion to dismiss. If Debtor would like an OSC issued there are procedures to do so in the Local Bankruptcy Rules. The court makes no finding about the effect of Corporations Code §17707.06.

*Grant*.

Appearance: required

| Party Information |
| --- |

**<u>Debtor(s):</u>**

    Bassem Victor El Mallakh            Represented By
                                             Michael Jay Berger

**<u>Movant(s):</u>**

    Bassem Victor El Mallakh            Represented By
                                             Michael Jay Berger
                                             Michael Jay Berger

EXHIBIT 4

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

02/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Bassem** <br> First name <br><br> **Essam** <br> Middle name <br><br> **El Mallakh** <br> Last name and Suffix (Sr., Jr., II, III) | _____ <br> First name <br><br> _____ <br> Middle name <br><br> _____ <br> Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** <br><br> Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-3012** | |

Debtor 1    **Bassem Essam El Mallakh**                                                    Case number *(if known)* _____

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** <br><br> Include trade names and *doing business as* names | ■ I have not used any business name or EINs. <br><br> Business name(s) _____ <br><br> EIN _____ | ☐ I have not used any business name or EINs. <br><br> Business name(s) _____ <br><br> EIN _____ |
| **5.** **Where you live** | **116 Rockefeller** <br> **Irvine, CA 92612** <br> Number, Street, City, State & ZIP Code <br><br> **Orange** <br> County <br><br> If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address. <br><br> _____ <br> Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address: <br><br> _____ <br> Number, Street, City, State & ZIP Code <br><br> _____ <br> County <br><br> If Debtor 2's mailing address is different from yours, fill it in here.  Note that the court will send any notices to this mailing address. <br><br> _____ <br> Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** **Why you are choosing** *this district* **to file for bankruptcy** | Check one: <br><br> ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. <br> Explain. (See 28 U.S.C. § 1408.) | Check one: <br><br> ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. <br> Explain. (See 28 U.S.C. § 1408.) |

| Debtor 1 | **Bassem Essam El Mallakh** | Case number *(if known)* |
|---|---|---|

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

**8.** **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** **Have you filed for bankruptcy within the last 8 years?**

☑ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |
| | District | | When | | Case number | |

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

| | Debtor | | | Relationship to you | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |
| | Debtor | | | Relationship to you | |
| | District | | When | Case number, if known | |

**11.** **Do you rent your residence?**

☑ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    **Bassem Essam El Mallakh**                                    Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12.** Are you a sole proprietor of any full- or part-time business?

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ **No.**    Go to Part 4.

☐ **Yes.**    Name and location of business

Name of business, if any

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**13.** Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

■ **No.**    I am not filing under Chapter 11.

☐ **No.**    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ **Yes.**    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14.** Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ **No.**

☐ **Yes.**    What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

---

Official Form 101                    Voluntary Petition for Individuals Filing for Bankruptcy                    page 4

Debtor 1    **Bassem Essam El Mallakh**                                      Case number *(if known)*

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Official Form 101                    **Voluntary Petition for Individuals Filing for Bankruptcy**                    page 5

| Debtor 1 | **Bassem El Mallakh** | | Case number *(if known)* |
|---|---|---|---|

---

**Answer These Questions for Reporting Purposes**

| 16. | What kind of debts do you have? | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17. |
|---|---|---|---|
| | | 16b. | **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17. |
| | | 16c. | State the type of debts you owe that are not consumer debts or business debts |

---

| 17. | Are you filing under Chapter 7? | ■ No. | I am not filing under Chapter 7. Go to line 18. |
|---|---|---|---|
| | Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors? | ☐ Yes. | I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes |

---

| 18. | How many Creditors do you estimate that you owe? | ■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999 | ☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000 | ☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000 |
|---|---|---|---|---|

---

| 19. | How much do you estimate your assets to be worth? | ■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion |
|---|---|---|---|---|

---

| 20. | How much do you estimate your liabilities to be? | ■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion |
|---|---|---|---|---|

---

**Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **Bassem Essam El Mallakh** | Signature of Debtor 2 |
|---|---|
| Signature of Debtor 1 | |
| Executed on  7/12/2022 | Executed on |
| MM / DD / YYYY | MM / DD / YYYY |

---

Debtor 1    **Bassem Essam El Mallakh**                                              Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

