PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581


Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 11<br><br>**OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN UNDER 11 USC §522(F) AND HEARING REQUEST**<br><br>**Date**: TBD<br>**Time**: TBD<br>**Crtrm**: Virtual/5B |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

Belgium Investments 960 Bay Dr, LLC, a California Corp. ("Belgium") hereby sets out its response in opposition to the motion to avoid lien under 11 USC §522(F) filed by debtor, Bassem Essam El Mallakh (the "**Opposition**" and "the "**Motion to avoid lien**", respectively).

PLEASE TAKE FURTHER NOTICE that any reply to the Opposition must be in writing, filed with the Court, and served on counsel for Belgium at the address listed above, at least 7 days prior to the hearing date, which is to be determined.

| | | |
|---|---|---|
| Dated: | 7 Dec 2022 | Impact Advocates APC |

By_____
    Patrick Miller
    Attorney for
    Judgement Creditor
    Belgium Investments

# POINTS & AUTHORITIES

## I. Introduction.

Belgium opposes Debtor's Motion to avoid lien because (i) Debtor is not entitled to claim the homestead exemption (the "**HS exemption**"); and (ii) this matter should be addressed during discussions concerning a suitable reorganization plan.

Belgium formally requests that a hearing be held on Debtor's Motion to avoid lien some time in 2023. It requests that this hearing be held after the other relevant issues are resolved because the resolution of these motions/objections will have a substantial effect on the issues under the present Motion to avoid lien.

Belgium has several motions/objections which should be resolved before Debtor's Motion to avoid lien, including: (a) Belgium's motion to dismiss this Ch 11 case and/or convert it to Ch 7, which is scheduled to be heard on 21 December 2022 [Docket No 67]; and (b) Belgium's Objection to Debtor's Claimed Homestead Exemption (the "**Objection to HS Exemption**"), which is scheduled to be heard on 11 January 2023 [Docket No 55].

Belgium wishes to reserve the opportunity to elaborate on its Opposition to Debtor's Motion to avoid lien at least until after the issue of Debtor's entitlement to, and quantum of, a homestead exemption has been determined.

As detailed below, Belgium contends that it would be more appropriate to address lien avoidance issues after a suitable reorganization plan has been proposed. However, Debtor has indicated that such a plan will not be made available until the deadline of 1 March 2023.

## II. This Motion should be denied because Debtor cannot claim a Homestead Exemption.

Belgium's lien does not impair Debtor's claim of exemption because he is not entitled to claim this exemption. As detailed in Belgium's Objection to HS Exemption [Docket No 55], Debtor is not entitled to claim a HS Objection over the property he owns located at 116 Rockefeller, Irvine, CA, 92612 (the "**Rockefeller Property**"). This is because he does not reside at the Rockefeller Property. Additionally, he is estopped from claiming a HS exemption in the present case due to res judicata since the Orange County Superior Court has already ruled that

the Rockefeller Property is not a homestead. These issues were addressed at Sections II-VII of Belgium's Objection to HS Exemption and need not be replicated in the present Opposition.

Additionally, the amount of Debtor's claimed HS exemption should be limited to $75,000 because this was the amount available at the time when Belgium's Abstract of Judgement was recorded on 9 November 2020. This issue is addressed at Section VIII of Belgium's Objection to HS Exemption. This means that Belgium's lien does not impair the Rockefeller Property to the extent which Debtor claims.

The determination as to Debtor's entitlement to (and the amount of) a HS exemption over the Rockefeller Property will dramatically affect the present Motion.

**III.    This matter should be addressed during discussions concerning a suitable reorganization plan.**

The court should wait to consider whether to avoid Belgium's lien until the same time as it considers the suitability of the reorganization plan proposed by Debtor because (a) Debtor has suggested that it will pay subordinate lienholders in full while avoiding Belgium's lien; and (b) this case will likely be dismissed or converted to Ch 7 if a suitable reorganization plan is not proposed.

Below is a summary of the liens connected to the Rockefeller Property:

| Secured Creditor | Lien Recording Date | Original Lien Amount | Current Lien Amount[1] |
|---|---|---|---|
| Freedom Mortgage | 29 Oct 2013 | $234,000 | $243,971 |
| Belgium | 9 Nov 2020 | $4,345,250 | $4,345,250 |
| Townes (HOA) | 9 Feb 2022 | $3,506 | $7,276 |
| Central Park West (HOA) | 16 May 2022 | $3,667 | $2,878 |

---

[1] Belgium notes that the changes in lien amount may present cause for challenge/reduction which may be taken up in subsequent submissions.

OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN
Page. 4

Debtor stated in his Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate that he will cure the pre-petition defaults with both of his Homeowner's Associations through the reorganization plan [Docket No 44][2]. This means that Debtor intends to pay two liens in full which were recorded after Belgium's. It is neither equitable nor appropriate for Debtor to pay subordinate lienholders in full while dramatically reducing the amount of Belgium's lien through the present application. As such, the present application should not be considered until a suitable reorganization plan is submitted which takes into account the various priorities of each lienholder.

Additionally, Belgium strongly views this case as inappropriately filed under Ch 11, primarily because Debtor cannot propose a suitable reorganization plan. In which case, this case should be dismissed or converted to Ch 7. In either scenario, there will be a forced sale of the Rockefeller Property and the distribution of proceeds will flow to each party in accordance with their entitlements to the same. As such, there would be virtually no utility in avoiding Belgium's lien.

**IV.    Conclusion.**

As set out above, there are a number of steps that should be taken before addressing Debtor's Motion to avoid lien. Importantly, we must determine the amount and availability of Debtor's HS exemption which Debtor claims is impaired by Belgium's lien. We should also consider Debtor's Motion to avoid lien in the context of a suitable reorganization plan, which apparently will not be available until 1 March 2023.

Belgium respectfully requests this court to issue orders providing for a hearing on this motion and allowing for adequate time for Belgium to submit an Opposition after the above issues have been addressed.

---

[2] See page 5, paragraph 2(c).

| | | |
|---|---|---|
| Dated: | 7 Dec 2022 | Impact Advocates APC |

By_____
Patrick Miller
Attorney for
Judgement Creditor
Belgium Investments

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is, 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN UNDER 11 USC §522(F) AND HEARING REQUEST** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (through electronic filing); and **(b)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/30/22, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Debtor Bassem Victor El Mallakh
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Chad L Butler on behalf of Interested Party Courtesy NEF
caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston

bhestonecf@gmail.com,

benheston@recap.email,NexusBankruptcy@jubileebk.net

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr, LLC A California Corp.

patrick.miller@impactadvocateslaw.com

Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC

randym@cookseylaw.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 12/7/2022, at Pasadena, California.

*/s/ Patrick Miller*

Patrick Miller