PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581

Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 11<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISMISS AND/OR CONVERT CASE TO CH 7; DECLARATION OF PATRICK MILLER**<br><br>**Date**: 21 December 2022<br>**Time**: 10am<br>**Crtrm**: Virtual/5B |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**") hereby submits its Reply to Debtor's Opposition to its Motion to Dismiss and/or Convert Case to Ch 7 (the "**Reply**").

1

## **TABLE OF CONTENTS**

2

| Section | Description | Page |
|---------|-------------|------|
| I | Introduction. | 3 |
| II | Debtor has no basis to challenge Belgium's standing in these proceedings. | 4 |
| II.A | Belgium is authorized to participate in these proceedings under California Corporations Code §17707.06 because it is prosecuting an action in order to collect on an obligation. | 4 |
| II.B | Debtor is estopped from challenging Belgium's standing to participate in these proceedings by virtue of res judicata since the Orange County Superior Court has already disposed of this issue. | 6 |
| III | No progress has been made that explains Debtor' s ability to propose a suitable reorganization plan. | 8 |
| IV | Dismissal is in the best interest of the only relevant creditor (Belgium). | 10 |
| V | Debtor failed to address Belgium's criticism regarding Debtor's improper purpose in filing under Ch 11 and associated bad faith. | 11 |
| VI | Debtor failed to address the indicators of bad faith cited by Belgium at Section III.A of its Motion to Dismiss. | 11 |
| VII | The background information provided by Belgium is relevant to assess Debtor's good faith in this case and how much latitude he has already been afforded. | 12 |
| VIII | Conclusion. | 13 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POINTS & AUTHORITIES**

## I.    Introduction.

Notwithstanding its Certificate of Cancellation, Belgium is authorized to participate in these proceedings under California Corporations Code §17707.06 because it is prosecuting an action in order to collect on an obligation. Furthermore, Debtor is estopped from challenging Belgium's standing to participate in these proceedings by virtue of res judicata since the Orange County Superior Court has already disposed of this issue. Given the above, Debtor has no basis to challenge Belgium's standing in these proceedings.

Despite repeated requests from this court, real progress has not been made because Debtor has not provided any explanation as to how it will propose a suitable reorganization plan. Belgium has explicitly challenged Debtor's ability to propose a suitable plan in written submissions since the outset of this case. However, Debtor has continued to refuse to provide any explanation that addresses this fundamental critique of Debtor's Ch 11 filing.

Dismissing this action would be in the best interests of the only creditor that is relevant in these proceedings (Belgium). Belgium is the only relevant creditor because Debtor has confirmed he will seek to avoid the subordinate liens held by his homeowner's associations and the Rockefeller Property sale would be subject to the superior lien held by Debtor's mortgage bank. Belgium already received an Order of Sale from the Orange County Superior Court and now wishes to conclude this sale.

Debtor failed to address Belgium's criticism regarding his improper purpose in filing under Ch 11 and associated bad faith. Debtor inaccurately summarized Belgium's position regarding his homestead claim and did not address Belgium's argument regarding his intention to delay until some potential reversal in Florida is achieved.

It is telling that Debtor has also not responded to any of the indicators of bad faith raised by Belgium in Section III.A of its Motion to Dismiss. Presumably, Debtor has no response to these indicators because they also help to reveal the bad faith character of this filing.

The background information provided by Belgium is relevant to assess Debtor's good faith in this case, how much latitude he has already been afforded, and why it's appropriate to dismiss this case at this time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.  Debtor has no basis to challenge Belgium's standing in these proceedings.**

> **A.  Belgium is authorized to participate in these proceedings under California Corporations Code §17707.06 because it is prosecuting an action in order to collect on an obligation.**

Debtor cites caselaw from 2009 (and earlier) as support for its argument that Belgium's status somehow deprives it of a right to participate in these proceedings. However, as Debtor is aware, an amendment to California Corporations Code came into effect on 1 January 2016 which explicitly addresses this issue. (See *DD Hair Lounge, LLC v. State Farm Gen. Ins. C*o., 20 Cal. App. 5th 1238, 1241, 230 Cal. Rptr. 3d 136, 137 (2018): "*Effective January 1, 2016, however, section 17707.06 was amended to provide that an LLC could file a certificate of cancellation, yet retain its powers of "prosecuting and defending actions by or against it in order to collect and discharge obligations.*"")

The relevant text of §17707.06 is set out below:

> "*(a) A limited liability company that has filed a certificate of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets. A limited liability company shall not continue business except so far as necessary for its winding up.*

> *(b) No action or proceeding to which a limited liability company is a party abates by the filing of a certificate of cancellation for the limited liability company or by reason of proceedings for its winding up and dissolution.*

> *...*

> *(d) After cancellation of the limited liability company, the limited liability company is bound by both of the following:*

*(1) **The act of a person authorized to wind up the affairs of the limited liability
company**, if the act is appropriate for winding up the activities of the limited liability company.*
(emphasis added)[1].

In this case, Belgium is <u>prosecuting</u> an <u>action</u> to <u>collect</u> on an <u>obligation</u>. These words are
taken directly from the text of §17707.06(a). In fact, to be precise, it is continuing an
enforcement action which was previously in state courts and has now migrated to bankruptcy
courts due to Debtor's bad faith filing under Ch 11.

This issue was previously raised by Debtor, at which time Belgium noted the recent
revisions to §17707.06 which are directly relevant. Debtor has curiously decided not to address
those revisions and instead references caselaw which predates this revision.

Several cases have noted that the revision to §17707.06 allows a cancelled LLC to
participate in proceedings. (See the above-referenced *DD Hair Lounge, LLC v. State Farm Gen.
Ins. C*o.; see also *Vera v. REL-BC, LLC*, 66 Cal. App. 5th 57, 74, 281 Cal. Rptr. 3d 45, 58
(2021), *review denied* (Oct. 13, 2021) which holds that "*by the plain language of [*§17707.06 *]
REL-BC cannot be denied its fees merely because it is a dissolved or canceled entity*"
(referencing (Cf. *Wiseman Park, LLC v. Southern Glazer's Wine & Spirits, LLC* <u>(2017) 16
Cal.App.5th 110, 114, fn. 4, 223 Cal.Rptr.3d 802</u> [deciding appeal while noting that the appellant
was a dissolved LLC].))

We note that Debtor continuously refers to the rights and powers of a suspended or
cancelled corporation. For the avoidance of confusion, Belgium is a limited liability company
(not a corporation). We should also note that there is no obligation for a creditor in a bankruptcy
action to be a tax-paying citizen of the state where the bankruptcy is being administered, as this
was raised orally at a recent status conference.

---

[1] §17707.06 was added by <u>Stats.2012, c. 419 (S.B.323), § 20, operative Jan. 1, 2014</u>. Amended
by <u>Stats.2015, c. 775 (A.B.506), § 15, eff. Jan. 1, 2016</u>.

**B.  Debtor is estopped from challenging Belgium's standing to participate in these proceedings by virtue of res judicata since the Orange County Superior Court has already disposed of this issue.**

The issue of Belgium's Certificate of Cancellation was raised by Debtor's previous counsel during the enforcement action in Orange County Superior Court. Specifically, Debtor argued in written submissions opposing Belgium's application to sell the Rockefeller Property that it had no standing due to its having filed a Certificate of Cancellation[2].

Belgium responded by referencing the revision to §17707.06 in its Reply, explaining that it was authorized to prosecute its enforcement action[3].

The Orange County Superior Court did not find that Belgium's status precluded its participation in that enforcement action and issued an Order for Sale of the Rockefeller Property[4].

"*Generally, the preclusive effect of a former adjudication is referred to as 'res judicata.'*" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir. 1988). Res judicata includes two types of preclusion: "claim preclusion" and "issue preclusion."

There are three elements a party must establish to invoke claim preclusion: (i) an identity of claims; (ii) a final judgment on the merits; and (iii) party privity. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Here, all three requirements are met—and the Sale Order acts as claim preclusion barring the Debtor's arguments regarding standing.

---

[2] See the Declaration of Patrick Miller in support of this Reply at paragraphs 3-6 and Exhibit 1 to the same.
[3] See the Declaration of Patrick Miller in support of this Reply at paragraphs 3-6 and Exhibit 2 to the same.
[4] See the Declaration of Patrick Miller in support of this Reply at paragraphs 3-6 and Exhibit 3 to the same.

REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISMISS

1

2

The Sale Order dated 10 May 2022 at Ex 3 is certainly a final order and the parties to that action are identical to the present parties (Belgium and Debtor).

