MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Counsel for Debtor,
Bassem Victor El Mallakh

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

BASSEM VICTOR EL MALLAKH,

          Debtor and Debtor-in-Possession.

CASE NO.: 8:22-bk-11605-TA

Chapter 11

**DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF**

Date:    January 11, 2023
Time:    10:00 a.m.
Place:    411 West Fourth Street
         Courtroom 5B
         Santa Ana, CA 92701

Via Tele/Videoconference on Zoom

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT, BELGIUM INVESTMENTS 960 BAY DR, LLC, TO THE UNITED STATES TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

Bassem Victor El Mallakh (the "Debtor") herein, respectfully submits his Reply to Belgium Investments 960 Bay Dr, LLC's ("Belgium") Opposition to Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (the "Motion to Avoid Lien") as follows:

## I.    INTRODUCTION

Debtor asks that Belgium's Opposition to the Motion to Avoid Lien be overruled in full for the following reasons:

(1) Debtor's primary residence, as of the date of the filing of the Bankruptcy Petition was, and currently is, 116 Rockefeller, Irvine, CA 92612 (the "Rockefeller Property"). Under *BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir)*, 455 B.R. 896, 898 (9th Cir. BAP 2011) and *Benafel v. One West Bank*, 461 B.R. 581 (2011), the appropriate time for determining whether property is the debtor's primary residence is the petition date; and

(2) Based on *Barclay vs. Boskoski*, 2022 WL 16911862 (9th Cir. November 14, 2022), Debtor's available homestead exemption on the Rockefeller Property is determined as of the filing date of Debtor's Bankruptcy case; Debtor is entitled to the full homestead exemption in the amount of $626,400.00 available to the Debtor on the petition date on September 19, 2022 per CCP § 704.730.

## II.    DEBTOR'S ARGUMENTS IN SUPPORT OF REPLY TO BELGIUM'S OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN

1. Debtor's Primary Residence on the Petition Date was and Continues to be the Rockefeller Property

Belgium argues the Rockefeller Property should not be considered the Debtor's primary residence because the Debtor previously did not live there. Debtor's primary residence as of the filing of the bankruptcy case was, and currently is, the Rockefeller Property. The controlling authority on establishing a Debtor's primary residence is *BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir)*, 455 B.R. 896, 898 (9th Cir. BAP 2011) where the Court held "the appropriate time for determining whether property is a

2

debtor's principal residence is the petition date." *BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir),* 455 B.R. 896, 898 (9th Cir. BAP 2011).

In *Abdelgadir*, the debtors originally filed a bankruptcy petition under chapter 13. In their petition and schedules, the Abdelgadirs listed a home address in Las Vegas (the "Las Vegas Property"). The Las Vegas Property was encumbered by first and second deeds of trust. According to the security instruments, the Abdelgadirs were required to occupy the Las Vegas Property as a "primary year-round residence."

The Abdelgadirs later moved to convert their case to chapter 11, a motion the bankruptcy court granted. Then they filed a notice with the bankruptcy court, changing their address to a different location, and leased the Las Vegas Property to a third party.

The Abdelgadirs filed a chapter 11 plan on March 9, 2010, in which they proposed to modify the terms of the loan secured by the first mortgage on the Las Vegas Property. According to the plan, at that time, the Las Vegas Property was no longer their residence, but was now an investment property, and therefore, modification of the terms of the loan secured by the Las Vegas Property was no longer barred under of § 1123(b)(5). They argued that whether the Las Vegas Property was their principal residence for purposes of § 1123(b)(5) was a determination that should be made by the bankruptcy court as of the time of plan confirmation.

On appeal, the Court in Abdelgadir held that the majority of the cases favor use of the petition date to determine principal residence and that in the 9th Circuit, the debtor's primary residence is determined on the petition date. *BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir),* 455 B.R. 896, 898 (9th Cir. BAP 2011).

In *Benafel v. One West Bank*, 461 B.R. 581 (2011), the appellate court upheld the *BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir),* 455 B.R. 896, 898 (9th Cir. BAP 2011) holding, that a debtor's primary residence is established as of the bankruptcy petition date, and reversed the lower court's decision to use the date a loan was made to

DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S
MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL
MALLAKH IN SUPPORT THEREOF

establish the debtor's primary residence for bankruptcy purposes. *Benafel v. One West Bank*, 461 B.R. 581, 592 (2011)

