MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Counsel for Debtor in Possession
Bassem Victor El Mallakh

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BASSEM VICTOR EL MALLAKH,<br><br>    Debtor and Debtor-in-Possession. | CASE NO.: 8:22-bk-11605-TA<br><br>Chapter 11<br><br>**MOTION TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIOD; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF**<br><br>Date:    TBD<br>Time:    TBD<br>Crtrm:   1545<br>Place:   411 West Fourth Street<br>        Courtroom 5B<br>        Santa Ana, CA 92701<br><br>Via Tele/Videoconference on Zoom<br><br>[Application Setting Hearing On Shortened Notice Is Filed Concurrently With This Motion] |

**TO THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE OF THE UNITED STATES BANKRUPTCY COURT; THE OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS; TWENTY LARGEST CREDITORS; AND ALL OTHER INTERESTED PARTIES:**

1

**PLEASE TAKE NOTICE** that Bassem Victor El Mallakh, Debtor and Debtor-in-Possession herein ("Debtor"), hereby moves this Court for entry of an order extending the period in which Debtor has the exclusive right to file a chapter 11 plan pursuant to Bankruptcy Code Section 1121(b) ("Motion to Extend Exclusivity Period") from January 17, 2023 to April 28, 2023.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9075-1(b), an Application for Order Setting Hearing on Shortened Notice and the proposed Order are being filed and uploaded concurrently with this Motion. Debtor will provide Notice of Hearing on Motion to Extend Exclusivity Period with relevant deadlines for response to the Motion once the Court enters the order on the Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Through this Motion, Debtor seeks an order extending the time period in which Debtor has the exclusive right to file a chapter 11 plan pursuant to 11 U.S.C. Section 1121(b) for from January 17, 2023 to April 28, 2023.

Cause exists for this Court to grant the extension because: (1) the Court set a deadline of March 1, 2023 for the Debtor to file his Plan; (2) there are several unresolved motions currently pending to be heard with the Court, which will have an impact on the information Debtor needs to put in his disclosure statement and plan. On calendar for January 11, 2023 is the hearing on Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) of Belgium Investments 960 Bay Dr, LLC ("Belgium") [docket no.: 59] and the hearing on Belgium's Objection to Debtor's Claimed Homestead Exemption [docket no.: 55]. The extension of the exclusivity period would enable the

Court to make a determination as to the treatment of Belgium's judgment lien and the amount of Debtor's homestead exemption, and provide Debtor with needed additional time to prepare adequate information to propose a meaningful Plan of Reorganization.

## II.  BACKGROUND/FACTS

On September 19, 2022, Debtor filed the present chapter 11 bankruptcy petition. Debtor had one prior chapter 13 bankruptcy case filed on July 12, 2022, Case No.: 8:22-bk-11158-TA, which was dismissed on July 26, 2022 per Debtor's Request for Voluntary Dismissal.

The Debtor holds title to the following real property which is the Debtor's principal residence: 116 Rockefeller, Irvine, California 92612 ("Property").

The Debtor has personal property assets with a combined scheduled value of approximately $24,508.00 and real property has a scheduled value of approximately $1,100,000.00 and is encumbered by the following four secured obligations:

- Freedom Mortgage Corporation (1st TD Holder) with claim amount of $243,971.77;
- Belgium Investments 960 Bay Dr, LLC (4th position judgment lienholder) with an estimated disputed scheduled claim of $4,345,250.00 which arose from a state court judgment in the matter entitled Belgium Investments 960 Bay Dr, LLC v. Bassem Essam El Mallakh, Orange County Case No.: 30-2020-01148745-CU-EN-CJC. The initial judgment was obtained in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida, Case No.: 18-28145 CA.
- First Service Residential c/o The Towns HOA (1st HOA lienholder) with an estimated scheduled pre-petition claim of $7,276.00.

- Central Park West Community (2nd HOA lienholder) with an estimated scheduled pre-petition claim of $2,878.93.

The Debtor currently collects $4,000.00 in rental income from the Property, part of which is being rented to Debtor's sister who lives in the Property with her son. The Debtor is actively seeking full-time employment.

The principal liabilities of the estate are the secured claims on the Debtor's Property with an estimated total claim amount of $4,602,236.00 and a car loan owed to TD Auto Finance for an estimated $15,000.00. The Debtor has no scheduled priority claim and one general unsecured claim owed to Wells Fargo Bank for an estimated amount of $1,193.00.

The major event that precipitated the filing of the Debtor's Chapter 11 bankruptcy was the pending foreclosure sale of the Property initiated by disputed judgment creditor Belgium Investments.

