PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581

Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 11<br><br>**OPPOSITION TO EX PARTE MOTION TO EXTEND DEADLINE TO FILE DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**<br><br>**Date**: 15 February 2023<br>**Time**: 10am<br>**Crtrm**: Virtual/5B |
|---|---|

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

Creditor, Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**"), herein sets out its OPPOSITION to the EX PARTE MOTION TO EXTEND DEADLINE TO FILE DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT filed by the Debtor's counsel on 8 February 2023 (the "**Opposition**" & "**Motion to Extend Deadlines**", respectively).

# POINTS & AUTHORITIES

## I. Introduction.

The basis for the Motion to Extend Deadlines is to allow Debtor the opportunity to obtain new counsel and prepare a suitable plan & financial statement. However, at no time has there been any indication that he would participate in the bankruptcy process in good faith or propose a suitable plan. If anything, Debtor's conduct up to this point shows that he will not participate in this process in good faith—and he should not be granted any further extensions.

Furthermore, Debtor has already been afforded sufficient time to prepare a plan & financial statements as he has been in contact with bankruptcy counsel since April 2022.

Belgium, who has been the victim of Debtor's fraud & misconduct since as early as April 2016—and is the only relevant creditor in this case—should no longer be forced to sustain Debtor's bad faith delay tactics.

## II. There is no evidence Debtor will actually participate if granted the 90-day extension—in fact, all evidence points to the contrary.

Before granting such an extension, Belgium argues that Debtor should put forward some evidence to indicate he will, at a minimum: (a) participate in these proceedings in good faith; (b) retain new counsel; and (c) propose a suitable plan & provide accurate financial statements. Rather than putting forward evidence to this effect, everything we have seen from this Debtor points to the contrary.

First, there was the egregious misrepresentation on his Ch 13 filings which misrepresented Debtor's assets & liabilities [see eg Belgium's *Opposition To The Debtor's Motion For Order Continuing Stay* at Docket #25]. Second, there has been the questionable evidence regarding Debtor's finances that led to troubling questions which have not yet been pursued thoroughly, particularly how Debtor has been able to extract over $30,000 to pay legal costs from his sister [see eg Belgium's *Opposition To The Debtor's Motion For Order Continuing Stay* at Docket

#25]. Third, there was the wholly-contradictory, self-serving evidence that Debtor put forward regarding his residency [see eg Docket # 55 Belgium's *Objection to Debtor's Claimed Homestead* Exemption]. Finally, there is Debtor's continued refusal to provide even the barest indication of how he might propose a suitable plan given his substantial liabilities to Belgium and lack of employment. These show Debtor's utter refusal to participate in this bankruptcy in good faith—and that he will not participate in good faith if granted a 90-day extension.

But more fundamentally, Debtor's refusal to cooperate with his counsel may be the most demonstrative evidence available that he does not, and arguably never has, intended to engage in the bankruptcy process in good faith.

There is no reason to suspect that Debtor will retain, and pay, new counsel when Debtor is unwilling (or unable) to pay his legal fees now, particularly since his current counsel has been involved in the case since the filing and would not require time/costs to 'read in' on the issues.

In fact, we do not have any evidence from Debtor that he even *wants* an extension. There is no Declaration attached to the Motion to Extend from Debtor and it's not clear whether he was even involved in the decision to file this Motion.

It may be instructive that Debtor is refusing to cooperate with counsel at this point in the proceedings—when he's finally required to provide detailed evidence of his financial information, his residency, and a suitable reorganization plan. When all of these issues have been areas of concern that Belgium highlighted at the outset.

We must also consider Debtor's current obligations to this court to provide monthly operating reports. It appears that several reports have not yet been filed and several more may go unfiled during this delay. This is particularly problematic given Debtor's questionable financial situation and the presence of essentially only one valuable asset from which Belgium may obtain some limited recovery.

There is no basis to delay these proceedings where there is no reason to assume Debtor will actually participate in the same—particularly given the extensive time he's already been afforded and the prejudice that such a continued delay would cause to Belgium.

### III. Debtor has been afforded sufficient time to prepare for the March 1st deadline.

Debtor originally met with bankruptcy counsel in April 2022[1]. He filed for bankruptcy under Ch 13 in July 2022. He then obtained new counsel and filed for bankruptcy under Chapter 11 on 19 September 2022.

Belgium has argued since the outset that Debtor has no way of putting forward a suitable bankruptcy plan; his financial evidence is questionable; and this entire process has been a bad faith attempt to delay Belgium's recovery or otherwise abuse the bankruptcy process.

