1  MICHAEL JAY BERGER (State Bar # 100291)
2  SOFYA DAVTYAN (State Bar # 259544)
   LAW OFFICES OF MICHAEL JAY BERGER
3  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
4  Telephone:    (310) 271-6223
   Facsimile:    (310) 271-9805
5  E-mail: Michael.Berger@bankruptcypower.com
   E-mail: Sofya.Davtyan@bankruptcypower.com
6
   Attorney for Debtor and Plan Proponent
7  Bassem Victor El Mallakh

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SANTA ANA DIVISION

11 In re:                          )  CASE NO.: 8:22-BK-11605-TA
12                                  )
                                    )  Chapter 11
13                                  )
                                    )  **DEBTOR'S DISCLOSURE STATEMENT**
14 Bassem Victor El Mallakh,        )  **DESCRIBING CHAPTER 11 PLAN OF**
                                    )  **REORGANIZATION**
15                                  )
                                    )  Continued Status Hearing
16            Debtor-in-Possession.)  _____
17                                  )  Date:   March 23, 2023
                                    )  Time:   10:00 a.m.
18                                  )  Ctrm:   5B [via ZoomGov]
                                    )          411 West Fourth Street
19                                  )          Santa Ana, CA 92701-4593
                                    )
20                                  )
                                    )
21                                  )
                                    )
22                                  )

23 ///
24 ///
25 ///
26 ///
27 ///
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Table of Contents

I.  INTRODUCTION .................................................................................................. 5

   A.  PURPOSE OF THIS DOCUMENT ..................................................................... 5

   B.  DEADLINES FOR VOTING AND OBJECTING; DATE OF PLAN
CONFIRMATION HEARING ...................................................................................... 6

   C.  TIME AND PLACE OF THE CONFIRMATION HEARING............................... 6

   D.  DEADLINE FOR OBJECTION TO THE CONFIRMATION OF THE PLAN .... 7

   E.  IDENTITY OF PERSON TO CONTACT FOR MORE INFORMATION
REGARDING THE PLAN ........................................................................................... 7

   F.  IMPORTANT NOTICES AND CAUTIONARY STATEMENTS ........................ 7

II.  BACKGROUND ................................................................................................... 8

   A.  DESCRIPTION AND HISTORY OF THE DEBTOR'S BUSINESS..................... 8

   B.  PRINCIPALS/AFFILIATES OF DEBTOR'S BUSINESS................................. 10

   C.  MANAGEMENT OF THE DEBTOR BEFORE AND AFTER THE
BANKRUPTCY ........................................................................................................ 10

EVENTS LEADING TO THE CHAPTER 11 FILING................................................ 10

   D.  SIGNIFICANT EVENTS DURING THE BANKRUPTCY ............................... 10

     i.   *Bankruptcy Proceedings* ...................................................................... 10

     ii.  *Claims Objections* ................................................................................ 12

     iii. *Adversary Proceedings* ........................................................................ 13

     iv.  *Procedures Implements to Resolve Financial Problems* ......................... 13

     v.   *Current and Historical Financial Conditions*........................................ 13

III.  SUMMARY OF THE PLAN OF REORGANIZATION ......................................... 13

   A.  GENERAL OVERVIEW ................................................................................. 13

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

B.  UNCLASSIFIED CLAIMS ................................................................................. 13

    i.  *ADMINISTRATIVE EXPENSES* ........................................................................ 13

    ii.  *PRIORITY TAX CLAIMS* ................................................................................ 14

C.  CLASSIFIED CLAIMS .................................................................................... 15

Class 1 – Secured Claims ...................................................................................... 15

Class 2 - General Unsecured Claims ..................................................................... 17

D.  MEANS OF PERFORMING THE PLAN ........................................................ 17

    i.  *Funding for the Plan* ..................................................................................... 17

    ii.  *Management of the Reorganized Debtor* .................................................... 18

    iii.  *Disbursing Agent* ........................................................................................ 18

E.  RISK FACTORS ............................................................................................... 18

F.  SECTION 1111(B) ELECTION ........................................................................ 18

G.  OTHER PROVISIONS OF THE PLAN ........................................................... 19

    1.  EXECUTORY CONTACTS AND UNEXPIRED LEASES ...................................... 19

    i.  *Assumptions* ................................................................................................... 19

    ii.  *Rejections* ..................................................................................................... 19

H.  TAX CONSEQUENCES OF THE PLAN ........................................................ 19

I.  CONFIRMATION REQUIREMENTS AND PROCEDURES ............................ 19

    1.  WHO MAY VOTE OR OBJECT ........................................................................ 20

    i.  *Who May Object to Confirmation of the Plan* ............................................. 20

    ii.  *Who May Vote to Accept or Reject the Plan* ............................................... 20

    a.  *What is an Allowed Claim or Interest* .......................................................... 20

    b.  *What is an Impaired Claim or Interest* ........................................................ 21

iii.    *Who is Not Entitled to Vote* ............................................................................ 21

iv.    *Who Can Vote in More Than One Class* .......................................................... 22

v.    *Votes Necessary to Confirm the Plan* ............................................................. 22

vi.    *Votes Necessary for a Class to Accept the Plan* ........................................... 22

vii.    *Treatment of Non-Accepting Classes* ............................................................ 22

viii.    *Request for Confirmation Despite Non-Acceptance by Impaired Classes* ..... 22

ix.    *Absolute Priority Rule* .................................................................................... 23

2.    **LIQUIDATION ANALYSIS** ............................................................................... 23

3.    **FEASIBILITY** ..................................................................................................... 24

J.    **EFFECT OF CONFIRMATION OF PLAN** .......................................................... 25

1.    **EFFECTIVE DATE** .......................................................................................... 25

2.    **DISCHARGE** ................................................................................................... 25

3.    **REINVESTING OF PROPERTY IN THE DEBTOR** ......................................... 25

4.    **MODIFICATION OF THE PLAN** ..................................................................... 26

5.    **POST-CONFIRMATION STATUS REPORT** .................................................... 26

6.    **QUARTERLY FEES** ......................................................................................... 26

7.    **POST-CONFIRMATION EMPLOYMENT AND COMPENSATION OF
REORGANIZED DEBTOR'S PROFESSIONALS** .............................................. 26

8.    **POST-CONFIRMATION CONVERSION/DISMISSAL** .................................... 27

9.    **FINAL DECREE** ............................................................................................... 27

# I.     INTRODUCTION

Debtor, Bassem Victor El Mallakh (the "Debtor"), Debtor-in-Possession in the above-referenced Chapter 11 case, commenced his bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on September 19, 2022. He is hereinafter referred to as the "Debtor." This document is the Disclosure Statement in Support of Chapter 11 Plan of Reorganization (the "Disclosure Statement"). Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Chapter 11 Plan of Reorganization. Debtor is the proponent (the "Proponent") of the Chapter 11 Plan of Reorganization (the "Plan") sent to you in the same envelope as this document. THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.

In summary, this is a reorganizing plan that provides for payment to holders of allowed claims over time. The timing of plan payments to particular creditors will depend upon their classifications under the Plan. ***The Effective Date of the Plan shall be the first business day that is fourteen (14) calendar days after the entry of the order confirming the Plan, with payment beginning by the first day of the following month.***

## A.  PURPOSE OF THIS DOCUMENT

This Disclosure Statement summarizes what is in the Plan, and tells you certain information relating to the Plan and the process the Court follows in determining whether or not to confirm the Plan.

**READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:**

**(1) WHO CAN VOTE OR OBJECT;**

**(2) WHAT THE TREATMENT OF YOUR CLAIM IS (i.e., what your claim will receive if the Plan is confirmed), AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION;**

**(3) THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY;**

**(4) WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN;**

**(5) WHAT IS THE EFFECT OF CONFIRMATION;**

**(6) WHETHER THIS PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights. You should consider consulting your own legal counsel to obtain more specific advice on how this Plan will affect you and what is the best course of action for you.

Be sure to read the Plan as well as the Disclosure Statement. If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern.

The Code requires the Disclosure Statement to contain "adequate information" concerning the Plan. The Bankruptcy Court (the "Court") has approved this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan. Any party can now solicit votes for or against the Plan.

**B.  DEADLINES FOR VOTING AND OBJECTING; DATE OF PLAN CONFIRMATION HEARING**

THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS DISCLOSURE STATEMENT. IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT YET BINDING ON ANYONE. HOWEVER, IF THE COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ON ALL CREDITORS AND INTEREST HOLDERS IN THIS CASE.

**C.  TIME AND PLACE OF THE CONFIRMATION HEARING**

The hearing where the Court will determine whether or not to confirm the Plan will take place on **TBD** in Courtroom 5B of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, California 92701-4593.

### D. **DEADLINE FOR OBJECTION TO THE CONFIRMATION OF THE PLAN**

Objections to the confirmation of the Plan must be filed with the Court and served so that any objections are actually received by counsel for the Debtor by **TBD**.

### E. **IDENTITY OF PERSON TO CONTACT FOR MORE INFORMATION REGARDING THE PLAN**

Any interested party desiring further information about the Plan should contact counsel for the Debtor: Michael Jay Berger or Sofya Davtyan, with the Law Offices of Michael Jay Berger, 9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212, Telephone: (310) 271-6223, or by electronic mail at Michael.Berger@bankruptcypower.com or Sofya.Davtyan@bankruptcypower.com.

### **DISCLAIMER**

The financial data relied upon in formulating the Plan is based on the Debtor's monthly operating report summary, attached hereto as **Exhibit-D** and the contribution from Debtor's father to assist with the proposed plan payments. The Debtor represents that the information contained in this Disclosure Statement is true and correct to the Debtor's best knowledge. The Court has not yet determined whether the Plan is confirmable and makes no recommendation as to whether you should support or oppose the Plan.

### F. **IMPORTANT NOTICES AND CAUTIONARY STATEMENTS**

The liquidation analysis, estimates and other financial information referenced herein, or attached as exhibits hereto, have been developed by the Debtor with the assistance of its professional advisors. Although these professional advisors assisted in the preparation of this Disclosure Statement, in doing so such professionals relied upon factual information and assumptions regarding financial and accounting data provided by the Debtor and third parties, all of which information has not been audited. *The Debtor's professional advisors have not independently verified such information and, accordingly, make no representations as to its accuracy.* Moreover, although reasonable efforts have been made to provide accurate

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

information, the Debtor cannot warrant or represent that the information in this Disclosure Statement, including any and all financial information, is without inaccuracy or omission.

***No entity may rely upon the Plan or this Disclosure Statement, or any of the accompanying exhibits, for any purpose other than to determine whether to vote in favor of or against the Plan.*** Nothing contained in such documents constitutes an admission of any fact or liability by any party, and no such information may be deemed evidence of the tax or other legal effects of the Plan on holders of claims or interests in these cases.

