PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581

Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY OF ENFORCEMENT**<br><br>**Date**: 6 June 2023<br>**Time**: 10:30am |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

Creditor, Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**"), herein sets out its MOTION FOR RELIEF FROM AUTOMATIC STAY OF ENFORCEMENT. The bases for the relief requested are set out in the attached Memorandum of Points & Authorities.

Dated:    12 May 2023                                    Impact Advocates APC

By_____
Patrick Miller
Attorney for Belgium Investments

# POINTS & AUTHORITIES

## I. Introduction.

This Motion details why Belgium should be granted a relief from the automatic stay so that it may enforce the Court Order for Sale of the property located at 116 Rockefeller Dr, Irvine, CA, 92612 (the "**Rockefeller Property**"). Relief should be granted for cause under 11 USC Section 362(d) because Debtor has continually failed to prosecute his bankruptcy in a timely manner. Furthermore, enforcing the Sale Order will not prejudice any other creditors in this case because Belgium has a secured interest over the entire value of the Rockefeller Property other than the interest held by Debtor's mortgage company (which will not be impaired by the sale).

## II. Factual Background

Belgium was awarded a judgement of $4,255,000 in February 2020. It began its enforcement efforts in California in June 2020.

After successfully arguing against Debtor's spurious attempts to claim he was not served in the underlying action, Belgium received an Order for Sale of the Rockefeller Property on 10 May 2022 (the "**Order for Sale**"). Importantly, Debtor repeatedly claimed that he had not resided in the Rockefeller Property for several years. As such, the Order for Sale specifically stated that "*the property is not subject to any homestead exemption*" and that the sale was to proceed under the statutory scheme which does not incorporate the homestead exemption.

In July 2022, Debtor filed an initial Ch 13 bankruptcy case on the eve of the first scheduled Sheriff's sale. Debtor voluntarily withdrew its filing two weeks later because he was clearly above the liability threshold for Ch 13.

On 19 September 2022, Debtor filed a second bankruptcy case under Ch 11 again on the eve of a Sheriff's sale [see Docket #1]. Belgium immediately resisted the filing under Ch 11 and Debtor's motion to extend the automatic stay indefinitely [see eg Docket #25].

On 25 October 2022, the Court ordered that the automatic stay should continue [Docket #35]. Although the Court noted during the hearing its hope that Debtor would make progress on its bankruptcy case quickly, particularly given the tenuous nature of its filing under Ch 11.

Belgium objected to Debtor's claimed homestead exemption over the Rockefeller Property and a hearing was held on this objection on 11 January 2023 [see Docket #s 55 & 84]. Debtor filed a one-page Declaration in support of its homestead exemption and the Court ruled that a full evidentiary hearing must be held in order to properly determine the factual issues (the "**homestead evidentiary hearing**") [see Docket #s 91-92]. The homestead evidentiary hearing was initially scheduled for 8 March 2022.

Thereafter, we understand that Debtor was refusing to cooperate with his Ch 11 counsel which resulted in Debtor's counsel's first motion to withdraw, which it filed on 8 February 2023 [Docket #102]. Given the impending withdrawal of counsel and the need to obtain alternate counsel, Debtor was granted a two week extension to file its Ch 11 plan [Docket #118].

This extension turned out to be wholly-unnecessary, however, because: (a) Debtor's Ch 11 counsel remained on; and (b) Debtor's "reorganization plan" consisted of nothing more than gratuitous promises to make unlimited payments from Debtor's family and no details as to how it might actually be feasible. Nonetheless, the extension had already been granted.

On 15 March 2023, a day after the "reorganization plan" was submitted, Debtor's counsel requested a further delay of two weeks before the Court would consider the pending motions to dismiss or convert which were filed by both the US Trustee and Belgium. This further extension was granted and the hearing on the dismissal/conversion motions—as well as the homestead evidentiary hearing—were continued to 30 March 2023 [Docket # 144-145].

On 30 March 2023, this Court ruled that the case should be converted to Chapter 7. Given the conversion, this Court also ruled that the homestead evidentiary hearing should be continued to 8 June 2023 [Docket #s 155-160].

On 7 April 2023, Debtor's Ch 11 counsel filed its second motion to withdraw [Docket #167].

On 27 April 2023, a 341 creditor meeting was postponed because Debtor failed to provide the requisite documents to the Ch 7 trustee [Docket #171].

On 5 May 2023, Debtor's Ch 11 counsel withdrew from the case [Docket #173].

