PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581

Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 7 |
| | **NOTICE OF MOTION &<br>MOTION FOR DISMISSAL**<br><br>**Date**: 27 June 2023<br>**Time**: 10:30am |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on 27 June 2023 at 10:30 am, or as soon thereafter as the Court may hear the matter, in Courtroom 5B (or via Zoom) of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, CA 92701, the Court will conduct a hearing on the **MOTION FOR DISMISSAL** filed by the Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**")

The grounds for the relief requested in the Motion for Dismissal are that there is cause for dismissal because the present action was filed in bad faith and dismissal is in the best interest of the creditors.

This Motion for Dismissal is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings on file in this case, all other matters of which this Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, and such other arguments and/or evidence as may be presented at or prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that any response/opposition to the Motion for Dismissal must be in writing, filed with the Court, and served on counsel for Belgium at the address listed above, at least 14 days prior to the hearing date of 27 June 2023.

**PLEASE TAKE FURTHER NOTICE** that the failure to respond in writing by the above referenced deadline may be deemed by the Court to be a lack of opposition to the relief requested in the Motion for Dismissal.

Dated:      5 June 2023                                                                 Impact Advocates APC

By_____
Patrick Miller
Attorney for Belgium Investments

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PATRICK MILLER<br>Email: Patrick.miller@impactadvocateslaw.com<br>Impact Advocates APC<br>121 S Oak Ave<br>Pasadena, CA 91107<br>Telephone:    213-364-7581<br><br>Attorney for Judgment Creditor and Movant<br><br>☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -Central DIVISION**

| In re: El Mallakh | CASE NO.: 8:22-bk-11605-TA |
|---|---|
| | CHAPTER: 7 |
| Debtor(s) | **SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |
| | HEARING DATE:  27 June 2023<br>HEARING TIME: 10:30am |

**Movant:**

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

   **MOTION FOR DISMISSAL**

2. Notwithstanding any language in the Notice advising or suggesting that the hearing will be held physically in one of the Court's courtrooms, **please be advised that due to the COVID-19 pandemic, the Court will conduct the hearing remotely, using ZoomGov audio and video technology**.  Individuals will not be permitted access to the courtroom.  Information on how to participate in the hearing remotely using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

   Meeting URL:
   https://cacb.zoomgov.com/j/1611571786
   Meeting ID:    161 157 1786
   Password:      692831
   Telephone:     1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address:  https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants.

Date:  6/5/23

Impact Advocates APC
Printed name of law firm (if applicable)

Patrick Miller Attorney for Creditor Movant
Printed name of individual Movant or attorney for Movant

# POINTS & AUTHORITIES

## I. Introduction.

This Motion incorporates by reference the relevant points from Belgium's previous Motion for Dismissal and/or Conversion to Ch 7, which was filed on 30 November 2023 [Docket #63] and the Reply to the same [Docket #78].

Belgium has consistently argued that this bankruptcy action was filed in bad faith by the Debtor in order to obstruct Belgium's enforcement efforts. This has been apparent by reference to most of the indicators of bad faith in bankruptcy caselaw, particularly the fact that this is essentially a two-party dispute where there is one main secured creditor enforcing its secured claim against the Debtor's one asset.

While there may have been doubts as to Debtor's intentions throughout these proceedings, the most recent events in this case have left no room for doubt. These recent events are: (a) Debtor's refusal to cooperate with previous counsel (or appoint new counsel); and (b) the Ch 7 Trustee's confirmation that Debtor has no assets to distribute to unsecured creditors.

As it is now clear that this case was filed in bad faith, sufficient cause exists for dismissal under 11 U.S.C. §707. If dismissal is granted, Belgium respectfully requests that the dismissal order include a bar against refiling for at least 180 days. Belgium believes this bar is warranted under the circumstances. If no dismissal is granted, this Court may still grant Belgium's separate motion for relief from the stay of enforcement, which is also scheduled to be heard on the same date as the present motion for dismissal.

## II. Factual Background

Belgium was awarded a judgement of $4,255,000 in February 2020. It began its enforcement efforts in California in June 2020.

After successfully arguing against Debtor's spurious attempts to claim he was not served in the underlying action, Belgium received an Order for Sale of the Rockefeller Property on 10

May 2022 (the "**Order for Sale**"). Importantly, Debtor repeatedly claimed that he had not resided in the Rockefeller Property for several years. As such, the Order for Sale specifically stated that "*the property is not subject to any homestead exemption*" and that the sale was to proceed under the statutory scheme which does not incorporate the homestead exemption.

In July 2022, Debtor filed an initial Ch 13 bankruptcy case on the eve of the first scheduled Sheriff's sale. Debtor voluntarily withdrew its filing two weeks later because he was clearly above the liability threshold for Ch 13 given Belgium's judgement (of which Debtor was fully aware).

On 19 September 2022, Debtor filed a second bankruptcy case under Ch 11 again on the eve of a Sheriff's sale [see Docket #1]. Belgium immediately resisted the filing under Ch 11 and Debtor's motion to extend the automatic stay indefinitely [see eg Docket #25].

