Bert Briones (SBN 237594)
**RED HILL LAW GROUP**
15615 Alton Parkway, Ste. 210
Irvine, California 92618
Telephone: (714) 733-4455
Facsimile: (714) 733-4450
bb@redhilllawgroup.com

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>BASSEM VICTOR EL MALLAKH<br><br><br><br><br><br><br>Debtor. | Case No. 8:22-bk-11605-TA<br><br>Chapter 7<br><br>**EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT; DECLARATION OF BERT BRIONES IN SUPPORT OF**<br><br>[Dkt. No. 184]<br><br>Local Bankruptcy Rule 9013-1(m)<br><br>[NO HEARING REQUIRED] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

Debtor, Bassem Victor El Mallakh, hereby submits this <u>ex parte</u> motion for an order continuing the hearing on the Motion of Creditor Belgium Investments 960 Bay Dr, LLC California Corp. for Relief from Automatic Stay of Enforcement from June 27, 2023 at 10:30 AM to August 29, 2023 at 10:30 AM or a date and time thereafter convenient to the Court, with all responsive deadlines according to the local rules.

In support of this <u>ex parte</u> motion, the Debtor represents as follows:

1. Creditor Belgium Investments 960 Bay Dr, LLC California Corp. ("Creditor") filed motion on June 1, 2023 and set for hearing on June 27, 2023 at 10:30 a.m., at that time the debtor was in Pro Se. [Dkt. No. 184]
2. No prior continuances of the motion have been granted.
3. On June 13, 2023 the debtor substituted counsel and is now represented by Bert Briones of Red Hill Law Group. The Substitution of Attorney was filed within 24 hours of execution.
4. Successor counsel, Bert Briones, has not had sufficient time to review the record in the case nor to prepare an appropriate response to the pending motion.
5. Bert Briones, counsel for debtor, attempted to contact counsel for Creditor, Patrick Miller on June 12, 2023 via multiple phone calls and an email. Late in the day, at 9:39 PM Pacific, on June 12, 2023 Patrick Miller responded with an offer to continue the hearing to July 11, 2023; however, the offer required a responsive deadline short of the time allowed according to the local rules (less than 14 days).
6. Mr. Miller indicated that he was currently in Australia and therefore further communications have been delayed.
7. Mr. Miller also informed me that there were three motions in total set to be heard on June 27, 2023 at 10:30 AM in this case.
8. Mr. Briones responded with an alternative proposal early on June 13, 2023 to which Mr. Miller counter-offered with terms unacceptable to the debtor.

9. Mr. Briones has reviewed the docket and discovered that a motion to avoid the Creditor Lien pursuant to Sec. 522(f) has been continued to August 24, 2023 for an evidentiary hearing.

10. In light of the pending 522(f) motion, which could result in Creditor's lien being avoided and therefore Creditor having no secured interest upon which to foreclose, the debtor maintains that a hearing on Relief from Stay is pre-mature at best.

11. Mr. Briones appreciated Mr. Miller's email responses; however, given the fact that multiple motions are pending in this case, the failure to reach an agreement on a continuance, the pending 522(f) motion and the newness of the representation in the instant case, debtor maintains that a continuance of this motion is appropriate.

12. Mr. Briones advised Mr. Miller that if no agreement could be reached then debtor would file an <u>ex parte</u> motion pursuant to Local Bankruptcy Rule 9013-1(m).

13. Mr. Miller in his email at 3:49 pm on June 13, 2023 indicated that he would be available for an <u>ex parte</u> hearing remotely on Thursday June 15, 2023, Friday June 16, 2023, or Monday June 19, 2023 but would prefer a hearing on the instant motion on or after June 21, 2023 (upon his return from his overseas trip).

14. Debtor having advised Creditor of his intent to seek continuance under LBR 9013-1(m) is seeking an order without a hearing.

