PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581

Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Bassem Victor El Mallakh | Case No 8:22-bk-11605-TA<br>Chapter 7<br><br>**OPPOSITION TO EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT; DECLARATION OF PATRICK MILLER IN SUPPORT** |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

Creditor, Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**"), herein sets out its OPPOSITION TO DEBTOR'S EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT. The bases for the relief requested are set out in the attached Memorandum of Points & Authorities.

## POINTS & AUTHORITIES

### I. Introduction

Belgium requests either (i) no continuance be granted; or (ii) if any continuance is granted, it should not exceed two weeks. This would move the hearing to 11 July 2023.

When Belgium's counsel was first contacted by Debtor's latest counsel, it endeavored to reach an agreement even under circumstances where Debtor's misconduct has caused substantial costs, delay & obstruction in its efforts to enforce its judgement.

Belgium's proposals envisioned a two-week hearing delay with Oppositions to be filed on either 23 or 26 June 2023. Belgium was concerned that the 4th of July holiday would limit the amount of time it had to prepare a Reply.

Debtor's counsel has noted in its submissions that its main concern appears to be having 14 (rather than 13) days to prepare its submissions—this was not communicated clearly to Belgium. Setting aside the fact that Debtor's counsel has already been engaged for a few days and the motions themselves have been on file for weeks—Belgium would be agreeable to allowing for any Opposition to be filed on 27 June 2023, provided that Belgium may submit any Reply by 5 July 2023 (which would be six days before the hearing).

It was Debtor's choice to wait <u>66 days</u> before engaging new counsel after his previous counsel filed its motion to withdraw (which was undoubtedly preceded by several days' notice). Belgium should not be prejudiced for Debtor's failures.

### II. The hearing on the motion for relief from automatic stay of enforcement should not be delayed.

Debtor argued in its Motion for Continuance of the hearing on relief from automatic stay that: "*[i]n light of the pending 522(f) motion, which could result in Creditor's lien being avoided and therefore Creditor having no secured interest upon which to foreclose, the debtor maintains*

*that a hearing on Relief from Stay is pre-mature at best"*. However, this assessment is inaccurate based on the Debtor's own filings (see Dckt 142 & 143), because:

- the value of the Rockefeller Property is $1,120,000;
- there is a claim from Debtor's mortgage company of $243,079;
- this leaves **$876,921** of equity remaining.

Even if Debtor's homestead exemption is granted, Belgium would still have a lien on the property of $250,521, since Debtor's homestead exemption only amounts to $626,400.

This means that, irrespective of the outcome of the evidentiary hearing on homestead, Belgium will immediately move to have the Rockefeller Property sold to satisfy its lien once it is in a position to do so.

As such, Belgium should be allowed to commence the enforcement process which is clearly inevitable.

**III. Debtor should not be rewarded for his failure to participate in his own bankruptcy.**

Debtor's conduct has shown that one indulgence in delay and obstruction only leads to further misconduct. Debtor was allowed to continue the automatic stay on the hopes that a plan would be produced, yet he only produced a series of gratuitous, unbelievable promises.

Debtor was allowed to convert his case to Ch 7 on the assumption that he had an estate to administer. However, as the Ch 7 Trustee's investigation confirmed, no such estate exists[1].

Throughout this process, Debtor has forced our hands to accommodate his refusal to properly participate in these proceedings. In March 2023, the 'plan' submission was delayed several weeks due to his refusal to participate. The previous hearing on dismissal and/or conversion was similarly delayed several weeks.

The evidentiary hearing on homestead was postponed over two months following the conversion to Ch 7 in March 2023. Nonetheless, Debtor's misconduct forced the Court's hand again in June 2023 and now the evidentiary hearing has been postponed to 24 August 2023.

---

[1] See the Chapter 7 Trustee's Report of No Distribution filed on 1 June 2023.

OPPOSITION TO EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT
Page 3

This misconduct will undoubtedly continue given what we have witnessed thus far.

Frankly, it is shocking that the Ch 7 Trustee has confirmed Debtor has no assets, yet he has spent several years paying attorneys to file spurious motions in FL and CA state court—and then to undertake several bad faith bankruptcies in this Court.

Belgium intends to uncover the source of these funds and has theories given the substantial monies it alleges were stolen while Debtor managed its investment projects. But it requires the proceeds from the Rockefeller Property sale to undertake these investigations—a sale which has been delayed for nearly a year already due to Debtor's bad faith bankruptcy filings. We remind the Court that the initial Sheriff's auction was scheduled for 13 July 2022.

We realize that Debtor's latest counsel may be in a difficult position. But Belgium has been forced to endure Debtor's misconduct for years in this and other fora, let alone the misconduct which led to its award of $4.25 million. It may require considerable time and effort—but it is in no way impossible to prepare the necessary submissions by 27 June 2023 (the current date on which the hearing is set).

Belgium requests that no further delay be allowed other than that which is absolutely necessary under the circumstances. Debtor has requested that the new hearing date on its motion for relief from automatic stay of enforcement be set for 29 August 2023.  This is just one further instance where this Court is being asked to indulge Debtor's bad faith rather than allow its creditor, the victim of Debtor's misconduct, to progress its efforts toward some limited redress.