Signature of Attorney for Debtor                    Date    7/12/2022
                                                            MM / DD / YYYY

**Benjamin Heston**
Printed name

Firm name

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**
Number, Street, City, State & ZIP Code

Contact phone    **951-290-2827**          Email address    **bheston.ecf@gmail.com**

**297798 CA**
Bar number & State

---

Form **1040**   Department of the Treasury — Internal Revenue Service (99)   **2021**   OMB No. 1545-0074   IRS Use Only — Do not write or staple in this space.
**U.S. Individual Income Tax Return**

**Filing Status**
Check only one box.

[X] Single   [ ] Married filing jointly   [ ] Married filing separately (MFS)   [ ] Head of household (HOH)   [ ] Qualifying widow(er) (QW)

If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent ▶

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| Bassem El Mallakh | | 3012 |

| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
|---|---|---|
| | | |

Home address (number and street). If you have a P.O. box, see instructions.   Apt. no.
116 Rockefeller

City, town, or post office. If you have a foreign address, also complete spaces below.   State   ZIP code
Irvine, CA 92612

Foreign country name   Foreign province/state/county   Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.
[ ] You   [ ] Spouse

At any time during 2021, did you receive, sell, exchange, or otherwise dispose of any financial interest in any virtual currency?   [ ] Yes   [X] No

**Standard Deduction**
Someone can claim:   [ ] You as a dependent   [ ] Your spouse as a dependent
[ ] Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness**   You:   [ ] Were born before January 2, 1957   [ ] Are blind   Spouse:   [ ] Was born before January 2, 1957   [ ] Is blind

**Dependents** (see instructions):
If more than four dependents, see instructions and check here ▶

| (1) First name   Last name | (2) Social security number | (3) Relationship to you | (4) ✓ if qualifies for (see instructions): Child tax credit | Credit for other dependents |
|---|---|---|---|---|
| | | | [ ] | [ ] |
| | | | [ ] | [ ] |
| | | | [ ] | [ ] |
| | | | [ ] | [ ] |

Attach Sch. B if required.

| | | | |
|---|---|---|---|
| 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | **1** | |
| 2a | Tax-exempt interest ........ 2a | **b** Taxable interest ........ **2b** | 3. |
| 3a | Qualified dividends ........ 3a | **b** Ordinary dividends ........ **3b** | |
| 4a | IRA distributions ........ 4a | **b** Taxable amount ........ **4b** | |
| 5a | Pensions and annuities ........ 5a | **b** Taxable amount ........ **5b** | |
| 6a | Social security benefits ........ 6a | **b** Taxable amount ........ **6b** | |
| 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ........ ▶ | **7** | |
| 8 | Other income from Schedule 1, line 10 | **8** | |
| 9 | Add lines 1, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** ........ ▶ | **9** | 3. |
| 10 | Adjustments to income from Schedule 1, line 26 | **10** | |
| 11 | Subtract line 10 from line 9. This is your **adjusted gross income** ........ ▶ | **11** | 3. |

**Standard Deduction for —**
• Single or Married filing separately, $12,550
• Married filing jointly or Qualifying widow(er), $25,100
• Head of household, $18,800
• If you checked any box under Standard Deduction, see instructions.

| | | | |
|---|---|---|---|
| 12 a | Standard deduction or itemized deductions (from Schedule A) | 12a   12,550. | |
| b | Charitable contributions if you take the standard deduction (see instructions) | 12b | |
| c | Add lines 12a and 12b ........ | **12c** | 12,550. |
| 13 | Qualified business income deduction from Form 8995 or Form 8995-A ........ | **13** | |
| 14 | Add lines 12c and 13 ........ | **14** | 12,550. |
| 15 | **Taxable income.** Subtract line 14 from line 11. If zero or less, enter -0- ........ | **15** | 0. |

**BAA  For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.**   Form **1040** (2021)

| Form **1040** | Department of the Treasury — Internal Revenue Service (99) **U.S. Individual Income Tax Return** | **2019** | OMB No. 1545-0074 | IRS Use Only — Do not write or staple in this space. |
|---|---|---|---|---|

**Filing Status**
Check only one box.

[X] Single  [ ] Married filing jointly  [ ] Married filing separately (MFS)  [ ] Head of household (HOH)  [ ] Qualifying widow(er) (QW)