3

4

5

6

7

8

9

10

The "identity of claims" requirement is satisfied because the hearing on the Order of Sale and the Superior Court's Sale Order addressed the same nucleus of facts, the same rights (Belgium's right to prosecute an action), and depend on substantially the same evidence. Additionally, the rights established through the Superior Court's Sale Order would be destroyed or impaired if Belgium is unable to participate in these proceedings. *See Mpoyo v. Litton Eletrco-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (addressing factors considered in analyzing presence of "identity of claims").

11

12

13

14

15

16

17

In the 9th Circuit, issue preclusion applies where (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action. *Syverson v. International Business Machines Corp.,* 472 F.3d 1072, 1078 (9th Cir.2007) (citations omitted). Here, each element of issue preclusion is established.

18

19

20

21

22

23

24

There was a full and fair opportunity to litigate this issue as Debtor's counsel raised the exact same issue when opposing the sale order in written submissions in advance of the hearing on the same. Belgium's counsel responded to this issue by referencing §17707.06. The Order for Sale was final judgement that was issued despite Debtor's argument against standing— demonstrating that the court ruled against Debtor's standing argument. The parties in that action were identical to the present parties (Debtor and Belgium).

25

26

27

28

### III. No progress has been made that explains Debtor's ability to propose a suitable reorganization plan.

Belgium has raised concerns throughout these proceedings that that Debtor has no intention to propose a plan that meets the best interest test and allows for an outcome that is preferable to the forced sale that was ordered by the Orange County Superior Court over 6 months ago. Debtor has still not made any progress towards explaining how it might propose a suitable plan.

Debtor's Claims Summary table at page 9 of its Opposition indicates Belgium would have a security interest over $259.6k worth of equity in the Rockefeller Property even if Debtor's dubious HS exemption were allowed (which Belgium strongly opposes). Belgium would also have ~$4 million worth of unsecured claims against Debtor in this event.

Belgium has argued that there is no explanation how Debtor might propose a reorganization plan which puts it in a better position than it would be in a forced sale. Debtor's Opposition still fails to provide an explanation that addresses this fundamental issue.

Debtor suggests that Belgium may potentially receive more through a Ch 11 plan than it would if a Ch 7 trustee were involved. But he provides no explanation how Debtor might fund such a plan, what such a plan might look like, or any bases for believing that such a plan could materialize. This is because there is no prospect for such a plan.

The only income that Debtor has to sustain a reorganization plan would be the monthly rental payments from his sister of $4,000. Belgium has already explained why this income is not reliable in its Motion to Dismiss. Debtor suggested that these concerns were speculative, rather than addressing their substance. Debtor's failure to address these concerns underscores why this income is so unreliable.

While Debtor's sole income source is the unreliable $4,000 per month in rent—his monthly expenses are estimated to be $3,503 in his schedules. This leaves just under $500 per month to devote towards a reorganization plan, provided Debtor adheres to the tightly projected monthly expenses found in his schedules. Belgium noted these estimated expenses are unreasonably low and now it appears that Debtor has already exceeded his monthly expense budget by over $300 in October 2022[5].

Debtor suggests that some family member may provide employment or supplemental funds—but these gratuities are likewise unreliable—and will not be able to bridge the gap in funding required to propose a suitable plan. Debtor has not put forward any evidence that he is likely to receive any family contributions, or the amount of any such contributions. He's merely stated that he is "*reaching out to family to obtain family contributions to support my payments for the Plan I intend to file*"[6]. Debtor first met with bankruptcy counsel in April 2022 and has had substantial time to take more concrete steps.

Debtor's refusal to describe any dollar amounts under consideration is particularly instructive. Although the issue is problematic in either direction. If Debtor is somehow able to locate a family member that gratuitously provides ~$250k in funds for a reorganization plan, this would raise even more worrisome concerns regarding those funds' provenance—particularly, since he has already indicated he will be receiving over $30,000 in gratuitous gifts from family to cover his legal expenses through the end of the year. Alternatively, if substantial funds are not available immediately, then Belgium would view this as an unreliable alterative to liquidating the Rockefeller Property.

---

[5] Debtor's estimated living expenses of $3,503 is comprised of $1,961 (to be paid toward his mortgage) and a remainder of $1,542 (for all other expenses). However, Debtor's Operating Report for October 2022 shows that his monthly expenses in October 2022 were $1,862 without any payments towards his mortgage. See Exhibit 4.
[6] See Debtor's Declaration attached to the Opposition.

Debtor must explain how he might propose a plan that allows Belgium to receive the same (or more) than it would if the Rockefeller Property were sold given that of Belgium's secured interest in the Rockefeller Property is at least $259.6k (and likely $886,200). There will be no developments before 1 March 2023 that somehow allows for this Debtor to propose such a plan. This Court granted Debtor several months of latitude to allow him to make progress. No progress has been made other than further elaboration as to Debtor's inability to propose a suitable plan and his improper purpose for filing this Ch 11 case. No further time or costs should be wasted indulging Debtor's bad faith.

**IV. Dismissal is in the best interest of the only relevant creditor (Belgium).**

As an initial point, Debtor has confirmed that he no longer intends to pay any funds towards the liens held by his homeowner's associations when he stated he will be filing motions to avoid those liens[7]. Therefore, Debtor is the only remaining relevant creditor[8].

Debtor suggests, with zero basis or evidence, that he might somehow propose a reorganization plan which is in his creditors' best interest. As the only relevant creditor in this action, Belgium is in the best position to formulate what is in its best interest. Belgium has had experience with this Debtor for many years and it has rightfully concluded that it prefers a forced sale over some unspecified reorganization plan which would require this Debtor to make consistent, substantial payments over a number of years (without any basis for believing it would be in a position to make such payments).

As to Debtor's point regarding the fees which would be charged by a Ch 7 trustee, this is only further evidence that the case should be dismissed rather than converted to Ch 7 as there is

---

[7] See footnote 2 of Debtor's Opposition.
[8] While there is also the lien held by 1st TD Freedom Mortgage, this takes priority over Belgium's lien and would remain on the Rockefeller Property were it to be sold through the forced sale ordered by the Orange County Superior Court. Additionally, Debtor has confirmed that he failed to make mortgage payments for over two years (from Feb 2020 until Oct 2022), therefore it is likely that a new buyer would be preferable to the mortgage holder.

REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISMISS

already an order for sale in place. Importantly, there would be no other creditors whose interest

would require protection by a Ch 7 trustee. Therefore, there would be no reason to incur the fees

necessary of a Ch 7 trustee. This is a simple case between Belgium and Debtor which he has

tried to suggest is somehow appropriately filed under Ch 11.

## V.     Debtor failed to address Belgium's criticism regarding Debtor's improper purpose in filing under Ch 11 and associated bad faith.

Belgium argued at Section III.C of its Motion to Dismiss that the bad faith character of

this filing is apparent (in part) by its improper purpose. One of those improper purposes was to

put forward contradictory, self-serving evidence regarding Debtor's residency to controvert the

evidence he put forward on numerous occasions in earlier proceedings.

In response, Debtor merely provided a few other pieces of evidence which contradict his

previous testimony.

The second improper purpose cited by Belgium was Debtor's improper purpose of

delaying Belgium's enforcement until the FL Judgement was improbably overturned in some

way. The caselaw cited in Belgium's Motion to Dismiss clearly shows that this is an improper

purpose and allows for dismissal. Debtor provided no response to this point, particularly as to

whether he is working to overturn the FL judgement and/or delay the sale of the Rockefeller

Property.

## VI. Debtor failed to address the indicators of bad faith cited by Belgium at Section III.A of its Motion to Dismiss.

Belgium cited a number of indicators of bad faith at Section III.A of its Motion to

Dismiss. These indicators speak to the fact that this is essentially a two-party dispute with a

debtor that has one relevant asset, one relevant creditor, and no ongoing business or appreciable

cash flows.

It is a misnomer to call this a reorganization because there is nothing to reorganize. This

is a simple case where an individual (not a company) has one main asset (not a business with

substantial revenue flows or assets) and one main creditor (not a slew of competing creditors). The only motivation which might conceivably justify the high costs of a Ch 11 filing are those improper purposes described at Section V above.

Debtor's refusal to respond to these indicators underscores the bad faith character of this filing, particularly in light of the improper purpose and lack of a suitable plan noted above—which Debtor has also refused to adequately address.

### VII. The background information provided by Belgium is relevant to assess Debtor's good faith in this case and how much latitude he has already been afforded.

Debtor has curiously suggested that the factual background information provided by Belgium is not "*probative to show the Debtor's pending Chapter 11 case was filed in bad faith*".

This court can certainly make its own determination as to how the previous motions heard before it might affect its decision in the present motion. As to the other information regarding the previous proceedings by Belgium against Debtor, these have been highlighted so that this Court is appraised of the Debtor's previous misconduct and the various bad faith attempts to obstruct Belgium's enforcement over the past several years.