The Rockefeller Property is the Debtor's primary residence. Debtor's current Chapter 11 case and his previously filed Chapter 13 case both listed the Rockefeller Property as his primary residence, as do his tax returns, bank statements, car insurance declaration and mortgage payoff statement. A true and correct copy of Debtor's Chapter 13 Voluntary Petition, first pages of Debtor's prepetition 2019-2022 tax returns, Debtor's car insurance policy, Debtor's prepetition bank statement, and Debtor's mortgage payoff statement all addressed to the Debtor at the Rockefeller Property indicating the Debtor's primary residence is the Rockefeller Property are attached to the Declaration of Bassem El Mallakh as **Exhibit "1."** As was held in *BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir)*, 455 B.R. 896 (9th Cir. BAP 2011) and *Benafel v. One West Bank*, 461 B.R. 581 (2011), the Rockefeller Property is Debtor's primary residence.

2.    Debtor is Entitled to the Homestead Exemption Available on the Bankruptcy Petition Date and Not the Amount Available on the Date the Lien was Recorded

The homestead exemption shields a homeowner's principal residence from creditors in case of bankruptcy. The objective of homestead legislation is to provide a place for families and their surviving members, be freed from any anxiety that their primary residence may be taken from them against their will, either by reason of their own necessity or improvidence, or from the importunity of their creditors. *Thorsby v. Babcock*, 36 Cal. 2d 202, 204 (1950)  "[T]he homestead law is not designed to protect creditors, but protects the home against creditors . . . thereby preserving the home for the family." *Amin v. Khazindar*, 112 Cal.App.4th 582, 588 (2003).

///

///

///

DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF

A. <u>California's New Homestead Exemption in AB 1885 and its Effect on California Code of Civil Procedure Section 704.730 – California's Homestead Exemption Statute</u>

On January 1, 2021, AB 1885 went into effect updating the limits prescribed in CCP § 704.730, and protecting debtors who own homes by increasing the California homestead amount to an amount that would keep most homeowners safe from creditors.

AB 1885 provides that:

(a) The amount of the homestead exemption is the greater of the following:

(1) The countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars ($600,000[1]).

(2) Three hundred thousand dollars ($300,000).

(b) The amounts specified in this section shall adjust annually for inflation, beginning on January 1, 2022, based on the change in the annual California Consumer Price Index for All Urban Consumers for the prior fiscal year, published by the Department of Industrial Relations.

AB 1885

Effective January 1, 2021, California Code of Civil Procedure Section 704.730 now reads:

(a) The amount of the homestead exemption is the greater of the following:

(1) The countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars ($600,000).

---

[1] The current homestead exemption available to the Debtor is $626,400.00.

DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF

(2) Three hundred thousand dollars ($300,000).

(b) The amounts specified in this section shall adjust annually for inflation, beginning on January 1, 2022, based on the change in the annual California Consumer Price Index for All Urban Consumers for the prior fiscal year, published by the Department of Industrial Relations.

CCP § 704.730

Before AB 1885 went into effect on January 1, 2021, the homestead exemptions in California were $75,000 for a single homeowner, $100,000 for a married couple, and $175,000 for families who met specific requirements. However, AB 1885 has changed CCP § 704.730 to "instead make the homestead exemption the greater of $300,000 or the countywide median sale price of a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed $600,000."

B. <u>Previous and Outdated Limits on Homestead Exemption Do Not Apply in Bankruptcy</u>

Belgium argues that the new California Code of Civil Procedure § 704.730 exemption limits do not apply to the Debtor's case because the Debtor's homestead exemption should be capped at $75,000 which was the maximum available to the Debtor when Belgium's judgment was recorded. However, <u>this argument has been rejected by multiple cases</u>. Courts have instead ruled that debtors are not limited to a lower, pre-2021 amount even if the declared homestead was recorded before 2021. *See In re Zall*, No. BAP.EC-05-1476-MOSB, 2006 WL 6811022, at *4 (B.A.P. 9th Cir., Sept. 5, 2006). This allows debtors to claim the increased homestead exemption despite a previously declared, pre-2021 homestead exemption. In *Zall*, the Court held exemption law in effect on date of Chapter 13 petition determines available exemptions—not exemptions under state law at the time judgment lien was recorded. "[L]imiting the exemption to the amounts available on the dates that judgment liens attach is inconsistent with section 522(f). . . . In order to

6

determine the amount of an exemption that Debtors could claim if there were no liens on the property, the court must look not to the time the lien was fixed but rather to the time the trustee's hypothetical levy became effective, which is the date Debtors filed their bankruptcy petition." *See In re Zall*, No. BAP.EC-05-1476-MOSB, 2006 WL 6811022, at *4 (B.A.P. 9th Cir., Sept. 5, 2006).