A. Procedural History of the Case

On September 19, 2022, Debtor filed his instant Chapter 11 case.

On September 27, 2022, Debtor filed his Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 116 Rockefeller, Irvine, CA 92612 [docket no.: 20]. On October 4, 2022, Belgium filed its Opposition to the Debtor's Motion for Order Continuing Stay and Request for Dismissal with a Bar to Refiling [docket nos.: 25 and 26]. On October 11, 2022, Debtor filed his Reply to Opposition to the Debtor's Motion for Order Continuing Stay and Request for Dismissal With a Bar to Refiling [docket no.: 27]. On October 25, 2022, the Court entered its Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 35].

On September 28, 2022, Debtor filed his Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael Jay Berger as General Bankruptcy Counsel [docket no.: 23]. On October 19, 2022, the Court

entered an order granting Debtor's Motion to Employ General Bankruptcy Counsel [docket no.: 33].

On October 12, 2022, Debtor filed his Initial Status Report [docket no.: 28].

On October 25, 2022, the Court entered an order granting Debtor's Motion to Continue the Automatic Stay over Belgium Investments 960 Bay Dr, Inc.'s opposition [docket no.: 35].

On October 25, 2022, Debtor filed and served the Notice of Bar Date for Filing Proofs of Claim [docket no.: 37].

On October 28, 2022, Debtor appeared at the Section 341a Meeting of Creditors with his bankruptcy counsel.

On October 28, 2022, Debtor served the Scheduling Order After Initial Status Conference on all creditors and parties in interest [docket no.: 42].

On November 4, 2022, TD Bank, N.A. filed a relief from stay motion for Debtor's 2016 Mercedes Benz C-Class [docket no.: 44]. On November 8, 2022, Debtor entered into a stipulation with TD Bank, N.A, resolving the pending relief from stay motion [docket no.: 49; order approving stipulation, docket no.: 50] and vacating the December 6, 2022 hearing.

On November 23, 2022, Belgium filed a Motion Objecting to Debtor's Claimed Homestead Exemption [docket no.: 55]. On December 28, 2022, Debtor filed his Opposition to Belgium Investments 960 Bay Dr, LLCs Objection to Debtors Claimed Homestead Exemption [docket no.: 81]. On January 4, 2023, Belgium filed its Reply to Debtor's Opposition to Belgium Investments 960 Bay Dr, LLCs Objection to Debtors Claimed Homestead Exemption [docket no.: 84]. The hearing on the Belgium Investments 960 Bay Dr, LLCs Objection to Debtors Claimed Homestead Exemption is set for January 11, 2023.

On November 23, 2022, Debtor filed a Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) [docket no.: 59]. On December 7, 2022,

Belgium filed its Opposition to Debtor's Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) [docket no.: 73]. On January 4, 2023, Debtor filed his Reply to Belgium's Opposition to Debtor's Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) [docket no.: 85]. The hearing on the Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) is set for January 11, 2023.

On November 30, 2022, Belgium filed a Motion to Dismiss and/or Convert Case to Ch 7 [docket nos.: 63 and 67]. On December 7, 2022, Debtor filed his Opposition to the Motion to Dismiss and/or Convert Case to Ch 7 [docket no.: 72]. On December 14, 2022, Belgium filed its Reply to his Opposition to the Motion to Dismiss and/or Convert Case to Ch 7 [docket no.: 78]. On January 3, 2023, the Court entered its Order denying the Motion to Dismiss and/or Convert Case to Ch 7 [docket no.: 82].

The deadline for Debtor to file a Disclosure Statement and Chapter 11 Plan of Reorganization is March 1, 2023.

### III. LEGAL AUTHORITY

**THE COURT HAS THE AUTHORITY TO GRANT DEBTOR AN EXTENSION OF THE EXCLUSIVITY PERIODS FOR FILING A PLAN OF REORGANIZATION**

11 U.S.C. Section 1121(b) grants Debtor an exclusive period of 120 days after the Petition Date to file a plan of reorganization. Section 1121(d) states: On request of a party in interest made within a respective periods specified in subsection (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section." In re Hoffinger Industries, Inc. (8th Cir. 2003) 292 B.R. 639, 643.

"The factors that must be established to constitute 'cause' to reduce or increase the exclusivity periods are not described within Section 1121(d), yet the legislative history of this section reveals what may establish cause." Id. at 643. "[T]he following factors, among others, have been identified as being relevant in determining whether 'cause' exists:

a. The size and complexity of the case;

b. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

c. The existence of good faith progress towards reorganization;

d. The fact that the debtor is paying its bills as they come due;

e. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f. Whether the debtor has made progress in negotiating with its creditors;

g. The amount of time which has elapsed in the case;

h. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

i. Whether an unresolved contingency exists."