Belgium has patiently waited while Debtor incredulously claimed that he intended to propose a suitable plan and that such a plan would somehow materialize on 1 March 2023 (the "**March 1st deadline**"). It was observed that this filing has been dubious from the outset. Yet Debtor was provided extensive latitude and the benefit of the doubt. It is no longer reasonable to extend this benefit any further after so much time has passed without the slightest indication that Debtor should be entitled to the same.

We must also note that this is not, and never has been, a bona fide Chapter 11 filing where numerous assets, bank accounts, and liabilities need to be considered in order to prepare a complicated plan that will eventually benefit all parties. This is a situation where an individual Debtor has virtually no assets or revenue and effectively one creditor. It should not require this extensive delay before Debtor is forced to demonstrate that he has an intention of proposing a suitable plan or being forthright about his finances.

---

[1] See the Declaration of Patrick Miller in support of the Objection to HS Exemption at paragraph 23; see also the Declaration of the Debtor filed in the Ch 13 proceedings at Ex 15 [Docket #55].

It also appears Debtor has been uncooperative with his counsel for a substantial length of time. Belgium's counsel initially contacted Debtor's counsel on 20 January 2023 to arrange depositions of Debtor and his sister related to the homestead matter. We understand that Debtor has not responded to counsel since at least that point in time. He has therefore already had substantial time ahead of the March 1st deadline to find suitable, alternative counsel and prepare the necessary filings.

### IV. The balance of equity weighs heavily in Belgium's favor.

The only legal basis referenced by Debtor are the broad court powers to ensure against abuses of processes in 11 US Code § 105(a) and the application of this section in *In re Reinertson* 241 BR 451, 551 (9th Circ BAP 1999) (which discusses courts' equitable powers). It is Debtor who has continually abused court processes and the balance of equities lies heavily in Belgium's favor after years of Debtor's bad faith obstruction in multiple judicial forums.

Belgium was first victimized by Debtor's misconduct in 2016; was awarded its initial judgement in February 2020; won its first (of many) bad faith challenges to the judgment in May 2021; and had a Sheriff's sale scheduled in July 2022—and then again in September 2022. Belgium is now weeks away from the March 1st deadline where it hopes to finally confirm that this Ch 11 filing has been undertaken in bad faith since its inception.

Throughout the years, Belgium has patiently absorbed Debtor's bad faith tactics while Debtor has been afforded countless indulgences from courts in California and Florida—and at every stage, he has failed to conduct himself in good faith. Equity should not allow any further delay from Belgium obtaining some limited redress.

### V. Conclusion

In a previous hearing regarding the bad faith Ch 13 filing, this court noted its expectation that Debtor behave with the utmost good faith going forward. It strains the imagination to consider how Debtor might more clearly display his inability to undertake these proceedings in good faith.

It seems that either: (i) Debtor has chosen to waste months of time not preparing his plan & financial statement when this was a key issue from the outset—in which case, no further delay is warranted; or (ii) he has been so uncooperative (or otherwise unwilling to participate) that his counsel has been unable to prepare a proper plan & financial statement—which also demonstrates why no further delay is warranted.

One extension may not seem prejudicial in a vacuum. But Belgium has been forced to wait for nearly 3 years since receiving its judgement. This wait has been due largely to small instances of obstruction & delay which have had the net effect of years wasted and substantial legal costs incurred. These included multiple bad faith motions for dismissal based on duplicitous claims regarding service of process; multiple bad faith attempts to relitigate these motions on appeal; and multiple bad faith bankruptcy filings.

Each instance of delay might not necessarily be overly-prejudicial in and of itself. But their aggregation has caused substantial prejudice to Belgium. At some point, the delay must end. Debtor must face the consequences of years of poor choices—and Belgium should be allowed to obtain some limited redress for the misconduct it has continued to absorb.

Dated:        13 Feb 2022                                          Impact Advocates APC

By_____
Patrick Miller
Attorney for Creditor
Belgium Investments

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is, 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **OPPOSITION TO EX PARTE MOTION TO EXTEND DEADLINE TO FILE DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (through electronic filing); and **(b)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/13/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Debtor Bassem Victor El Mallakh

michael.berger@bankruptcypower.com,

yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Chad L Butler on behalf of Interested Party Courtesy NEF

caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)

nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston

bhestonecf@gmail.com,

benheston@recap.email,NexusBankruptcy@jubileebk.net

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr, LLC A California Corp.

patrick.miller@impactadvocateslaw.com

Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC

randym@cookseylaw.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                      Executed on this 2/13/2022, at Pasadena, California.

                                                                                        Patrick Miller