## II.    BACKGROUND

### A. DESCRIPTION AND HISTORY OF THE DEBTOR'S BUSINESS

On September 19, 2022, Bassem Essam Victor El Mallakh (the "Debtor") filed the present Chapter 11 bankruptcy petition. Debtor had one prior chapter 13 bankruptcy case filed on July 12, 2022, Case No.: 8:22-bk-11158-TA, which was dismissed on July 26, 2022 per Debtor's Request for Voluntary Dismissal.

The Debtor holds title to the following real property which is the Debtor's principal residence: 116 Rockefeller, Irvine, California 92612 ("Property").

The Property has a scheduled value of $1,120,000.00 and is encumbered by the following four secured obligations:

- Freedom Mortgage Corporation (1st TD Holder) with a claim of $243,078.15 [POC #8].
- Belgium Investments 960 Bay Dr, LLC (2nd position judgment lienholder) with a claim of $5,436,919.76 [POC #9] which arose from a state court judgment in the matter entitled *Belgium Investments 960 Bay Dr, LLC v. Bassem Essam El Mallakh*, Orange County Case No.: 30-2020-01148745-CU-EN-CJC.
- The Townes at Central Park West Association (3rd position lienholder) with a claim of $7,276.60 [POC #3] with an Abstract of Judgment recorded on February 9, 2022; and

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

- Central Park West Community Association (4th position lienholder) with a claim of $2,878.93 [POC #6] for delinquent assessments with a Notice of Delinquent Assessment recorded on May 16, 2022.

The Debtor currently collects $4,000.00 in rental income from the Property, part of which is being rented to Debtor's sister who lives in the Property with her son. The Debtor is still actively seeking a full-time employment. Until an employment is secured, Debtor's father is willing and able to provide a financial contribution to help Debtor meet the obligations proposed under the Chapter 11 Reorganization Plan.

The principal assets of the estate are the Debtor's Property with a scheduled value of $1,120,000.00 and personal property assets with a combined scheduled value of approximately $113,144.00. The list of the property of the estate and the valuation as of the Plan Confirmation Date is attached hereto as **Exhibit-A**.

The principal liabilities of the estate are the secured claims on the Debtor's Property with claims totaling $5,690,153.44 and a car loan owed to TD Auto Finance with an outstanding balance of $6,732.97. The list of the secured creditors is attached hereto as **Exhibit B-1**. The Debtor has one priority IRS tax claim with a nominal claim amount of $27.97 (see **Exhibit B-2**) and general unsecured claims totaling $5,209,476.19. The list of the unsecured nonpriority general creditors is attached hereto as **Exhibit B-3**.

The major event that precipitated the filing of the Debtor's Chapter 11 bankruptcy was the pending foreclosure sale of the Property initiated by judgment creditor Belgium Investments.

The Debtor's 5-year projected Income and Expense Statement is attached hereto as **Exhibit-C**.

Debtor's summary of the monthly operating reports is attached hereto as **Exhibit- D.**

The liquidation analysis is attached hereto as **Exhibit-E.**

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

**B. PRINCIPALS/AFFILIATES OF DEBTOR'S BUSINESS**

This is not applicable as this is an individual case.

**C. MANAGEMENT OF THE DEBTOR BEFORE AND AFTER THE BANKRUPTCY**

This is not applicable as this is an individual case.

**EVENTS LEADING TO THE CHAPTER 11 FILING**

The major event that precipitated the filing of the Debtor's Chapter 11 bankruptcy was the pending foreclosure sale of the Property initiated by judgment creditor Belgium Investments.

**D. SIGNIFICANT EVENTS DURING THE BANKRUPTCY**

i. *Bankruptcy Proceedings*

Debtor initiated the presented bankruptcy by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on September 19, 2022 [docket no.: 1]. On September 27, 2022, the outstanding schedules and statement of financial affairs were filed with the court [docket no.: 18]. On November 8, 2022, Debtor filed an Amended Schedules A/B [docket no.: 51].

On September 27, 2022, Debtor filed a Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay ("Motion to Continue Stay") [docket no.: 20]. On October 4, 2022, Creditor Belgium Investments 960 Bay Dr, LLC a California Corporation ("Belgium") filed an opposition to Debtor's Motion to Continue Stay with supporting exhibits [docket nos.: 25 and 26]. On October 11, 2022, Debtor filed a reply to Belgium's opposition [docket no.: 27]. On October 18, 2022, Debtor through counsel appeared at the hearing on the Motion to Continue Stay. On October 25, 2022, the Court entered the order granting Debtor's Motion to Continue Stay [docket no.: 35].

On September 28, 2022, Debtor filed the Notice of Motion and Motion in Individual Chapter 11 Case for Order Employing General Bankruptcy Counsel ("Employment

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

Application") [docket no.: 23]. On October 19, 2022, the Court entered the order granting the

Employment Application [docket no.: 33].

On October 12, 2022, Debtor filed the Initial Status Report [docket no.: 28]. On

November 23, 2022, Debtor filed Status Conference #2 [docket no.: 60]. On December 7, 2022,

Debtor through counsel appeared at the continued status hearing.

On October 25, 2022, Debtor filed a Notice of Bar Date for Filing Proofs of Claim

[docket no.: 37].

On November 4, 2022, Creditor TD Auto Finance LLC ("TD Finance" aka "TD Bank")

filed a Motion for Relief from Stay – Personal Property ("Relief from Stay") [docket no.: 44]. On

November 8, 2022, Debtor entered into a Stipulation with TD Finance [docket no.: 49] which

was approved by the court [docket no.: 50].

On November 23, 2022, Belgium filed a Motion Objecting to Debtor's Claimed

Homestead Exemption ("Objection to Homestead") [docket no.: 55]. On December 28, 2022,

Debtor filed an opposition to Belgium's Motion Objection to Debtor's Homestead [docket no.:

81].

On November 23, 2022, Debtor filed a Motion to Avoid Judicial Lien with Belgium

Investments 960 Bay Dr., LLC ("Motion to Avoid Lien") [docket no.: 59]. Belgium filed an

opposition to Debtor's Motion to Avoid Lien, On January 4, 2023, Debtor filed a reply to

Belgium's Opposition [docket no.: 85].

On November 30, 2022, Belgium filed a Motion to Convert Case from Chapter 11 to

Chapter 7 ("Motion to Convert") [docket no.: 67]. On December 7, 2022, Debtor filed an

opposition to the Motion to Convert [docket no.: 73]. On December 21, 2023, Debtor through

counsel appeared at the hearing on the Motion to Convert. On January 3, 2023, the Court entered the order denying the Motion to Convert [docket no.: 82].

On January 9, 2023, Debtor filed a Motion to Extend Exclusivity Period for Filing Chapter 11 Plan and Disclosure Statement [docket no.: 87]. On February 9, 2023, the Court entered an order granting Debtor's Motion to Extend the Exclusivity Period through and including April 28, 2023 [docket no.: 110].

On January 25, 2023, Debtor filed an Application for Compensation of Debtor's Bankruptcy Counsel ("Fee Application") [docket no.: 97]. On February 16, 2023, the Court entered an order granting the Fee Application [docket no.: 120].

On February 8, 2023, Debtor filed an *Ex Parte* Application to Extend Deadline to File Disclosure Statement and Plan of Reorganization ("*Ex Parte* Application to Extend Deadline") [docket no.: 105]. On February 13, 2023, Belgium filed an Opposition to Debtor's *Ex Parte* Application to Extend Deadline [docket no.: 116]. On February 23, 2023, the Court entered an order granting *Ex Parte* Application to Extend Deadline for filing the Plan and Disclosure Statement from March 1, 2023 to March 14, 2023 [docket no.: 128].

On February 17, 2023, US Trustee filed a Motion to Dismiss or Convert Case to Chapter 7 [docket no.: 121]. On March 1, 2023, Debtor filed an Opposition to US Trustee's Motion to Dismiss or Convert Case [docket no.: 133, refiled as docket no.: 134]. On March 8, 2023, OUST filed an Reply to Debtor's Opposition [docket no.: 135]. The Hearing on OUST Motion to Dismiss or Convert is set to be heard on March 15, 2023 at 10:00 a.m.

On March 9, 2023, Debtor filed an updated status report with the court [docket no.: 140].

The hearings for Debtor's Lien Avoidance Motion, Belgium's Motion Objecting to Debtor's Claimed Homestead Exemption, and Continued Status Hearing are all scheduled to be heard on March 23, 2023 at 10:00 a.m.

ii.    *Claims Objections*

The claims bar date was December 24, 2023. The court has not set a deadline for filing any objections to the claims.

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

iii.    *Adversary Proceedings*

None.

iv.    *Procedures Implements to Resolve Financial Problems*

Debtor filed this case in order to reduce his obligations and to reorganize.

v.    *Current and Historical Financial Conditions*

Debtor's income and expense projection for the five-year period of the Plan is attached hereto as **Exhibit C.**

## III.    SUMMARY OF THE PLAN OF REORGANIZATION

### A.  GENERAL OVERVIEW

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan. The Proponent will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed.

### B.  UNCLASSIFIED CLAIMS

Certain types of claims are not placed into voting classes; instead, they are unclassified. Holders of unclassified claims are not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan:

### i.    *ADMINISTRATIVE EXPENSES*

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a

particular claimant agrees to a different treatment. The following is an estimate of the §507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Michael Jay Berger (Debtor's bankruptcy counsel) | $30,000.00 (estimated); subject to court approval | To be paid upon approval of the fee application, unless an alternate agreement is reached between Debtor and Debtor's Bankruptcy Counsel. |
| Clerk's Office Fees | $0.00 (estimated) | Paid when due. |
| Office of the U.S. Trustee | $250.00 (estimated). Actual amount to be determined per quarter. | Quarterly fees, as required by 28 U.S.C. §1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |

**Court Approval of Fees Required**

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court. Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

ii.    *PRIORITY TAX CLAIMS*

Priority tax claims are certain unsecured income, employment and other taxes described by §507(a)(8). The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the petition date.

Debtor has the following priority tax claims:

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

(1) Internal Revenue Service: $27.97 [POC #5]. This claim will be paid in full in one lump-sum payment on the Effective Date at the applicable interest rate, currently 7%. See **Exhibit B-2**.

### C. CLASSIFIED CLAIMS

### Class 1 – Secured Claims

### CLASS 1(A)

**Claim/Collateral:** Freedom Mortgage Corporation ("Freedom Mortgage") holds a claim secured by Debtor's principal residence located at 116 Rockefeller, Irvine, CA 92612 (the "Property") for $243,078.15 [POC #8]. The claim includes $63,820.41 in pre-petition arrears.

**Impaired/Not Impaired:** Impaired.

**Treatment:** Debtor has been making the post-petition regular mortgage payments to Freedom Mortgage and will stay current with the monthly contractual payments, currently $1,961.41. Debtor also proposes to cure the pre-petition arrears of $63,820.41 over 60 months by tendering equal monthly payments of $1,063.67 each, with the first payment of $1,063.67 due on the first of the month following the effective date, and continuing monthly for an additional 59 months until the arrears are paid in full.