On 11 May 2023, a second 341 creditor meeting was held where the Debtor indicated he was hoping to obtain new counsel. Debtor mentioned that he may engage his previous Ch 13 counsel (who filed Debtor under Ch 13 despite him being well above the liabilities limit). Despite Debtor's previous counsel having filed its motion to withdraw over five weeks ago, Debtor indicated that he would not be able to confirm who his new counsel might be until at best 15 May 2023. He also noted that his new counsel may request a further continuance of the homestead evidentiary hearing.

### III. Belgium should be granted relief from the automatic stay for cause pursuant to 11 USC Section 362(d).

Debtor's continued failure to take the steps necessary to properly prosecute his bankruptcy action creates sufficient cause for granting relief from the automatic stay of enforcement.

The above factual background describes a number of instances where Debtor's failure to properly prosecute his bankruptcy has caused unreasonable delay and obstruction. It is likely that Debtor will request this Court to delay the homestead evidentiary hearing once again. He is refusing to cooperate with his previous counsel and to take adequate steps to obtain new counsel. He is also failing to provide documents requested of him by the Ch 7 trustee in a timely manner.

Belgium should no longer be forced to absorb Debtor's obstruction and delay. It should be allowed to proceed with enforcing the Order for Sale which it received over one year ago.

### IV. Granting Belgium relief from the automatic stay will not prejudice other creditors.

11 USC Section 362(d)(2) allows for relief from stay where: "*(A) the debtor does not have an equity in such property; and (B)such property is not necessary to an effective reorganization*". As reflected at page 8 of Debtor's Disclosure Statement: (i) the Rockefeller Property is valued at $1,120,000; (ii) Freedom Mortgage Corporation holds a first priority secured claim amounting to $243,078.45 over the property; and (iii) Belgium has the next highest priority secured claim amounting to $5,436,919.76 [see Docket #143].

Therefore, there is no further remaining equity in the property. Additionally, this property is not necessary to an effective reorganization since this case was converted to Ch 7.

Superior lienholders, ie the mortgage holder, will not be impaired by the sheriff's sale because the Order for Sale requires the property to be "*sold in the manner provided for under Code of Civil Procedures Sections 701.510-701.680*" [see Exhibit 1]. This Section confirms that superior lienholders will not be impaired by the sale, ie the purchaser at the sheriff's sale will take the Rockefeller Property subject to the mortgage holder's lien. In fact, the mortgage holder would arguably be in better position once the sale is completed and a reliable, paying owner can be found for the Rockefeller Property.

Debtor might argue that Belgium should continue waiting indefinitely until the homestead evidentiary hearing takes place. However, it is unfair to continue obstructing Belgium's enforcement when Debtor has consistently failed to prosecute his bankruptcy.

It is particularly unjust to continue forcing Belgium to wait when Debtor's entitlement to a homestead exemption was already the subject of adjudication wherein the Orange County Superior Court specifically found that Debtor was not eligible to claim a homestead exemption. This was because Debtor testified on numerous occasions that he had not resided in the Rockefeller Property for several years in order to incredulously claim that he did not have notice

of the underlying proceedings. Debtor is now contradicting his earlier testimony by claiming he has resided there continuously since 2013—and this contradictory testimony has formed the basis of Belgium's independent motion for sanctions due to perjury [see Docket #154].

Debtor chose to testify that he did not reside in Rockefeller—which is reflected in Belgium's Order for Sale. Debtor's dubious attempts to unwind his previous perjury—and/or commit further perjury in this case—should not provide the basis for any further delay. As a reminder, the genesis of Belgium's original judgement was Debtor's fraud and misconduct. It should not be delayed from obtaining redress any further.

## V. Conclusion.

Belgium respectfully requests an order that lifts the automatic stay and specifically allows it to enforce the Order for Sale against the Rockefeller Property. It also requests any further relief which the Court deems may be just and proper.

Dated:       12 May 2023                                    Impact Advocates APC

                                                            By_____
                                                            Patrick Miller
                                                            Attorney for Belgium Investments

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **MOTION FOR RELIEF FROM AUTOMATIC STAY OF ENFORCEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (<u>through electronic filing</u>); **(b)** on the Debtor through mailing at his address at 116 Rockefeller, Irvine, CA, 92612; and **(c)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/11/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Jay Berger on behalf of Debtor Bassem Victor El Mallakh

michael.berger@bankruptcypower.com,

yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Chad L Butler on behalf of Interested Party Courtesy NEF

caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)

nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston

bhestonecf@gmail.com,

benheston@recap.email,NexusBankruptcy@jubileebk.net

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr, LLC A California Corp.

patrick.miller@impactadvocateslaw.com

Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC

randym@cookseylaw.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov

Weneta M.A. Kosmala (TR)

c/o Law Offices of Weneta M.A. Kosmala

ecf.alert+Kosmala@titlexi.com

(Trustee)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 5/12/2022, at Pasadena, California.