On 25 October 2022, the Court ordered that the automatic stay should continue [Docket #35]. Although the Court noted during the hearing its hope that Debtor would make progress on its bankruptcy case quickly, particularly given the tenuous nature of its filing under Ch 11.

Belgium filed its previous Motion to Dismiss and/or Convert this case to Ch 7 on 30 November 2022 after it became clear that Debtor was not making any progress [Docket #63].

Belgium also objected to Debtor's claimed homestead exemption over the Rockefeller Property and a hearing was held on this objection on 11 January 2023 [see Docket #s 55 & 84]. Debtor filed a one-page Declaration in support of its homestead exemption and the Court ruled that a full evidentiary hearing must be held in order to properly determine the factual issues (the "**homestead evidentiary hearing**") [see Docket #s 91-92]. The homestead evidentiary hearing was initially scheduled for 8 March 2022.

Thereafter, we understand that Debtor was refusing to cooperate with his Ch 11 counsel which resulted in Debtor's counsel's first motion to withdraw, which it filed on 8 February 2023

[Docket #102]. Given the impending withdrawal of counsel and the need to obtain alternate counsel, Debtor was granted a two-week extension to file its Ch 11 plan [Docket #118].

This extension turned out to be wholly-unnecessary, however, because: (a) Debtor's Ch 11 counsel remained on; and (b) Debtor's "reorganization plan" consisted of nothing more than gratuitous promises to make unlimited payments from Debtor's family and no details as to how it might actually be feasible. Nonetheless, the extension had already been granted.

On 15 March 2023, a day after the "reorganization plan" was submitted, Debtor's counsel requested a further delay of two weeks before the Court would consider the pending motions to dismiss or convert which were filed by both the US Trustee and Belgium. This further extension was granted and the hearing on the dismissal/conversion motions—as well as the homestead evidentiary hearing—were continued to 30 March 2023 [Docket # 144-145].

On 30 March 2023, this Court ruled that the case should be converted to Chapter 7. Given the conversion, this Court also ruled that the homestead evidentiary hearing should be continued to 8 June 2023 [Docket #s 155-160].

On 7 April 2023, Debtor's Ch 11 counsel filed its second motion to withdraw [Docket #167]. On 27 April 2023, a 341 creditor meeting was postponed because Debtor failed to provide the requisite documents to the Ch 7 trustee [Docket #171]. On 5 May 2023, Debtor's Ch 11 counsel withdrew from the case [Docket #173].

On 11 May 2023, a second 341 creditor meeting was held where the Debtor indicated he was hoping to obtain new counsel. Debtor mentioned that he may engage his previous Ch 13 counsel (who filed Debtor under Ch 13 despite him being well above the liabilities limit). Despite Debtor's previous counsel having filed its motion to withdraw nearly two months ago, no new counsel has yet appeared in this case.

On 1 June 2023, Belgium filed a form motion requesting relief from the automatic stay of enforcement. Later that same day, Trustee Weneta Kosmala filed a Chapter 7 Trustee's Report of

No Distribution because it is now apparent that Debtor has no assets to distribute to unsecured creditors.

Belgium would be happy to re-commence enforcement against the Rockefeller Property if it is granted relief from the stay of enforcement. Nonetheless, now that the Trustee has confirmed there are no assets to distribute, Belgium believes this now elucidates the bad faith character of Debtor's filing and why dismissal is appropriate. As such, Belgium has also filed the present motion to be heard on the same date as the motion for relief from stay. Belgium hopes that this provides the Court with sufficient latitude to issue a ruling which is in the best interest of the parties and equity in general.

**III. Recent developments confirm this case was filed in bad faith.**

As detailed at Sec III of Belgium's previous motion to dismiss, this case includes many of the indicia of bad faith which courts have relied upon when considering dismissal for cause[1].

Belgium does not wish to recapitulate every instance of Debtor's behavior which evidences his bad faith. Although Belgium would be remiss if it failed to mention: (i) the egregious inaccuracy in Debtor's Ch 13 Schedules which failed to acknowledge Belgium's claim (and thus allowed him to incorrectly file under Ch 13); (ii) Debtor's refusal to properly participate in this case through his repeated failures to cooperate with counsel or instruct witnesses to attend depositions; and (iii) Debtor's admitted perjury which forms the basis for his incredulous claim of a homestead exemption.

Since the outset, Belgium has contended that this is essentially a two-party dispute where one creditor is seeking to enforce its secured interest against the Debtor's one asset. Debtor seemed to indicate that there were other relevant creditors or other relevant assets in his estate. But these claims were themselves completely bad faith.

---

[1] Belgium notes that some of the points raised in its previous Motion to dismiss would only be relevant in the context of a Ch 11 case. Nonetheless, the key indicia of bad faith continue to be relevant in the present Ch 7 action.

MOTION FOR DISMISSAL
Page 6

Debtor's other assets seem to have been a tenuous interest in a real estate venture which apparently has no value; and his other creditors' claims are dwarfed by Belgium's.