15. Based upon the foregoing, the debtor hereby requests the hearing on the motion be continued from June 27, 2023 at 10:30 AM to August 29, 2023 at 10:30 AM or a date and time thereafter convenient to the Court, with all responsive deadlines according to the local rules.

Dated: June 13, 2023                                    RED HILL LAW GROUP


                                                        By: /s/ Bert Briones
                                                        Bert Briones
                                                        Attorneys for Debtors

## DECLARATION OF BERT BRIONES

**I, BERT BRIONES, DECLARE:**

I am the attorney of record for the debtor, Bassem Victor El Mallakh, in the case captioned above, Case 8:22-bk-11605-TA. The declaration is made from my personal knowledge while serving as attorney for the debtor. If called as a witness regarding the facts detailed herein, I could and would competently testify to thereto.

1. On June 12, 2023, I was hired by the Debtor in this case. He executed a representation agreement and made a deposit to the client trust account of $4,000 with the understanding that an additional $5,000 will be deposited by June 16, 2023. Based on these agreements I commenced work on the case by attempting to contact counsel for Belgium Investments 960 Bay Dr, LLC California Corp. ("Creditor").

2. On June 13, 2023, I filed a Substitution of Attorney becoming counsel of record of the debtor.

3. I have made contact with counsel for Creditor, Patrick Miller, who has informed me that he is currently on a trip overseas in Australia.

4. I requested a continuance on the motion at issue here and the proposed dates were not acceptable to Creditor. I received a few counteroffers but neither were acceptable to the debtor.

5. A preliminary review of the case indicated a pending 522(f) motion would have a potentially dispositive effect on the foundational secured status of this Creditor. In short, if he is not secured then he can not proceed with a foreclosure sale. This motion would not be resolved prior to August 24, 2023 when an Evidentiary Hearing is set for.

6. Moreover, a motion to dismiss has been filed by creditor and will be heard at least 30 days before the pending evidentiary hearing. If dismissal is granted, both the Relief from Stay Motion and the 522(f) motion would be vacated as moot. Therefore, this continuance request despite being over 60 days is reasonable given the totality of circumstances.

7. I advised Mr. Miller that I would be filing an ex parte motion if we could not reach an agreement. I cited the local rule [LBR 9013-1(m)] which does not require a hearing.

8. Mr. Miller indicated his availability for an ex parte hearing as follows:

   *"On that note, I've double-checked my schedule and found that I could be available for an ex parte hearing remotely next Monday, although I believe the courts will be closed in honor of Juneteenth. I've confirmed that I won't be available to attend on June 20th as I will be in transit returning to Los Angeles. I will be available on Wednesday, June 21st and thereafter.*

   *If absolutely necessary, I could remotely attend an ex parte hearing this Thursday or Friday but would prefer to wait until my return if possible."*

9. It is the position of the debtor that no hearing is required or would serve any useful purpose, however, if the court sets a hearing on the instant motion, I will make myself available at any these times with my preference being Wednesday June 21, 2023.

10. Based upon the foregoing, I on behalf of the debtor hereby request the hearing on the motion be continued from June 27, 2023 at 10:30 AM to August 29, 2023 at 10:30 AM or a date and time thereafter convenient to the Court, with all responsive deadlines according to the local rules.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of June, 2023 at Irvine, California.**

/s/ Bert Briones_____
Bert Briones

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15615 Alton Parkway, Suite 210, Irvine, California 92618

A true and correct copy of the foregoing document entitled (*specify*):

EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT; DECLARATION OF BERT BRIONES IN SUPPORT OF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/13/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chad L Butler on behalf of Interested Party Courtesy NEF caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA) nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

Weneta M.A. Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr, LLC A California Corp. patrick.miller@impactadvocateslaw.com

Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC randym@cookseylaw.com

United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __06/13/2023__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor via email and Jubilee Notices Automated Court Notice Email Management.
[Email address protected by the Attorney-Client Privilege]

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/13/2023 | Bert Briones | /s/ Bert Briones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**