While this Court may be sympathetic to Debtor's newest counsel, we urge this Court to also find sympathy for Belgium's predicament—where it would not be but for Debtor's choices.

Debtor chose to undertake the misconduct which resulted in Belgium's judgement in Florida; he chose to spend years filing spurious motions perjuriously arguing he had no knowledge of the action in Florida; he chose to file a Ch 13 bankruptcy by inaccurately reporting

his assets & liabilities and then again chose to file under Ch 11 improperly; he chose to commit perjury regarding his residency and admit to this perjury multiple times under oath; he chose to continually refuse to cooperate with counsel, resulting in numerous withdrawal motions and delays; he chose to <u>wait 66 days</u> to engage new counsel after his previous counsel filed its motion to withdraw (which was undoubtedly preceded by several days' notice).

In fact, these motions themselves are all the result of Debtor's choices. He chose to undertake the perjury which resulted in the motion for sanctions for perjury (Dckt 154); he chose to delay these proceedings so egregiously that it resulted in the motion for relief from automatic stay (Dckt 184); and he chose to inappropriately file for bankruptcy without good faith cause for the same (Dckt 190).

Similarly, Debtor's counsel chose to take on this case knowing that several motions were scheduled to be heard imminently. He also chose not to accept Belgium's reasonable offer of a two-week extension for the hearing days.

Debtor must be held responsible for these choices. He should not be indulged any further under these circumstances.

IV. Conclusion

As set out above, Belgium respectfully requests that no continuance be granted. If any continuance is granted, that such continuance should not exceed two weeks.

Dated:     14 June 2023                                             Impact Advocates APC

By_____
Patrick Miller
Attorney for Belgium Investments

OPPOSITION TO EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT
Page 5

Patrick Miller, Esq., SBN 301819
Impact Advocates APC
121 S. Oak Ave.
Pasadena, CA 91107
213-364-7581
Patrick.miller@impactadvocateslaw.com

Attorney for the Creditor
Belgium Investments 960 Bay Dr,
LLC, a California Corp

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BASSEM VICTOR EL MALLAKH | Case No.: 8:22-bk-11605-TA<br>Ch 7<br><br>**DECLARATION OF PATRICK MILLER IN SUPPORT OF TOPPOSITION TO EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. TO DISMISS BANKRUPTCY CASE** |

## DECLARATION

1. I, Patrick Miller, am counsel for the Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**"). I have read the OPPOSITION TO EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. TO DISMISS BANKRUPTCY CASE and know the contents thereof. The same is true of my own knowledge, except as those matters that are stated on information and belief, and as to these matters, I believe them to be true.

2. I am over the age of 18 years and am fully familiar with the facts and circumstances surrounding my declaration and could and would competently testify thereto if called upon to do so.

3. I was engaged as counsel for the Defendant in April 2020 in order to enforce the judgement obtained in the Florida courts against the Debtor, Bassem Essam Victor El Mallakh.

4. When I was first contacted by Debtor's latest counsel, I endeavored to reach an agreement which would provide for a two-week hearing continuance.

5. Belgium's proposals envisioned a two-week hearing delay with Opposition(s) to be filed on either 23 or 26 June 2023. I was concerned that the 4th of July holiday would limit the amount of time it had to prepare a Reply.

6. Debtor's counsel has noted in its submissions that its main concern appears to be having 14 (rather than 13) days to prepare its submissions—this was not communicated clearly to Belgium.

7. The Debtor's own filings at Dckt 142 & 143 show that:
   - the value of the Rockefeller Property is $1,120,000;
   - there is a claim from Debtor's mortgage company of $243,079;
   - this leaves $876,921 of equity remaining.

8. Debtor's own filings at Dckt 142 & 143 also show that even if Debtor's homestead exemption is granted, Belgium would still have a lien on the Rockefeller Property of $250,521, since Debtor's homestead exemption only amounts to $626,400.

9. Irrespective of the outcome of the evidentiary hearing on homestead, Belgium intends to immediately move to have the Rockefeller Property sold to satisfy its lien once it is in a position to do so.

10. I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/14/23

_____

Patrick Miller

2

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **OPPOSITION TO DEBTOR'S EX PARTE MOTION TO CONTINUE HEARING ON MOTION OF CREDITOR BELGIUM INVESTMENTS 960 BAY DR, LLC A CALIFORNIA CORP. FOR RELIEF FROM STAY OF ENFORCEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (through electronic filing); and **(b)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/14/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Bert Briones on behalf of Debtor Bassem Victor El Mallakh

bb@redhilllawgroup.com,

helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net\

Chad L Butler on behalf of Interested Party Courtesy NEF

caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)

nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston

bhestonecf@gmail.com,

benheston@recap.email,NexusBankruptcy@jubileebk.net

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr, LLC A California Corp.

patrick.miller@impactadvocateslaw.com

Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC

randym@cookseylaw.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov

Weneta M.A. Kosmala (TR)

c/o Law Offices of Weneta M.A. Kosmala

ecf.alert+Kosmala@titlexi.com

(Trustee)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 6/14/2022, at Melbourne, Australia.

Patrick Miller