If you checked the MFS box, enter the name of spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ▶

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| Bassem | El Mallakh | 3012 |

| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
|---|---|---|

Home address (number and street). If you have a P.O. box, see instructions.  Apt. no.
116 Rockefeller

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.  [ ] You  [ ] Spouse

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
Irvine, CA 92612

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|

If more than four dependents, see instructions and ✓ here ▶ [ ]

**Standard Deduction**
Someone can claim:  [ ] You as a dependent  [ ] Your spouse as a dependent
[ ] Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness**  You:  [ ] Were born before January 2, 1955  [ ] Are blind    Spouse:  [ ] Was born before January 2, 1955  [ ] Is blind

**Dependents** (see instructions):

| (1) First name    Last name | (2) Social security number | (3) Relationship to you | (4) ✓ if qualifies for (see instructions): |  |
|---|---|---|---|---|
|  |  |  | Child tax credit | Credit for other dependents |
|  |  |  | [ ] | [ ] |
|  |  |  | [ ] | [ ] |
|  |  |  | [ ] | [ ] |
|  |  |  | [ ] | [ ] |

| | | | | |
|---|---|---|---|---|
| 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | 1 | |
| 2a | Tax-exempt interest . . . . . . . . . **2a** | b Taxable int. Att. Sch. B if reqd. | 2b | 5. |
| 3a | Qualified dividends . . . . . . . . . . **3a** | b Ordinary div. Att. Sch. B if reqd. | 3b | |
| 4a | IRA distributions . . . . . . . . **4a** | b Taxable amount . . . . . . . . . . . | 4b | |
| c | Pensions and annuities . . . . . . **4c** | d Taxable amount . . . . . . . . . . . | 4d | |
| 5a | Social security benefits . . . . . . . **5a** | b Taxable amount . . . . . . . . . . . | 5b | |
| 6 | Capital gain or (loss). Attach Schedule D if required. If not required, check here . . . . . . . . . . . . ▶ [ ] | | 6 | |
| 7a | Other income from Schedule 1, line 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 7a | |
| b | Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your **total income** . . . . . . . . . . . ▶ | | 7b | 5. |
| 8a | Adjustments to income from Schedule 1, line 22 . . . . . . . . . . . . . . . . . . . . . . . . . | | 8a | |
| b | Subtract line 8a from line 7b. This is your **adjusted gross income** . . . . . . . . . . . ▶ | | 8b | 5. |
| 9 | Standard deduction or itemized deductions (from Schedule A) . . . . . . . . . . **9** 12,200. | | | |
| 10 | Qualified business income deduction. Attach Form 8995 or 8995-A . . . . . . . . **10** | | | |
| 11a | Add lines 9 and 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 11a | 12,200. |
| b | **Taxable income.** Subtract line 11a from line 8b. If zero or less, enter -0- . . . . . . . . . . . . | | 11b | 0. |

**Standard Deduction for —**
• Single or Married filing separately, $12,200
• Married filing jointly or Qualifying widow(er), $24,400
• Head of household, $18,350
• If you checked any box under *Standard Deduction,* see instructions.

BAA  For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.

Form **1040** (2019)

FDIA0112L  10/07/19



# INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB

## MEMBERS' CONDOMINIUM OWNERS POLICY – FORM 6
## PROPERTY INSURANCE POLICY DECLARATIONS
### Evidence of Insurance
Policy contains 438BFU, printed on next page, in favor of Mortgagee shown.

| | |
|---|---|
| **MORTGAGEE**<br>ADDITIONAL OWNERS INTEREST<br>US TRUSTEE<br>UNITED STATES TRUSTEE (SA)<br>411 W FOURTH ST SUITE 7160<br>SANTA ANA CA 92701 | **LOAN NUMBER**<br><br>**POLICY NUMBER**<br>20189 |
| **NAMED INSURED AND MAILING ADDRESS**<br>BASSEM EL MALLAKH<br>116 ROCKEFELLER<br>IRVINE CA 92612 | **LOCATION OF PREMISES (IF DIFFERENT FROM MAILING ADDRESS)** |