This information is relevant in so far as it is helpful in assessing the character of statements made and/or positions taken by Debtor in this proceeding, particularly those that appear dubious or strain credulity.

These facts are also relevant because they show how numerous courts have provided this Debtor ample opportunity to utilize his legal rights, while Belgium has been forced to wait to obtain redress without any undertaking provided by Debtor.

Debtor's bad faith should no longer take precedence over the best interest of the creditor who was a victim of his misconduct. Belgium should be allowed to enforce the Order of Sale it was awarded over six months ago without any further delay to entertain Debtor's bad faith.

**VIII.   Conclusion.**

      Belgium respectfully requests that this case be dismissed and for any further relief deemed necessary and proper.

Dated:      14 Dec 2022                        Impact Advocates APC

By_____
          Patrick Miller
          Attorney for
          Judgement Creditor
          Belgium Investments

Patrick Miller, Esq., SBN 301819
Impact Advocates APC
121 S. Oak Ave.
Pasadena, CA 91107
213-364-7581
Patrick.miller@impactadvocateslaw.com

Attorney for the Creditor
Belgium Investments 960 Bay Dr,
LLC, a California Corp

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE BASSEM VICTOR EL MALLAKH | ) Case No.: 8:22-bk-11605-TA<br>) Ch 11<br>)<br>) **DECLARATION OF PATRICK MILLER**<br>) **IN SUPPORT OF THE REPLY TO**<br>) **DEBTOR'S OPPOSITION MOTION TO**<br>) **DISMISS AND/OR CONVERT CASE TO**<br>) **CH 7**<br>)<br>) _____<br>)<br>) **Hearing Date:  21 December 2023**<br>) **Hearing Time: 10:00 AM**<br>) **Dept.: 5B/Virtual**<br>)<br>) |

## DECLARATION

1. I, Patrick Miller, am counsel for the Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**"). I have read the Reply to Debtor's Opposition to the Motion to Dismiss and/or Convert the case to Ch 7 and know the contents thereof. The same is true of my own knowledge, except as those matters that are stated on information and belief, and as to these matters, I believe them to be true.

2. I am over the age of 18 years and am fully familiar with the facts and circumstances surrounding my declaration and could and would competently testify thereto if called upon to do so.

3. I was engaged as counsel for the Defendant in April 2020 in order to enforce the judgement obtained in the Florida courts against the Debtor, Bassem Essam Victor El Mallakh. I have now been engaged in this bankruptcy action.

4. I reviewed Debtor's Opposition to Belgium's Application for Order Authorizing the Sale of Real Property and the Evidentiary Objections to filed with the during the enforcement action in Orange County Superior Court which is attached at Exhibit 1. It specifically raised the issue of Belgium's cancelled status at page 2 of the Evidentiary Objections.

5. I prepared Belgium's response to this point which argues that Belgium has standing to prosecute that enforcement action by virtue of California Corporations Code §17707.06 [see Exhibit 2 at Appendix 1 (Response to Objections)].

6. Debtor's Objection on standing grounds did not persuade the court against issuing the Order for Sale [see Exhibit 3].

7. I recently reviewed Debtor's Monthly Operating Report for October 2022 and have noted that Part 8 (g) shows Debtor's living expenses for that month totaled $1,862.

8. I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/14/22

_____

Patrick Miller

2

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is, 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **REPLY TO DEBTOR'S OPPOSITION MOTION TO DISMISS AND/OR CONVERT CASE TO CH 7 AND DECLARATION OF PATRICK MILLER IN SUPPORT OF THE SAME** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (through electronic filing); and **(b)** in the manner stated below:

 **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/30/22, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Debtor Bassem Victor El Mallakh
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Chad L Butler on behalf of Interested Party Courtesy NEF
caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston

bhestonecf@gmail.com,

benheston@recap.email,NexusBankruptcy@jubileebk.net


Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr,

LLC A California Corp.

patrick.miller@impactadvocateslaw.com


Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in

interest to TD Auto Finance LLC

randym@cookseylaw.com


United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov


I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

Executed on this 12/14/2022, at Pasadena, California.

Patrick Miller

# EXHIBIT "1"

Michael Sayer, State Bar No. 141038
Debt Recovery Attorneys
17595 Harvard Ave., Suite C-557
Irvine, CA 92614
Tel. (949) 292-3511
Dra@dracollections.com

Attorneys for Defendant, BASSEM ESSAM EL MALLAKH

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| BELGIUM INVESTMENTS 960 BAY DR. LLC, a California Corp. )<br><br>Plaintiff, )<br><br>v. )<br><br>BASSEM ESSAM EL MALLAKH )<br><br>Defendant. )<br>_____ ) | CASE NO: 30-2020-01148745<br><br>OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY<br><br>Date:  4/21/22<br>Time: 2:00pm<br>Place: Dept. C12<br><br>Reservation No. Unknown |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE Defendant Bassem Essam El Mallakh hereby opposes Plaintiff's

motion for an application for order authorizing the sale of real property pursuant to Cal Code Civ

Proc § 704.750.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff has brought the application for order authorizing the sale of real property under Cal

Code Civ Proc § 704.710(a). This statutory scheme requires Plaintiff comply with various time

sensitive provisions and produce evidence to support the application. As argued below, Plaintiff has

failed on every front to comply with the requirements.

**Plaintiff Has Failed To Comply With The Notice Requirement Under Code Civ Proc §
704.770(b).**

(b) Not later than 30 days before the time set for hearing, the judgment creditor

shall do both of the following:

(1) Serve on the judgment debtor a copy of the order to show cause, a copy of the

application of the judgment creditor, and a copy of the notice of the hearing in the

form prescribed by the Judicial Council. Service shall be made personally or by

mail.

(2) Personally serve a copy of each document listed in paragraph (1) on an

occupant of the dwelling or, if there is no occupant present at the time service is

attempted, post a copy of each document in a conspicuous place at the dwelling.

Here, Plaintiff has not served the judgment debtor as required. This statutory requires

service be made **upon the judgment debtor.**  The code section does not provide for service on the

judgment debtor's attorney, unless compliance with Code Civ Proc § 684.020.

a) Except as provided in subdivision (b), when a writ, notice, order, or other

paper is required to be served under this title on the judgment debtor, it shall be

served on the judgment debtor instead of the attorney for the judgment debtor.

(b) The writ, notice, order, or other paper shall be served on the attorney

specified by the judgment debtor rather than on the judgment debtor if all of the

following requirements are satisfied:

(1) The judgment debtor has filed with the court and served on the judgment

creditor a request that service on the judgment debtor under this title be made by

serving the attorney specified in the request. Service on the judgment creditor of

the request shall be made personally or by mail. The request shall include a

consent, signed by the attorney, to receive service under this title on behalf of the

judgment debtor.

OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

There is no evidence before the Court that Defendant judgment debtor has authorized service upon counsel. Thus, Plaintiff has failed to comply with the service requirements under Code Civ Proc § 704.770(b).

Therefore, on that basis alone the Court must deny Plaintiff's Application for Sale.

**Plaintiff Has Failed To Obtain A Writ Of Execution And Levy**

Plaintiff has failed to timely obtain a current writ of execution[1] and levy the subject property. Specifically, Plaintiff has not obtained a current writ of execution, nor a levy, Cal Code Civ Proc § 704.750(a).

Cal Code Civ Proc § 704.750(a):

(a) Promptly after a dwelling is levied upon (other than a dwelling described in subdivision (b) of Section 704.740), the levying officer shall serve notice on the judgment creditor that the levy has been made and that the property will be released unless the judgment creditor complies with the requirements of this section. Service shall be made personally or by mail. Within 20 days after service of the notice, the judgment creditor shall apply to the court for an order for sale of the dwelling and shall file a copy of the application with the levying officer. If the judgment creditor does not file the copy of the application for an order for sale of the dwelling within the allowed time, the levying officer shall release the dwelling.

Plaintiff is required to obtain a current writ of execution and levy the subject property prior to filing the application for the sale. Then within 20 days after the levy the Plaintiff must file the application for the sale of the subject property. Thereafter the Plaintiff must file a copy of the application for the sale of the subject property with the levying officer. If Plaintiff does not file the

---

[1] Plaintiff obtained a writ on 11/13/20 and 12/9/20. Both writs have expired pursuant to Cal Code

OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

copy of the application for an order for sale of the dwelling within the allowed time, the levying

officer shall release the dwelling.  Here, because no levy has been effectuated, and the subject

property has not been levied, the court has no jurisdiction to order a sale of the subject property.

Plaintiff has failed to comply with Cal Code Civ Proc § 704.750(a). The court's register of

actions, (Ex.1), indicates that no current writ of execution has been issued, and thus a matter of law

no levy can be created. The court cannot grant Plaintiff's application as Plaintiff has failed to

comply with Cal Code Civ Proc § 704.750(a).