> C. The *Barclay vs. Boskoski*, 2022 WL 16911862 (9th Cir. November 14, 2022) Decision is the Controlling Authority, and Mandates that the Court Use Debtor's Petition Date to Determine the Amount of His Exemption

On November 14, 2022, in *Barclay vs. Boskoski*, 2022 WL 16911862 (9th Cir. November 14, 2022), the United States Court of Appeals for the Ninth Circuit found that the bankruptcy court correctly applied the $600,000 homestead exemption in effect on the filing date of the bankruptcy petition, rather than the significantly lower homestead exemption available when the judgment lien was recorded seven years prior. As a result, the judgment lien was avoided in its entirety.

In 2014, Greek Village, LLC, Konstantinos Manassakis, and Aimilia Manassakis recorded a $256,075.95 judgment lien ("Greek Village Judgment Lien") against Debtor Dejan Boskoski's Carlsbad, California home. Because the debtor was married in 2014, the maximum homestead exemption applicable to the Greek Village Judgment Lien was $100,000. See Cal. Civ. Proc. Code § 704.730 (2013). Following the perfection of the judgment, in 2021 California amended its exemption statute to allow debtors to claim the greater of (1) the "median sale price for a single-family home" in the debtor's county the year before the debtor claims the exemption, "not to exceed" $600,000; or (2) $300,000. See Cal. Civ. Proc. Code § 704.730(a) (2021).

In August 2021 (seven years after the Greek Village Judgment Lien was perfected and eight months after California enacted the new homestead exemption), the debtor filed a chapter 7 case. The debtor claimed the $600,000 homestead exemption in his schedules and sought to avoid the Greek Village Judgment Lien, which exceeded $477,000 as of the

7

petition date. The debtor argued that the Bankruptcy Code required the court to look to the exemption the debtor could have claimed, but for the lien, at the time he filed his bankruptcy petition, not when the judgment lien was created. The Greek Village Judgment Lien therefore impaired his homestead exemption by $543,897.20, as the home was subject to two deeds of trust totaling $551,720.47, the Greek Village Judgment Lien, and the $600,000 homestead exemption. In total, these equaled $1,629,647.20, an amount exceeding the value of the debtor's home by $543,897.20. The Chapter 7 trustee objected, arguing that the maximum homestead exemption available to the debtor was $100,000 because under California law the exemption the debtor could claim was fixed at the 2014 amount. See Cal. Civ. Proc. Code § 703.050(a).

The bankruptcy court agreed with the debtor's argument that the exemption amount is fixed on the date of filing the petition. Because the bankruptcy court believed it to be a "close call on an important question," the decision was immediately certified to the Ninth Circuit as a case of first impression. 2022 WL 16911862 at *6. The Ninth Circuit affirmed the decision of the bankruptcy court and held that the debtor's exemption amount was fixed on the date the petition was filed.

The Ninth Circuit based its decision on the meaning of 11 U.S.C. Section 522(f), which provides that a debtor may avoid a judgment lien to the extent that the lien "impairs an exemption to which the debtor would have been entitled." Boskoski, 2022 WL 16911862 at * 8 (emphasis in original). In interpreting Section 522(f), the panel reviewed the U.S. Supreme Court's decision Owen v. Owen, 500 U.S. 305 (1991), in which it held that an exemption is fixed on the date of filing the petition. The Ninth Circuit acknowledged that in Owen the Supreme Court held that Section 522(f) established that the "baseline" against which impairment should be measured is not the exemption to which a debtor "is entitled" but is the exemption to which a debtor "would have been entitled." Id. Relying on Owen, the panel therefore held that in deciding whether a judgment lien impairs a debtor's California homestead exemption under

DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S
MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL
MALLAKH IN SUPPORT THEREOF

Section 522(f), the Bankruptcy Code requires courts to determine the amount of the exemption to which the debtor would have been entitled in the absence of the lien at issue. The Ninth Circuit also noted that the exemptions available to the debtor are generally fixed as of the filing date of the bankruptcy petition, citing White v. Stump, 266 U.S. 310, 313 (1924) (describing the "snapshot rule"). Boskoski, 2022 WL 16911862 at *4.

The Debtor's instant Chapter 11 case was filed on September 19, 2022. Based on the controlling authority in *Barclay vs. Boskoski*, 2022 WL 16911862 (9th Cir. November 14, 2022), the Debtor is entitled to the homestead exemption available to him on the petition date, and not the homestead exemption on the date of the recordation of Belgium's lien.