In re Express One International, Inc. (Bankr. 1996 E.D. Tex.) 194 B.R. 98, 100; See also In re Hoffinder Industries, Inc. at 643-644.

"It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." In re Hoffinder Industries, Inc. at 644.

## IV. ARGUMENT

### CAUSE EXISTS TO GRANT DEBTOR THE EXTENSION

Here, many of the above factors exist and thus cause exists for this court to extend the exclusivity periods, as follows:

a. The size and complexity of Debtor's case

There are several motions pending with the Court that need to be resolved prior to the Debtor proposing a meaningful Plan of Reorganization. On calendar for January 11, 2023 is the hearing on Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) of Belgium Investments 960 Bay Dr, LLC ("Belgium") [docket no.: 59] and the hearing on Belgium's Objection to Debtor's Claimed Homestead Exemption [docket no.: 55]. The extension of the exclusivity period would enable the Court to make a determination as to the treatment as to the secured and unsecured portions of of Belgium's lien and the amount of Debtor's homestead exemption, and provide Debtor with needed additional time to prepare adequate information to propose a meaningful Plan of Reorganization.

b. The necessity of sufficient time to permit the Debtor to negotiate a plan of reorganization and prepare adequate information

The Debtor needs the Court to rule on the pending Motions regarding the homestead exemption and the lien avoidance and bifurcation of Belgium's lien prior to Debtor filing his Plan. The deadline set by the Court for the Debtor to file his Plan is March 1, 2023. As such, there is a necessity of additional time to permit the Debtor to prepare additional information to propose a Plan.

///

c. <u>The existence of good faith progress towards reorganization</u>

Debtor has made significant progress in his case and determination of the pending issues will progress the Debtor towards a successful reorganization.

d. <u>The fact that the Debtor is paying his bills as they come due</u>

The Debtor is making postpetition payments to the mortgage, homeowners association, property taxes and other obligations as they come due.

e. <u>The Debtor has demonstrated reasonable prospects for filing a viable plan</u>

The determination of Debtor's homestead exemption and the lien avoidance and bifurcation as to Belgium's lien will demonstrate Debtor's reasonable prospects for filing a viable plan.

f. <u>The Debtor has made progress in negotiating with his creditors</u>

Debtor, through counsel, has reached out to the creditors to negotiate Plan Treatment Stipulations as to their claims, and will continue to do so.

g. <u>The amount of time which has elapsed in the case</u>

The Debtor's case was filed less than four months ago.

h. <u>Debtor is NOT seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands</u>

Debtor seeks an extension of exclusivity in order to allow the Court time to resolve the motions pending with the Court, in order to propose a meaningful and confirmable Plan.

///

i.  <u>Whether an unresolved contingency exists to warrant extension of the exclusivity period</u>

There remain multiple issues which must be resolved prior to Debtor's ability to propose a meaningful Plan of Reorganization. On calendar for January 11, 2023 is the hearing on Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) of Belgium Investments 960 Bay Dr, LLC ("Belgium") [docket no.: 59] and the hearing on Belgium's Objection to Debtor's Claimed Homestead Exemption [docket no.: 55]. The Court's determination of these two issues will significantly impact the treatment of Belgium's lien and the Debtor's Plan. Further, there also still remains the issue of whether Belgium as a suspended and terminated corporation has legal standing to collect on its judgement lien. Debtor is still investigating this and is contemplating objecting to Belgium's Proof of Claim on the basis that Belgium lacks legal standing to collect on its judgment and prosecute its claim.

## V. CONCLUSION

Debtor submits that the foregoing facts establish cause for an extension of the exclusivity period. Debtor therefore respectfully requests that the Court enter an Order (1) extending the period in which the Debtor has the exclusive right to file a plan of reorganization from January 17, 2023 through and including April 28, 2023. In the alternative, Debtor respectfully requests such other appropriate relief.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: January 9, 2023    By: /s/ Michael Jay Berger
Michael Jay Berger
Counsel for Debtor,
Bassem Viktor El Mallakh

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1. I am an attorney at law duly admitted to practice in the State of California. I am counsel of record for Debtor-in-Possession, Law Offices of Brian D. Witzer, Inc., in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness, I could and would competently testify to each of them.

2. I make this declaration in support of Debtor's Motion to Extend the Exclusivity Period.

3. On September 19, 2022, Debtor filed the present chapter 11 bankruptcy petition. Debtor had one prior chapter 13 bankruptcy case filed on July 12, 2022, Case No.: 8:22-bk-11158-TA, which was dismissed on July 26, 2022 per Debtor's Request for Voluntary Dismissal.