### CLASS 1(B)

**Claim/Collateral:** Belgium Investments 960 Bay Dr. LLC ("Belgium") filed a claim secured through a recorded abstract of judgment against Debtor's Property for $5,436,919.76 [POC #9]. Belgium's POC #9 acknowledges the value of Debtor's Property at $1,120,000.00, bifurcates its own claim into $876,921.85 secured claim and $4,559,997.91 unsecured claim.

**Impaired/Not Impaired:** Impaired.

**Treatment:** Through the Plan, Debtor bifurcates Belgium's claim into $250,521.85[1] secured claim ("secured claim") and $5,186,397.91 as a general unsecured claim. Debtor proposes to

---

[1] Debtor has a pending motion to avoid Belgium's Lien per 11 U.S.C. Section 522(f) which is set for a hearing on March 23, 2023 concurrently with Belgium's Motion Objecting to Debtor's Claimed Homestead Exemption. The value of $250,521.85 is computed by deducting the balance owed to Freedom Mortgage from the value of the Property ($1,120,000.00 which Belgium did not dispute

pay Belgium's $250,521.85 secured claim over 60 months from the effective date at 10%
interest, by offering monthly payments of $5,322.85, with the first payment of $5,322.85 due on
the effective date, followed by 59 consecutive payments thereafter, each in the amount of
$5,322.85, until the secured claim is paid in full.

**CLASS 1(C)**

**Claim/Collateral:** TD Bank, N.A., successor in interest to TD Auto Finance LLC ("TD Bank")
holds a claim secured by Debtor's 2016 Mercedes C300 for $6,732.97 [POC #2]. POC #2
reflects $6,392.74 in pre-petition arrears.

**Impaired/Not Impaired:** Impaired.

**Treatment:** Debtor entered into a Stipulation with TD Bank for Resolution of Motion for Relief
From the Automatic Stay, For Maintenance of Adequate Protection Payments and For
Resolution of Claim Treatment Issues ("TD Stipulation") [docket no.: 49], and order approving
TD Stipulation [docket no.: 50]. A true and correct copies of the TD Stipulation and order
approving TD Stipulation are attached hereto as **Exhibit-F**, and the terms of the TD Stipulation
are incorporated herein by this reference. Pursuant to TD Stipulation, Debtor shall pay TD Bank
the secured claim of $6,732.97 at 8.25% interest rate. Debtor shall make monthly pre-
confirmation adequate protection payments and post-confirmation plan payments to TD Bank in
the amount of $211.76 commencing November 15, 2022 and continuing on the 9th day of each
month thereafter until the secured claim is paid in full.

**SECURED CLAIMS WHICH ARE FULLY UNDERSECURED AND TREATED
IN CLASS 2 AS GENERAL UNSECURED CLAIMS**

1. **The Townes at Central Park West Assn** ("Townes") filed a claim secured by
Debtor's Property in the amount of $7,276.60 [POC #3], which claim arises from February 4,
2022 judgment with the abstract of judgment recorded on February 9, 2022. Since Townes'

---

and in fact used in its proof of claim #9) less the Debtor's homestead exemption, which reduced
Belgium's lien to $250,521.85. The Property has two additional junior liens, The Townes at Central
Park West Assn [POC #3] and Central Park West Community Association [POC #6], both of which
are being avoided through the plan as they are junior to Belgium's claim and are fully
undersecured.

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

claim is junior to Belgium's abstract of judgment which was recorded on November 9, 2020, it is fully undersecured, is avoided through Debtor's Plan, and treated in Class 2 as a general unsecured claim.

2. **Central Park West Community Association** ("Central Park") filed a claim secured by Debtor's Property in the amount of $2,878.93 [POC #6], which claim arises from a notice of delinquent assessment which was recorded on May 16, 2022. Since Central Park's claim is junior to Belgium's abstract of judgment which was recorded on November 9, 2020, it is fully undersecured, is avoided through Debtor's Plan, and treated in Class 2 as a general unsecured claim.

### Class 2 - General Unsecured Claims

**Claim:**

General unsecured claims are unsecured claims not entitled to priority under Code §507(a). In the present case, the Debtor estimates that there are approximately $5,209,476.19 in general unsecured debts. **See Exhibit B-3 for details regarding the treatment of each creditor's claim.** General unsecured claims classified in **Class 2** will receive a total of approximately 1.25%[2] of their claims in monthly payments over 60 months.

**Impaired/Not Impaired:** Impaired.

**Treatment:** Holders of General Unsecured Claims will receive their pro-rata share of $1,085.56 per month for 60 months for a total of $65,133.76. The first payment of $1,085.56 will be due on the Effective Date, followed by 59 consecutive monthly payments thereafter, with each payment due by the first of the month.

### D. MEANS OF PERFORMING THE PLAN

i.   *Funding for the Plan*

---

[2] See the Absolute Priority Rule section for further analysis re New Value Contribution and Exhibit-E (liquidation analysis).

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

The Debtor will fund the Plan from the rental income and the contribution from his father (Essam El Mallakh) until Debtors finds an employment, at which time the contribution will either end or will be reduced as needed.  See **Exhibit C.**

ii.    *Management of the Reorganized Debtor*

This provision is not applicable as this is an individual case.

iii.    *Disbursing Agent*

Debtor shall act as the disbursing agent for the purpose of making the distributions to all classes provided for under the Plan. He shall not be compensated for performing these services.

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be re-vested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

## E.  **RISK FACTORS**

The Plan contemplates payments to certain classes of creditors over time following the Effective Date. The Debtor believes that he will be able to meet all of his financial obligations under the Plan because he intends to continue to receive the rental income from his sister and the family contribution from his father. When Debtor finds an employment, the contribution will either seize or will be reduced as needed. The contributions to be provided by Debtor's father are gift contributions to the Debtor, for which no repayment will be sought from the Debtor.

## F.  **SECTION 1111(B) ELECTION**

Under §1111(b) of the Bankruptcy Code, a creditor holding a nonrecourse claim or a partially secured creditor may elect to be considered a full recourse creditor. Holders of secured claims are advised to consult their own counsel to evaluate whether it is in their best interest to make the election. Federal Rule of Bankruptcy Procedure 3014 states that such election must be made prior to the conclusion of the hearing on the Disclosure Statement.

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

## G. **OTHER PROVISIONS OF THE PLAN**

### 1. EXECUTORY CONTACTS AND UNEXPIRED LEASES

#### *i.    Assumptions*

The Debtor is a party to a Retail Installment Sale Contract with TD Bank for the 2016 Mercedes C300. Debtor intends to retain the vehicle and assume the contract.

#### *ii.    Rejections*

Any unexpired lease or executory contract not expressly rejected shall be deemed assumed as of the Effective Date. Debtor does not have any unexpired leases or executory contracts it intends to reject.

### RETENTION OF JURISDICTION

The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court. At that time the bankruptcy case will be closed.

## H. **TAX CONSEQUENCES OF THE PLAN**

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS. The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues this Plan may present to the Debtor. The Proponent CANNOT and DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules that make it difficult to state completely and accurately all the tax implications of any action.

The Debtor does not anticipate that confirmation of the Plan will have a significant or material effect on its tax liability. The Debtor makes no representations regarding the potential tax consequences to creditors.

## I. **CONFIRMATION REQUIREMENTS AND PROCEDURES**

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THIS PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON

CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX. The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims. The proponent CANNOT and DOES NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a Plan. Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and whether the Plan is feasible. These requirements are not the only requirements for confirmation.

### 1.  WHO MAY VOTE OR OBJECT

i.    *Who May Object to Confirmation of the Plan*

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

ii.    *Who May Vote to Accept or Reject the Plan*

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim which is both (1) allowed or allowed for voting purposes and (2) classified as an impaired class.

a.  *What is an Allowed Claim or Interest*

As noted above, a creditor or interest holder must first have an allowed claim or interest to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings a motion objecting to the claim. When an objection to a claim or interest is filed, the creditor or interest holder holding the claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or interest for voting purposes.

**THE BAR DATE FOR FILING PROOFS OF CLAIM IN THIS CASE WAS ON DECEMBER 24, 2022.**

A creditor or interest holder may have an allowed claim or interest even if a proof of claim or interest was not timely filed. A claim is deemed allowed if (1) it is scheduled on the Debtor's schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest. Consult **Exhibits "B-1 through B-3"** to see how the Debtor has characterized your claim or interest.

      b.  *What is an Impaired Claim or Interest*

As noted above, an allowed claim or interest only has the right to vote if it is in a class that is impaired under the Plan. A class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class. For example, a class comprised of general unsecured claims is impaired if the Plan fails to pay the members of that class 100% of what they are owed.

In this case, the Proponent believes that Class 1(A), Class 1(B), Class 1(C) and Class 2 are impaired and that holders of claims in these classes are therefore entitled to vote to accept or reject the Plan. Parties who dispute the Proponent's characterization of their claim or interest as being impaired or unimpaired may file an objection to the Plan contending that the Proponents have incorrectly characterized the class.

iii.  *Who is Not Entitled to Vote*

The following four types of claims are not entitled to vote: (1) claims that have been disallowed; (2) claims in unimpaired classes; (3) claims entitled to priority pursuant to § 507(a)(1), (a)(2), and (a)(8); and (4) claims in classes that do not receive or retain any value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to § 507(a)(1), (a)(2), and (a)(7) are not entitled to vote because such claims are not placed in classes and they are required to receive certain treatment specified by the Code. Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan.

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

iv.    *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject the Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for the unsecured claim.

v.    *Votes Necessary to Confirm the Plan*

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting classes, as is discussed later.

vi.    *Votes Necessary for a Class to Accept the Plan*

A class of claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the claims which actually voted, voted in favor of the Plan. A class of interests is considered to have accepted the Plan when at least two-thirds (2/3) in amount of the shareholders of such class that actually voted, voted to accept the Plan.

vii.    *Treatment of Non-Accepting Classes*

As noted above, even if all impaired classes do not accept the proposed Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner required by the Code. The process by which nonaccepting classes are forced to be bound by the terms of the Plan is commonly referred to as "cramdown." The Code allows the Plan to be "crammed down" on nonaccepting classes of claims or interests if it meets all consensual requirements except the voting requirements of §1129(a)(8) and if the Plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan as referred to in 11 U.S.C. § 1129(b) and applicable case law.

viii.    *Request for Confirmation Despite Non-Acceptance by Impaired Classes*

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

Proponent will ask the Court to confirm this Plan by cramdown on any impaired classes if any of these classes do not vote to accept the Plan.

ix.    *Absolute Priority Rule*[3]

The Plan cannot be confirmed by the Bankruptcy Court if it violates the absolute priority rule. That rule is set forth in 11 U.S.C. §1129(b)(2)(B)(ii). Debtor's Plan violates the Absolute Priority Rule in that the owner retains his interest even though the general unsecured creditors are not being paid in full. The Absolute Priority Rule applies only if the unsecured class, as a group, votes against confirmation of the Plan.