Patrick Miller

**EXHIBIT "1"**

T# 4132610

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 10 2022

DAVID H. YAMASAKI, Clerk of the Court

BY: _____, DEPUTY

Patrick Miller: State Bar # 301819
P Miller Legal Services
121 S Oak Ave
Pasadena, CA 91107
213-364-7581
Patrick.miller@pmillerlegal.com

Attorney for the Judgement Creditor
Belgium Investments 960 Bay Dr, LLC, a California Corp.

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| **Belgium Investments 960 Bay Dr, LLC, a California Corp.** | Case Number: 30-2020-01148745-CU-EN-CJC |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING** |
| **Bassem Essam El Mallakh** | DATE: |
| Defendant(s). | TIME: |
| | DEPARTMENT: C12 |

The application of Plaintiff Belgium Investments 960 Bay Dr, LLC, a California Corp. for an order for sale of a certain dwelling, namely: the real property located at 116 Rockefeller, Irvine, CA 92612 and owned by the Judgement Debtor, Bassem Essam El Mallakh, (hereinafter, the "Rockefeller Property"), came on regularly for hearing by the court on 21 April 2022. Plaintiff appeared by counsel Patrick Miller; opposing party, Defendant Bassem Essam El Mallakh, appeared by counsel Michael Sayer.

ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING

On proof made to the satisfaction of the court that the property is not subject to any homestead exemption and that the application ought to be granted,

IT IS ORDERED that the application be, and it hereby is, granted. The clerk shall forthwith transmit a copy of the order in accordance with Code of Civil Procedure Section 704.780.

IT IS FURTHER ORDERED that the property be sold in the manner provided in Code of Civil Procedure Sections 701.510-701.680.

Date: MAY 1 0 2022

_____
Layne H. Melzer
JUDGE OF THE SUPERIOR COURT

ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING

Patrick Miller, Esq., SBN 301819
Impact Advocates APC
121 S. Oak Ave.
Pasadena, CA 91107
213-364-7581
Patrick.miller@impactadvocateslaw.com

Attorney for the Creditor
Belgium Investments 960 Bay Dr,
LLC, a California Corp

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BASSEM VICTOR EL MALLAKH | Case No.: 8:22-bk-11605-TA<br>Ch 7<br><br>**DECLARATION OF PATRICK MILLER IN SUPPORT OF THE MOTION FOR RELIEF FROM AUTOMATIC STAY OF ENFORCEMENT**<br><br>**Hearing Date:  16 June 2023**<br>**Hearing Time: 10:30 AM** |

DECLARATION

1. I, Patrick Miller, am counsel for the Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**"). I have read the Motion for relief from automatic stay of enforcement and know the contents thereof. The same is true of my own knowledge, except as those matters that are stated on information and belief, and as to these matters, I believe them to be true.

2. I am over the age of 18 years and am fully familiar with the facts and circumstances surrounding my declaration and could and would competently testify thereto if called upon to do so.

3. I was engaged as counsel for the Defendant in April 2020 in order to enforce the judgement obtained in the Florida courts against the Debtor, Bassem Essam Victor El Mallakh.

4. I attended a Section 341 creditors meeting organized by the Ch 7 Trustee Weneta Kosmala on 11 May 2023.

5. During this meeting, the Debtor gave a number of answers in response to questions posed by myself and Ms Kosmala. In response to our questions, Debtor indicated and/or stated that:

   a. he was hoping to obtain new counsel;
   b. he may engage his previous Ch 13 counsel (Ben Heston);
   c. he would not be able to confirm who his new counsel might be until at least 15 May 2023 because his previous Ch 13 counsel would not be confirming his engagement until that date;
   d. he would consider finding alternative counsel if Mr Heston counsel did not agree to take the engagement; and
   e. he and/or his new counsel may request a further continuance of the homestead evidentiary hearing.

6. I also attended what was scheduled to be a 341 creditors meeting organized by Ms Kosmala on 27 April 2023. However, I remember Ms Kosmala explaining that the meeting must be postponed because Debtor failed to provide the requisite documents in advance of the meeting.

7. I declare under penalty of perjury that the foregoing is true and correct.

Date: 5/12/23

_____

Patrick Miller

2