While Belgium remains suspicious as to whether Debtor may have other assets which he is using to finance his lifestyle, his filings show there is effectively nothing other than the Rockefeller Property.

As there are no assets for the Ch 7 Trustee to administer and no creditors to protect, it appears the only purpose for this bankruptcy is to obstruct Belgium's enforcement. This may be the reason Debtor has not even bothered to engage new counsel.

Under these circumstances, Debtor should be asked to put forward credible reasons for why the bankruptcy should continue. Failing this, Belgium should be allowed to proceed with enforcing the Order for Sale which it received over one year ago.

**IV. Granting Belgium's requested relief will not prejudice other creditors.**

As reflected at page 8 of Debtor's Disclosure Statement: (i) the Rockefeller Property is valued at $1,120,000; (ii) Freedom Mortgage Corporation holds a first priority secured claim amounting to $243,078.45 over the property; and (iii) Belgium has the next highest priority secured claim amounting to $5,436,919.76 [see Docket #143]. Therefore, there is no further remaining equity in the property.

Superior lienholders, ie the mortgage holder, will not be impaired by the sheriff's sale because the Order for Sale requires the property to be "*sold in the manner provided for under Code of Civil Procedures Sections 701.510-701.680*". This Section confirms that superior lienholders will not be impaired by the sale, ie the purchaser at the sheriff's sale will take the Rockefeller Property subject to the mortgage holder's lien. In fact, the mortgage holder would arguably be in better position once the sale is completed and a reliable, paying owner can be found for the Rockefeller Property.

Debtor might argue that Belgium should continue waiting indefinitely until the homestead evidentiary hearing takes place. However, it is unfair to continue obstructing Belgium's enforcement when Debtor has no basis to maintain his action in bankruptcy.

It is particularly unjust to continue forcing Belgium to wait when Debtor's entitlement to a homestead exemption was already the subject of adjudication wherein the Orange County Superior Court specifically found that Debtor was not eligible to claim a homestead exemption. This was because Debtor testified on numerous occasions that he had not resided in the Rockefeller Property for several years in order to incredulously claim that he did not have notice of the underlying proceedings. Debtor is now contradicting his earlier testimony by claiming he has resided there continuously since 2013—and this contradictory testimony has formed the basis of Belgium's independent motion for sanctions due to perjury [see Docket #154].

Debtor chose to testify that he did not reside in Rockefeller—which is reflected in Belgium's Order for Sale. Debtor's dubious attempts to unwind his previous perjury—and/or commit further perjury in this case—should not provide the basis for any further delay. As a reminder, the genesis of Belgium's original judgement was Debtor's fraud and misconduct. It should not be delayed from obtaining redress any further.

**V. This Dismissal should include sanctions which prohibit Debtor from filing a new bankruptcy case for at least 180 days.**

As noted in Belgium's motion for sanctions in the previously filed Ch 13 case, 11 U.S.C. § 349 (a) and 11 U.S.C. § 109(g) allow bankruptcy courts to issue remedial orders when granting a debtor's 11 U.S.C. § 1307(b) motion to dismiss to address bad faith or abuse of the bankruptcy process by the debtor. *In re Minogue,* 632 B.R. 287, 293-294 (Bankr. D.S.C. 2021).

Given the overwhelming evidence of bad faith, Belgium respectfully requests that the present dismissal order include a condition barring Debtor further bankruptcy filings for at least

180 days so as to ensure that Debtor does not make another wrongful filing in attempt to obstruct further enforcement efforts.

**VI. Conclusion.**

Belgium respectfully requests an order for dismissal of this action which includes a bar against this Debtor filing any subsequent bankruptcies for at least 180 days. It also requests any further relief which the Court deems may be just and proper.

Dated:    5 June 2023                                            Impact Advocates APC

By_____
Patrick Miller
Attorney for Belgium Investments

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **MOTION FOR DISMISSAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (through electronic filing); **(b)** on the Debtor through overnight express courier to his address at 116 Rockefeller, Irvine, CA, 92612; and **(c)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/5/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chad L Butler on behalf of Interested Party Courtesy NEF

caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)

nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston

bhestonecf@gmail.com,

benheston@recap.email,NexusBankruptcy@jubileebk.net

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr,

| | |
|---|---|
| 1 | LLC A California Corp. |
| 2 | patrick.miller@impactadvocateslaw.com |
| 3 | |
| 4 | Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in |
| 5 | interest to TD Auto Finance LLC |
| 6 | randym@cookseylaw.com |
| 7 | |
| 8 | United States Trustee (SA) |
| 9 | ustpregion16.sa.ecf@usdoj.gov |
| 10 | |
| 11 | Weneta M.A. Kosmala (TR) |
| 12 | c/o Law Offices of Weneta M.A. Kosmala |
| 13 | ecf.alert+Kosmala@titlexi.com |
| 14 | (Trustee) |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 6/5/2022, at Pasadena, California.

Patrick Miller