| | |
|---|---|
| ☐ PROPERTY INSURANCE POLICY DECLARATIONS<br>EFFECTIVE DATE OF THIS POLICY 10262022    12:01 A.M.<br>(PACIFIC STANDARD TIME)<br>EXPIRATION DATE OF THIS POLICY 10262023    12:01 A.M.<br>(PACIFIC STANDARD TIME)<br><br>**ANNUAL PREMIUM $**<br><br>☐ AMENDMENT OF PROPERTY INSURANCE DECLARATIONS<br>ENDORSEMENT<br>EFFECTIVE DATE                12:01 A.M.<br>(PACIFIC STANDARD TIME)<br>EXPIRATION DATE OF THE POLICY        12:01 A.M.<br>(PACIFIC STANDARD TIME) | **COVERAGES AND LIMITS OF LIABILITY**<br><br>**PART I - PROPERTY COVERAGES**<br><br>COVERAGE A – BUILDING PROPERTY        82000<br>OTHER PERILS DEDUCTIBLE              5000<br>WATER DEDUCTIBLE                    5000 |

**PROVISIONS**
This form is not a contract of insurance. The provisions of the policy shall prevail in all respects. All premiums for the insurance policy shall be computed in accordance with the Interinsurance Exchange of the Automobile Club rules, forms, premiums and minimum premiums applicable to the insurance afforded which are in effect at the inception of the insurance policy and upon each anniversary thereof, including the date of interim changes. The insurance policy does not become effective unless and until escrow closes, the named insured has an ownership interest in the residence premises, and the premium is paid or reserved in an escrow account. If the insurance protection evidenced herein terminates, the mortgagee will be given notice in accordance with the standard mortgagee clause (438BFU).

*ACSC Management Services, Inc.*
**ATTORNEY-IN-FACT**

**FOR QUESTIONS OR CHANGES CALL**
8720 01/16

.......................................................................... **DETACH HERE AND RETURN WITH PREMIUM PAYMENT** ..........................................................................

INTERINSURANCE EXCHANGE OF the
Automobile Club of Southern California
MAILING ADDRESS: P.O. Box 25448 SANTA ANA, CALIFORNIA 92799-5448

**NOTICE OF
PREMIUM DUE**

| | | |
|---|---|---|
| **LOAN NUMBER**<br><br>BASSEM EL MALLAKH<br>116 ROCKEFELLER | **POLICY NUMBER**<br>CHO183020189<br>**DUE DATE**<br><br>**PREMIUM DUE** | **PLEASE PAY THE PREMIUM<br>DUE BEFORE OR ON THE<br>DUE DATE**<br><br>**MAKE CHECK PAYABLE TO<br>ACSC** |

# Wells Fargo Combined Statement of Accounts

September 30, 2022 ■ Page 1 of 6



BASSEM VICTOR EL MALLAKH
116 ROCKEFELLER
IRVINE CA 92612-8114

## Questions?

Available by phone 24 hours a day, 7 days a week:
We accept all relay calls, including 711

**1-800-742-4932**

En español: 1-877-727-2932

Online: wellsfargo.com

Write: Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.

| | | | |
|---|---|---|---|
| Online Banking | ☐ | Direct Deposit | ☐ |
| Online Bill Pay | ☐ | Auto Transfer/Payment | ☐ |
| Online Statements | ☐ | Overdraft Protection | ☐ |
| Mobile Banking | ☐ | Debit Card | ☐ |
| My Spending Report | ☐ | Overdraft Service | ☑ |

**Other Wells Fargo Benefits**

**From Wells Fargo Home Mortgage**

Is a home purchase in your future? Competitive rates and low down payment options make now a great time to buy a home. Plus, as a Wells Fargo customer, you can count on personalized guidance and streamlined service every step of the way.

Get started with an online mortgage application that can pre-fill your Wells Fargo account information and save you time. Use your Wells Fargo Online® username and password at the start of the application. Go to wellsfargo.com/homepurchase or contact your local home mortgage consultant.