Therefore, on that basis alone the Court must deny Plaintiff Application for Sale.

**Homestead Exemption Cal Code Civ Proc § 704.780:**

At the hearing set for 9/16/21, it is Plaintiff's burden to provide admissible evidence that the

records of the County Tax Assessor indicate that there is (or is not) a current homeowner's

exemption or disabled veteran's exemption. Cal Code Civ Proc § 704.780(a)(1). A distinction is

made between the requirements applicable to the homestead exemption statement in the Application

for Sale, and the burden of proof as to the existence of the homestead exemption to be submitted at

the time of the hearing. The Application only requires a, "...statement whether or not the records of

the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's

exemption for the dwelling and the person or persons who claimed any such exemption." Cal Code

Civ Proc § 704.760(a). However, at the hearing it is Plaintiff's burden of proof to establish, "If the

records of the county tax assessor indicate that there is a current homeowner's exemption or

disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment

debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a

homestead." Cal Code Civ Proc § 704.760(a).

Civ Proc § 699.510(a).

OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

Plaintiff has not presented any admissible evidence to confirm, "If the records of the county tax assessor indicate that there is or is not a current homeowner's exemption…" The Plaintiff has not produced a certified copy of the tax records from the County of Orange Tax Assessor.

Therefore, on that basis alone the Court must deny Plaintiff Application for Sale.

**Cal Code Civ Proc § 704.780 Prohibits The Sale Of The Subject Property**

Plaintiff has not presented any evidence to the court as to the fair market value of the subject property. Plaintiff has not had the property appraised, thus the court will be unable to determine the fair market value as required by Cal Code Civ Proc § 704.780(b). Moreover, Plaintiff has not identified the name and address of each lien holder, and the amount of any such liens. The plaintiff has not obtained a litigation guarantee that would establish the name and address of each lien holder, and the amount of any such liens.

Plaintiff's failure to establish the homestead exemption as required by Cal Code Civ Proc § 704.760(a), the failure to determine the fair market value, and providing the name and address of each lien holder and the amount of any such liens, the Court is precluded from ordering the sale of the subject property. The rational is that the Court cannot order the sale of the subject property unless the Court determines that the sale of the dwelling would be likely to produce a bid sufficient to satisfy any part of the amount due on the judgment pursuant to Cal Code Civ Proc § 704.800.

Plaintiff has not provided the Court with sufficient evidence for the Court to proceed to order the sale of the subject property.

Therefore, on that basis alone the court must deny Plaintiff Application for Sale.

## <u>CONCLUSION</u>

For all of the forgoing reasons the Plaintiff's application for order authorizing the sale of real property must be denied.

- 5 –
OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

Dated: 4/1/2022

*Michael Sayer*
Michael Sayer, Attorney for Defendant

OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

**PROOF OF ELECTRONIC SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is, 17595 Harvard Ave, Suite C-557, Irvine, CA 92614.

On the date indicated below, I served by ELECTRONIC SERVICE the foregoing document described as OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY on all interested to the electronic address as listed for each party and attorney below, using the e-filing service pursuant to 2019 California Rules of Court Rule 2.251.(b), Electronic service

| Patrick Miller | |
| P Miller Legal Services | |
| 285 E. California, Unite 201 | |
| Pasadena, CA 91106 | |
| Partick.miller@pmillerlegal.com | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 4/1/2022, at Irvine, California.

*Michael Sayer*
Michael Sayer

OPPOSITION OF BASSEM ESSAM EL MALLAKH TO PLAINTIFF'S APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

Michael Sayer, State Bar No. 141038
Debt Recovery Attorneys
17595 Harvard Ave., Suite C-557
Irvine, CA 92614
Tel. (949) 292-3511
Dra@dracollections.com

Attorneys for Defendant, BASSEM ESSAM EL MALLAKH

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| BELGIUM INVESTMENTS 960 BAY DR. LLC, a California Corp. | CASE NO: 30-2020-01148745 |
| Plaintiff, | DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY |
| v. | |
| BASSEM ESSAM EL MALLAKH | [Filed Concurrently with Opposition] |
| Defendant. | Date:  4/21/22 |
| | Time: 2:00pm |
| | Place: Dept. C12 |

Reservation No. Unknown

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

Please take notice that defendant Bassem Essam El Mallakh submits the

following objections to the Application for Order Authorizing the Sale of Real

Property filed by Plaintiff Belgium Investments 960 Bay Dr, LLC.

- 1 –
DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S
APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY

| Paragraph / Page / Line No. | Text | Objection | Sustained / Overruled |
|---|---|---|---|
| Para.1, Lines 24-28 | STANDING:  I am the attorney for BELGIUM INVESTMENTS 960 BAY DR, LLC,  A  CALIFORNIA CORPORATION  ("Belgium"),  the Judgement  Creditor Plaintiff in the above-entitled matter. | Belgium Investments 960 Bay Dr, LLC is a dissolved corporation as of 2/2/22, with its "…powers, rights and privileges.." terminated. (Ex.1), Thus, Plaintiff has no authority to prosecute the instant action. | |
| Para.3 Lines 6-7 | Cal CCP Section 704.750(a) requires that this Application be submitted within 20 days after service of the Notice of Levy on Real Property | Objection, hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff presented no evidence that the Sheriff served the notice of levy as required by CCP Section 704.750(a) | |
| Para.4 Lines 15-16 | …the real property located at 116 Rockefeller, Irvine, CA 92612 and owned by the Judgement Debtor, | Objection, hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not attached a certified deed evidencing ownership of the subject property. | |
| Para.5 Lines 25- | On 15 February 2021… the Sheriff of Orange County posted a notice of | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks | |

| | | | |
|---|---|---|---|
| 28 to page 3 Lines 1-2 | levy on the interest of Defendant Bassem Essam El Mallakh… Notice of that levy was posted on the property by the Sheriff on about 10 February 2021. | admissible evidence. Plaintiff presented no evidence that the Sheriff served the notice of levy as required by CCP Section 704.750(a) | |
| Para.6 Lines 4-5 | The dwelling is subject to a court order for sale and execution because it is the property of defendant… | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not attached a certified deed evidencing ownership of the subject property… | |
| Para.6 Lines 5-6 | … and has been duly levied on… | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff presented no evidence that the Sheriff served the notice of levy as required by CCP Section 704.750(a) | |
| Para.7 Lines 9-12 | A reasonable search of the records of THE ORANGE COUNTY TAX ASSESSOR do not indicate that there is a current homeowner's exemption or a disabled veteran's exemption for the Property, or that there are any persons who claim such exemption. | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not provided a Litigation Guarantee or a certified Preliminary Title Report, nor inadmissible document from the County | |

DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S
APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY

| | | Tax Collector or County Recorder to support the claim regarding the homeowner's exemption or a disabled veteran's exemption | |
|---|---|---|---|
| Para.8 Lines 14-16 | The Property is not the primary residence of the Judgment Debtor or of his spouse, and, therefore, is not a Homestead as defined under Cal CCP Section 704.710(c). | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. The Application does not indicate how and when Plaintiff's counsel made the determination of "primary residence" | |
| Para.9 Lines 17-21 | Upon information and belief, the owner does not reside in the Property. This is supported by the written declaration of the Defendant, Bassem Essam El Mallakh, wherein he states that he has "been residing fulltime at [his] residence in Santa Monica since 11/21/16 | Objection. The cited declaration was executed 14 months ago. Plaintiff has not presented any timely evidence that Defendant is not currently residing in the subject property. | |
| Para.10 23-24 | There is no known homestead exemption filing against this Property. A search of the records of the ORANGE COUNTY RECORDER has been conducted. | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not provided a Litigation Guarantee or a certified Preliminary Title Report, nor inadmissible document from the County | |

DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S
APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY

| | | | Tax Collector or County Recorder to support the claim regarding the homeowner's exemption or a disabled veteran's exemption | |
|---|---|---|---|---|
| Para.11 Lines 26-28 to page 3 Lines 1-4 | According to the records of the ORANGE COUNTY RECORDER, the following party has a recorded lien or encumbrance against the Property for the amount listed: FREEDOM MORTGAGE CORPORATION 907 Pleasant Valley Ave Ste 3 Mount Laurel, NJ 08054 $234,000 | | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not provided a Litigation Guarantee or a certified Preliminary Title Report, nor inadmissible document from the County Tax Collector or County Recorder to support the claim regarding liens recorded against the subject property. | |
| Page 4 | Verification | | The Application fails to contain the required CCP 2015.5, "I certify (or declare) under penalty of perjury that the foregoing is true and correct" Therefore, the application is legally deficient. | |

Dated: 4/1/2022

*Michael Sayer*

Michael Sayer, Attorney for Defendant.

DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S
APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY

**PROOF OF ELECTRONIC SERVICE**

       I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is, 17595 Harvard Ave, Suite C-557, Irvine, CA 92614.

       On the date indicated below, I served by ELECTRONIC SERVICE the foregoing document described as DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY on all interested to the electronic address as listed for each party and attorney below, using the e-filing service pursuant to 2019 California Rules of Court Rule 2.251.(b), Electronic service

| | |
|---|---|
| Patrick Miller<br>P Miller Legal Services<br>285 E. California, Unite 201<br>Pasadena, CA 91106<br>Partick.miller@pmillerlegal.com | |

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on this 4/1/2022, at Irvine, California.

*Michael Sayer*

Michael Sayer

DEFENDANT BASSEM ESSAM EL MALLAKH EVIDENTIARY OBJECTIONS TO PLAINTIFF'S
APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY

# EXHIBIT "2"

Patrick Miller: State Bar # 301819
P Miller Legal Services
121 S Oak Ave
Pasadena, CA 91107
213-364-7581
Patrick.miller@pmillerlegal.com

Attorney for the Judgement Creditor Plaintiff
Belgium Investments 960 Bay Dr, LLC, a California Corp.

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| **Belgium Investments 960 Bay Dr, LLC, a California Corp.**<br><br>Plaintiff<br><br>vs.<br><br>**Bassem Essam El Mallakh**<br><br>Defendant | Case Number: 30-2020-01148745-CU-EN-CJC<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE APPLICATION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY**<br><br>[Evidentiary Objections filed concurrently]<br><br>RELATED TO ROA #s 97 and 99<br><br>Date: 21 April 2022<br>Time: 2:00 PM<br>Place: Dept 12<br>Judge Layne Melzer |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Plaintiff Belgium Investments 960 Bay Dr, LLC, a California Corp. hereby replies to Defendant's Opposition to its Application for an Order Authorizing the Sale of Real Property and the Evidentiary Objections which it filed concurrently.

## MEMORANDUM OF POINTS & AUTHORITIES

1. This Reply first summarizes the recent foreclosure order issued over the subject property by the Defendant's Homeowner's Association which may jeopardize the Plaintiff's ability to execute its money judgement. These matters were not disclosed by the Defendant despite his duty of candor.

2. The Reply then responds to the Defendant's Opposition and Objections and explains why none of the points raised should prevent the order of sale. It concludes by providing further support for why an order of sale should be issued and/or an undertaking by an admitted surety insurer is appropriate.

3. There is also an Appendix which replicates the Defendant's Evidentiary Objections and includes a column setting out the Plaintiff's replies to the same.

### I. Explanation of Recent Foreclosure Order by Defendant's Homeowner's Association Against the Subject Property

4. The Plaintiff has very recently discovered that the subject property, being the dwelling owned by the Defendant located at 116 Rockefeller, Irvine, CA, 92612 (the "**Rockefeller Property**"), has been ordered to be sold through a separate proceeding.

5. The Defendant apparently defaulted on his Homeowner's Association payments in mid-2020—around the same time this judgement was entered in California.

6. The Defendant's Homeowner's Association (the Townes at Central Park West Association (hereinafter referred to as the "**Association**")) filed a Notice of Delinquent Assessment on 23 November 2020—only 2 weeks after the Plaintiff's Abstract of Judgement was filed **[Exhibits 1 & 2, respectively]**.

7. The Association filed a Notice of Default and Election to Sell in May 2021 **[Exhibit 3].** This was several months before this Court considered whether to order the sale of the subject property and/or an undertaking should be provided in September 2021.

8.  At the hearing in September 2021, this Court was under the impression that the Rockefeller Property was subject to the Plaintiff's levy and that it would be able to sell this property if the Defendant's appeal was unsuccessful.

9.  The Defendant gave no indication that he was refusing to pay his Association fees or that the Association had elected to sell the Rockefeller Property months earlier.

10. This Court found that an undertaking was not necessary in September 2021, seemingly because the levy was ordered to remain in place on the Rockefeller Property.

11. The Association filed an action to recover the unpaid fees on 23 November 2021**[Exhibit 4]**. It appears the Defendant did nothing to contest the action by the Association. This is despite its repeated attempts to obstruct the Plaintiff's ability to execute its judgment in the present matter which was received over 2 years ago.

12. It is noteworthy that Counsel for the Defendant did not attend a status conference in the present matter which took place on 13 December 2021. If Counsel had attended, he might have informed this Court regarding the pending action against the Rockefeller Property. The Plaintiff could have then taken steps to stop the Association's foreclosure action and/or request that an undertaking be provided.

13. The Association obtained an order for sale of the Rockefeller Property on 4 February 2022 **[Exhibit 5].** The order provides for any amounts above the Association's Judgment (of $12,083.47) to be paid to the Defendant.

14. The Orange County Sheriff's office has indicated that the sale could take place as early as June 2022. This is despite the Plaintiff only just being made aware of the action; and despite the superior lien it holds against the Rockefeller Property by virtue of its filing the Abstract of Judgement prior to the Notice of Delinquent Assessment.

15. The Plaintiff's ability to obtain redress for the serious harm caused by the Defendant could be in jeopardy if the foreclosure sale by the Association proceeds as ordered.

16. Plaintiff's counsel wrote to an attorney for the Association concerning these matters on 8 April 2022. We have not yet received their response.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

17. We have now filed a Notice of Related Cases with the Orange County Superior Court pursuant to Cal Rules of Court 3.300. This Court must determine whether the cases should be ordered related and assigned to this department since it is where the earliest unlimited civil case was filed (see Rule 3.300(h)(1)(B)).

18. If this Court does find that the cases are related, we must quickly address the issue of the Association's pending foreclosure sale which could occur as early as June 2022. We must also determine which lien has priority.

19. We appreciate that this Court may require further submissions to aid in its determination of these issues. If so, we request that the Court schedule a hearing on this matter during the month of May 2022 to ensure that it is resolved before any sale.

20. The Plaintiff wishes to underscore that the additional costs and confusion caused by the foreclosure sale order are due to the Defendant's unreasonable refusal to pay its Association fees or candidly update the Court.

21. Typically, a Plaintiff in this situation might request that the Defendant be sanctioned for such conduct. However, the Plaintiff has already been awarded a substantial judgement on which it is hoping to execute. Rather than issue a new sanction, the Plaintiff simply requests that this Court allow the execution sale to proceed and/or require an undertaking by an admitted surety insurer to secure its judgement.

**II. Reply to the Defendant's Opposition and Objections**

**A. Plaintiff has complied with all notice requirements**

22. The Plaintiff served the debtor and the occupant of the property with proper notice of the present hearing more than 30 days before the scheduled hearing date of 21 April 2022. For good measure, the Plaintiff's counsel also emailed Defendant's counsel the necessary documents on 16 March 2022 and informed him that these had already been served on the debtor and the occupant of the Rockefeller Property.

23. The Plaintiff hired process servers to assist in serving the necessary documents in compliance with Cal CCP Section 704.770(b). The Plaintiff's process servers have submitted Declarations of Diligence and Proof of Service documentation at **Exhibit 6**.

    a.  The Plaintiff's process server Michael Kohn made 4 unsuccessful attempts to serve the Notice Documents on the Defendant at his Santa Monica address[1] on 1, 2, 3, and 4 March 2022—but no one answered the door.

    b.  Process Server Kohn spoke with the building manager at the Santa Monica address and confirmed the Defendant still resides in the apartment.

    c.  On 3 March 2022, Process Server Kohn attempted to leave the Notice Documents with the building manager, but they would not accept them.

    d.  On 4 March 2022, Process Server Kohn left the Notice Documents in front of the apartment door.

    e.  On 8 March 2022, David Azema mailed the Notice Documents along with two copies of a Notice and Acknowledgment and a prepaid return envelope to the Defendant's Santa Monica address.

    f.  The Plaintiff's process server John Robert Shultz made 3 unsuccessful attempts to serve the Notice Documents on the Defendant's sister Reem Hanna (who is the occupant of the Rockefeller Property) on 8, 9, and 10 March 2022—but no one answered the door.

    g.  Server Schultz posted the Notice Documents on the door on 10 March 2022.

    h.  On 10 March 2022, David Azema mailed a set of the Notice Documents to Reem Hanna at the Rockefeller Property.

    i.  On 16 March 2022, Plaintiff's counsel e-filed the Declarations of Diligence and Proof of Service documentation which details the above.

---

[1] The Santa Monica address is 525 Broadway Apt 5037, Santa Monica, CA 90401.

24. On 16 March 2022, Plaintiff's counsel also emailed Defendant's counsel the Notice documents and informed him that the same had been served on the Defendant and Ms Hanna at their addresses in Santa Monica and Irvine. Defendant's counsel was also provided notice of the ex parte hearing which took place on 22 February 2022 in this Court where the Order to Show Cause was issued.