3. <u>The Court Should Make Its Determination on Debtor's Motion to Avoid Lien Now in Order for Debtor to Propose a Meaningful Chapter 11 Plan of Reorganization by the March 1, 2023 Deadline</u>

On November 23, 2022, Debtor filed his Motion to Avoid Lien on the Rockefeller Property under 11 U.S.C. § 522(f) as to Belgium's judgment lien [docket no.: 59], and set it for hearing on January 11, 2023. Debtor asks this Court to make a ruling on the Motion to Avoid Lien in order to determine what portion of Belgium's claim is secured and what portion is unsecured for Debtor to propose a meaningful Chapter 11 Plan of Reorganization.

Belgum alleges that Debtor is inappropriately leap frogging Belgium's superior claim. Debtor will not pay subordinate HOA liens on the Rockefeller Property, but will seek instead to avoid the HOA liens through the Plan.

Belgium asks for dismissal or conversion of the Debtor's case, despite the Court denying Belgium's Motion to Dismiss [see docket nos.: 67 and 82]. The determination of the Motion to Avoid Lien will ascertain the treatment of Belgium's lien through Debtor's Plan.

### III.   <u>**CONCLUSION**</u>

WHEREFORE, Debtor respectfully requests that the Court overrule Belgium's Opposition to Debtor's Motion to Avoid Lien, grant the Motion to Avoid Lien in full, and for any further relief deemed necessary and proper.

DATED: January 4, 2023                              LAW OFFICES OF MICHAEL JAY BERGER

By:  _____
Michael Jay Berger
Counsel for Debtor-in-Possession
Bassem Victor El Mallakh

DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S
MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL
MALLAKH IN SUPPORT THEREOF

## DECLARATION OF BASSEM VICTOR EL MALLAKH

I, Bassem Victor El Mallakh, declare and state as follows:

1.    I am the Debtor. I am over the age of 18. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.    The Rockefeller Property is my primary residence. I reside and continue to reside in the Rockefeller Property. My current Chapter 11 case and my previously filed Chapter 13 case both listed the Rockefeller Property as my primary residence, as do my tax returns, bank statements, car insurance declaration and mortgage payoff statement. A true and correct copy of my Chapter 13 Voluntary Petition, first pages of my prepetition 2019-2022 tax returns, my car insurance policy, my prepetition bank statement, and my mortgage payoff statement all addressed to me at the Rockefeller Property indicating my primary residence is the Rockefeller Property are attached hereto as **Exhibit "1."**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on January 4, 2023 at__Irvine_____, California.

_Bassem_____
Bassem Victor El Mallakh

DEBTOR'S REPLY TO BELGIUM INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S
MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL
MALLAKH IN SUPPORT THEREOF

EXHIBIT 1

Fill in this information to identify your case:

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

☐ Check if this is an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy                    02/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | **Bassem** First name **Essam** Middle name **El Mallakh** Last name and Suffix (Sr., Jr., II, III) | First name Middle name Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-3012 | |

Debtor 1   **Bassem Essam El Mallakh**                                         Case number (if known)

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.          ☐ I have not used any business name or EINs.

Business name(s)                                      Business name(s)

EIN                                                   EIN

- - -

**5.** **Where you live**

116 Rockefeller
Irvine, CA 92612
Number, Street, City, State & ZIP Code

Orange
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

Number, Street, City, State & ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

- - -

**6.** **Why you are choosing *this district* to file for bankruptcy**

Check one:

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

- - -

Debtor 1   **Bassem Essam El Mallakh**                                        Case number (if known)

■ Part 2 : **Tell the Court About Your Bankruptcy Case**

7.  **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

8.  **How you will pay the fee**

■ I will pay the entire fee when I file my petition. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ I need to pay the fee in installments. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ I request that my fee be waived (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9.  **Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| | | |
|---|---|---|
| District | When | Case number |
| District | When | Case number |
| District | When | Case number |

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes

| | | |
|---|---|---|
| Debtor | | Relationship to you |
| District | When | Case number, if known |
| Debtor | | Relationship to you |
| District | When | Case number, if known |

11. **Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1   **Bassem Essam El Mallakh**                                              Case number (if known)

## Part 3:   Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

Number, Street, City, State & ZIP Code

Check the appropriate box to describe your business:

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a small business debtor?**

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

## Part 4   Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

Debtor 1    **Bassem Essam El Mallakh**    Case number *(if known)*

**Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling**

| | |
|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.** The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file. If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | **About Debtor 1:** *You must check one:* |

**About Debtor 1:**
*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**
*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court

Debtor 1   **Bassem El Mallakh**                                                        Case number *(if known)*

| **Part 6:** | **Answer These Questions for Reporting Purposes** |

**16. What kind of debts do you have?**

16a.  Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b.  Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c.  State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

☑ No.   I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many Creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☑ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☑ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| **Part 7:** | **Sign Below** |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_signature_
**Bassem Essam El Mallakh**
Signature of Debtor 1

Executed on __7/12/2022__
             MM / DD / YYYY

Signature of Debtor 2

Executed on _____
             MM / DD / YYYY

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 6

Debtor 1    **Bassem Essam El Mallakh**                                     Case number *(if known)*

| For your attorney, if you are represented by one | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

If you are not represented by an attorney, you do not need to file this page.