4. On September 27, 2022, Debtor filed his Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 116 Rockefeller, Irvine, CA 92612 [docket no.: 20]. On October 4, 2022, Belgium filed its Opposition to the Debtor's Motion for Order Continuing Stay and Request for Dismissal with a Bar to Refiling [docket nos.: 25 and 26]. On October 11, 2022, Debtor filed his Reply to Opposition to the Debtor's Motion for Order Continuing Stay and Request for Dismissal With a Bar to Refiling [docket no.: 27]. On October 25, 2022, the Court entered its Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay [docket no.: 35].

5. On September 28, 2022, Debtor filed his Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael Jay Berger as General Bankruptcy Counsel [docket no.: 23]. On October 19, 2022, the Court entered an order granting Debtor's Motion to Employ General Bankruptcy Counsel [docket no.: 33].

6. On October 12, 2022, Debtor filed his Initial Status Report [docket no.: 28].

7. On October 25, 2022, the Court entered an order granting Debtor's Motion to Continue the Automatic Stay over Belgium Investments 960 Bay Dr, Inc.'s opposition [docket no.: 35].

8. On October 25, 2022, Debtor filed and served the Notice of Bar Date for Filing Proofs of Claim [docket no.: 37].

9. On October 28, 2022, Debtor appeared at the Section 341a Meeting of Creditors with his bankruptcy counsel.

10. On October 28, 2022, Debtor served the Scheduling Order After Initial Status Conference on all creditors and parties in interest [docket no.: 42].

11. On November 4, 2022, TD Bank, N.A. filed a relief from stay motion for Debtor's 2016 Mercedes Benz C-Class [docket no.: 44]. On November 8, 2022, Debtor entered into a stipulation with TD Bank, N.A, resolving the pending relief from stay motion [docket no.: 49; order approving stipulation, docket no.: 50] and vacating the December 6, 2022 hearing.

12. On November 23, 2022, Belgium filed a Motion Objecting to Debtor's Claimed Homestead Exemption [docket no.: 55]. On December 28, 2022, Debtor filed his Opposition to Belgium Investments 960 Bay Dr, LLCs Objection to Debtors Claimed Homestead Exemption [docket no.: 81]. On January 4, 2023, Belgium filed its Reply to Debtor's Opposition to Belgium Investments 960 Bay Dr, LLCs Objection to Debtors Claimed Homestead Exemption [docket no.: 84]. The hearing on the Belgium Investments 960 Bay Dr, LLCs Objection to Debtors Claimed Homestead Exemption is set for January 11, 2023.

13. On November 23, 2022, Debtor filed a Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) [docket no.: 59]. On December 7, 2022, Belgium filed its Opposition to Debtor's Motion to Avoid Belgium's Judgment

Lien Pursuant to 11 U.S.C. Section 522(f) [docket no.: 73]. On January 4, 2023, Debtor filed his Reply to Belgium's Opposition to Debtor's Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) [docket no.: 85]. The hearing on the Motion to Avoid Belgium's Judgment Lien Pursuant to 11 U.S.C. Section 522(f) is set for January 11, 2023.

14. On November 30, 2022, Belgium filed a Motion to Dismiss and/or Convert Case to Ch 7 [docket nos.: 63 and 67]. On December 7, 2022, Debtor filed his Opposition to the Motion to Dismiss and/or Convert Case to Ch 7 [docket no.: 72]. On December 14, 2022, Belgium filed its Reply to his Opposition to the Motion to Dismiss and/or Convert Case to Ch 7 [docket no.: 78]. On January 3, 2023, the Court entered its Order denying the Motion to Dismiss and/or Convert Case to Ch 7 [docket no.: 82].

15. The deadline for Debtor to file a Disclosure Statement and Chapter 11 Plan of Reorganization is March 1, 2023.

16. On calendar for January 11, 2023 is the hearing on Debtor's Notice of Motion and Motion to Avoid Lien under 11 U.S.C. § 522(f) as to the claim of judgment creditor Belgium Investments 960 Bay Dr, LLC's ("Belgium") [docket no.: 59] and the hearing on Belgium's Objection to Debtor's Claimed Homestead Exemption [docket no.: 55].

17. The determination of Debtor's homestead exemption and the lien avoidance and bifurcation as to Belgium's lien will demonstrate Debtor's reasonable prospects for filing a viable plan.

///
///
///
///
///
///

18. My office has made negotiation efforts towards the creditors and will continue to do so.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration is executed on January 5, 2023 at Beverly Hills, California.