The Solicitation package has not been mailed out yet. As such, it is premature to say if the general unsecured creditor class, as a group, will vote for or against the confirmation of the Plan. Notwithstanding this, the Debtor's Disclosure Statement and the Plan provide more to general unsecured creditor class than what these creditors would have received under a Chapter 7 liquidation analysis. As such, the requirement of the Best Interest of the Creditors is met. Nonetheless, to satisfy the Absolute Priority Rule and to preserve Debtor's interest in the assets, Debtor's father (Essam El Mallakh) agrees to inject a one-time new value contribution of $7,000.00 on the Effective Date to satisfy the Absolute Priority Rule. With the $7,000.00 new value contribution, the percentage distribution to general unsecured creditors will increase from 1.11% to 1.25%, which equates to an increased distribution from $58,133.76 to $65,133.76 over 60 months.

## 2. **LIQUIDATION ANALYSIS**

Another confirmation requirement is the "Best Interest Test," which requires a liquidation analysis. Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

---

[3] Absolute Priority Rule is briefly discussed in the Disclosure Statement but is a confirmation related issue. A more detailed analysis of Absolute Priority Rule will be provided in Debtor's confirmation motion.

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

In a Chapter 7 case, the Debtor's assets are usually sold by a Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien. Administrative claims are paid next. Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims. Finally, interest holders receive the balance that remains after all creditors are paid, if any.

In a Chapter 7 case, a trustee is appointed and entitled to compensation from the bankruptcy estate in an amount not to exceed 25% on the first $5,000 of all moneys disbursed, 10% on any amount over $5,000 but less than $50,000, 5% on any amount over $50,000 but not in excess of $1 million, and 3% on all amounts over $1 million.

For the Court to be able to confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation. The Plan Proponent maintains that this requirement is met here as indicated in **Exhibit-E.**

As is illustrated in Exhibit-E herein, the liquidation analysis demonstrates that in a Chapter 7 scenario, the general unsecured creditors would have received 1.11% which is less than what the Debtor is proposing to pay these general unsecured creditors through the Plan.

The Debtor's Plan pays $65,133.76 over 60 months (approximately 1.25 %) to unsecured creditors which is more than creditors would receive in a Chapter 7 . Wherefore, the Debtor's Plan satisfies the Best Interest Test.

### 3.  **FEASIBILITY**

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two (2) important aspects of a feasibility analysis. The first aspect considers whether the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such date. Debtor will have sufficient funds available from its business operation to make the required payments on the Effective Date. See the attached income and expense projections which contain details on these payments, **Exhibit-C.**

The second aspect considers whether the Debtor will have enough cash over the life of the Plan to make the required plan payments. The Debtor believes that it will have sufficient cash on hand in order to meet its obligations under the Plan. Debtor has provided a budget of its projected income and expenses in **Exhibit-C.**

YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO THESE FINANCIAL STATEMENTS.

**J.  EFFECT OF CONFIRMATION OF PLAN**

**1.  EFFECTIVE DATE**

The Effective Date of the Plan shall be the first business day that is fourteen (14) calendar days after the entry of the order confirming the Plan. Debtor's Plan proposes payments to be made on the Effective Date followed by consecutive monthly payments thereafter beginning on the first day of the following month.

**2.  DISCHARGE**

Debtor is eligible for a discharge when the payments proposed under the Plan are completed.

**3.  REINVESTING OF PROPERTY IN THE DEBTOR**

Except as provided elsewhere in the Plan, the confirmation of the Plan re-vests all of the property of the estate in the Debtor.

From and after the Effective Date, the Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without

supervision or consent of the Bankruptcy Court and is free of any restrictions of the Bankruptcy

Code or Bankruptcy Rules.

Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action,

rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the

Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the

Debtor's legal and equitable rights respecting any such claim which is not specifically waived,

extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

### 4. **MODIFICATION OF THE PLAN**

Debtor may modify the Plan pursuant to 11 U.S.C. §1127.

### 5. **POST-CONFIRMATION STATUS REPORT**

Within one hundred and twenty (120) days following the entry of the Plan Confirmation

Order, the Reorganized Debtor shall file a status report with the Court explaining what progress

has been made toward consummation of the confirmed Plan. The status report shall be served on

the United States Trustee, the twenty (20) largest unsecured creditors, and those parties who have

requested special notice after the Effective Date. Further status reports shall be filed every one

hundred and twenty (120) days or as directed by the Court and served on the same entities.

### 6. **QUARTERLY FEES**

The Reorganized Debtor shall be responsible for the timely payment of all fees incurred

after the Effective Date pursuant to 28 U.S.C. § 1930(a)(6).

### 7. **POST-CONFIRMATION EMPLOYMENT AND COMPENSATION OF REORGANIZED DEBTOR'S PROFESSIONALS**

After the Confirmation Date, the Reorganized Debtor may employ, without notice,

hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals

(the "Post-confirmation Professionals") as he may desire to render services on such terms as he

deems reasonable. With respect to services rendered by the Post-Confirmation Professionals, the

Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses

without notice, hearing, or order of the Bankruptcy Court.

In the event there is a default by Debtor in the payment of fees to Law Offices of Michael Jay Berger ("Berger"), Berger will give the Debtor notice of the default by electronic mail and advise the Debtor that it has ten (10) days to cure the default. If Debtor does not cure within that time period, Berger will be permitted to accelerate the balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it, including the costs and expenses related to the recording of the order and costs of collection. Berger shall not be required to get any further approval of this Court for payments related to outstanding fees.

Berger and Debtor are permitted to communicate and agree to payment of Berger's administrative claim on an expedited basis.

## 8. POST-CONFIRMATION CONVERSION/DISMISSAL

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within one hundred and eighty (180) days after the entry of the order of confirmation.

## 9. FINAL DECREE

The Debtor reserves the right to request an entry of the Final Decree once the Plan has been substantially consummated.

Dated: March 14, 2023

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
MICHAEL JAY BERGER
SOFYA DAVTYAN
Attorneys for Debtor and Plan Proponent
Bassem Essem El Mallakh

28

## DECLARATION OF BASSEM VICTOR EL MALLAKH

I, Bassem Victor El Mallakh, declare as follows:

1.      I am the Debtor-In-Possession (the "Debtor"). I am over the age of eighteen. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.      On September 19, 2022, I filed the present Chapter 11 bankruptcy petition. Debtor had one prior chapter 13 bankruptcy case filed on July 12, 2022, Case No.: 8:22-bk-11158-TA, which was dismissed on July 26, 2022 per Debtor's Request for Voluntary Dismissal.

3.      I have reviewed the information within the Disclosure Statement, including all financial information. I believe that all information contained in the Disclosure Statement is true and correct and fairly presented, to the best of my knowledge.

4.      I hold a title to the following real property which is my principal residence: 116 Rockefeller, Irvine, California 92612 ("Property").

5.      The Property has a scheduled value of $1,120,000.00 and is encumbered by the following four secured obligations:

- Freedom Mortgage Corporation (1st TD Holder) with a claim of $243,078.15 [POC #8].
- Belgium Investments 960 Bay Dr, LLC (2nd position judgment lienholder) with a claim of $5,436,919.76 [POC #9] which arose from a state court judgment in the matter entitled *Belgium Investments 960 Bay Dr, LLC v. Bassem Essam El Mallakh*, Orange County Case No.: 30-2020-01148745-CU-EN-CJC.
- The Townes at Central Park West Association (3rd position lienholder) with a claim of $7,276.60 [POC #3] with an Abstract of Judgment recorded on February 9, 2022; and
- Central Park West Community Association (4th position lienholder) with a claim of $2,878.93 [POC #6] for delinquent assessments with a Notice of Delinquent Assessment recorded on May 16, 2022.

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

6.      I currently collect $4,000.00 in rental income from the Property, part of which is being rented to my sister who lives in the Property with her son. I am still actively seeking a full-time employment. Until an employment is secured, my father Essam El Mallakh is willing and able to provide a financial contribution to help me meet the obligations proposed under the Chapter 11 Reorganization Plan.

7.      The principal assets of my bankruptcy estate are the Property with a scheduled value of $1,120,000.00 and personal property assets with a combined scheduled value of approximately $113,144.00. The list of property of my bankruptcy estate and the valuation as of the Plan Confirmation Date is attached hereto as **Exhibit A**.

8.      The principal liabilities of the estate are the secured claims on my Property with claims totaling $5,690,153.44 and a car loan owed to TD Auto Finance with an outstanding balance of $6,732.97. The list of the secured creditors is attached hereto as **Exhibit B-1**.

9.      I have one priority IRS tax claim with a nominal claim amount of $27.97 (see **Exhibit B-2**) and general unsecured claims totaling $5,209,476.19. The list of the unsecured nonpriority general creditors is attached hereto as **Exhibit B-3**.

10.     The major event that precipitated the filing of this Chapter 11 bankruptcy was the pending foreclosure sale of the Property initiated by judgment creditor Belgium Investments.

11.     My 5-year projected Income and Expense Statement is attached hereto as **Exhibit-C**.

12.     The summary of the monthly operating reports is attached hereto as **Exhibit- D**. The liquidation analysis is attached hereto as **Exhibit-E**.

13.     I entered into a Stipulation with TD Bank for Resolution of Motion for Relief From the Automatic Stay, For Maintenance of Adequate Protection Payments and For Resolution of Claim Treatment Issues ("TD Stipulation") [docket no.: 49], and order approving

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

TD Stipulation [docket no.: 50]. A true and correct copies of the TD Stipulation and order approving TD Stipulation are attached hereto as **Exhibit-F**, and the terms of the TD Stipulation are incorporated herein by this reference. Pursuant to TD Stipulation, I must pay TD Bank the secured claim of $6,732.97 at 8.25% interest rate. I must make monthly pre-confirmation adequate protection payments and post-confirmation plan payments to TD Bank in the amount of $211.76 commencing November 15, 2022 and continuing on the 9th day of each month thereafter until the secured claim is paid in full.

14.    The Townes at Central Park West Assn ("Townes") filed a claim secured by Debtor's Property in the amount of $7,276.60 [POC #3], which claim arises from February 4, 2022 judgment with the abstract of judgment recorded on February 9, 2022. Since Townes' claim is junior to Belgium's abstract of judgment which was recorded on November 9, 2020, it is fully undersecured, is avoided through Debtor's Plan, and treated in Class 2 as a general unsecured claim.

15.    Central Park West Community Association ("Central Park") filed a claim secured by Debtor's Property in the amount of $2,878.93 [POC #6], which claim arises from a notice of delinquent assessment which was recorded on May 16, 2022. Since Central Park's claim is junior to Belgium's abstract of judgment which was recorded on November 9, 2020, it is fully undersecured, is avoided through Debtor's Plan, and treated in Class 2 as a general unsecured claim.

16.    My general unsecured creditors which are estimated at $5,209,476.19 will receive a 1.25% pro-rata distribution on their allowed claims over 60 months. Monthly payments will be $1,085.56 which will be shared pro-rata amount all allowed general unsecured creditors.

17.    I will act as the disbursing agent for the purpose of making the distributions to all classes provided for under the Plan. I will not be compensated for performing these services.

18.    In addition to providing monthly contributions to me, my father will also contribute a one-time lump sum payment of $7,000.00, to be paid on the effective date, as a New

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

Value Contribution in order for me to satisfy the Absolute Priority Rule and be able to retain my interest in the assets I own.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this March 14, 2023 in Irvine, California.


Bassem Victor El Mallakh

DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION

DECLARATION OF ESSAM EL MALLAKH RE NEW VALUE CONTRIBUTION

I, Essam El Mallakh, declare and state as follows:

1.    I am the father of Bassem Victor El Mallakh (the "Debtor") and not a creditor in his bankruptcy case.  I have personal knowledge of the facts set forth herein and if called to testify as to those facts, I could and would competently do so.

2.    I agree to make a one-time New Value Gift Contribution of $7,000.00 ("New Value Contribution") and another contribution of $30,200.00 the Debtor on the Effective Date of his plan confirmation and will not be seeking any repayment from the Debtor of this gift contribution.

3.    I also agree to contribute monthly between $7,000.00 to $7,200.00 to assist the Debtor to meet his obligations under the plan to his creditors until he finds an employment. If his employment income is sufficient to meet all of his obligations, my contribution will cease.  In the alternative, if Debtor's employment income is not sufficient to meet all of his obligations under the Plan, I will continue to contribute the amount necessary to satisfy the deficit during the term of the plan.

4.    I am self-employed.  A copy of my February 2023 bank statement (first page only) evidencing my ability to assist the Debtor with payments is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 14, 2023 at _____Egypt_____, California.

_____
Essam El Mallakh

1
**NEW VALUE CONTRIBUTION DECLARATION**

# Wells Fargo® High Yield Savings

February 28, 2023 ■ Page 1 of 4



ESSAM EL MALLAKH

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
**1-800-742-4932**
*En español:* 1-877-727-2932

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR 97228-6995

## You and Wells Fargo

Thank you for being a loyal Wells Fargo customer. We value your trust in our company and look forward to continuing to serve you with your financial needs.

## Statement period activity summary

| | |
|---|---:|
| Beginning balance on 2/1 | $54,567.95 |
| Deposits/Additions | 3,791.80 |
| Withdrawals/Subtractions | - 20,162.06 |
| **Ending balance on 2/28** | **$38,197.69** |

Account number:

**ESSAM EL MALLAKH**

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

## Interest summary

| | |
|---|---:|
| Interest paid this statement | $0.80 |
| Average collected balance | $51,935.09 |
| Annual percentage yield earned | 0.02% |
| Interest earned this statement period | $0.80 |
| Interest paid this year | $1.85 |
| Total interest paid in 2022 | $8.82 |

## Transaction history

**EXHIBIT-A**

**(Assets of Debtor and Valuation as of Plan Confirmation)**

# EXHIBIT - A
## BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA
## LIST OF ALL PROPERTY OF THE ESTATE AND VALUATIONS
## AS OF THE PLAN CONFIRMATION DATE

| Property Description | Valuation As of Plan Confirmation | Liquidation Value |
|---|---|---|
| Estimated DIP account balance as of the Effective Date (estimate from January 2023 MOR) | $1,844.00 | $1,844.00 |
| 116 Rockefeller, Irvine, CA 92612 (Townhouse; Debtor's Residence) | $1,120,000.00 | $0.00 (Property is fully encumbered by four secured liens: Freedom Mortgage, Belgium, Townes at Central Park West Assoc., and Central Park West Community Association. Debtor also claimed homestead exemption pursuant to CCP 704.730 for $626,400.00. |
| 2016 Mercedes C300, 42,000 miles | $15,000.00 | $4,642.03 (Valueof the car is $15,000 less secured claim of TD Bank for $6,732.97 less $3,625.00 exemption per CCP 704.010) |
| Home Furnishings | $2,000.00 | $0.00. Fully exempt per CCP 704.020 |
| Televisions, stove, refrigerator, laptop, desk computer, and other miscellaneous items | $3,000.00 | $0.00. Fully exempt per CCP 704.020 |
| Bicycle and Tennis Equipment | $500.00 | $0.00. Fully exempt per CCP 704.020 |
| Clothes and Shoes | $800.00 | $0.00. Fully exempt per CCP 704.020 |
| Debtor has a 10% ownership interest in Belgium Investments 5655 S Troy LLC | $40,000.00 | $40,000.00 |

| | | |
|---|---|---|
| Debtor has a 20% ownership interest in Belgium Investments 5544 North Avenue, LLC; Property is under rehabilitation | $50,000.00 | $50,000.00 |
| *Total Value for the Assets* | $1,233,144.00 | $96,486.03 |

**EXHIBIT-B**

**EXHIBIT B-1**

**(Secured Claims)**

# EXHIBIT B-1
## SECURED CLAIMS
### BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA

| Secured Creditors | Class | Scheduled Amount | Proof of Claim Amount | Pre-Petition Arrearages | Disputed Yes/No | Total Allowed Secured Claim | Amount Paid on the Effective Date (Estimated to be July 2023) | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|---|
| Freedom Mortgage Corporation Attn: Payment Processing 10500 Kincaid Blvd. Fishers, IN 46037 [POC#8] | 1(A) | $243,971.77 | $243,078.15 | $63,820.41 | No | $243,078.15 | $1,961.41 (contractual payment) | $1,961.41 (contractual payment) $1,063.67 (cure of pre-petition arrears) x 60 months = $63,820.41 | Debtor is post-petition current with the contractual payment and proposes to cure the pre-petition arrears over 60 months from the effective date. |
| Belgium Investments 960 Bay Dr, LLC, a California Corp. Patrick Miller - Impact Advocates 121 S. Oak Ave. Pasadena, CA 91107 [POC#9] | 1(B) | $4,345,250.00 | $876,921.85 | n/a | Yes | $250,521.85 | $5,322.85 | $5,322.85 | Bifurcated per homestead exemption and motion to avoid lien: unsecured portion of claim and undersecured portion of secured claim listed on Exhibit B-3. Payment of $250,521.85 is computed at 10% interest rate. |

| Secured Creditors | Class | Scheduled Amount | Proof of Claim Amount | Pre-Petition Arrearages | Disputed Yes/No | Total Allowed Secured Claim | Amount Paid on the Effective Date (Estimated to be July 2023) | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|---|
| TD Bank, N.A., successor in interest to TD Auto Finance LLC PO Box 16041 Lewiston, ME 04243 [POC#2] | 1(C) | $6,493.00 | $6,732.97 | $6,392.74 | No | $6,732.97 | $211.76 | $211.76 (in 27 monthly payments from November 2022) | Per stipulation. adequate protection payments of $211.76 due on Nov. 15, 2022 and on every 9th day of the month thereafter, at 8.25% interest rate. Fully paid in 36 months from November 20... |
| The Townes at Central Park West Assoc. Community Legal Advisors, Inc. 509 N. Coast Highway Oceanside, CA 92054 [POC#3] | (see comments) | $7,276.60 | $7,276.60 | $7,276.60 | No | (see comments) | n/a | n/a | Judgment obtained Feb. 4, 2022; judgment lien recorded Feb. 9, 2022. Claim is fully undersecured. avoided through the Plan, and treated as a general unsecured claim in Class 2 (see Exhibit B-3). |
| Central Park West Community Association Alterra Assessment Recovery 27101 Puerta Real, Suite 250 Mission Viejo, CA 92691 [POC#6] | (see comments) | $2,878.93 | $2,878.93 | $2,878.93 | No | (see comments) | n/a | n/a | Lien attached on Aug. 16, 2022 with recorded Notice of Delinquent Assessment. Claim is fully undersecured. avoided through the Plan, and treated as a general unsecured claim (see Exhibit B-3) |
| **Total Liabilities** | | **$4,605,870.30** | **$1,136,888.50** | **$80,368.68** | | **$500,332.97** | **$7,496.02** | **$8,559.69** | |



Mortgage Calculator — Auto Loan Calculator — Loan Calculator — Refinance Calculator — Business Loan Calculator

# Loan Amortization Calculator

Are you interested in getting a loan, but you want to know what it will cost you first? Are you looking at a personal loan offer and wondering how much you'll save on interest if you use it to consolidate your credit cards? If so, you can use this loan calculator to answer these questions. Enter your loan amount, interest rate, term, and start date, and this calculator will give you all the information you need nearly instantaneously! You can use this calculator for most loans, including auto loans, personal loans, mortgages, and more! Before you take the money from your lender, see precisely how much it's going to cost you.

Belgium's Claire

Loan Amount:

$ 250,522

**$5,322.85**
Monthly Payment

Interest Rate:

10    %

**$68,849**
Total Interest Paid

Loan Term:

60    months  ∨

**$319,371**
Total of 60 Payments

Jul, 2023
Loan Closing

Jun, 2028
Loan Payoff

Start Date:

Jul  ∨    2023  ∨

∨

https://www.amortization-calc.com/loan-calculator/

# Amortization Schedule

| Date | Interest | Principal | Balance |
|------|----------|-----------|---------|
| Jul, 2023 | $2,088 | $3,235 | $247,287 |
| Aug, 2023 | $2,061 | $3,262 | $244,025 |
| Sep, 2023 | $2,034 | $3,289 | $240,735 |
| Oct, 2023 | $2,006 | $3,317 | $237,419 |
| Nov, 2023 | $1,978 | $3,344 | $234,074 |
| Dec, 2023 | $1,951 | $3,372 | $230,702 |
| **2023** | **$12,117** | **$19,820** | **$230,702** |
| Jan, 2024 | $1,923 | $3,400 | $227,302 |
| Feb, 2024 | $1,894 | $3,429 | $223,873 |
| Mar, 2024 | $1,866 | $3,457 | $220,416 |
| Apr, 2024 | $1,837 | $3,486 | $216,930 |
| May, 2024 | $1,808 | $3,515 | $213,415 |
| Jun, 2024 | $1,778 | $3,544 | $209,870 |
| Jul, 2024 | $1,749 | $3,574 | $206,296 |
| Aug, 2024 | $1,719 | $3,604 | $202,692 |
| Sep, 2024 | $1,689 | $3,634 | $199,059 |
| Oct, 2024 | $1,659 | $3,664 | $195,395 |
| Nov, 2024 | $1,628 | $3,695 | $191,700 |
| Dec, 2024 | $1,598 | $3,725 | $187,975 |
| **2024** | **$21,147** | **$42,727** | **$187,975** |
| Jan, 2025 | $1,566 | $3,756 | $184,218 |
| Feb, 2025 | $1,535 | $3,788 | $180,431 |
| Mar, 2025 | $1,504 | $3,819 | $176,611 |
| Apr, 2025 | $1,472 | $3,851 | $172,760 |
| May, 2025 | $1,440 | $3,883 | $168,877 |
| Jun, 2025 | $1,407 | $3,916 | $164,962 |
| Jul, 2025 | $1,375 | $3,948 | $161,013 |
| Aug, 2025 | $1,342 | $3,981 | $157,032 |
| Sep, 2025 | $1,309 | $4,014 | $153,018 |
| Oct, 2025 | $1,275 | $4,048 | $148,970 |
| Nov, 2025 | $1,241 | $4,081 | $144,889 |
| Dec, 2025 | $1,207 | $4,115 | $140,774 |
| **2025** | **$16,673** | **$47,201** | **$140,774** |
| Jan, 2026 | $1,173 | $4,150 | $136,624 |
| Feb, 2026 | $1,139 | $4,184 | $132,440 |
| Mar, 2026 | $1,104 | $4,219 | $128,220 |
| Apr, 2026 | $1,069 | $4,254 | $123,966 |
| May, 2026 | $1,033 | $4,290 | $119,676 |
| Jun, 2026 | $997 | $4,326 | $115,351 |

| Date | Interest | Principal | Balance |
|------|----------|-----------|---------|
| Oct, 2026 | $851 | $4,472 | $97,685 |
| Nov, 2026 | $814 | $4,509 | $93,176 |
| Dec, 2026 | $776 | $4,546 | $88,630 |
| **2026** | **$11,730** | **$52,144** | **$88,630** |
| Jan, 2027 | $739 | $4,584 | $84,046 |
| Feb, 2027 | $700 | $4,622 | $79,423 |
| Mar, 2027 | $662 | $4,661 | $74,762 |
| Apr, 2027 | $623 | $4,700 | $70,062 |
| May, 2027 | $584 | $4,739 | $65,323 |
| Jun, 2027 | $544 | $4,778 | $60,545 |
| Jul, 2027 | $505 | $4,818 | $55,726 |
| Aug, 2027 | $464 | $4,858 | $50,868 |
| Sep, 2027 | $424 | $4,899 | $45,969 |
| Oct, 2027 | $383 | $4,940 | $41,029 |
| Nov, 2027 | $342 | $4,981 | $36,048 |
| Dec, 2027 | $300 | $5,022 | $31,026 |
| **2027** | **$6,270** | **$57,604** | **$31,026** |
| Jan, 2028 | $259 | $5,064 | $25,962 |
| Feb, 2028 | $216 | $5,107 | $20,855 |
| Mar, 2028 | $174 | $5,149 | $15,706 |
| Apr, 2028 | $131 | $5,192 | $10,514 |
| May, 2028 | $88 | $5,235 | $5,279 |
| Jun, 2028 | $44 | $5,279 | $0 |
| **2028** | **$911** | **$31,026** | **$0** |

# Frequently Asked Questions

### How to get a loan?

The process for getting a loan depends mostly on what its purpose is. If you're looking for a debt consolidation loan, for example, you'll need to apply with a bank and provide the list of creditors (and the amounts) that this loan will pay off. If you're looking for a loan to finance a vacation or another large purchase, you'll need to apply with some other documentation.

No matter which loan you choose, the process tends to be the same. You'll apply with a bank, credit union, or another lender type. The lender will likely pull your credit report and see if you meet the qualifications for the loan. If you do, you'll receive an offer for a specific sum of money at an APR. Once you accept that offer, the lender will send the funds your way!

### How to get a loan with bad credit?

If you're looking for a loan with bad credit, the first thing you should know is that it is very much possible to get one! People often assume that lenders will deny them, and they don't even bother applying if they have bad credit. However, as with most financial products, there's a lot more than just your credit score that goes into a credit decision.

If you have bad credit, you should first look at some well-known lenders who work with people who have bad credit. Many lenders will provide loans to people with credit scores as low as 580. Therefore, the application process is simple: check your credit score, find a lender that works with lower scores, and apply online or over the phone! Please note that you may have a high APR with a low credit score, so use a loan calculator like this one to ensure taking the loan is a wise financial choice!

**EXHIBIT B-2**

**(Priority Unsecured Claims)**

## EXHIBIT B-2
## PRIORITY UNSECURED CLAIMS
### BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA

| Priority Creditors | Class | Scheduled Amount | Proof of Claim Amount | Disputed Yes/No | Total Amount of Allowed Priority Unsecured Claim | Amount Paid on the Effective Date (Estimated to be July 2023) | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|
| Internal Revenue Service IRS Insolvency Group 7 24000 AVILA ROAD 3rd Floor, M/S Laguna Niguel, CA 92677 [POC#5-2] | n/a | Claim not Scheduled | $27.97 | No | $27.97 | $28.13 | $0.00 | Priority portion of unsecured claim; paid in full on the effective date at 7% interest rate. general unsecured portion of claim is listed on Exhibit B-3 |
| *Total Liabilities* | | *$0.00* | *$27.97* | | *$27.97* | *$28.13* | | |

**EXHIBIT B-3**

**(General Unsecured Claims)**

**EXHIBIT B-3**
**GENERAL UNSECURED CLAIMS**
**BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA**

| General Unsecured Creditors | Class | Scheduled Amount | Proof of Claim Amount | Disputed Yes/No | Total Amount of Allowed Unsecured Claim | Amount Paid on the Effective Date (Estimated to be July 2023) | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Bank, NA PO Box 51174 Los Angeles, CA 90051 [POC#1] | 2 | Claim not Scheduled | $10,587.44 | No | $10,587.44 | $2.21 | $2.21 | |
| The Townes at Central Park West Assoc. Community Legal Advisors, Inc. 509 N. Coast Highway Oceanside, CA 92054 [POC#3] | 2 | $7,276.60 | $7,276.60 | No | $7,276.60 | $1.52 | $1.52 | Scheduled as a secured claim; claim is fully undersecured |

| Creditor | Claim # | Scheduled | Claim Amount | Disputed | | | | Notes |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Bank, NA PO Box 9210 Des Moines, IA 50306 [POC#4] | 2 | $1,193.00 | $1,193.97 | No | $1,193.97 | $0.25 | $0.25 | general unsecured portion of IRS' claim |
| IRS c/o IRS Insolvency Group 7 24000 Avila Road, 3rd Floor, M/S Laguna Niguel, CA 92677 [POC#5] | 2 | Claim not Scheduled | $63.34 | No | $63.34 | $0.01 | $0.01 | |
| Central Park West Community Association Alterra Assessment Recovery 27101 Puerta Real, Suite 250 Mission Viejo, CA 92691 [POC#6] | 2 | $2,878.93 | $2,878.93 | No | $2,878.93 | $0.60 | $0.60 | Lien attached on May 16, 2022 with recorded Notice of Delinquent Assessment. Secured claim is fully undersecured, avoided through the Plan, and treated as a general unsecured claim (see Exhibit B-3) |
| Central Park West Community Association Alterra Assessment Recovery 27101 Puerta Real, Suite 250 Mission Viejo, CA 92691 [POC#7] | 2 | Claim not Scheduled | $1,078.00 | No | $1,078.00 | $0.22 | $0.22 | |

| | | | | | | | Includes unsecured portion of claim from POC#9, and balance of secured claim that is fully undersecured after homestead exemption |
|---|---|---|---|---|---|---|---|
| Belgium Investments 960 Bay Dr, LLC, a California Corp. Patrick Miller - Impact Advocates 121 S. Oak Ave. Pasadena, CA 91107 [POC#9] | 2 | Claim not Scheduled on F | $4,559,997.91 | Yes | $5,186,397.91 | $1,080.75 | $1,080.75 |
| *Total Liabilities* | | $11,348.53 | $4,583,076.19 | | $5,209,476.19 | $1,085.56 | $1,085.56 |

**EXHIBIT-C**

**(5-Year Projections)**

**YEAR #1**

BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA
Exhibit C - 5-Year Projections

### Year 1

| | Jul-23 | Aug-23 | Sep-23 | Oct-23 | Nov-23 | Dec-23 | Jan-24 | Feb-24 | Mar-24 | Apr-24 | May-24 | Jun-24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rental Income | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| New Value Contribution | $7,000.00 | | | | | | | | | | | |
| Contribution From Parents | $30,200.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,200.00 | $7,000.00 | $7,000.00 | $7,200.00 | $7,000.00 | $7,000.00 |
| **Gross Profit** | $41,200.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,200.00 | $11,000.00 | $11,000.00 | $11,200.00 | $11,000.00 | $11,000.00 |
| **Expenses** | | | | | | | | | | | | |
| Homeowner Association Dues - Central Park West | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 |
| Homeowner Association Dues- The Townes | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Utilities- Gas, Heat, Electricity | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Utilities- Phone, Internet | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 |
| Food | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Clothing | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Personal Care | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Medical/Dental Expenses | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 |
| Transportation | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Car Insurance | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Law Offices of Michael Jay Berger (Estimated Fees, Subject to Court Approval) | $30,000.00 | | | | | | | | | | | |
| Office of the United States Trustee Quarterly Fees (Estimated) | $250.00 | | | $250.00 | | | $250.00 | | | $250.00 | | |
| Freedom Mortgage Corporation - Secured Claim Class 1(A) | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 |
| Freedom Mortgage Corporation - Cure of Arrears Class 1(A) | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 |
| Belgium Investments 960 Bay Dr. LLC - Secured Claim Class 1(B) | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 |
| TD Financial Secured Claim - Class 1(C) (per Stipulation for Adequate Protection Payments, paid within 36 months from November, 2022) | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Internal Revenue Service - Priority Unsecured Claim | $28.13 | | | | | | | | | | | | |
| General Unsecured Claims - Class 2 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 |
| Total Expense | $ 41,139.38 | $ 10,861.25 | $ 11,111.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 11,111.25 | $ 10,861.25 | $ 10,861.25 | $ 11,111.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 |
| Net Ordinary Income | $ 60.62 | $ 138.75 | $ 88.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 88.75 | $ 138.75 | $ 138.75 | $ 88.75 | $ 138.75 | $ 138.75 | $ 138.75 |

**YEAR #2**

BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA
Exhibit C - 5-Year Projections
Year 2

| | Jul-24 | Aug-24 | Sep-24 | Oct-24 | Nov-24 | Dec-24 | Jan-25 | Feb-25 | Mar-25 | Apr-25 | May-25 | Jun-25 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rental Income | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Contribution From Parents | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 |
| **Gross Profit** | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 |
| **Expenses** | | | | | | | | | | | | |
| Homeowner Association Dues - Central Park West | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 |
| Homeowner Association Dues - The Townes | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Utilities - Gas, Heat, Electricity | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Utilities - Phone, Internet | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 |
| Food | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Clothing | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Personal Care | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Medical/Dental Expenses | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 |
| Transportation | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Car Insurance | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Freedom Mortgage Corporation - Secured Claim Class 1(A) | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 |
| Freedom Mortgage Corporation - Cure of Arrears Class 1(A) | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 |
| Belgium Investments 960 Bay Dr. LLC - Secured Claim Class 1(B) | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 |
| TD Financial Secured Claim - Class 1(C) (per Stipulation for Adequate Protection Payments, paid within 36 months from November, 2022) | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | $211.76 | | | $211.76 | $211.76 |
| General Unsecured Claims - Class 2 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 |
| **Total Expense** | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 |
| **Net Ordinary Income** | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 |

**YEAR #3**

BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA
Exhibit C - 5-Year Projections
Year 3

| | Jul-25 | Aug-25 | Sep-25 | Oct-25 | Nov-25 | Dec-25 | Jan-26 | Feb-26 | Mar-26 | Apr-26 | May-26 | Jun-26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rental Income | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Contribution From Parents | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 |
| **Gross Profit** | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 |
| **Expenses** | | | | | | | | | | | | |
| Homeowner Association Dues - Central Park West | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 |
| Homeowner Association Dues- The Townes | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Utilities- Gas, Heat, Electricity | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Utilities- Phone, Internet | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 |
| Food | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Clothing | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Personal Care | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Medical/Dental Expenses | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 |
| Transportation | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Car Insurance | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Freedom Mortgage Corporation - Secured Claim Class 1(A) | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 |
| Freedom Mortgage Corporation - Cure of Arrears Class 1(A) | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 |
| Belgium Investments 960 Bay Dr. LLC - Secured Claim Class 1(B) | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 |
| TD Financial Secured Claim - Class 1(C) (per Stipulation for Adequate Protection Payments, paid within 36 months from November, 2022) | $211.76 | $211.76 | $211.76 | $211.76 | | | | | | | | |
| General Unsecured Claims - Class 2 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 |
| **Total Expense** | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,861.25 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 |
| **Net Ordinary Income** | $ 138.75 | $ 138.75 | $ 138.75 | $ 138.75 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 |

**YEAR #4**

BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA
Exhibit C - 5-Year Projections
Year 4

| | Jul-26 | Aug-26 | Sep-26 | Oct-26 | Nov-26 | Dec-26 | Jan-27 | Feb-27 | Mar-27 | Apr-27 | May-27 | Jun-27 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rental Income | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Contribution From Parents | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 |
| **Gross Profit** | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 |
| **Expenses** | | | | | | | | | | | | |
| Homeowner Association Dues - Central Park West | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 |
| Homeowner Association Dues- The Townes | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Utilities- Gas, Heat, Electricity | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Utilities- Phone, Internet | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 |
| Food | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Clothing | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Personal Care | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Medical/Dental Expenses | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 |
| Transportation | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Car Insurance | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Freedom Mortgage Corporation - Secured Claim Class 1(A) | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 |
| Freedom Mortgage Corporation - Cure of Arrears Class 1(A) | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 |
| Belgium Investments 960 Bay Dr. LLC - Secured Claim Class 1(B) | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 |
| General Unsecured Claims - Class 2 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 |
| **Total Expense** | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 |
| **Net Ordinary Income** | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 |

**YEAR #5**

BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA
Exhibit C - 5-Year Projections
Year 5

| | Jul-27 | Aug-27 | Sep-27 | Oct-27 | Nov-27 | Dec-27 | Jan-28 | Feb-28 | Mar-28 | Apr-28 | May-28 | Jun-28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rental Income | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| Contribution From Parents | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 | $7,000.00 |
| **Gross Profit** | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 |
| **Expenses** | | | | | | | | | | | | |
| Homeowner Association Dues - Central Park West | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 | $166.00 |
| Homeowner Association Dues- The Townes | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Utilities- Gas, Heat, Electricity | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Utilities- Phone, Internet | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 | $130.00 |
| Food | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Clothing | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Personal Care | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Medical/Dental Expenses | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 |
| Transportation | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Car Insurance | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Freedom Mortgage Corporation - Secured Claim Class 1(A) | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 | $1,961.41 |
| Freedom Mortgage Corporation - Cure of Arrears Class 1(A) | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 | $1,063.67 |
| Belgium Investments 960 Bay Dr. LLC - Secured Claim Class 1(B) | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 | $5,322.85 |
| General Unsecured Claims - Class 2 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 | $1,085.56 |
| **Total Expense** | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 | $ 10,649.49 |
| **Net Ordinary Income** | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 | $ 350.51 |

**EXHIBIT-D**

**(Monthly Operating Report Summary)**

# EXHIBIT - D

## BASSEM VICTOR EL MALLAKH - 8:22-bk-11605-TA

## Monthly Operating Report Summmary

| MONTH | TOTAL CASH RECEIPTS | TOTAL CASH DISBURSEMENTS | NET CASH FLOW |
|---|---|---|---|
| September 2022 | $0.00 | $1,547.00 | ($1,547.00) |
| October 2022 | $4,000.00 | $1,862.00 | $2,138.00 |
| November 2022 | $4,000.00 | $1,509.00 | $2,491.00 |
| December 2022 | $3,898.00 | $7,643.00 | ($3,745.00) |
| January 2023 | $4,038.00 | $2,838.00 | $1,200.00 |
| *Total Cash Receipts / Total Cash Disbursements* | *$15,936.00* | *$15,399.00* | *$537.00* |
| MONTHLY AVERAGES | $3,187.20 | $3,079.80 | $107.40 |

**EXHIBIT-E**

**(Liquidation Analysis)**

# EXHIBIT – E

# LIQUIDATION ANALYSIS

| Liquidation Analysis | Total Amount | Real Property | Personal Property |
|---|---|---|---|
| <u>Total Property Value</u> | $1,233,144.00* | $1,120,000.00 | $113,144.00 |
| Less: | | | |
| Secured Claims | $5,696,886.41 | $5,690,153.44 | $6,732.97 |
| Claimed Exemptions: | $636,325.00 | $626,400.00 | $9,925.00 |
| | ---------------- | ---------------- | ---------------- |
| Interest in Nonexempt Property | $0.00 | 0.00 | $96,486.03 |
| Less: | | | |
| Estimated Ch 7 Admin Expenses | | $8,074.30 | |
| Priority Tax Claim | | $27.97 | |
| Estimated BK Counsel Fee and Accountant Fee | | $30,000.00 | |
| Estimated US Trustee Quarterly Fee | | $250.00 | |
| | | ---------------- | |
| Available to General Unsecured | | $58,133.76 | |
| | | | |
| Total General Unsecured Claims | | $5,209,476.19 | |
| Percent Distribution Under Chapter 7 | | 1.11% | |
| Percent Distribution Under Chapter 11 | | | |
| (without New Value Contribution) | | 1.11% | |
| Percent Distribution Under Chapter 11 | | | |
| with New Value Contribution | | 1.25% | |

*NOTE: See **EXHIBIT A** for more details on Total Property Value

**EXHIBIT - F**

RANDALL P. MROCZYNSKI (SBN. 156784)
rmroczynski@cookseylaw.com
**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone:     (714) 431-1100
Facsimile:     (714) 431-1119

Attorneys for Secured Creditor
TD BANK, N.A. successor in interest to TD AUTO FINANCE LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BASSEM EL MALLAKH,<br><br>      Debtor-in-Possession. | CASE NO. 8:22-BK-11605-TA<br><br>CHAPTER 11<br><br>**STIPULATION FOR RESOLUTION OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, FOR MAINTENANCE OF ADEQUATE PROTECTION PAYMENTS AND FOR RESOLUTION OF CLAIM TREATMENT ISSUES**<br><br>Hearing:<br>Date:  December 6, 2022<br>Time:  10:30 a.m.<br>Ctrm:  5B |

IT IS HEREBY STIPULATED AND AGREED by and between Secured Creditor, TD BANK, N.A. successor in interest to TD AUTO FINANCE, LLC ("TD") and Debtor, BASSEM EL MALLAKH ("Debtor"), by and through their respective counsel who have the authority to so stipulate, based on the following recitals of fact:

## RECITALS

1.  Pre-petition, Debtor entered into a Retail Installment Sale Contract (the "Contract") with TD for the purchase of a 2016 Mercedes-Benz C-Class, VIN 55SWF4JB7GU106746 (the "Vehicle").

1

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

1798.0538   3886126.1

2.    TD properly perfected its security interest in the Vehicle pre-petition.

3.    By way of this Stipulation, TD and Debtor wish to resolve the pending Motion for Relief from the Automatic Stay filed on November 4, 2022 as docket no. 44, to provide for payment of pre-confirmation adequate protection payments to TD with respect to the Vehicle and to resolve all issues pertaining to the treatment of TD's claims in any proposed plan of reorganization filed or to be filed by Debtor herein.

### THE STIPULATION

**NOW, WHEREFORE**, it is hereby stipulated and agreed as follows, based on the foregoing Recitals which are incorporated into this Stipulation by reference:

1.    The fair market value of the Vehicle shall be fixed at $15,000.00.

2.    Debtor consents to the allowance of TD's all secured claim in the amount of $6,732.97. Interest on TD's secured claim shall be paid at the rate of 8.25%. Debtor shall make monthly pre-confirmation adequate protection payments and post-confirmation plan payments to TD with respect to TD's secured claim in the amount of $211.76 commencing November 15, 2022 and continuing on the 9th day of each month thereafter.

3.    Payments shall be made to TD at: P.O Box 16041, Lewiston ME 04243-9523.

4.    Any plan of reorganization proposed by the Debtor shall provide for treatment of TD's claims consistent with the terms of this Stipulation. TD's secured claim shall be designated as an impaired claim in any such plan. TD shall support any plan of reorganization proposed by the Debtor that provides for the treatment of TD's claim in a manner consistent with this Stipulation and execution of this stipulation by TD shall be deemed as a ballot to accept any such plan. TD may, but is not required to, submit a separate ballot accepting any such consistent plan.

5.    Debtor shall, at all times, maintain a policy of insurance covering the Vehicle against physical damage, fire damage and theft.

6.    If Debtor fails to timely tender the payments required under this Stipulation, or if Debtor fails to maintain insurance as required by this Stipulation, TD, after providing Debtor and Debtor's counsel with written notice of said default and fourteen (14) days opportunity to cure the

2

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION
1798.0538 3886126.1

1    same, may file a Declaration with this Court noting said default and lodge a proposed Order

2    terminating the automatic stay which Order may be entered without further notice or hearing and

3    which will provide that FRF may retake possession of and liquidate the Vehicle pursuant to

4    applicable non-bankruptcy law. Debtor shall be entitled to a maximum of three (3) notices of default

5    and opportunities to cure pursuant to this Paragraph. Should Debtor default three times on the

6    obligations imposed by this Stipulation and be provided three notices of default on those defaults,

7    TD shall have no obligation to provide any further notice of default or opportunity to cure, and TD

8    may file a declaration noting said default and a proposed order terminating the stay which the Court

9    may enter without further notice or hearing.

10         7.    In the event TD obtains relief from the automatic stay pursuant to the default

11    provisions of this Stipulation, the stay provided by Bankruptcy Rule 4001(a)(3) will not apply.

12         8.    Notwithstanding Paragraph 6 hereof or any contrary term in Debtor's Plan of

13    Reorganization, with respect to any post-confirmation default under this Stipulation occurring after

14    the automatic stay is no longer in effect by operation of 11 U.S.C. § 362(c), TD need only provide

15    Debtor and Debtor's counsel with written notice of said post-confirmation default and five (5) days

16    opportunity to cure the default after which, if the default is not timely cured, FRF may then and there

17    take any and all steps to retake possession of and sell the Vehicle in accordance with applicable non-

18    bankruptcy law.

19                   **IT IS SO STIPULATED:**

20    DATED: November  8 , 2022       COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

21

22             By:_____

23               Randall P. Mroczynski
              **Attorneys for Creditor**

24               TD BANK N.A. Successor in Intersest to TD
              AUTO FINANCE LLC

25

26

27

28                              3

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

1798.0538  3886126.1

Case 8:22-bk-11605-TA    Doc 49    Filed 11/08/22    Entered 11/08/22 09:31:15    Desc
                    Main Document    Page 4 of 6

1 | DATED: November 7, 2022              LAW OFFICES OF MICHAEL JAY BERGER

2

3                                        By: _____

4                                            Michael Jay Berger
                                             Sofya Davtyan
5                                            **Attorneys for Debtor**
                                             BASSEM EL MALLAKH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

4

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

1798 0538  3886126 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

535 Anton Blvd., 10th Floor; Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION FOR RESOLUTION OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, FOR MAINTENANCE OF ADEQUATE PROTECTION PAYMENTS AND FOR RESOLUTION OF CLAIM TREATMENT ISSUES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 8, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger, Attorney for Debtor:          michael.berger@bankruptcypower.com
Chad L. Butler, Courtesy NEF:                     caecf@tblaw.com
Benjamin Heston, Courtesy NEF:                    bhestonecf@gmail.com, ben@nexusbk.com
United States Trustee (SA):                       ustpregion16.sa.ecf@usdoj.gov
Nancy S. Goldenberg, Attorney for U.S. Trustee:   nancy.goldenber@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) November 8, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**                                       **Attorney for Debtor:**
Bassem Victor El Mallakh                          Michael Jay Berger
116 Rockerfeller                                  9454 Wilshire Blvd., 6th Floor
Irvine, CA 92612                                  Beverly Hills, CA 90212

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2022 | Dalin Suon | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE INFORMATION
### In re Bassem Victor El Mallakh
### Bankruptcy Case No.: 8:22-bk-11605-TA

### SERVED BY UNITED STATES MAIL:

#### List of Creditors Holding 20 Largest Unsecured Claims

Belgium Investments
960 Bay Dr., LLC
c/o Patrick Miller, Esq.
P. Miller Legal Services
121 S. Oak Avenue
Pasadena, CA 91107

Wells Fargo Bank NA
1 Home Campus
Mac X2303-01a
3rd Floor
Des Moines, IA 50328

- Debtor only listed the above creditors on their List of 20 Largest Unsecured Creditors.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**
1798.0538  3887375.1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Randall P. Mroczynski, Esq. (SBN. 156784)<br>rmroczynski@cookseylaw.com<br>COOKSEY, TOOLEN, GAGE, DUFFY & WOOG<br>535 Anton Boulevard, Suite 1000<br>Costa Mesa, CA 92626<br>Telephone: (714) 431-1100<br>Facsimile: (714) 431-1119 | **FILED & ENTERED**<br><br>**NOV 08 2022**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY deramus  DEPUTY CLERK |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br><br>BASSEM VICTOR EL MALLAKH<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:22-bk-11605-TA<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)**<br><br>DATE: December 6, 2022<br>TIME: 10:30 a.m.<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street<br>        Santa Ana, CA 92701 |
|---|---|

**Movant:** TD Bank, N.A., successor in interest to TD Auto Finance LLC

1. The Motion was:  ☐ Opposed  ☐ Unopposed  ☒ Settled by stipulation

2. The Motion affects the following personal property (Property):

   ☒ Vehicle (*year, manufacturer, type and model*): 2016 Mercedes-Benz C-Class

   *Vehicle identification number*: 55SWF4JB7GU106746

   *Location of vehicle* (*if known*):

   ☐ Equipment (*manufacturer, type, and characteristics*):

   *Serial number(s)*:
   *Location* (*if known*):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 1                                **F 4001-1.RFS.PP.ORDER**

☐ Other personal property (*type, identifying information, and location*):

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362 (d)(1)
   b. ☐ 11 U.S.C. § 362 (d)(2)

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☒ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☐ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 2                                    **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

###

Date: November 8, 2022

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                Page 3                                                **F 4001-1.RFS.PP.ORDER**

RANDALL P. MROCZYNSKI (SBN. 156784)
rmroczynski@cookseylaw.com
**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone:     (714) 431-1100
Facsimile:     (714) 431-1119

Attorneys for Secured Creditor
TD BANK, N.A. successor in interest to TD AUTO FINANCE LLC

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | CASE NO. 8:22-BK-11605-TA |
| BASSEM EL MALLAKH, | CHAPTER 11 |
| Debtor-in-Possession. | **STIPULATION FOR RESOLUTION OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, FOR MAINTENANCE OF ADEQUATE PROTECTION PAYMENTS AND FOR RESOLUTION OF CLAIM TREATMENT ISSUES** |
| | <u>Hearing:</u><br>Date:     December 6, 2022<br>Time:     10:30 a.m.<br>Ctrm:     5B |

IT IS HEREBY STIPULATED AND AGREED by and between Secured Creditor, TD BANK, N.A. successor in interest to TD AUTO FINANCE, LLC ("TD") and Debtor, BASSEM EL MALLAKH ("Debtor"), by and through their respective counsel who have the authority to so stipulate, based on the following recitals of fact:

## RECITALS

1.     Pre-petition, Debtor entered into a Retail Installment Sale Contract (the "Contract") with TD for the purchase of a 2016 Mercedes-Benz C-Class, VIN 55SWF4JB7GU106746 (the "Vehicle").

1

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

1798.0538  3886126.1

2.    TD properly perfected its security interest in the Vehicle pre-petition.

3.    By way of this Stipulation, TD and Debtor wish to resolve the pending Motion for Relief from the Automatic Stay filed on November 4, 2022 as docket no. 44, to provide for payment of pre-confirmation adequate protection payments to TD with respect to the Vehicle and to resolve all issues pertaining to the treatment of TD's claims in any proposed plan of reorganization filed or to be filed by Debtor herein.

### THE STIPULATION

**NOW, WHEREFORE,** it is hereby stipulated and agreed as follows, based on the foregoing Recitals which are incorporated into this Stipulation by reference:

1.    The fair market value of the Vehicle shall be fixed at $15,000.00.

2.    Debtor consents to the allowance of TD's all secured claim in the amount of $6,732.97. Interest on TD's secured claim shall be paid at the rate of 8.25%. Debtor shall make monthly pre-confirmation adequate protection payments and post-confirmation plan payments to TD with respect to TD's secured claim in the amount of $211.76 commencing November 15, 2022 and continuing on the 9th day of each month thereafter.

3.    Payments shall be made to TD at: P.O Box 16041, Lewiston ME 04243-9523.

4.    Any plan of reorganization proposed by the Debtor shall provide for treatment of TD's claims consistent with the terms of this Stipulation. TD's secured claim shall be designated as an impaired claim in any such plan. TD shall support any plan of reorganization proposed by the Debtor that provides for the treatment of TD's claim in a manner consistent with this Stipulation and execution of this stipulation by TD shall be deemed as a ballot to accept any such plan. TD may, but is not required to, submit a separate ballot accepting any such consistent plan.

5.    Debtor shall, at all times, maintain a policy of insurance covering the Vehicle against physical damage, fire damage and theft.

6.    If Debtor fails to timely tender the payments required under this Stipulation, or if Debtor fails to maintain insurance as required by this Stipulation, TD, after providing Debtor and Debtor's counsel with written notice of said default and fourteen (14) days opportunity to cure the

2

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

1798.0538  3886126.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1 same, may file a Declaration with this Court noting said default and lodge a proposed Order

2 terminating the automatic stay which Order may be entered without further notice or hearing and

3 which will provide that FRF may retake possession of and liquidate the Vehicle pursuant to

4 applicable non-bankruptcy law. Debtor shall be entitled to a maximum of three (3) notices of default

5 and opportunities to cure pursuant to this Paragraph.  Should Debtor default three times on the

6 obligations imposed by this Stipulation and be provided three notices of default on those defaults,

7 TD shall have no obligation to provide any further notice of default or opportunity to cure, and TD

8 may file a declaration noting said default and a proposed order terminating the stay which the Court

9 may enter without further notice or hearing.

10       7.       In the event TD obtains relief from the automatic stay pursuant to the default

11 provisions of this Stipulation, the stay provided by Bankruptcy Rule 4001(a)(3) will not apply.

12       8.       Notwithstanding Paragraph 6 hereof or any contrary term in Debtor's Plan of

13 Reorganization, with respect to any post-confirmation default under this Stipulation occurring after

14 the automatic stay is no longer in effect by operation of 11 U.S.C. § 362(c), TD need only provide

15 Debtor and Debtor's counsel with written notice of said post-confirmation default and five (5) days

16 opportunity to cure the default after which, if the default is not timely cured, FRF may then and there

17 take any and all steps to retake possession of and sell the Vehicle in accordance with applicable non-

18 bankruptcy law.

19                          **IT IS SO STIPULATED:**

20 DATED: November 8 , 2022         COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

22                          By:_____

23                          Randall P. Mroczynski
                           **Attorneys for Creditor**
24                          TD BANK N.A. Successor in Intersest to TD
                           AUTO FINANCE LLC

                          3

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

1798.0538  3886126.1

1   DATED: November 7, 2022       LAW OFFICES OF MICHAEL JAY BERGER

2

3                            By: _____

4                                  Michael Jay Berger

5                                  Sofya Davtyan
                                 **Attorneys for Debtor**
                                 BASSEM EL MALLAKH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STIPULATION FOR MAINTENANCE OF ADEQUATE PROTECTION

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1798.0538  3886126 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/14/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 3/14/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

U.S. Trustee
Nancy S. Goldenberg
411 W. Fourth St., Ste. 7160
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 3/14/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Honorable Theodore Albert**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5085 / Courtroom 5B**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/14/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**