Sheet Seq = 0105191
Sheet 00001 of 00003

Created With Tiny Scanner



FREEDOM MORTGAGE®
PO Box 50485, Indianapolis, IN 46250-0485

August 16, 2021

BASSEM ELMALLAKH
116 ROCKEFELLER
IRVINE          CA 92612

## PAYOFF STATEMENT

Loan Number:        ████4275          Next Payment Due Date:  February 1, 2020
Borrower:        BASSEM ELMALLAKH

Property:        116 ROCKEFELLER
                 IRVINE          CA 92612

Loan Type:        CONVENTIONAL

### Payoff Quote Good Through September 15, 2021

The accrued interest shown below is projected through September 15, 2021.  After that date, please add an additional $ 13.80 per day.

| **Please send the following Remittance:** | |
|---|---|
| Current Unpaid Principal | $ 201,970.66 |
| Accrued Interest | $ 9,657.70 |
| Prepayment Penalty | $    0.00 |
| Escrow/Impound Required | $ 12,564.30 |
| Mortgage Insurance Premium Due | $ 0.00 |
| Less Escrow/Impound Funds | $ -  0.00 |
| Less Unapplied Funds Balance | $    0.00 |
| Statement Fee | $   30.00 |
| Unpaid Late Charges | $   60.14 |
| Recording Fee | $  168.00 |
| Release Fee | $    0.00 |
| Additional Items Due | $   75.00 |
| Deferred Balance | $.00 |
| Optional Insurance | $    0.00 |
| **TOTAL PAYOFF DUE:** | $  224,525.80 |

A Deferred Balance may include items such as deferred Principal Balance, Late Charges, Escrow Advances, Expense Advances and Administrative Fees.

The current escrow balance is $-12,564.30. Any escrow payments scheduled to disburse prior to the payoff expiration date will be deducted from the total escrow balance. If the scheduled disbursement creates a negative balance in the escrow account, these funds will appear as an escrow advance and included in the total payoff due.  Available escrow funds will be returned to the borrower within 14 business days from the date the loan is paid in full.

261



**FREEDOM MORTGAGE®**
PO Box 50485, Indianapolis, IN 46250-0485

*When applicable, any escrow funds credited toward the total payoff will not be returned.*

The information shown on this statement is subject to change. To ensure that you are submitting sufficient funds to pay your account in full, please contact our Customer Care Department for updated figures prior to remitting payoff funds. If your loan is referred to foreclosure this payoff statement will no longer be valid, therefore, a new payoff statement will need to be requested.

## WHERE TO SUBMIT PAYOFF FUNDS

**WIRE TRANSFER**
Freedom Mortgage Corporation
Reference:  Payoff/Payment Department
Keybank, 127 Public Square, Cleveland, OH
ABA: 041001039
Bank Account: ▮▮▮▮▮▮3402
Borrower Name:  BASSEM ELMALLAKH
Loan Number:  ▮▮▮▮4275

**OVERNIGHT DELIVERIES OF PAYMENTS**
Freedom Mortgage Corporation
ATTN: Payoff Department
10500 Kincaid Drive, Suite 111
Fishers, Indiana  46037-9764

*Please note that Freedom Mortgage requires payoffs to be received in the form of certified funds. Personal checks will not be accepted. Additionally, Freedom Mortgage will only accept funds to pay off the account in full. Payoff funds received that are not sufficient to pay the loan account in full will be returned.*
*Incoming wire transfers received by 4pm EST will be credited the same day. Wires received after that time will be processed on the next business day.  Please ensure that all payoff funds submitted include the borrower's name and loan number.*

Customer Care representatives are available to assist you at (855) 690-5900 Monday through Friday from 8:00am – 10:00pm and Saturday from 9:00am – 6:00pm Eastern Time.

**FREEDOM MORTGAGE CORPORATION IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

-------------------------------------------------------------------------------------------------------------------------
### Change of Address Notification Form

Is your mailing address changing as a result of this payoff request? Please let us know your new address below in order to ensure all trailing documents are sent to the appropriate address. Please return this form to:

Freedom Mortgage P.O. Box 50428 Indianapolis IN 46250-0401

**New Address:** _____**City/State/Zip**_____

**Loan Number:** 0113204275

EXHIBIT 5



CASHIER'S CHECK

262111107 NEW 01/21 8810004306

1114358578

91-2
1221

CHASE

Date    12/07/2022    Void after 7 years

Remitter:    BASSEM V. ELMALLAKH/DEBTOR IN POSSESSION CASE  22-11605

Pay To The
Order Of:    FREEDOM MORTGAGE CORPORATION

Pay:    TWO THOUSAND TWENTY EIGHT DOLLARS AND 21 CENTS    $** 2,028.21 **

Drawn    JPMORGAN CHASE BANK, N.A.

Do not write outside this box

Rebecca Griffin, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Phoenix, AZ

Memo:
Note: For information only. Comment has no effect on bank's payment.

⑈1114358578⑈ ⑆122100024⑆ 806002234⑈



CASHIER'S CHECK

262111107 NEW 01/21 8810004306

1114358579

91-2
1221

CHASE

Date    12/07/2022    Void after 7 years

Remitter:    BASSEM V. ELMALLAKH/DEBTOR IN POSSESSION CASE  22-11605

Pay To The
Order Of:    THE TOWNS AT CENTRAL PARK WEST

Pay:    TWO HUNDRED SIXTY FIVE DOLLARS AND 00 CENTS    $** 265.00 **

Drawn    JPMORGAN CHASE BANK, N.A.

Do not write outside this box

Rebecca Griffin, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Phoenix, AZ

Memo:
Note: For information only. Comment has no effect on bank's payment.

⑈1114358579⑈ ⑆122100024⑆ 806002234⑈

CASHIER'S CHECK

262111107 NEW 01/21 8810004306

1114358580

91-2
1221

CHASE

Date    12/07/2022    Void after 7 years

Remitter:    BASSEM V. ELMALLAKH/DEBTOR IN POSSESSION CASE  22-11605

Pay To The
Order Of:    CENTRAL PARK WEST

Pay:    ONE HUNDRED SIXTY SIX DOLLARS AND 00 CENTS    $** 166.00 **

Drawn    JPMORGAN CHASE BANK, N.A.

Do not write outside this box

Rebecca Griffin, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Phoenix, AZ

Memo:
Note: For information only. Comment has no effect on bank's payment.

⑈1114358580⑈ ⑆122100024⑆ 806002234⑈

Created With Tiny Scanner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO
BELGIUM INVESTMENTS 960 BAY DR, LLC'S MOTION TO DISMISS AND/OR
CONVERT CASE TO CHAPTER 7; DECLARATIONS OF MICHAEL JAY BERGER AND
BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF** will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/7/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 12/7/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/7/2022, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Honorable Theodore Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/7/2022 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

**Belgium Investments 960 Bay Dr, LLC**
c/o Patrick Miller, Esq.
P. Miller Legal Services
121 S Oak Avenue
Pasadena, CA 91107

**Central Park West Community Association**
c/o Tinnelly Law Group
27101 Puerta Real, Suite 250
Mission Viejo, CA 92691

**Central Park West Community HOA**
401 Rockefeller #208
Irvine, CA 92612

**First Service Residential**
15241 Laguna Canyon Rd.
Irvine, CA 92618

**First Service Residential**
c/o Community Legal Advisors
509 N. Coast Highway
Oceanside, CA 92054

**Freedom Mortgage**
951 Yamato Rd.
Boca Raton, FL 33431

**Freedom Mortgage**
PO Box 50428
Indianapolis, IN 46250

**Freedom Mortgage Corporation**
1455 Frazee Road, Suite 820
San Diego, CA 92108

**Freedom Mortgage Corporation**
Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel, NJ 08054

**INTERNAL REVENUE SERVICE**
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**TD Auto Finance**
6 Atlantis Way
Lewiston, ME 04240

**Td Auto Finance**
Attn: Bankruptcy
Po Box 9223
Farmington Hills, MI 48333

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**TD Bank, N.A.**
successor in interest to TD Auto Finance
P.O. Box 16041
Lewiston, ME 04243

**The Tones at Central**
Pak West Ass
15241 Laguna Canyon Rd
Irvine, CA 92618

**The Townes at Central Park West Association**
c/o Community Legal Advisors Inc.
509 N. Coast Highway
Oceanside, CA 92054

**Wells Fargo Bank NA**
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328

**Wells Fargo Bank, N.A.**
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

**Wells Fargo Bank, N.A.**
Small Business Lending Division
P.O. Box 29482 MAC S4101-08C
Phoenix, AZ 85038

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                         **F 9013-3.1.PROOF.SERVICE**