25. There is no basis to suggest that the Defendant did not have notice of this hearing. In fact, no evidence has been submitted from the Defendant suggesting he was not served in the manner described above or does not have notice of this hearing.

**B. The Plaintiff's levy remains valid**

26. A hearing was held on the Application in September 2021 where the Defendant raised similar arguments regarding the levy. This issue was addressed at paragraphs 10-16 of the Plaintiff's Reply filed on 9 September 2021.

27. This Court specifically stated: "*pursuant to Code Civ. Proc., § 1710.50(c)(3), the Court orders that the levy be maintained pending the outcome of the appeal*" **[Exhibit 7]**. Therefore, the Defendant has no basis to argue that the levy is no longer valid.

**C. Cal CCP Section 704.780 does not shift any burden of proof because there is no evidence of a current Homestead Exemption from the County Tax Assessor**

28. This issue was also raised before the September 2021 hearing and addressed at paragraphs 17-19 of the Plaintiff's Reply filed on 9 September 2021.

29. The Plaintiff wishes to add that an internet copy of a tax bill for the Rockefeller Property issued by the Orange County Tax Collector for the years 2020-2021 does not show that there is a homestead exemption filed for the subject property **[Exhibit 8]**.

30. In this case, a search of the records of the county tax assessor—and the Orange County recorder's office[2]—did not indicate there is a current homestead exemption.

---

[2] As stated at paragraph 10 of the Application, a search of the records of the Orange County Recorder did not indicate the presence of a homestead exemption filing.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

31. If Defendant wishes to argue that the County Tax Assessor or Recorder records indicate otherwise, then he is free to put forward some evidence to this effect. Although we note that even if the burden of proof were to shift to the Plaintiff, Defendant's own statements as to his residence at the relevant times would be sufficient to prove that the subject property is not a homestead (see further below).

**D. The Defendant cannot claim a Homestead Exemption because he did not reside at the Rockefeller Property when the Plaintiff's lien attached**

32. The homestead exemption is clearly not applicable because the Defendant testified that the subject dwelling is not his primary residence [see the Declaration filed by the Defendant at **Exhibit 9** hereto].

33. The Defendant objects to the reference to his own testimony, arguing that it only captures the state of events as of February 2021.  Oddly, he has not actually stated that he no longer resides at his Santa Monica address. Furthermore, a recent discussion with his building manager confirmed that he still lives in the building [see **Exhibit 6**].

34. If the Defendant claims to reside somewhere else, he should explain where this is. In particular, he could claim that he now resides in the Rockefeller Property—which he has not done.

35. More importantly, even if the Defendant claimed that he now resides in the Rockefeller Property, he can not avail himself of the homestead exemption because his sworn testimony states that he was not residing at the Rockefeller Property when the Plaintiff's lien attached to the same.

    a.   The definition of Homestead in California is set out at Cal Civ Pro Section 704.710(c), which states: "*Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling*".

    b.   The Plaintiff's lien attached to the Rockefeller Property when the Abstract of Judgement was recorded in the Orange County Recorder's Office on 9 November

2020 pursuant to Cal Civ Pro Sections 697.310(a)[3] and 697.340(a)[4] [see also the Abstract of Judgement at **Exhibit 2**].

36. The Defendant stated at paragraph 3 of his Declaration dated 17 Feb 2021 "*I have been residing fulltime at my residence in Santa Monica since 11/21/16*". Therefore, he was not residing in the Rockefeller Property on the day the judgement lien attached and cannot claim a Homestead Exemption.

**E. No proof of the fair market value is necessary because the property is not subject to the California Homestead Exemption**

37. This issue was also raised before the September 2021 hearing and addressed at paragraphs 20-22 of the Plaintiff's Reply filed on 9 September 2021.

38. No evidence of fair market value is necessary because the homestead exemption is not applicable. The language of Cal CCP Section 704.780(b) makes clear that it is only applicable if the dwelling qualifies as a homestead.

39. Since Section 704.780 is not applicable, the distribution of proceeds is governed by Section 701.810. There is no requirement that any proceeds be reserved for the judgment debtor before the judgement is fully satisfied under this Section.

40. Notwithstanding the above, an estimate of the fair market value can be found in the Tax Bill from the Orange County Tax Assessor at **Exhibit 8**, wherein it states that the total taxable value of the land and buildings together is $824,965.

**F. A Litigation Guarantee or Preliminary Title Report is not necessary because the property is not a Homestead**

41. The Defendant suggests that the sale should not be ordered because the Plaintiff has not yet submitted a Litigation Guarantee and/or Preliminary Title Report which would conclusively establish a list of lienholders on the Rockefeller Property.

---

[3] "*... a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder*".

[4] "*A judgment lien on real property attaches to all interests in real property in the county where the lien is created…*"

42. The Application included the name of the main lienholder and lien amount based on information gathered from investigatory work on the Defendant and the Orange County Recorder's office [see **Exhibit 10**].

43. The Plaintiffs are required to identify and serve a Notice of Sale on all lienholders pursuant to Cal Civ Pro Section 701.540(h). As such, the Plaintiff planned to obtain a Litigation Guarantee and/or Preliminary Title Report on the Rockefeller Property <u>after</u> the sale order has been made. The Plaintiffs thought this was a pragmatic approach given the extensive efforts to resist this sale by the Defendant.

44. The Rockefeller Property is not a homestead, so there is no requirement to determine whether the sale would exceed all relevant liens and the homestead amount.

45. The Defendant has cited no authority which requires a judgment creditor to obtain and/or submit a Litigation Guarantee and/or Preliminary Title Report under circumstances where the dwelling to be sold is not a homestead. Nonetheless, the Plaintiffs would be happy to obtain a Litigation Guarantee and/or Preliminary Title Report if the Court requests it do so.

46. It is curious that the Defendant merely noted that all lienholders had not been identified—rather than affirmatively explaining that there is a current lienholder that has received a foreclosure order on the Rockefeller Property. Surely, the Defendant would have been aware of the Foreclosure Order issued in early-February when it submitted the Opposition on 1 April 2022. It appears its criticism was carefully tailored to avoid making a disclosure which would have alerted this Court to the serious situation unfolding in parallel to these proceedings.

**III.** **<u>The Defendant should not be afforded any further indulgences</u>**

**A.** **<u>The execution sale should proceed despite the recently filed Motion in the Sister State</u>**

47. Although the Opposition does not refer to any pending matters in the Sister State, the Plaintiff wishes to inform the Court that the Defendant recently filed a Motion for

Rehearing En Banc, for Certification or, Alternatively, for Rehearing or Clarification **[Exhibit 11]**. The Defendant may request that the sale be again postponed pending the outcome of this motion in Florida.

48. The Plaintiff requests that the Sale be ordered despite the pending Florida motion because the Defendant's failure to inform the Court of other pending matters and/or to meet his obligations as a property owner have caused the parallel proceedings which are increasing the costs of the present proceedings. As detailed above, the Association's foreclosure sale could jeopardize the Plaintiff's ability to collect on its judgement and is certainly adding to the costs and complexity of this enforcement.

49. The Defendant's conduct has demonstrated that he should not be afforded any further opportunity to obstruct the Plaintiff's ability to obtain some measure of redress.

50. If this Court is not minded to allow the sale to proceed at this stage, one minor procedural request would be that the Court confirms that it is not making a ruling on the Application at this time and that it reschedules the hearing on the Application for a later date. This will obviate the need for a further ex parte hearing to schedule a subsequent hearing on the Application; or service of process in connection with the same. As detailed above, the Plaintiff has expended considerable time and effort in its attempts to serve the Defendant during these proceedings.

## B. __An undertaking is appropriate if the execution sale is further delayed__

51. Cal Civ Pro Section 1710.50(c)(1) states the Court __may__ require an undertaking in the amount it considers just if it orders a stay due to a pending appeal in a Sister State. There is no requirement that an undertaking be provided, whereas Cal Civ Pro Section 917.1-2 explicitly requires an undertaking of double the amount of the judgement to delay the execution of a California money judgment.

52. It is understandable that there wouldn't be a requirement to post a judgement bond or undertaking in the context of a Sister State money judgement since it is often the case that there is already a bond posted in the Sister State. But the requirement under 917.1-

2 indicates a preference in California towards requiring some type of undertaking to delay the enforcement of money judgements.

53. As noted previously, the Defendant has not requested a stay or posted a judgement bond in Florida. The only item securing the Plaintiff's judgement is its lien on the Rockefeller Property, which the Defendant is allowing to be jeopardized.

54. When this Court previously considered the issue of an undertaking, it specifically considered the levy on the Rockefeller Property. However, the Defendant did not inform the Court that he was apparently not paying his Association fees or that the Association was intending to foreclose on the property.

55. Other cases have found that bonds of similar quantum were just and appropriate under circumstances where the execution process dragged along, the debtor had the opportunity to be heard and there was the presence of fraud by the debtor[5].

56. The Defendant's limited prospects for success on appeal in Florida are also relevant. Extracts from the one-paragraph Order affirming the Trial Court's judgement state:

*"… The trial court conducted an extensive evidentiary hearing, resolved all disputed factual issues, and articulated legal conclusions in a carefully reasoned, fourteen-page opinion … we must decline to "substitute [our] judgment for that of the trial court on questions of fact…""* **[Exhibit 12]**

57. It can be gleaned from this Order that the Appellate court found the Appellant's motion was mainly an attempt to relitigate facts on appeal. It is trite that this is not the function of appellate courts. The absence of a Florida bond has allowed the Defendant unfettered discretion to raise weak appeals while putting at risk the Plaintiff's ability to obtain some limited redress.

Date: 4/13/2021

Signature:

Patrick Miller: Attorney for Plaintiff

---

[5] Blizzard Energy, Inc. v. Schaefers, 44 Cal. App. 5th 295, 299, 257 Cal. Rptr. 3d 489, 492 (2020) (considering an undertaking under Section 1710 for over $5,000,000); see also Grant v. Superior Ct., 225 Cal. App. 3d 929, 932, 275 Cal. Rptr. 564, 567 (Ct. App. 1990).

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE APPLICATION FOR ORDER
AUTHORIZING THE SALE OF REAL PROPERTY

VERIFICATION


I, PATRICK MILLER, counsel for the Judgment Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. in the above-entitled matter, have read the foregoing Reply, as well as the Application for Sale of Real Property filed on 3 March 2021, and know the contents thereof. The same is true of my own knowledge, except as those matters that are stated on information and belief, and as to these matters, I believe them to be true.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 13th day of April 2022 at Pasadena, California




_____

Patrick Miller

# APPENDIX 1

## RESPONSE TO OBJECTIONS

| Paragraph / Page / Line No. | Text | Objection | | Sustained / Overruled |
|---|---|---|---|---|
| Para.1, Lines 24-28 | STANDING:  I am the attorney for BELGIUM INVESTMENTS 960 BAY DR, LLC, A CALIFORNIA CORPORATION ("Belgium"), the Judgement Creditor Plaintiff in the above-entitled matter. | Belgium Investments 960 Bay Dr, LLC is a dissolved corporation as of 2/2/22, with its "…powers, rights and privileges.." terminated. (Ex.1), Thus, Plaintiff has no authority to prosecute the instant action. | Section 17707.06(a) of the Cal Corp Code states: "*[a] limited liability company that has filed a certificate of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations…*". Therefore, the Plaintiff does have authority to prosecute the instant action. | |
| Para.3 Lines 6-7 | Cal CCP Section 704.750(a) requires that this Application be submitted within 20 days after service of the Notice of Levy on Real Property | Objection, hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff presented no evidence that the Sheriff served the notice of levy as required by CCP Section 704.750(a) | Plaintiff has presented sufficient, admissible evidence that the Sheriff served the Notice of Levy. A trip ticket evidencing the positing of the levy is included at Exhibit 13.<br><br>Furthermore, there is no basis to suggest that failure to serve the same would affect the proposed Order of Sale (see Cal Civ Pro Section 699.550)—particularly under circumstances where the Defendant has had knowledge of the levy for several months.<br><br>See also Section I.B of the Memorandum of Points & Authorities for further elaboration. | |
| Para.4 Lines 15-16 | …the real property located at 116 Rockefeller, Irvine, CA 92612 and owned by the | Objection, hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has | A copy of the Deed to the Rockefeller Property showing the Defendant as the owner is attached at Exhibit 14. This was | |

| | Judgement Debtor, | not attached a certified deed evidencing ownership of the subject property. | also attached to the Homeowner's Association foreclosure judgement.

Additionally, the Defendant confirmed he owns the Rockefeller Property at paragraph 5 of his Declaration dated 17 Feb 2021 (see Exhibit 9). | |
|---|---|---|---|---|
| Para.5 Lines 25-28 to page 3 Lines 1-2 | On 15 February 2021… the Sheriff of Orange County posted a notice of levy on the interest of Defendant Bassem Essam El Mallakh… Notice of that levy was posted on the property by the Sheriff on about 10 February 2021. | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff presented no evidence that the Sheriff served the notice of levy as required by CCP Section 704.750(a) | Plaintiff has presented sufficient, admissible evidence that the Sheriff served the Notice of Levy. A trip ticket evidencing the positing of the levy is included at Exhibit 13.

Furthermore, there is no basis to suggest that failure to serve the same would affect the proposed Order of Sale (see Cal Civ Pro Section 699.550)—particularly under circumstances where the Defendant has had knowledge of the levy for several months.

See also Section I.B of the Memorandum of Points & Authorities for further elaboration. | |
| Para.6 Lines 4-5 | The dwelling is subject to a court order for sale and execution because it is the property of defendant… | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not attached a certified deed evidencing ownership of the subject property… | A copy of the Deed to the Rockefeller Property showing the Defendant as the owner is attached at Exhibit 14. This was also attached to the Homeowner's Association foreclosure judgement.

Additionally, the Defendant confirmed he owns the Rockefeller Property at paragraph 5 of his Declaration dated 17 Feb 2021 (see Exhibit 9). | |
| Para.6 Lines 5-6 | … and has been duly levied on… | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff presented no evidence that the | Plaintiff has presented sufficient, admissible evidence that the Sheriff served the Notice of Levy. A trip ticket evidencing the positing of the levy is | |

| | | Sheriff served the notice of levy as required by CCP Section 704.750(a) | included at Exhibit 13.<br><br>Furthermore, there is no basis to suggest that failure to serve the same would affect the proposed Order of Sale (see Cal Civ Pro Section 699.550)—particularly under circumstances where the Defendant has had knowledge of the levy for several months.<br><br>See also Section I.B of the Memorandum of Points & Authorities for further elaboration. | |
|---|---|---|---|---|
| Para.7 Lines 9-12 | A reasonable search of the records of THE ORANGE COUNTY TAX ASSESSOR do not indicate that there is a current homeowner's exemption or a disabled veteran's exemption for the Property, or that there are any persons who claim such exemption. | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not provided a Litigation Guarantee or a certified Preliminary Title Report, nor inadmissible document from the County Tax Collector or County Recorder to support the claim regarding the homeowner's exemption or a disabled veteran's exemption | Plaintiff has explained why it has not yet obtained a Litigation Guarantee and/or Preliminary Title Report at Section I.F of the Memorandum of Points & Authorities.<br><br>An internet copy of 2020-2021 Secured Tax Bill for the Rockefeller Property from the Orange County Tax Assessor can be found at Exhibit 8. There is no indication that there is a Homestead exemption filed on the Rockefeller Property.<br><br>Counsel for the Plaintiff confirms that a search of the Orange County Recorder's office on 6 April 2022 did not indicate the presence of a Homestead Exemption filing. This is consistent with previous searches undertaken before the Application was filed. | |
| Para.8 Lines 14-16 | The Property is not the primary residence of the Judgment Debtor or of his spouse, and, therefore, is not a Homestead as defined under Cal CCP Section | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. The Application does not indicate how and when Plaintiff's counsel made the determination of "primary | The Application reflects that the determination was made primarily based on the Defendant's sworn testimony that he does not reside at the property. This is a prerequisite for claiming the Homestead Exemption. | |

| | | | | |
|---|---|---|---|---|
| | 704.710(c). | residence" | See further on this point at Section I.D of the Memorandum of Points & Authorities. | |
| Para.9 Lines 17-21 | Upon information and belief, the owner does not reside in the Property. This is supported by the written declaration of the Defendant, Bassem Essam El Mallakh, wherein he states that he has "been residing fulltime at [his] residence in Santa Monica since 11/21/16 | Objection. The cited declaration was executed 14 months ago. Plaintiff has not presented any timely evidence that Defendant is not currently residing in the subject property. | The Defendant's sworn testimony demonstrates that he did not reside at the Rockefeller Property when the Abstract of Judgement was recorded on 9 November 2020. This is the determinative date for the purposes of establishing residency when claiming the Homestead Exemption.<br><br>See further on this point at Section I.D of the Memorandum of Points & Authorities. | |
| Para.10 23-24 | There is no known homestead exemption filing against this Property. A search of the records of the ORANGE COUNTY RECORDER has been conducted. | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not provided a Litigation Guarantee or a certified Preliminary Title Report, nor inadmissible document from the County Tax Collector or County Recorder to support the claim regarding the homeowner's exemption or a disabled veteran's exemption | Plaintiff has explained why it has not yet obtained a Litigation Guarantee and/or Preliminary Title Report at Section I.F of the Memorandum of Points & Authorities.<br><br>An internet copy of 2020-2021 Secured Tax Bill for the Rockefeller Property from the Orange County Tax Assessor can be found at Exhibit 8. There is no indication that there is a Homestead exemption filed on the Rockefeller Property.<br><br>Counsel for the Plaintiff confirms that a search of the Orange County Recorder's office on 6 April 2022 did not indicate the presence of a Homestead Exemption filing. This is consistent with previous searches undertaken before the Application was filed. | |
| Para.11 Lines 26-28 to page 3 Lines 1-4 | According to the records of the ORANGE COUNTY RECORDER, the following party has a recorded lien or encumbrance against the | hearsay, (EC § 1200), lacks foundation, (EC § 702), lacks admissible evidence. Plaintiff has not provided a Litigation Guarantee or a certified Preliminary Title | Plaintiff has explained why it has not yet obtained a Litigation Guarantee and/or Preliminary Title Report at Section I.F of the Memorandum of Points & Authorities. | |

| | | | | |
|---|---|---|---|---|
| | Property for the amount listed: FREEDOM MORTGAGE CORPORATION 907 Pleasant Valley Ave Ste 3 Mount Laurel, NJ 08054 $234,000 | Report, nor inadmissible document from the County Tax Collector or County Recorder to support the claim regarding liens recorded against the subject property. | An internet copy of 2020-2021 Secured Tax Bill for the Rockefeller Property from the Orange County Tax Assessor can be found at Exhibit 8. There is no indication that there is a Homestead exemption filed on the Rockefeller Property. Counsel for the Plaintiff confirms that a search of the Orange County Recorder's office on 6 April 2022 did not indicate the presence of a Homestead Exemption filing. | |
| Page 4 | Verification | The Application fails to contain the required CCP 2015.5, "I certify (or declare) under penalty of perjury that the foregoing is true and correct" Therefore, the application is legally deficient. | The Application contains a signed Verification from a representative of the Plaintiff named Jean Claude Ruche. Additionally, this Reply contains a Verification from Plaintiff's Counsel confirming the contents of this Reply and the Application. | |

# EXHIBIT "3"

T# 4132610

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 10 2022

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

1  Patrick Miller: State Bar # 301819
   P Miller Legal Services
2  121 S Oak Ave
   Pasadena, CA 91107
3  213-364-7581
   Patrick.miller@pmillerlegal.com
4

5

6  Attorney for the Judgement Creditor
   Belgium Investments 960 Bay Dr, LLC, a California Corp.
7

8  ## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  ## IN AND FOR THE COUNTY OF ORANGE

10

| | |
|---|---|
| **Belgium Investments 960 Bay Dr, LLC, a California Corp.** | Case Number: 30-2020-01148745-CU-EN-CJC |
| Plaintiff(s), | **ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING** |
| vs. | |
| **Bassem Essam El Mallakh** | DATE: |
| Defendant(s). | TIME: |
| | DEPARTMENT: C12 |

The application of Plaintiff Belgium Investments 960 Bay Dr, LLC, a California Corp. for an

order for sale of a certain dwelling, namely: the real property located at 116 Rockefeller, Irvine,

CA 92612 and owned by the Judgement Debtor, Bassem Essam El Mallakh, (hereinafter, the

"Rockefeller Property"), came on regularly for hearing by the court on 21 April 2022. Plaintiff

appeared by counsel Patrick Miller; opposing party, Defendant Bassem Essam El Mallakh,

appeared by counsel Michael Sayer.

ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING

1 | On proof made to the satisfaction of the court that the property is not subject to any homestead

2 | exemption and that the application ought to be granted,

3 | IT IS ORDERED that the application be, and it hereby is, granted. The clerk shall forthwith

4 | transmit a copy of the order in accordance with Code of Civil Procedure Section 704.780.

5 |

6 | IT IS FURTHER ORDERED that the property be sold in the manner provided in Code of Civil

7 | Procedure Sections 701.510-701.680.

8 |

9 | Date: _____ MAY 1 0 2022 _____

10 | _____
JUDGE OF THE SUPERIOR COURT

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING

# EXHIBIT "4"

# UNITED STATES BANKRUPTCY COURT

CENTRAL  DISTRICT OF  CALIFORNIA

SANTA ANA DIVISION

In Re. Bassem Victor El Mallakh                       §                    Case No.  22-11605
                                                      §
_____                      §
                     Debtor(s)                        §
                                                      §                    ☐ Jointly Administered

# Amended Monthly Operating Report                                        Chapter 11

Reporting Period Ended: 10/31/2022                          Petition Date: 09/19/2022

Months Pending: 1                                           Industry Classification: [0] [0] [0] [0]

Reporting Method:              Accrual Basis ○        Cash Basis ◉

Debtor's Full-Time Employees (current):                        0

Debtor's Full-Time Employees (as of date of order for relief):  0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒     Statement of cash receipts and disbursements
☐     Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐     Statement of operations (profit or loss statement)
☐     Accounts receivable aging
☐     Postpetition liabilities aging
☐     Statement of capital assets
☐     Schedule of payments to professionals
☐     Schedule of payments to insiders
☐     All bank statements and bank reconciliations for the reporting period
☐     Description of the assets sold or transferred and the terms of the sale or transfer

/s/Michael Jay Berger                              Michael Jay Berger
Signature of Responsible Party                     Printed Name of Responsible Party

12/12/2022
Date

                                                   9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212
                                                   Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)                    1

Debtor's Name Bassem Victor El Mallakh                                    Case No. 22-11605

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $1,898 | |
| b.   Total receipts (net of transfers between accounts) | $4,000 | $7,445 |
| c.   Total disbursements (net of transfers between accounts) | $1,862 | $3,409 |
| d.   Cash balance end of month (a+b+c) | $4,036 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $1,862 | $3,409 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $0 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory    (Book ○   Market ○   Other ◉   (attach explanation)) | $0 |
| d    Total current assets | $0 |
| e.   Total assets | $0 |
| f.   Postpetition payables (excluding taxes) | $0 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $0 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $0 |
| k.   Prepetition secured debt | $0 |
| l.   Prepetition priority debt | $0 |
| m.   Prepetition unsecured debt | $0 |
| n.   Total liabilities (debt) (j+k+l+m) | $0 |
| o.   Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $0 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $0 | |
| d.   Selling expenses | $0 | |
| e.   General and administrative expenses | $0 | |
| f.   Other expenses | $0 | |
| g.   Depreciation and/or amortization (not included in 4b) | $0 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $0 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | $0 | $0 |

UST Form 11-MOR (12/01/2021)                              2

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605

| **Part 5:  Professional Fees and Expenses** | | | | | |
|---|---|---|---|---|---|
| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Michael Jay Berger | Lead Counsel | $0 | $0 | $0 | $0 |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605

| | | | | | |
|---|---|---|---|---|---|
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvii | | | | | | |
| lxxxviii | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605

| lvii | | | | | |
|------|--|--|--|--|--|
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxvii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

Debtor's Name  Bassem Victor El Mallakh                    Case No.  22-11605

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | $0 | | |

| **Part 6:  Postpetition Taxes** | **Current Month** | **Cumulative** |
|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ○  No ◉ |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○  No ◉ |
| c. | Were any payments made to or on behalf of insiders? | Yes ○  No ◉ |
| d. | Are you current on postpetition tax return filings? | Yes ◉  No ○ |
| e. | Are you current on postpetition estimated tax payments? | Yes ◉  No ○ |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ◉  No ○ |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ◉ |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○  No ○  N/A ◉ |
| i. | Do you have:        Worker's compensation insurance? | Yes ○  No ◉ |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ◉  (if no, see Instructions) |
| | Casualty/property insurance? | Yes ◉  No ○ |
| | If yes, are your premiums current? | Yes ◉  No ○  N/A ○  (if no, see Instructions) |
| | General liability insurance? | Yes ◉  No ○ |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ◉  (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○  No ◉ |
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ◉ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◉  No ○ |

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $4,000 |
| d. | Total income in the reporting period (a+b+c) | $4,000 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $1,862 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $1,862 |
| j. | Difference between total income and total expenses (d-i) | $2,138 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Bassem Victor El Mallakh                                      Bassem Victor El Mallakh
_____                      _____
Signature of Responsible Party                       Printed Name of Responsible Party

Debtor                                                              12/12/2022
_____                      _____
Title                                                                   Date

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605



PageOnePartOne



PageOnePartTwo



PageTwoPartOne



PageTwoPartTwo

Debtor's Name  Bassem Victor El Mallakh                                    Case No.  22-11605



Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name  Bassem Victor El Mallakh                                Case No.  22-11605



PageThree



PageFour