Signature of Attorney for Debtor                    Date    7/12/2022
                                                            MM / DD / YYYY

**Benjamin Heston**
Printed name

Firm name

100 Bayview Circle, Suite 100
Newport Beach, CA 92660
Number, Street, City, State & ZIP Code

Contact phone    **951-290-2827**              Email address    **bheston.ecf@gmail.com**

**297796 CA**
Bar number & State

Form **1040**  Department of the Treasury — Internal Revenue Service (99)
**U.S. Individual Income Tax Return**  **2021**  OMB No. 1545-0074  IRS Use Only — Do not write or staple in this space.

| Filing Status | [X] Single | [ ] Married filing jointly | [ ] Married filing separately (MFS) | [ ] Head of household (HOH) | [ ] Qualifying widow(er) (QW) |
|---|---|---|---|---|---|

Check only one box.  If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent ▶

Your first name and middle initial: **Bassem El Mallakh**    Last name:    Your social security number: **3012**

If joint return, spouse's first name and middle initial:    Last name:    Spouse's social security number:

Home address (number and street). If you have a P.O. box, see instructions: **116 Rockefeller**    Apt. no.:

Presidential Election Campaign: Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.

City, town, or post office. If you have a foreign address, also complete spaces below: **Irvine, CA 92612**    State:    ZIP code:

Foreign country name:    Foreign province/state/county:    Foreign postal code:    [ ] You  [ ] Spouse

At any time during 2021, did you receive, sell, exchange, or otherwise dispose of any financial interest in any virtual currency?  [ ] Yes  [X] No

**Standard Deduction**  Someone can claim: [ ] You as a dependent  [ ] Your spouse as a dependent
[ ] Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness**  You: [ ] Were born before January 2, 1957  [ ] Are blind    Spouse: [ ] Was born before January 2, 1957  [ ] Is blind

**Dependents** (see instructions):

| (1) First name    Last name | (2) Social security number | (3) Relationship to you | (4) ✓ if qualifies for (see instructions): Child tax credit | Credit for other dependents |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If more than four dependents, see instructions and check here ▶ [ ]

| | | | | |
|---|---|---|---|---|
| Attach Sch. B if required. | 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 1 | |
| | 2a | Tax-exempt interest . | b Taxable interest . . . . . . . . . . . | 2b | 3. |
| | 3a | Qualified dividends . | b Ordinary dividends . . . . . | 3b | |
| | 4a | IRA distributions . . . . . | b Taxable amount . . . . . . . . . . | 4b | |
| | 5a | Pensions and annuities . . . . . | b Taxable amount . . . . . . . . . . | 5b | |
| | 6a | Social security benefits . . . . . . . . . . | b Taxable amount . . . . . . . . . . | 6b | |
| | 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here . . . . . . . . . . . ▶ [ ] | 7 | |
| | 8 | Other income from Schedule 1, line 10 . . . . . . . . . . . . . . . . . | 8 | |
| | 9 | Add lines 1, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** . . . . . . . . . . . . . . ▶ | 9 | 3. |
| | 10 | Adjustments to income from Schedule 1, line 26 . . . . . . . . . . . . . . . . | 10 | |
| | 11 | Subtract line 10 from line 9. This is your **adjusted gross income** . . . . . . . . . . . . . . . . . ▶ | 11 | 3. |
| | 12a | Standard deduction or itemized deductions (from Schedule A) . . . 12a | 12,550. | | |
| | b | Charitable contributions if you take the standard deduction (see instructions) . . 12b | | | |
| | c | Add lines 12a and 12b . . . . . . . . . . . . . . . | 12c | 12,550. |
| | 13 | Qualified business income deduction from Form 8995 or Form 8995-A . . . . . . . . . . | 13 | |
| | 14 | Add lines 12c and 13 . . . . . . . . . . . . . . . . | 14 | 12,550. |
| | 15 | **Taxable income.** Subtract line 14 from line 11. If zero or less, enter -0- . . . . . . . . . . . . . | 15 | 0. |

Standard Deduction for — • Single or Married filing separately, $12,550 • Married filing jointly or Qualifying widow(er), $25,100 • Head of household, $18,800 • If you checked any box under Standard Deduction, see instructions.

**BAA** For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.    Form **1040** (2021)

| Form **1040** | Department of the Treasury — Internal Revenue Service (99) **U.S. Individual Income Tax Return** | **2019** | OMB No. 1545-0074 | IRS Use Only — Do not write or staple in this space. |
|---|---|---|---|---|

**Filing Status**
Check only one box.

[X] Single    [ ] Married filing jointly    [ ] Married filing separately (MFS)    [ ] Head of household (HOH)    [ ] Qualifying widow(er) (QW)

If you checked the MFS box, enter the name of spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent. ►

Your first name and middle initial: **Bassem El Mallakh**    Last name:
Your social security number: **3012**

If joint return, spouse's first name and middle initial    Last name
Spouse's social security number

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.
**116 Rockefeller**

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
**Irvine, CA 92612**

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.    [ ] You    [ ] Spouse

Foreign country name    Foreign province/state/county    Foreign postal code

If more than four dependents, see instructions and ✔ here    ► [ ]

**Standard Deduction**
Someone can claim:    [ ] You as a dependent    [ ] Your spouse as a dependent
[ ] Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness**    You:    [ ] Were born before January 2, 1955    [ ] Are blind    Spouse:    [ ] Was born before January 2, 1955    [ ] Is blind

**Dependents** (see instructions):
| (1) First name    Last name | (2) Social security number | (3) Relationship to you | (4) ✔ if qualifies for (see instructions): Child tax credit / Credit for other dependents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| | | | | |
|---|---|---|---|---|
| **1** | Wages, salaries, tips, etc. Attach Form(s) W-2 ............................. | | **1** | |
| **2a** | Tax-exempt interest ............ | **2a** | | **b** Taxable int. Att. Sch. B if reqd ...... | **2b** | 5. |
| **3a** | Qualified dividends .............. | **3a** | | **b** Ordinary div. Att. Sch. B if reqd ...... | **3b** | |
| **4a** | IRA distributions... ........ | **4a** | | **b** Taxable amount ................ | **4b** | |
| **c** | Pensions and annuities ...... | **4c** | | **d** Taxable amount ................ | **4d** | |
| **5a** | Social security benefits .......... | **5a** | | **b** Taxable amount ................ | **5b** | |
| **6** | Capital gain or (loss). Attach Schedule D if required. If not required, check here .............. ► [ ] | | **6** | |
| **7a** | Other income from Schedule 1, line 9................................ | | **7a** | |
| **b** | Add lines 1, 2b, 3b, 4b, 4d, 5b, 6, and 7a. This is your total income ............. ► | | **7b** | 5. |
| **8a** | Adjustments to income from Schedule 1, line 22............................. | | **8a** | |
| **b** | Subtract line 8a from line 7b. This is your adjusted gross income .................. ► | | **8b** | 5. |
| **9** | Standard deduction or itemized deductions (from Schedule A) .......... | **9** | 12,200. | | | |
| **10** | Qualified business income deduction. Attach Form 8995 or Form 8995-A .... | **10** | | | | |
| **11a** | Add lines 9 and 10 ....................................... | | **11a** | 12,200. |
| **b** | Taxable income. Subtract line 11a from line 8b. If zero or less, enter -0- .............. | | **11b** | 0. |

Standard Deduction for —
● Single or Married filing separately, $12,200
● Married filing jointly or Qualifying widow(er), $24,400
● Head of household, $18,350
● If you checked any box under *Standard Deduction,* see instructions.

BAA  For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.    Form 1040 (2019)



# INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB

## MEMBERS' CONDOMINIUM OWNERS POLICY – FORM 6
## PROPERTY INSURANCE POLICY DECLARATIONS

### Evidence of Insurance
Policy contains 438BFU, printed on next page, in favor of Mortgagee shown.

**MORTGAGEE**
ADDITIONAL OWNERS INTEREST
US TRUSTEE
UNITED STATES TRUSTEE (SA)
411 W FOURTH ST SUITE 7160
SANTA ANA CA 92701

**LOAN NUMBER**

**POLICY NUMBER**
~~~~~0189

**NAMED INSURED AND MAILING ADDRESS**
BASSEM EL MALLAKH
116 ROCKEFELLER
IRVINE CA 92612

**LOCATION OF PREMISES (IF DIFFERENT FROM MAILING ADDRESS)**

☐ PROPERTY INSURANCE POLICY DECLARATIONS
EFFECTIVE DATE OF THIS POLICY 10/26/2022    12:01 A.M.
                               (PACIFIC STANDARD TIME)
EXPIRATION DATE OF THIS POLICY 10/26/2023    12:01 A.M.
                               (PACIFIC STANDARD TIME)

ANNUAL PREMIUM $

☐ AMENDMENT OF PROPERTY INSURANCE DECLARATIONS
ENDORSEMENT
EFFECTIVE DATE                 12:01 A.M
                               (PACIFIC STANDARD TIME)
EXPIRATION DATE OF THE POLICY  12:01 A.M.
                               (PACIFIC STANDARD TIME)

**COVERAGES AND LIMITS OF LIABILITY**

**PART I - PROPERTY COVERAGES**

COVERAGE A - BUILDING PROPERTY                 82000

OTHER PERILS DEDUCTIBLE                         5000

WATER DEDUCTIBLE                               5000

**PROVISIONS**
This form is not a contract of insurance  The provisions of the policy shall prevail in all respects. All premiums for the insurance policy shall be computed in accordance with the Interinsurance Exchange of the Automobile Club rules, forms, premium and minimum premiums applicable to the insurance afforded which are in effect at the inception of the insurance policy and upon each anniversary thereof, including the date of interim changes. The insurance policy does not become effective unless and until escrow closes, the named insured has an ownership interest in the residence premises, and the premium is paid or reserved in an escrow account. If the insurance protection evidenced herein terminates, the mortgagee will be given notice in accordance with the standard mortgagee clause (438BFU)
                                                ACSC Management Services, Inc.
                                                ATTORNEY-IN-FACT

**FOR QUESTIONS OR CHANGES CALL**
6720 04/16

DETACH HERE AND RETURN WITH PREMIUM PAYMENT

INTERINSURANCE EXCHANGE of the
Automobile Club of Southern California
MAILING ADDRESS: P.O. Box 25448 SANTA ANA, CALIFORNIA 92799-5448

**NOTICE OF
PREMIUM DUE**

**LOAN NUMBER**

**POLICY NUMBER**
CHO183020189

**DUE DATE**

**PLEASE PAY THE PREMIUM
DUE BEFORE OR ON THE
DUE DATE**

BASSEM EL MALLAKH
116 ROCKEFELLER

**PREMIUM DUE**

**MAKE CHECK PAYABLE TO
ACSC**

# Wells Fargo Combined Statement of Accounts

September 30, 2022  ■ Page 1 of 6



BASSEM VICTOR EL MALLAKH
116 ROCKEFELLER
IRVINE CA 92612-8114

## Questions?

Available by phone 24 hours a day, 7 days a week.
We accept all relay calls, including 711

**1-800-742-4932**

En español: 1-877-727-2932

Online: wellsfargo.com

Write: Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Account options

A check mark in the box indicates you have those convenient services with your account(s). Go to wellsfargo.com or call the number above if you have questions or if you would like to add new services.

| | | | |
|---|---|---|---|
| Online Banking | ☐ | Direct Deposit | ☐ |
| Online Bill Pay | ☐ | Auto Transfer/Payment | ☐ |
| Online Statements | ☐ | Overdraft Protection | ☐ |
| Mobile Banking | ☐ | Debit Card | ☐ |
| My Spending Report | ☐ | Overdraft Service | ☑ |

### Other Wells Fargo Benefits

### From Wells Fargo Home Mortgage

Is a home purchase in your future? Competitive rates and low down payment options make now a great time to buy a home. Plus, as a Wells Fargo customer, you can count on personalized guidance and streamlined service every step of the way.

Get started with an online mortgage application that can pre-fill your Wells Fargo account information and save you time. Use your Wells Fargo Online username and password at the start of the application. Go to wellsfargo.com/homepurchase or contact your local home mortgage consultant.

Sheet Seq = 0105121
Sheet 00001 of 00003

Created With Tiny Scanner



FREEDOM MORTGAGE®
PO Box 50485, Indianapolis, IN 46250-0485

August 16, 2021

BASSEM ELMALLAKH
116 ROCKEFELLER
IRVINE        CA 92612

## PAYOFF STATEMENT

| | | |
|---|---|---|
| Loan Number: | ████4275 | Next Payment Due Date: February 1, 2020 |
| Borrower: | BASSEM ELMALLAKH | |
| Property: | 116 ROCKEFELLER | |
| | IRVINE        CA 92612 | |
| Loan Type: | CONVENTIONAL | |

**Payoff Quote Good Through September 15, 2021**

The accrued interest shown below is projected through September 15, 2021. After that date, please add an additional $ 13.80 per day.

| Please send the following Remittance: | |
|---|---|
| Current Unpaid Principal | $ 201,970.66 |
| Accrued Interest | $ 9,657.70 |
| Prepayment Penalty | $ 0.00 |
| Escrow/Impound Required | $ 12,564.30 |
| Mortgage Insurance Premium Due | $ 0.00 |
| Less Escrow/Impound Funds | $ - 0.00 |
| Less Unapplied Funds Balance | $ 0.00 |
| Statement Fee | $ 30.00 |
| Unpaid Late Charges | $ 60.14 |
| Recording Fee | $ 168.00 |
| Release Fee | $ 0.00 |
| Additional Items Due | $ 75.00 |
| Deferred Balance | $.00 |
| Optional Insurance | $ 0.00 |
| **TOTAL PAYOFF DUE:** | $ 224,525.80 |

A Deferred Balance may include items such as deferred Principal Balance, Late Charges, Escrow Advances, Expense Advances and Administrative Fees.
The current escrow balance is $-12,564.30. Any escrow payments scheduled to disburse prior to the payoff expiration date will be deducted from the total escrow balance. If the scheduled disbursement creates a negative balance in the escrow account, these funds will appear as an escrow advance and included in the total payoff due. Available escrow funds will be returned to the borrower within 14 business days from the date the loan is paid in full.

261



**FREEDOM MORTGAGE**
PO Box 50485, Indianapolis, IN 46250-0485

*When applicable, any escrow funds credited toward the total payoff will not be returned.*

The information shown on this statement is subject to change. To ensure that you are submitting sufficient funds to pay your account in full, please contact our Customer Care Department for updated figures prior to remitting payoff funds. If your loan is referred to foreclosure this payoff statement will no longer be valid, therefore, a new payoff statement will need to be requested.

### WHERE TO SUBMIT PAYOFF FUNDS

**WIRE TRANSFER**
Freedom Mortgage Corporation
Reference: Payoff/Payment Department
Keybank, 127 Public Square, Cleveland, OH
ABA: 041001039
Bank Account: ████████3402
Borrower Name: BASSEM ELMALLAKH
Loan Number: ████4275

**OVERNIGHT DELIVERIES OF PAYMENTS**
Freedom Mortgage Corporation
ATTN: Payoff Department
10500 Kincaid Drive, Suite 111
Fishers, Indiana 46037-9764

*Please note that Freedom Mortgage requires payoffs to be received in the form of certified funds. Personal checks will not be accepted. Additionally, Freedom Mortgage will only accept funds to pay off the account in full. Payoff funds received that are not sufficient to pay the loan account in full will be returned.*
*Incoming wire transfers received by 4pm EST will be credited the same day. Wires received after that time will be processed on the next business day. Please ensure that all payoff funds submitted include the borrower's name and loan number.*

Customer Care representatives are available to assist you at (855) 690-5900 Monday through Friday from 8:00am – 10:00pm and Saturday from 9:00am – 6:00pm Eastern Time.

**FREEDOM MORTGAGE CORPORATION IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

-----------------------------------------------------------------------------------------------------------------

#### Change of Address Notification Form

Is your mailing address changing as a result of this payoff request? Please let us know your new address below in order to ensure all trailing documents are sent to the appropriate address. Please return this form to:

Freedom Mortgage P.O. Box 50428 Indianapolis IN 46250-0401

New Address: _____ City/State/Zip _____

Loan Number: 0113204275

261



**CHASE**
JP Morgan Chase Bank, N.A.
PO Box 659754
San Antonio, TX 78265-9754

Questions?
✉ chase.com
📞 1-800-935-9935
We accept operator relay calls

10/28/2022

BASSEM V ELMALLAKH
116 ROCKEFELLER
IRVINE, CA 92612-8114

## Update: We closed your account

Your account ending in 7632

Dear Bassem Elmallakh

Thank you for your recent inquiry about your account. We closed your account above on 09/20/2022.
If you have questions, please call us at 1-800-935-9935 or visit any of our branches.

Sincerely,

Customer Service

©2019 JPMorgan Chase Bank, N.A. Member FDIC
M1006-01 (09/19)

Created With Tiny Scanner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO BELGIUM
INVESTMENTS 960 BAY DR, LLC'S OPPOSITION TO DEBTOR'S MOTION TO AVOID
LIEN UNDER 11 U.S.C. § 522(F); DECLARATION OF BASSEM VICTOR EL MALLAKH IN
SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required
by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
1/4/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/4/2023, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodore Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/4/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.