_____
Michael Jay Berger

## **DECLARATION OF BASSEM VICTOR EL MALLAKH**

I, Bassem Victor El Mallakh, declare and state as follows:

1. I am the Debtor and Debtor-in-Possession herein. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. On September 19, 2022, I filed the present chapter 11 bankruptcy petition. I had one prior chapter 13 bankruptcy case filed on July 12, 2022, Case No.: 8:22-bk-11158-TA, which was dismissed on July 26, 2022 per my Request for Voluntary Dismissal.

3. I hold title to the following real property which is my principal residence: 116 Rockefeller, Irvine, California 92612 ("Property").

4. I have personal property assets with a combined scheduled value of approximately $24,508.00 and real property has a scheduled value of approximately $1,100,000.00 and is encumbered by the following four secured obligations:

- Freedom Mortgage Corporation (1st TD Holder) with claim amount of $243,971.77;
- Belgium Investments 960 Bay Dr, LLC (4th position judgment lienholder) with an estimated disputed scheduled claim of $4,345,250.00 which arose from a state court judgment in the matter entitled Belgium Investments 960 Bay Dr, LLC v. Bassem Essam El Mallakh, Orange County Case No.: 30-2020-01148745-CU-EN-CJC. The initial judgment was obtained in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida, Case No.: 18-28145 CA.
- First Service Residential c/o The Towns HOA (1st HOA lienholder) with an estimated scheduled pre-petition claim of $7,276.00.
- Central Park West Community (2nd HOA lienholder) with an estimated scheduled pre-petition claim of $2,878.93.

MOTION TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIOD;
DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF

5. I currently collect $4,000.00 in rental income from the Property, part of which is being rented to my sister who lives in the Property with her son. I am actively seeking full-time employment.

6. The principal liabilities of the estate are the secured claims on my Property with an estimated total claim amount of $4,602,236.00 and a car loan owed to TD Auto Finance for an estimated $15,000.00. I have no scheduled priority claim and one general unsecured claim owed to Wells Fargo Bank for an estimated amount of $1,193.00.

7. The major event that precipitated the filing of my Chapter 11 bankruptcy was the pending foreclosure sale of the Property initiated by disputed judgment creditor Belgium Investments.

8. I am making postpetition payments as they come due.

9. The determination of my homestead exemption and the lien avoidance and bifurcation as to Belgium's lien will demonstrate my reasonable prospects for filing a viable plan.

10. I have made negotiation efforts towards the creditors and will continue to do so.

11. My case was filed less than four months ago.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on January 9, 2023 at Los Angeles, California.

Bassem Victor El Mallakh

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIOD; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/9/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 1/9/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/23/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodore Albert**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5085 / Courtroom 5B**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/9/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL:**

**Belgium Investments 960 Bay Dr, LLC**
c/o Patrick Miller, Esq.
P. Miller Legal Services
121 S Oak Avenue
Pasadena, CA 91107

**Central Park West Community Association**
c/o Tinnelly Law Group
27101 Puerta Real, Suite 250
Mission Viejo, CA 92691

**Central Park West Community HOA**
401 Rockefeller #208
Irvine, CA 92612

**First Service Residential**
15241 Laguna Canyon Rd.
Irvine, CA 92618

**First Service Residential**
c/o Community Legal Advisors
509 N. Coast Highway
Oceanside, CA 92054

**Freedom Mortgage**
951 Yamato Rd.
Boca Raton, FL 33431

**Freedom Mortgage**
PO Box 50428
Indianapolis, IN 46250

**Freedom Mortgage Corporation**
1455 Frazee Road, Suite 820
San Diego, CA 92108

**Freedom Mortgage Corporation**
Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel, NJ 08054

**INTERNAL REVENUE SERVICE**
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**TD Auto Finance**
6 Atlantis Way
Lewiston, ME 04240

**Td Auto Finance**
Attn: Bankruptcy
Po Box 9223
Farmington Hills, MI 48333

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

F 9013-3.1.PROOF.SERVICE

**TD Bank, N.A.**
successor in interest to TD Auto Finance
P.O. Box 16041
Lewiston, ME 04243

**The Tones at Central**
Pak West Ass
15241 Laguna Canyon Rd
Irvine, CA 92618

**The Townes at Central Park West Association**
c/o Community Legal Advisors Inc.
509 N. Coast Highway
Oceanside, CA 92054

**Wells Fargo Bank NA**
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328

**Wells Fargo Bank, N.A.**
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

**Wells Fargo Bank, N.A.**
Small Business Lending Division
P.O. Box 29482 MAC S4101-08C
Phoenix, AZ 85038

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE