MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

Former Counsel for Debtor,
Bassem Victor El Mallakh

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Bassem Victor El Mallakh<br><br><br>     Debtor. | CASE NO.: 8:22-bk-11605-TA<br><br>Chapter 7<br><br>**SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**<br><br>Date: July 26, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 5B<br>    411 West Fourth Street<br>    Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

The Law Offices of Michael Jay Berger ("Applicant") hereby applies to this Court

(the "Application") for an order allowing and approving compensation for legal services rendered and reimbursement for expenses incurred as general bankruptcy counsel for Bassam Victor El Mallakh (the "Debtor"), debtor herein, during the period of January 11, 2023 through March 30, 2023 (the "Application Period"). Filed concurrently herewith are the Declaration of Michael Jay Berger (the "Berger Declaration") in support of the Application.

The Applicant has reviewed and the following information is supplied in conformity with United States Bankruptcy Court, Central District of California, Local Rule 2016-1 and the guidelines of the Office of the United States Trustee ("OUST").

## I.    SUMMARY OF APPLICATION

1. Applicant:  Law Offices of Michael Jay Berger.

2. Type of Service Rendered: General Bankruptcy Counsel.

3. Date of Filing Chapter 11:  September 19, 2022

4. Date of Entry of Order Approving Applicant's Employment:  October 19, 2022

5. Date of Filing of Last Application for Compensation and/or Reimbursement of Expenses: January 25, 2023.

6. Total Fees Allowed or Paid to Applicant to Date (including Retainers and Prior Approved Fee Application): $38,738.00 ($20,000.00 prepetition retainer plus $1,738.00 Chapter 11 filing fee plus $17,000.00 towards Court approved fees from First Interim Fee Application.)

   (i)    **Chapter 11 Retainer**

      a. Retainer Received:  Applicant received a total retainer of $20,000.00. On September 7, 2022, Debtor's sister, Reem Hanna, paid a $10,000.00 retainer of the $20,000.00 total retainer to Applicant. On September 15, 2022, Ms. Hanna paid the remaining retainer of $10,000.00 plus the $1,738.00 filing fee and the $32.00 credit report fee as a gift contribution to

the Debtor. Ms. Hanna is not a creditor of the Debtor and is not seeking repayment of the $21,770.00.

b. Retainer Remaining as of the Petition Date: $15,732.50. Pursuant to the written fee agreement between Applicant and the Debtor, the pre-petition fees and cost incurred were deemed fully earned as of the filing of the petition, and were withdrawn from Applicant's client trust account immediately prior to the filing of Debtor's bankruptcy petition as payment for the pre-petition work done by the Applicant. The actual pre-petition fees were $4,267.50 and pre-petition costs were $1,738.00 for the Chapter 11 filing fee and $32.00 credit report fee. The unearned retainer of $15,732.50 was maintained in Applicant's Client Trust Account until Court authorization was obtained pursuant to 11 U.S.C. § 330.

c. First Fee Application: On January 25, 2023, Applicant filed his First Fee Application seeing fees in the amount of $32,658.50 and costs in the amount of $497.68, totaling $33,156.18 [docket no.: 97]. On February 15, 2023, the Court entered its Order Granting Application for Compensation in full [docket no.: 120]. Applicant drew down on the remaining funds from the prepetition retainer. On February 27, 2023, Debtor's father Essam El Mallakh paid Applicant $17,000.00 towards the fees owed to Applicant from the First Fee Application as a gift contribution to the Debtor. Debtor's father Essam El Mallakh is not a creditor of the Debtor and is not seeking repayment of the $17,000.00.

d. Total Requested in Prior Fee Applications: $33,156.18 ($32,658.50 in fees and $497.68 in costs).

e. Total Paid Pursuant to Prior Fee Applications: $32,732.50 (prepetition retainer remaining $15,732.50 plus $17,000.00 February 27, 2023 payment from Debtor's parents).

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

f. Total Amount Currently Due but Unpaid Pursuant to Prior Approved
Applications: $423.68.

g. Total Amount Allowed but Reserved Pending Final Fee Application:
None.

7. Summary of Requested Fees in this Application: *See* chart in Section VI, *infra*.

8. The hourly rates set forth in Exhibit "7" for Applicant's various professionals who
recorded time during the Application Period are the same rates charged by such
professionals for non-bankruptcy services.

9. Bonus requested: Not applicable.

10. Total Fees Requested in Application: $23,666.00.

11. Total Expenses Allowed or Paid to Applicant to Date (including Retainers and
Prior Approved Fee Applications): $2,235.68 ($1,738.00 for the filing fee plus
$497.68 from First Fee Application).

12. Summary of Requested Expense Reimbursement: *See* Exhibit "8" hereto.

13. Total Expenses Requested in this Application: $254.36.

14. Total Award of Fees and Expenses Requested: $23,920.36 ($23,666.00 in fees and
$254.36 in costs).

## II.    INTRODUCTION AND BACKGROUND

On September 19, 2022, Bassem Essam Victor El Mallakh (the "Debtor"), filed
the present Chapter 11 bankruptcy petition. Debtor had one prior chapter 13 bankruptcy
case filed on July 12, 2022, Case No.: 8:22-bk-11158-TA, which was dismissed on July
26, 2022 per Debtor's Request for Voluntary Dismissal.

The Debtor holds title to the following real property which is the Debtor's
principal residence: 116 Rockefeller, Irvine, California 92612 ("Property").

The Property has a scheduled value of approximately $1,100,000.00 and is
encumbered by the following four secured obligations:

4

- Freedom Mortgage Corporation (1st TD Holder) with an estimated claim of $243,971.77;
- Central Park West Community Association (1st HOA lienholder) with an estimated claim of $2,878.93;
- First Service Residential c/o The Townes HOA (2nd HOA lienholder) with an estimated scheduled pre-petition claim of $7,276.60;
- Belgium Investments 960 Bay Dr, LLC (4th position judgment lienholder) with an estimated claim of $5,436,919.76 which arose from a state court judgment in the matter entitled Belgium Investments 960 Bay Dr, LLC v. Bassem Essam El Mallakh, Orange County Case No.: 30-2020-01148745-CU-EN-CJC. The initial judgment was obtained in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida, Case No.: 18-28145 CA.

The Debtor collects $4,000.00 in rental income from the Property, part of which is being rented to Debtor's sister who lives in the Property with her son. The Debtor is actively seeking a full-time employment.

The principal assets of the estate are the Debtor's Property with a scheduled value of $1,100,000 and personal property assets with a combined scheduled value of approximately $24,508.00, which includes Debtor's fractional interests in Belgium Investments 5655 S Troy LLC and Belgium Investments 5544 North Avenue, LLC.

The principal liabilities of the estate are the secured claims on the Debtor's Property with an estimated total claim amount of $5,691,047.06 and a car loan owed to TD Auto Finance for an estimated balance of $6,732.97. The Debtor has a very small priority claim owed to the IRS for an estimated $91.00 and one general unsecured claim owed to Wells Fargo Bank for an estimated amount of $1,193.97.

The major event that precipitated the filing of the Debtor's Chapter 11 bankruptcy was the pending foreclosure sale of the Property initiated by judgment creditor Belgium Investments 960 Bay Dr., LLC ("Belgium Investments").

## III.   SIGNIFICANT EVENTS DURING ALL APPLICATION PERIODS

### First Fee Application

During the Application Period, Applicant filed Debtor's schedules and spent the necessary time preparing the 7-day package for the OUST, representing the Debtor at the Initial Debtor Interview, 341(a) meeting of creditors and at the status hearings. Applicant prepared the initial status report. Applicant prepared Debtor's Application to Employ Applicant as its General Bankruptcy Counsel and the Notice of Bar Date. Applicant reviewed and filed Debtor's Monthly Operating Reports ("MORs"). Applicant replied to the Motion for Relief from Stay filed by Belgium Investments and appeared at the hearings. Applicant filed Debtor's Motion to Avoid Judicial Lien of Belgium Investments. Applicant field an objection to Belgium Investment's Motion to Dismiss or Convert case to Chapter 7 and appeared at the hearing. Applicant also filed an opposition to Belgium Investment's Motion Objection to Debtor's Homestead. Applicant filed Debtor's Motion to Extend Exclusivity Period for Filing Chapter 11 Plan and Disclosure Statement.

On September 19, 2022, Applicant filed Debtor's Emergency Petition [docket no.: 1]. On September 27, 2022, Applicant filed Debtor's bankruptcy schedules [docket no.: 18]. On November 8, 2022, Applicant filed Debtor's Amended Schedules A/B [docket no.: 51].

On September 27., 2022, Applicant filed a Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay ("Motion to Continue Stay") [docket no.: 20]. On October 4, 2022, Creditor Belgium Investments filed an opposition to Debtor's Motion to Continue Stay with supporting exhibits [docket nos.: 25 and 26]. On October 11, 2022, Applicant filed a reply to Belgium Investment's

opposition [docket no.: 27]. On October 18, 2022, Applicant appeared at the hearing on the Motion to Continue Stay. On October 25, 2022, the Court entered the order granting Debtor's Motion to Continue Stay [docket no.: 35].

On September 28, 2022, Applicant filed the Notice of Motion and Motion in Individual Chapter 11 Case for Order Employing Professional ("Employment Application") [docket no.: 23]. On October 19, 2022, the Court entered the order granting Applicant's Employment Application [docket no.: 33].

On October 12, 2022, Applicant filed Debtor's Initial Status Report [docket no.: 28]. On November 23, 2022, Applicant filed Debtor's Status Report for Chapter 11 Status Conference #2 [docket no.: 60]. On December 7, 2022, Applicant appeared at the continued status hearing.

On October 25, 2022, Applicant filed Debtor's Notice of Bar Date for Filing Proofs of Claim [docket no.: 37].

On November 4, 2022, Creditor TD Auto Finance LLC ("TD Finance") filed a Motion for Relief from Stay – Personal Property ("Relief from Stay") [docket no.: 44]. On November 8, 2022, Applicant entered into a Stipulation with TD Finance [docket no.: 49] and the Court entered the order granting settlement by stipulation [docket no.: 50].

On November 23, 2022, Belgium Investments file a Motion Objecting to Debtor's Claimed Homestead Exemption ("Objection to Homestead") [docket no.: 55]. On December 28, 2022, Applicant filed an Opposition to Belgium Investments' Motion Objection to Debtor's Homestead [docket no.: 81].

On November 23, 2022, Applicant filed Debtor's Motion to Avoid Judicial Lien of Belgium Investments ("Motion to Avoid Lien") [docket no.: 59]. On January 4, 2023, Applicant filed a reply to Belgium Investments' Opposition [docket no.: 85].

On November 30, 2022, Beligum Investments filed a Motion to Convert Case from Chapter 11 to Chapter 7 ("Motion to Convert") [docket no.: 67]. On December 7, 2022, Applicant filed an opposition to the Motion to Convert [docket no.: 73]. On

December 21, 2023, Applicant appeared at the hearing on the Motion to Convert. On January 3, 2023, the Court entered the order denying the Motion to Convert [docket no.: 82].

On January 9, 2023, Applicant filed Debtor's Motion to Extend Exclusivity Period for Filing Chapter 11 Plan and Disclosure Statement [docket no.: 87]. On February 9, 2023, the Court entered its Order Granting Debtor's Motion to Extend the Exclusivity Period [docket no.: 110].

Second Fee Application

On January 25, 2023, Applicant filed his Application for Compensation of Michael Jay Berger [docket no.: 97]. On February 16, 2023, the Court entered its Order Granting Application for Compensation of Michael Jay Berger awarding fees in the amount of $32,658.50 and costs in the amount of $497.68 [docket no.: 120].

On February 8, 2023, Applicant filed his Motion to Withdraw as Attorney [docket no.: 102]. On February 27, 2023, Applicant filed a Voluntary Dismissal of Motion to Withdraw as Attorney [docket no.: 131].

On February 8, 2023, Applicant filed Debtor's Ex Parte Motion to Extend Deadline to File Debtor's Plan of Reorganization and Disclosure Statement in Support Thereof [docket no.: 105]. On February 9, 2023, the Court entered its Order Setting Hearing on Ex Parte Motion to Extend Deadline to File Debtor's Plan of Reorganization and Disclosure Statement in Support Thereof [docket no.: 111]. On February 10, 2023, Applicant filed Debtor's Declaration of Peter Garza Regarding Order Setting Hearing on Ex Parte Motion to Extend Deadline to File Debtor's Plan of Reorganization and Disclosure Statement in Support Thereof [docket no.: 113]. On February 13, 2023, Belgium Investments filed its Opposition to Debtor's Ex Parte Motion to Extend Deadline to File Debtor's Plan of Reorganization and Disclosure Statement in Support Thereof [docket no.: 116]. On February 23, 2023, the Court entered its Order Granting Ex Parte Motion to Extend Deadline to File Debtor's Plan of Reorganization and Disclosure

Statement in Support Thereof [docket no.: 128] continuing the deadline for Debtor to file its Chapter 11 Plan and Disclosure Statement from March 1, 2023 to March 14, 2023.

On February 17, 2023, the U.S. Trustee filed a Motion to Dismiss or Convert Case to One Under Chapter 7 Pursuant to 11 U.S.C. § 1112(b) for Failure to Pay Quarterly Fees and File Monthly Operating Report [docket no.: 121] ("U.S. Trustee's Motion to Dismiss"). On March 1, 2023, Applicant filed Debtor's Opposition to the U.S. Trustee's Motion to Dismiss [docket nos.: 133 and 134]. On March 8, 2023, the U.S. Trustee filed a Reply to Debtor's Opposition to the U.S. Trustee's Motion to Dismiss [docket no.: 135]. On March 8, 2023, Belgium Investments filed a Reply to Debtor's Opposition to the U.S. Trustee's Motion to Dismiss [docket no.: 139].

On February 21, 2023, Applicant filed Debtor's Monthly Operating Report for December 2022 [docket no.: 126].

On February 21, 2023, Applicant filed Debtor's Monthly Operating Report for January 2023 [docket no.: 127].

On March 9, 2023, Applicant filed Debtor's Status Report No.: 3; Declarations of Michael Jay Berger and Bassem Victor El Mallakh in Support Thereof [docket no.: 140].

On March 14, 2023, Applicant filed Debtor's Disclosure Statement Describing Chapter 11 Plan of Reorganization [docket no.: 142] and Chapter 11 Plan of Reorganization [docket no.: 143].

On March 21, 2023, Applicant filed Debtor's Supplemental Declaration of Bassem Victor El Mallakh in Support of Debtor's Opposition to Belgium Investments' Objection to Debtor's Claimed Homestead Exemption [docket no.: 146].

On March 21, 2023, Applicant filed Debtor's Declaration of Reem Hanna in Support of Debtor's Opposition to Belgium Investments' Objection to Debtor's Claimed Homestead Exemption [docket no.: 147].

On March 21, 2023, Applicant filed Debtor's Declaration of Essam El Mallakh in Support of Debtor's Opposition to Belgium Investments' Objection to Debtor's Claimed Homestead Exemption [docket no.: 148].

On March 21, 2023, Applicant filed Debtor's Monthly Operating Report for February 2023 [docket no.: 149].

On March 23, 2023, Belgium Investments filed its Pre-Hearing Brief for Evidentiary Hearing on Homestead Exemption [docket no.: 153].

On March 23, 2023, Belgium Investments filed its Motion for Sanctions Due to Debtor Perjury [docket no.: 154].

On March 30, 2023, the Court entered its Order Converting Cash to One Under Chapter 7 [docket no.: 155].

## IV.    RETENTION OF APPLICANT

The Debtor selected Applicant because of Applicant's extensive experience and knowledge in the field of bankruptcy.

Prior to the Petition Date, the Debtor retained Applicant to prepare the petition and to advise the Debtor on preparations for commencing this chapter 11 case. The terms of Applicant's retention provide that it will be compensated for its services on the basis of hourly billings, subject to Court approval. There is no agreement or understanding between Applicant and any other person for the sharing of compensation or other proceeds for the services rendered in this case.

Applicant received a total retainer of $20,000.00. On September 7, 2022, Debtor's sister, Reem Hanna, paid a $10,000.00 retainer of the $20,000.00 total retainer to Applicant. On September 15, 2022, Ms. Hanna paid the remaining retainer of $10,000.00 plus the $1,738.00 filing fee and the $32.00 credit report fee as a gift contribution to the Debtor. Ms. Hanna is not a creditor of the Debtor and is not seeking repayment of the $21,770.00.

10

The work that Applicant has done and will do on the Debtor's behalf was billed at the hourly rates specified in the written fee agreement between Debtor and Applicant. Applicant's actual pre-petition fees were $4,367.50 and Applicant's actual pre-petition costs were $1,738.00, (the Chapter 11 filing fee) and $32.00 credit report fee. Pursuant to the written fee agreement between Applicant and the Debtor, the pre-petition fees and costs were earned by Applicant prior to Applicant's representation in the Debtor's bankruptcy case and were withdrawn from Applicant's client trust account prior to the filing of the bankruptcy case. The unearned retainer of $15,732.50 will be maintained in Applicant's Client Trust Account until Court authorization is obtained pursuant to 11 U.S.C. § 330. The terms of employment and the retainer were disclosed to the Court and other interested parties and approved by the Court.

On January 25, 2023, Applicant filed his First Fee Application seeing fees in the amount of $32,658.50 and costs in the amount of $497.68, totaling $33,156.18 [docket no.: 97]. On February 15, 2023, the Court entered its Order Granting Application for Compensation in full [docket no.: 120]. Applicant drew down on the remaining funds from the prepetition retainer. On February 27, 2023, Debtor's father Essam El Mallakh paid Applicant $17,000.00 towards the fees owed to Applicant from the First Fee Application as a gift contribution to the Debtor. Debtor's father Essam El Mallakh is not a creditor of the Debtor and is not seeking repayment of the $17,000.00.

## V. REQUEST FOR APPROVAL AND PAYMENT OF ALL FEES AND EXPENSES FOR THE APPLICATION PERIOD

With this Application, Applicant requests allowance and payment of fees in the amount of $23,666.00 consisting of 50.1 hours of billed time and 7.5 hours of unbilled time. Applicant also requests allowance and payment of $254.36 for expenses incurred over the Application Period. This time is reflected in the total hours set forth in Section VI, below.

Pursuant to Local Bankruptcy Rule 2016-1, a brief narrative of the present posture of this case is contained herein. A detailed listing of all time spent by attorneys and paraprofessionals is set forth in Exhibits "1" through "6" to the Berger Declaration pursuant to Local Bankruptcy Rule 2016-1(a)(1)(E). Exhibits "1" through "6" show the date the services were rendered, the nature of the services rendered, who rendered the services, the time required for the performance of such services, and the fee associated with each service rendered. All services performed by Applicant professionals were recorded in time increments of one-tenth (0.1) of an hour.

All services performed by Applicant paralegals, legal assistants and professional staff were professional in nature and if not performed by the paraprofessionals, would have been performed by attorneys. Attached to the Berger Declaration as Exhibit "7" is a summary of all of the attorneys and paraprofessionals who devoted time on this case during the Application Period, along with their billing rates, total hours expended and total fees billed.

All expenses, which include all out-of-pocket expenses incurred by Applicant for all matters on behalf of the Debtor during the Application Period, organized by category of expense, are contained in Exhibit "8" to the Berger Declaration, pursuant to LBR 2016-1(a)(1)(F). Applicant has made every effort to limit the expenses and to use the most economically-efficient means available for accomplishing the tasks for which expenses were incurred. Expenses for court costs, outside copy costs, computerized legal research, express delivery, travel, and courier services are billed at actual costs. Applicant does not bill for long-distance telephone calls. Photocopies are generally made in-house and the charges are billed at $.10 per page. The charges reflect a reasonable estimate of the per page cost to the Applicant of in-house copying, and do not include any charge for the time and labor associated with making such copies. The use of email has been significant in this case, which has greatly reduced the cost of facsimile and long-distance

telephone use.  Courier, overnight and facsimile services were necessary when regular mail would not be adequate to complete the task in a timely manner.

## VI.    MAJOR ACTIVITY CATEGORIES SUMMARY AND DESCRIPTION OF SERVICES RENDERED DURING THE APPLICATION PERIOD

Pursuant to the Guidelines of the OUST, Applicant has segregated its time and expenses into the following categories:

| Matter Name and Number | # Hours Worked | # of Hours Billed | Amount of Fees |
|---|---|---|---|
| Business Operation | 3.4 | 0.7 | $1,055.50 |
| Case Administration | 22.3 | 3.0 | $9,821.50 |
| Claims Administration and Objections | 2.3 | 0.0 | $1,169.50 |
| Fee/Employment Applications | 6.0 | 0.5 | $1,744.00 |
| Litigation | 6.6 | 1.5 | $2,337.50 |
| Plan and Disclosure Statement | 17.0 | 1.8 | $7,538.00 |
| *TOTAL HOURS WORKED* | **57.6** | | |
| *TOTAL HOURS BILLED* | | **50.1** | **$23,666.00** |
| **TOTAL HOURS NOT BILLED** | | **7.5** | |

Set out below is a narrative explanation, pursuant to Federal Rule of Bankruptcy Procedure 2016(a) and Local Bankruptcy Rule 2016-1, of the services performed by Applicant during the Application Period.  No narrative is provided for those matters where no fees were incurred during the Application Period.

A. Business Operations

**Hours Worked:    3.4          Fees:  $1,055.50**

Applicant recorded time under this category for working with the Debtor in obtaining supporting documents for MORs.

///

///

///

///

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

### B.  Case Administration

**Hours Worked:**　　　**22.3**　　　　　　**Fees: $9,821.50**

Applicant recorded time under this category for services related to the general administration of the Debtor's case. Applicant prepared and submitted amended 7-day packages to keep the Debtor in compliance with OUST. Applicant prepared and filed Debtor's status reports. Applicant reviewed Belgium Investments' Motion Objecting to Debtor's Homestead Exemption and filed an Opposition, and multiple declarations of the Debtor, his sister Reem Hanna and his father Essam El Mallakh to the Motion. Applicant appeared at the depositions of the Debtor and Debtor's father Essam El Mallakh conducted by Belgium Investments. Applicant reviewed the U.S. Trustee's Motion to Dismiss or Convert Case and filed an opposition to the Motion. Applicant reviewed Belgium Investments' Motion for Sanctions. Applicant also performed analysis for issues which cut across multiple time categories.

### C.　Claims Administration and Objections

**Hours Worked:**　　　**2.3**　　　　　　**Fees: $1,169.50**

Applicant recorded time under this category for resolution of the claim of TD Auto Finance for Debtor's vehicle, and for the attempted resolution of the Belgium Investments claim and pending claim issues.

### D.　Fee/Employment Applications

**Hours Worked:**　　　**6.0**　　　　　　**Fees: $1,744.00**

Applicant recorded time under this category for services related to the review of documents for preparation and review of Applicant's First Interim Fee Application, and Court approval thereof.

### E.　Litigation

**Hours Worked:**　　　**6.6**　　　　　　**Fees: $2,337.50**

Applicant recorded time under this category for the pending litigation between Debtor and Belgium Investments and the attempting to resolve the litigation.

F.    Plan and Disclosure Statement

**Hours Worked:**          **17.0**          **Fees: $7,538.00**

Applicant recorded time under this category for preparing a Motion to Continue Exclusivity Period to file Debtor's Plan, an Ex Parte Motion to Continue Deadline for Debtor to file his Plan, and prepared and filed the Debtor's Chapter 11 Plan of Reorganization and Disclosure Statement in support thereof.

## VII.    FACTORS RELEVANT IN DETERMINING THE ALLOWANCE OF FEES

A.    Legal Standard

Bankruptcy Code Section 330 authorizes compensation for professionals rendering services in connection with a bankruptcy case. The responsibility for determining reasonable compensation under Section 330 for services rendered to the estate rests with the bankruptcy court and the court's decision is final unless there is an abuse of discretion. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir. 1985). Bankruptcy Code Section 330 requires that the compensation awarded be "for actual, necessary services" taking into account the time spent on such services, the rates charged, and the value of the services rendered. 11 U.S.C. §330(a)(1)(3).

Prior to the enactment of the Bankruptcy Code, the Ninth Circuit followed the judicially created "strict rule of economy" doctrine. *See In re THC Financial Corp.,* 659 F.2d 951, 955 n.2 (9th Cir. 1981), *cert. denied,* 456 U.S. 977 (1982). Bankruptcy Code Section 330 was enacted to overrule this doctrine, and to ensure adequate compensation for bankruptcy attorneys so that qualified specialists would not be forced to abandon the practice of bankruptcy law in favor of more remunerative areas. *In re Nucorp Energy, Inc.,* supra, 764 F.2d at 658; *In re Powerline Oil Co.,* 71 B.R. 767, 770 (9th Cir. BAP 1986).

In the case of *In re Yermakov,* 718 F.2d 1465 (9th Cir. 1983), the Ninth Circuit discussed the test to be used to calculate a reasonable attorney fee beyond the factors

listed in Bankruptcy code Section 330.  The Court stated that, "the primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate." *Id.* at 1471.  This method has been referred to as the "lodestar" or basic fee test, which, if warranted, can be adjusted upward or downward.  In that regard, the Ninth Circuit in *Yermakov* made specific reference to *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), where the Court of Appeals for the Firth Circuit listed twelve factors that should be considered in awarding attorneys' fees.  These so-called "Johnson factors" have been referred to and utilized by many courts throughout the country in determining and awarding fees in bankruptcy cases. *See, e.g., Powerline Oil Co., supra,* 71 B.R. at 771, and cases cited therein.  These factors include, among others: the time and labor required; the novelty and difficulty of the questions involved; the skill required to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; the amount involved, and the results obtained; the experience, reputation and the ability of the attorneys; the undesirability of the case; and awards in similar cases.

The Ninth Circuit Bankruptcy Appellate Panel has concluded that the "loadstar" approach coupled with consideration of the "Johnson factors" is the appropriate standard to be applied in determining and awarding professional fees in a bankruptcy case. *Powerline Oil Co., supra,* 71 B.R. at 771; *see also In re Mednet,* 251 B.R. 103, 108 (9th Cir. BAP 2000).  In this Application, Applicant is not seeking any upward adjustment in the "loadstar" approach to its request for compensation.  The requested fees are the product of the number of hours expended by Applicant's professionals in representing the interests of the Debtor multiplied by their respective hourly rates.

  B.  <u>Application of the Lodestar and Applicable Johnson Factors</u>

    1.  *Time Spent*

Applicant's time records, copies of which are attached to the Berger Declaration as Exhibits "1" through "6", demonstrate that during the Application Period, Applicant spent a total of 50.1 billed hours and 7.5 unbilled hours representing the Debtor. Applicant submits that its time records demonstrate that all of the time spent was reasonable and necessary for the adequate representation of the Debtor in connection with the matters for which Applicant was employed.

### 2.    *Customary Fee for Comparable Services*

Bankruptcy Code Section 330 requires that the bankruptcy court award fees in bankruptcy cases based upon the costs of similar services rendered in non-bankruptcy cases. This requirement is a departure from prior law governing the allowance of compensation. The drafters of the Bankruptcy Code abandoned the notions of conservation of the estate and economy of administration which were pivotal concepts in assessing compensation under the prior Bankruptcy Act. Rather, Congress attempted to attract bankruptcy law specialists to make the adjudication of bankruptcy cases more efficient. This change "was based on the fundamental economic principle that the payment of arbitrarily lower rates to lawyers in bankruptcy proceedings compared to market-established rates for non-bankruptcy legal service would cause attorneys to leave bankruptcy practice or to refrain from entering bankruptcy practice. An inherent risk in this system… is that creditors would have to absorb the costs of improper and inefficient administration." 3 COLLIER ON BANKRUPTCY, 330.04[6][a] at 330-59 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. Rev. 2008).

The Applicant's summary of services rendered, attached hereto as Exhibit "7" pursuant to Local Bankruptcy Rule 2016-1 (a)(1)(G), depicts the hourly rates charged by the Applicant's professionals, as well as the actual time spent by each professional for the services provided in this case. The Applicant submits that these rates are identical to the rates the Applicant charges its non-bankruptcy clients.

///

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

3.    *The Experience, Reputation and Ability of the Attorneys Involved*

The qualifications of the attorneys and paraprofessionals performing services on behalf of the Debtor are set forth in Exhibits "9" and "10", attached to the Berger Declaration.  The Applicant believes that each of the persons listed on Exhibits "9" and "10" are highly qualified to perform the services rendered on the Debtor's behalf and have billing rates commensurate with similarly qualified attorneys and paraprofessionals. The Applicant submits that it has a well-earned reputation for providing high quality legal services in each of legal arenas in which it practices.  As noted on Exhibit "9", Michael Jay Berger is a Certified Legal Specialist in Bankruptcy Law and is an "AV" rated lawyer as rated by Martindale Hubbell, and has maintained this rating continuously for the past 27 years.

C.    The Applicant Should be Compensated for All of its Fees

Pursuant to Section 330 of the Bankruptcy Code, the Court may award to a professional person, reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. 11 U.S.C. §330(a).  As set forth above, the fees that the Applicant requests compensation and the expenses for which the Applicant requests reimbursement are for actual and necessary services rendered and expenses incurred.

The Applicant submits that full compensation of fees and reimbursement of expenses requested in this Application pursuant to Bankruptcy Code Section 330 is appropriate.  Authorizing full payment is also consistent with the priority scheme of the Bankruptcy Code, which contemplates administrative claims having priority over general unsecured claims.  Thus, the Applicant respectfully requests that the Court approve the payment of compensation as requested in full.

Further, Bankruptcy Code Section 331 was enacted to allow professionals to be compensated, on an interim basis, throughout the pendency of the case. Bankruptcy Code Section 331 provides in relevant part as follows:

…any professional person…may apply to the court no more than once every 120 days after an order for relief under a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation and reimbursement.

11 U.S.C. §331. As enacted, the Bankruptcy Code expresses a strong legislative preference that attorneys should be awarded full compensation. Congress drafted Section 331 to allow a Debtor's attorneys to receive compensation during the case, instead of being required to wait until the end of the case, which in some instances might be years away. H.R. Rep. No. 95-595, 95th Cong., 1st Session. 330 (1997). Authorizing full payment is also consistent with the priority scheme of the Bankruptcy Code which contemplates administrative claims having priority over general unsecured claims.

The Applicant submits this final compensation pursuant to Bankruptcy Code Section 331 is appropriate. In view of the strongly expressed legislative intent and the priority requirement of the Bankruptcy Code, the Applicant respectfully requests that the Court approve the payment of compensation as requested in full.

**VIII. SOURCES OF PAYMENT OF ALLOWED FEES AND EXPENSES**

Applicant seeks to be paid from distribution by the Chapter 7 Trustee.

**IX. CONCLUSION**

WHEREFORE, Applicant requests this Court enter an order as follows:

1.    Approving the Application of Applicant and awarding, as Second and Final payment of fees, compensation of $23,666.00, and reimbursement of costs of $254.36 for a total of $23,920.36;

2.      Approving the First Interim Fee Application on a final basis for compensation of $32,658.50, and reimbursement of costs of $497.68, for a total of $33,156.18;

3.      Applicant seeks to be paid the remainder $24,344.12 balance from distribution by the Chapter 7 Trustee, which includes $23,920.36 for this Second and Final Fee Application, and $423.38 currently due but unpaid pursuant to the prior Court approved First Interim Fee Application; and

4.      Granting such other and further relief as is just and proper.

Dated: 6/28/2023          **LAW OFFICES OF MICHAEL JAY BERGER**

By: _____
          Michael Jay Berger
          Former Counsel for Debtor
          Bassem Victor El Mallakh

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.      I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      The Second and Final Application for Compensation and Reimbursement of Expenses ("Application") submitted by me (the "Applicant") for January 10, 2023 through March 30, 2023 (the "Application Period"), complies with the guidelines of the Office of the United States Trustee (the "OUST").

3.      I have reviewed this Application and it complies with LBR 2016-1.

4.      I have complied with LBR 2016-1(a)(1)(A)(i) on page 4, lines 1 – 21 under section II of this Application where I describe the general operations of the Debtor.

5.      I have complied with LBR 2016-1(a)(1)(A)(i) on page 4 lines 22 – 28, page 5 lines 1 – 28, and page 6 lines 1 - 3 under section II of this Application where I describe the general operations of the Debtor.

6.      I have complied with LBR 2016-1(a)(1)(A)(iii) on page 3 lines 20 – 21 under section I of this Application, which provides Debtor's total balance remaining in the Client Trust Account.

7.      I have complied with LBR 2016-1(a)(1)(B) on page 2, lines 17 – 19, under section I, (items 4 - 5), where the date of entry of the order approving my employment application was entered, and the date of my last granted fee application, if applicable.

8.      I have complied with LBR 2016-1(a)(1)(C) on page 2, lines 21 – 24, section I of this Application, item 6, where I provide listings of the amount of fees and expenses previously requested, those approved by the Court, and how much was received, if applicable.

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

9.     I have complied with LBR 2016-1(a)(1)(D) on pages 11 – 15 under section V of this Application, which accurately reflects the services rendered and expenses incurred by the Applicant during the Application Period.

10.     Neither I, nor any member of the Professional, have any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees to be awarded to me with any other person, attorneys or entity, except as among the members of my firm. I have strived to provide legal services to Bassem Essam Victor El Mallakh ("Debtor"), debtor herein, in the most cost-efficient method, while maintaining the high quality of service expected from and provided by my professionals. I believe the billing rates for my professionals are reasonable and commensurate with the rates charged by similarly-qualified professionals providing similar services. I am a Certified Legal Specialist in Bankruptcy Law and am an "AV" rated lawyer as rated by Martindale Hubbell, and have maintained this rating continuously for the past 27 years.

11.     I received a total retainer of $20,000.00. On September 7, 2022, Debtor's sister, Reem Hanna, paid a $10,000.00 retainer of the $20,000.00 total retainer to Applicant. On September 15, 2022, Ms. Hanna paid the remaining retainer of $10,000.00 plus the $1,738.00 filing fee and the $32.00 credit report fee as a gift contribution to the Debtor. Ms. Hanna is not a creditor of the Debtor and is not seeking repayment of the $21,770.00. Pursuant to the written fee agreement between the Debtor and I, the pre-petition fees and costs were earned prior to my representation in the Debtor's bankruptcy case and were withdrawn from my Client Trust Account prior to the filing of the bankruptcy case. The remaining balance of $15,732.50 was kept in my Client Trust Account until further Order of this Court.

12.     On January 25, 2023, I filed my First Fee Application seeing fees in the amount of $32,658.50 and costs in the amount of $497.68, totaling $33,156.18 [docket no.: 97]. On February 15, 2023, the Court entered its Order Granting Application for Compensation in full [docket no.: 120]. I drew down on the remaining funds from the

prepetition retainer. On February 27, 2023, Debtor's father Essam El Mallakh paid me $17,000.00 towards the fees owed from the First Fee Application as a gift contribution to the Debtor. Debtor's father Essam El Mallakh is not a creditor of the Debtor and is not seeking repayment of the $17,000.00.

13.     The terms of employment and the retainer were disclosed to the Court and other interested parties and approved by the Court. The work that I have done on the Debtor's behalf was billed at the hourly rates specified in the fee agreement.

14.     I have complied with LBR 2016-1(a)(1)(E) in Exhibits "1" through "9", and incorporated herein by this reference, which provide detailed listings of all time spent by attorneys and paraprofessionals showing the date the services were rendered, the nature of the services rendered, who rendered the services, the time required for the performance of such services, and the fee associated with each service rendered, segregated according to the OUST guidelines. All services performed by my professionals were recorded in time increments of one-tenth (0.1) of an hour. All services performed by my paralegals, legal assistants and professional staff were professional in nature and if not performed by the paraprofessionals, would have been performed by attorneys.

15.     I have complied with LBR 2016-1(a)(1)(F) in Exhibit "8", and incorporated herein by this reference, which provides a listing of all expenses for all matters on behalf of the Debtor during the Application Period, organized by category of expense pursuant to LBR 2016-1(a)(1)(F).

16.     I have complied with LBR 2016-1(a)(1)(G) in Exhibit "7", and incorporated herein by this reference, which provides a summary of all of the attorneys and paraprofessionals who devoted time on this case during the Application Period, along with their billing rates, total hours expended and total fees billed.

17.     I have complied with LBR 2016-1(a)(1)(H) by providing as Exhibits "9" and "10" to this Application, my resume and the firm CV detailing the qualifications of

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

the attorneys and paralegals whom have rendered services on the Debtor's behalf, incorporated herein by this reference. I believe that each of the persons listed in Exhibits "9" and "10" is highly qualified to perform the services rendered on the Debtor's behalf and have billing rates commensurate

with similarly qualified attorneys and paraprofessionals.

18.    I have complied with LBR 2016-1(a)(1)(J) in this Application. On June 15, 2023, my office staff emailed Mr. El Mallakh the Second and Final Fee Application asking him to sign his Declaration in support thereof. Mr. El Mallakh has not responded to review and sign the Second and Final Fee Application. I am thus filing this Second and Final Fee Application without Mr. El Mallakh's signature but hope to supplement the Fee Application with Mr. El Mallakh's signed Declaration prior to the hearing on the Fee Application.

19.    Attached hereto as Exhibit "11" is the Notice of this Application served in accordance with LBR 2016-1(a)(2)(B).

20.    I ask that the Court approve my Second and Final Fee Application of awarding compensation of fees of $23,666.00, and reimbursement of costs of $254.36 for a total of $23,920.36.

21.    I ask that the Court approve my First Interim Fee Application on a final basis for compensation of $32,658.50, and reimbursement of costs of $497.68, for a total of $33,156.18.

22.    I ask that Debtor pay me the balance of $24,344.12, which includes $23,920.36 for this Second and Final Fee Application, and $423.38 currently due but unpaid pursuant to the prior Court approved First Interim Fee Application.

1    I declare under penalty of perjury that the foregoing is true and correct and that

2  this declaration is executed on June 28, 2023 at Beverly Hills, California.

3

4

5                                                    Michael Jay Berger

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

# EXHIBIT 1

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassam Essam Elmallakh
116 Rockefeller
Irvine, CA 92612

Invoice #1152

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | **Business Operations** | | |
| 1/11/2023 | MJB | Appear by Zoom Video Conference for the hearing debtor's claim of exemption and debtor's  motion to avoid lien, calendar the continued hearing date (.2) ; Prepare email to the client re same (.1) ; Conference with Carolyn A regarding the declarations that I want on the homestead issue (.1) | 0.40 595.00/hr | 238.00 |
| 1/24/2023 | SD | Send an email to Bassem re December bank statements for the MOR and his responses to proposed dates for the depositions | 0.10 545.00/hr | 54.50 |
| | MJB | Telephone conference with the client re debtor's homestead exemption and our proof re same | 0.10 595.00/hr | 59.50 |
| 1/26/2023 | YN | Review bank statement and prepare December MOR | 0.30 250.00/hr | 75.00 |
| 1/27/2023 | YN | Send follow up email to client re December MOR | 0.10 250.00/hr | 25.00 |
| 1/31/2023 | YN | Send client another re questions for December MOR | 0.10 250.00/hr | 25.00 |
| 2/6/2023 | YN | Email client re December MOR status of disbursements | 0.10 250.00/hr | 25.00 |
| 2/21/2023 | RP | Adjust, scan, and file December and January monthly operating reports | 0.30 435.00/hr | NO CHARGE |

Bassem Essam Elmallakh Chapter 11                                          Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/21/2023 | RP | Revise December monthly operating report per S. Davtyan's edits | 0.4O<br>435.0O/hr | NO CHARGE |
| | YN | Call with client re OUST fees | 0.1O<br>250.0O/hr | 25.00 |
| | RP | Draft January monthly operating report | 0.3O<br>435.0O/hr | 130.50 |
| | SD | Review December MOR and the disbursements and compare with the bank statements; provide my comments to Yathida for revisions | 0.2O<br>545.0O/hr | 109.00 |
| 2/23/2023 | MJB | Review UST Motion to Dismiss, analysis re response thereto | 0.1O<br>595.0O/hr | 59.50 |
| 3/21/2023 | YN | Email client re February bank statement for the MOR | 0.1O<br>250.0O/hr | 25.00 |
| | YN | Draft February's MOR | 0.6O<br>250.0O/hr | 150.00 |
| | SD | Review February MOR and the supporting documents | 0.1O<br>545.0O/hr | 54.50 |

|  |  |  |
|---|---|---|
| SUBTOTAL: | [    3.4O | 1,055.50] |
| For professional services rendered | 3.40 | $1,055.50 |
| Previous balance | | ($15,662.50) |
| Accounts receivable transactions | | |
| 2/27/2023 Payment - Thank You | | ($17,000.00) |
| Total payments and adjustments | | ($17,000.00) |
| Credit balance | | ($31,607.00) |

**EXHIBIT 2**

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929


Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassam Essam Elmallakh
116 Rockefeller
Irvine, CA 92612


Invoice #1146


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | Case Administration | | |
| 1/11/2023 | YN | Submit 5th amended 7 day | 0.10<br>250.00/hr | NO CHARGE |
| | YN | Call with client re objection with the Motion to Avoid Lien | 0.20<br>250.00/hr | NO CHARGE |
| | CA | Review tentative ruling on Belgium's Objection to Homestead. Review Michael's emails re hearing on Belgium's Objection to Homestead. Review Objection to Homestead and supporting exhibits to begin preparation for Debtor's Declaration in support of Rockefeller as Primary Residence (0.7); Call with client re evidence we need in support of our position (.5). | 1.20<br>435.00/hr | 522.00 |
| | SD | Review the voided DIP check for submission to OUST | 0.10<br>545.00/hr | 54.50 |
| | SD | Review Michael Berger's summary from this morning's hearing and discuss the to do items with Michael Berger and Carolyn Afari | 0.10<br>545.00/hr | 54.50 |
| | MJB | Review email from the debtor re evidence in support of his homestead exemption claim | 0.10<br>595.00/hr | 59.50 |
| 1/13/2023 | SD | Review the Default  Notice for Mercedes and email to client | 0.10<br>545.00/hr | 54.50 |
| 1/14/2023 | MJB | Review email from the client re evidence and witnesses to support his homestead exemption claim | 0.10<br>595.00/hr | 59.50 |

Bassem Essam Elmallakh Chapter 11

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/23/2023 | MJB | Review email from Patrick Miller re taking the depositions of the debtor and the debtor's sister Reem Hanna | 0.10 595.00/hr | 59.50 |
| 1/24/2023 | SD | Prepare a notice of continued hearing on the lien avoidance motion, the objection to homestead exemption and status conference and supplemental zoom notice | 0.20 545.00/hr | 109.00 |
| | MJB | Telephone call from Judge Albert's clerk re continuance of all hearings set for March 8, prepare email to Sofya D re same, telephone conference with Sofya D re same | 0.10 595.00/hr | 59.50 |
| | MJB | 2nd call from the Court Clerk again changing the day and time for the hearings that it previously moved from March 8 to March 29 | 0.10 595.00/hr | 59.50 |
| 1/25/2023 | MJB | Text, call and email the client re my fee application, telephone conference with Sofya D re same (.1); Review and reply to email from the client re same (.1) | 0.20 595.00/hr | 119.00 |
| 2/3/2023 | SD | Email Bassem re payment to cure the default for the car per APO agreement | 0.10 545.00/hr | 54.50 |
| | SD | Discuss the case with Michael Berger | 0.10 545.00/hr | 54.50 |
| | SD | Email Bassem re my concerns with the case | 0.20 545.00/hr | 109.00 |
| | MJB | Review email from Sofya D re problems getting cooperation from our client re filing the December MOR, scheduling his deposition, preparing a declaration re his homestead, telephone conference with Sofyta D re same | 0.10 595.00/hr | 59.50 |
| 2/6/2023 | MJB | Conference with Sofya D re no communication from our client and what to do re same (.1) ; Prepare email to the client re same (.1) | 0.20 595.00/hr | 119.00 |
| 2/7/2023 | SD | Call with Belgium's counsel Patrick Miller regarding the deposition, the upcoming hearings, and the deadlines for various filings | 0.30 545.00/hr | 163.50 |
| 2/8/2023 | YN | Draft proof of services for the Motion to Withdraw as Counsel, Exparte Application, Notice of Hearing and lodge orders | 0.70 250.00/hr | NO CHARGE |
| | SD | Email Belgium's counsel Patrick Miller letting him know that we are withdrawing from Debtor's case | 0.10 545.00/hr | 54.50 |
| | SD | Prepare Notice of Continued Hearing on Motion to Avoid Belgium's Lien, Belgium's Objection to Debtor's Claimed Homestead, and Continued Status Conference and supplemental zoom notice | 0.20 545.00/hr | 109.00 |
| | SD | Prepare a Motion to Withdraw as Debtor's Counsel from the case and supplemental zoom notice | 0.70 545.00/hr | 381.50 |

Bassem Essam Elmallakh Chapter 11                                                    Page    3

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/8/2023 | MJB | Review and reply to email from UST Paralegal Specialist Michele Rene Steele re debtor's delinquent January MOR (.1) ; telephone conference with Sofya D re same, review reply email from Michelle Steele re same (.1) | 0.20 595.0O/hr | 119.00 |
| 2/9/2023 | YN | Email client the Motion to Withdraw | 0.10 250.0O/hr | NO CHARGE |
| 2/10/2023 | PG | Draft my Declaration re Service of the Order and send out emails | 0.40 200.0O/hr | NO CHARGE |
| 2/14/2023 | MJB | Review Belgium Investment's  Opposition To Ex Parte Motion To Extend Deadline To File Debtor's Plan Of Reorganization and Disclosure Statement | 0.10 595.00/hr | 59.50 |
| 2/15/2023 | SD | Email Bassem the outcome of today's hearings that Michael appeared at | 0.10 545.00/hr | 54.50 |
| | MJB | Review email from Bassem re evidence in support of his homestead exemption claim | 0.10 595.00/hr | 59.50 |
| 2/21/2023 | SD | Call with Bassem re Motion to Dismiss, the deposition of witnesses, the upcoming deadlines set in the case; send an email re same | 0.20 545.00/hr | 109.00 |
| | SD | Review the Motion to Dismiss or Convert filed by OUST, calendar the hearing and opposition deadline, and email to client with my comments | 0.20 545.00/hr | 109.00 |
| 2/27/2023 | SD | Respond to Patrick Miller's email regarding proposed dates for deposition and other relevant deadlines | 0.10 545.00/hr | 54.50 |
| | SD | Prepare and file a Voluntary Dismissal of Motion to Withdraw as Counsel | 0.10 545.00/hr | 54.50 |
| | MJB | Telephone conference with Carolyn A re getting the declarations that we need to defend the debtor's homestead exemption claim | 0.10 595.00/hr | 59.50 |
| 2/28/2023 | RP | Request stipulation with OUST to withdraw motion to dismiss or convert case | 0.20 435.00/hr | 87.00 |
| | SD | Meet with Robert Poteete to discuss a stipulation with OUST re motion to dismiss/convert or file a response, and provide my comments to him | 0.20 545.00/hr | 109.00 |
| | MJB | Check the Court's Tentative Ruling on the previously scheduled MJB Motion to Withdraw as Counsel to be sure that the Court has noted my voluntary dismissal of the motion and vacated tomorrow's scheduled hearing | 0.10 595.00/hr | 59.50 |
| 3/1/2023 | RP | Scan, send for signature, and update proof of service for opposition to US Trustee's motion to dismiss | 0.20 435.00/hr | NO CHARGE |

Bassem Essam Elmallakh Chapter 11                                                                          Page      4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/1/2023 | RP | Revise opposition to US Trustee's motion to dismiss per S. Davtyan's edits | 0.20 435.00/hr | NO CHARGE |
| | CA | Send follow up email and text to client following up for evidentiary hearing. | 0.10 435.00/hr | NO CHARGE |
| | CA | Send another follow up email to client re evidentiary hearing, depositions and what I need from the client ASAP. | 0.10 435.00/hr | NO CHARGE |
| | CA | Email client to follow up on to do list for evidentiary hearing. | 0.10 435.00/hr | NO CHARGE |
| | RP | Draft opposition to US Trustee's motion to dismiss | 2.00 435.00/hr | 870.00 |
| | CA | Call with Bassem re evidentiary hearing. | 0.20 435.00/hr | 87.00 |
| | SD | Review and revise the Debtor's Opposition to OUST Motion to Dismiss/Convert | 0.20 545.00/hr | 109.00 |
| | MJB | Conference with Carolyn A re getting the information that we need from the client to effectively represent him on the homestead claim | 0.10 595.00/hr | 59.50 |
| | MJB | Review and approve draft opposition to UST Motion to Dismiss | 0.10 595.00/hr | 59.50 |
| 3/2/2023 | RP | Refile opposition to US Trustee's motion to dismiss to include missing exhibit | 0.20 435.00/hr | NO CHARGE |
| 3/8/2023 | CA | Long call and multiple emails back and forth with client re evidentiary hearing. | 0.40 435.00/hr | 174.00 |
| | CA | Draft Third Status Report. | 1.30 435.00/hr | 565.50 |
| | SD | Call with Bassem and Carolyn regarding the status of the case, the deposition, upcoming deadline for the Disclosure Statement and Plan | 0.30 545.00/hr | 163.50 |
| 3/9/2023 | YN | Draft proof of service for the status report | 0.10 250.00/hr | NO CHARGE |
| | CA | Draft Declarations of Debtor, his father and his sister for evidentiary hearing re whether Rockefeller is Debtor's primary residence (2.8). Multiple emails and texts back and forth re same (.4). | 3.20 435.00/hr | 1,392.00 |
| | SD | Review OUST Reply to Debtor's Opposition to OUST Motion to Dismiss/Convert the Case | 0.10 545.00/hr | 54.50 |
| | SD | Review Belgium's reply in support of OUST motion to dismiss or convert | 0.10 545.00/hr | 54.50 |

Bassem Essam Elmallakh Chapter 11 | | | Page | 5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/14/2023 | SD | Review the Notice of Deposition filed by Belgium's counsel for deposing Debtor, his sister and his dad tomorrow and email information to Bassem | 0.20 545.00/hr | 109.00 |
| | MJB | Telephone conference with Carolyn A re the depositions set for tomorrow re debtor's homestead claim | 0.10 595.00/hr | 59.50 |
| | MJB | Review the Court's tentative ruling re the UST Motion to Convert or Dismiss, conference with Sofya D re same, prepare email to the client re same (.1) ; Prepare for tomorrow's hearing re same (.4) | 0.50 595.00/hr | 297.50 |
| 3/15/2023 | SD | Email Nancy Goldenberg, counsel for OUST, to request a stay-current APO to resolve the pending motion to dismiss/convert case | 0.10 545.00/hr | 54.50 |
| | SD | Review Bassem's declaration and provide my comments to Carolyn Afari for revisions (0.4); review declaration of Essam El Mallakh and provide my comments to Carolyn Afari (0.1); review declaration of Reem Hannah and provide my comments to Carolyn Afari (0.1) | 0.60 545.00/hr | 327.00 |
| | MJB | Appear by Zoom Video Conference for the hearing on the UST's Motion to Convert or Dismiss (.9) ; Calendar the continued hearing date and conferences with Sofya D and Carolyn A re the hearing results, preparation for the March 30 hearings in this case (.1) | 1.00 595.00/hr | 595.00 |
| 3/20/2023 | MJB | Review draft declarations in support of debtor's homestead exemption claim, including the declarations of Reem Hannah. Essam El Mallakh and the debtor, write my comments re same for Carolyn Afari to revise and investigate further | 0.20 595.00/hr | 119.00 |
| 3/21/2023 | YN | Draft 3 proof of service for the Supporting Declarations re client's opposition to Belguim's objection and file | 0.20 250.00/hr | NO CHARGE |
| | MJB | Review  and approve revised Declarations in support of debtor's claimed homestead exemption | 0.10 595.00/hr | 59.50 |
| 3/24/2023 | SD | Review Belgium's Brief re its arguments for the Homestead Exemption Objection | 0.50 545.00/hr | 272.50 |
| 3/27/2023 | SD | Review Motion for Sanctions filed by Belgium against Bassem | 0.20 545.00/hr | 109.00 |
| 3/29/2023 | YN | Locate and prepare Yitos file for M. Berger hearing for Motion to Dismiss or Convert | 0.30 250.00/hr | NO CHARGE |
| | CA | Text and email client re evidentiary hearing tomorrow and to do for client, father and sister. | 0.20 435.00/hr | 87.00 |
| | MJB | Conference with Sofya D re preparation for tomorrow's hearings re UST Motion to Dismiss, status conference to evaluate progress, homestead exemption motion | 0.10 595.00/hr | 59.50 |

Bassem Essam Elmallakh Chapter 11                                        Page      6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/30/2023 | MJB | Review Motion For Sanctions Due To The Debtor's Perjury, analysis re response thereto to be made orally at today's hearing | 0.30<br>595.00/hr | 178.50 |
| | MJB | Review the updated tentative ruling on the UST Motion to Dismiss, further prepare for the hearing | 0.20<br>595.00/hr | 119.00 |
| | MJB | Telephone conference call with Sofya and Bassem re preparation for the hearing on the UST Motion to Dismiss (.1) ; Appear by Zoom Video Conference for the hearing on the Motion to Dismiss (.6) ; Telephone conferences with Bassem after the hearing re what comes next now that the case has been converted to Ch 7 (.2) | 0.90<br>595.00/hr | 535.50 |
| | SUBTOTAL: | | [     22.30 | 9,821.50] |
| | For professional services rendered | | 22.30 | $9,821.50 |

EXHIBIT 3

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassam Essam Elmallakh
116 Rockefeller
Irvine, CA 92612

Invoice #1144

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | **Claims Administration and Objections** | | |
| 1/13/2023 | SD | Review email from Randy M. regarding the payment address for the vehicle | 0.10 545.00/hr | 54.50 |
| 1/15/2023 | MJB | Review email from Dalin Suon re debtor's default on payments on his auto loan,  review the attached letter re same, prepare email to Sofya D and the debtor re same | 0.10 595.00/hr | 59.50 |
| 1/18/2023 | SD | Review email from Randy M. re vehicle payments and send an email to client with my questions | 0.10 545.00/hr | 54.50 |
| 1/19/2023 | SD | Review  email from client regarding paying the vehicle payments and email Randy M, counsel for Mercedes, to confirm receipt | 0.10 545.00/hr | 54.50 |
| 1/23/2023 | SD | Review and respond to client's email regarding the vehicle payments | 0.10 545.00/hr | 54.50 |
| 2/6/2023 | MJB | Review email from Randall P Mroczynski re Notrice of Default in making payments to TD Auto Finance | 0.10 595.00/hr | 59.50 |
| 2/27/2023 | CA | Call with client re to do for evidentiary hearing. Send follow up email re same. | 0.40 435.00/hr | 174.00 |
| | CA | Long  call with attorney for Belgium re evidentiary hearing, depositions, and possible settlement. | 0.50 435.00/hr | 217.50 |
| 3/13/2023 | SD | Review all filed claims and allocate a classification for each claim and go over my comments for Plan Exhibits with Robert Poteete | 0.70 545.00/hr | 381.50 |

Bassem Essam Elmallakh Chapter 11                                                    Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/15/2023 | MJB | Review and reply to email from Cynthia Kolb from Triton Recovery re her company's claim | 0.10<br>595.00/hr | 59.50 |
|  | | SUBTOTAL: | [    2.30 | 1,169.50] |
|  | | For professional services rendered | 2.30 | $1,169.50 |

EXHIBIT 4

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929


Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassam Essam Elmallakh
116 Rockefeller
Irvine, CA 92612


Invoice #1144


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | Fee/Employment Applications | | |
| 1/12/2023 | YN | Start preparing the fee application | 1.00 250.00/hr | 250.00 |
| 1/16/2023 | YN | Continue to work on M. Berger's fee application | 1.70 250.00/hr | 425.00 |
| 1/17/2023 | YN | Finalize M. Berger's First Fee Application for S. Davtyan's review | 1.50 250.00/hr | 375.00 |
| 1/20/2023 | YN | Make revisions to the Declarations for the Fee Application | 0.30 250.00/hr | NO CHARGE |
| | SD | Review and revise the First Interim Fee Application | 0.70 545.00/hr | 381.50 |
| | MJB | Review and approve debtor's draft First Interim Fee Application | 0.10 595.00/hr | 59.50 |
| 1/24/2023 | YN | Draft the Supplemental Notice of Hearing for the Fee Application and proof of service | 0.20 250.00/hr | NO CHARGE |
| | MJB | Exchange text with the client re MJB Fee Application, telephone conference with the client re same | 0.10 595.00/hr | 59.50 |
| 2/15/2023 | YN | Draft order on 1st Fee Application | 0.10 250.00/hr | 25.00 |

Bassem Essam Elmallakh Chapter 11                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/15/2023 SD | Review the proposed order on first interim fee application and provide my comments to Yathida | 0.10 545.00/hr | 54.50 |
| 2/17/2023 SD | Review the entered order on First Interim Fee Application and email the payment details to Michael Berger | 0.10 545.00/hr | 54.50 |
| 2/20/2023 MJB | Review the Court's 2/16/23 Order Approving MJB's First Interim Fee Application, prepare email to the client re same | 0.10 595.00/hr | 59.50 |
| | SUBTOTAL: | [     6.00 | 1,744.00] |
| | For professional services rendered | 6.00 | $1,744.00 |

EXHIBIT 5

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassam Essam Elmallakh
116 Rockefeller
Irvine, CA 92612

Invoice #1144

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | **Litigation** | | |
| 1/23/2023 | MJB | Review email from Patrick Miller re scheduling depositions | 0.10 595.00/hr | 59.50 |
| | SD | Review email from Patrick Miller's email regarding setting up Bassem's and his sister's depositions (0.1); discuss with Michael Berger, check our firm's availability and respond to Patrick's email (0.2) | 0.30 545.00/hr | 163.50 |
| | MJB | Telephone conference with Sofya D re the proposed deposition of our client, possible deposition dates | 0.10 595.00/hr | 59.50 |
| 1/27/2023 | SD | Review and respond to Patrick Miller's email regarding the deposition of Debtor and his sister | 0.10 545.00/hr | 54.50 |
| 2/1/2023 | SD | Email Bassem regarding mediation dates for him and his sister | 0.10 545.00/hr | 54.50 |
| 2/20/2023 | MJB | Review email from Sofya D and included email from Belgium's counsel Patrick Miller re preparation for the evidentiary hearing on the homestead issue (.1) ; Prepare reply email to Sofya D re same (.1) | 0.20 595.00/hr | 119.00 |
| 3/13/2023 | CA | Send two emails to Bassem re depositions and coordination of dates. | 0.20 435.00/hr | 87.00 |
| 3/14/2023 | CA | Call with Bassem re depositions tomorrow (.1), email to Bassem re depositions tomorrow (.1), email to Belgium's attorney re depositions tomorrow (.1) | 0.30 435.00/hr | 130.50 |

Bassem Essam Elmallakh Chapter 11                                                                Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/15/2023 | CA | Continue working on Declarations for Evidentiary Hearing on Primary Residence. | 1.00<br>435.00/hr | 435.00 |
| | CA | Appear at deposition of Debtor and Debtor's father regarding evidentiary hearing re primary residence. | 2.00<br>435.00/hr | 870.00 |
| 3/16/2023 | CA | Revise Declarations of Debtor and Debtor's father re homestead exemption. | 0.50<br>435.00/hr | 217.50 |
| 3/20/2023 | CA | Revise Reem Hannah's Declaration re primary residence of Debtor. | 0.20<br>435.00/hr | 87.00 |
| 3/21/2023 | CA | Revise Declarations of Debtor, Father and Sister re homestead exemption,and multiple emails and text back and forth re same. | 1.50<br>435.00/hr | NO CHARGE |

| | | | | |
|---|---|---|---|---|
| SUBTOTAL: | | | [    6.60 | 2,337.50] |
| For professional services rendered | | | 6.60 | $2,337.50 |

EXHIBIT 6

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassam Essam Elmallakh
116 Rockefeller
Irvine, CA 92612

Invoice #1146

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | **Plan and Disclosure Statement** |  |  |
| 1/11/2023 | YN | Draft proof of service for the notice of motion to extend deadline | 0.10 250.00/hr | NO CHARGE |
|  | CA | Draft Notice of Hearing on Motion to Extend Exclusivity Period to File Plan. | 0.10 435.00/hr | 43.50 |
| 1/12/2023 | YN | Draft Supplemental Zoom Notice for the Motion to Extend Deadline and proof of service | 0.20 250.00/hr | NO CHARGE |
| 2/8/2023 | RP | Lodge order extending deadline to file plan and disclosure statement and file notice of lodgment | 0.30 435.00/hr | NO CHARGE |
|  | RP | File notice of continued hearing re motions and supplemental Zoomgov notice | 0.30 435.00/hr | NO CHARGE |
|  | CA | Draft Ex Parte Motion to Continue Deadline to File DS and Plan and Draft proposed Order thereon. | 1.70 435.00/hr | 739.50 |
|  | SD | Review Ex Parte Motion to Extend DS and Plan deadline | 0.20 545.00/hr | 109.00 |
|  | MJB | Review and approve Ex Parte Motion to Extend Time to File Debtor's Plan of Reorganization | 0.10 595.00/hr | 59.50 |
| 2/10/2023 | SD | Review the order setting the Ex Parte Motion to Extend DS and Plan deadline for a hearing; ask Peter to service the order and file a declaration re service (0.1); draft an email to all creditors with the notice and the motion and order attached (0.1) | 0.20 545.00/hr | 109.00 |

Bassem Essam Elmallakh Chapter 11

Page    2

| Date | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/14/2023 | SD | Review Belgium's opposition to Debtor's Motion to Extend DS and Plan deadlines | 0.20<br>545.00/hr | 109.00 |
| | MJB | Review the Court's tentative ruling to grant the MJB Fee Application and the Motion to Extend Deadline to File Debtor's Plan of Reorganization and Disclosure Statement | 0.10<br>595.00/hr | 59.50 |
| 2/15/2023 | SD | Review and revise the proposed order on Motion to Extend DS and Plan deadline | 0.10<br>545.00/hr | 54.50 |
| | MJB | Appear by Zoom Video Conference for the hearing on the MJB Motion to Withdraw and on the Debtor's Motion to Extend the Exclusivity Period to File a Plan | 0.40<br>595.00/hr | 238.00 |
| 2/24/2023 | SD | Review the entered order extended DS and Plan deadlines | 0.10<br>545.00/hr | 54.50 |
| 2/25/2023 | MJB | Review Order on Motion to Extend Time to File Plan of Reorganization and Disclosure Statement | 0.10<br>595.00/hr | 59.50 |
| 3/13/2023 | RP | Email client re partial property interests listed on Schedule A/B | 0.10<br>435.00/hr | 43.50 |
| | RP | Draft exhibits to Plan | 2.50<br>435.00/hr | 1,087.50 |
| 3/14/2023 | YN | Text and calls between Sofya and Bob Re Bassem and filing the Plan and DS and text | 0.50<br>250.00/hr | NO CHARGE |
| | YN | Prepare the proof of service for the Plan and DS | 0.10<br>250.00/hr | NO CHARGE |
| | RP | File disclosure statement and Plan | 0.30<br>435.00/hr | NO CHARGE |
| | RP | Call with client re Plan and parental contribution declarations | 0.50<br>435.00/hr | 217.50 |
| | RP | Draft exhibits for Plan | 2.20<br>435.00/hr | 957.00 |
| | SD | Send an email to Bassem regarding the contribution declaration for the DS and Plan due today | 0.10<br>545.00/hr | 54.50 |
| | SD | Prepare the Debtor's Disclosure Statement and Chapter 11 Plan of Reorganization | 6.50<br>545.00/hr | 3,542.50 |
| SUBTOTAL: | | | [      17.00 | 7,538.00] |

Bassem Essam Elmallakh Chapter 11

| | Hours | Amount |
|---|---|---|
| For professional services rendered | 17.00 | $7,538.00 |

EXHIBIT 7

## TIME BILLED BY PROFESSIONAL

| PROFESSIONAL | TYPE | HOURS BILLED | HOURS NOT | HOURLY RATE | TOTAL FEES |
|---|---|---|---|---|---|
| Michael Jay Berger | Attorney | 7.5 | 0 | $595.00/hour | $ 4,462.50 |
| Sofya Davtyan | Attorney | 15.7 | 0 | $545.00/hour | $ 8,556.50 |
| Carolyn Afari | Attorney | 13.4 | 1.8 | $435.00/hour | $ 5,829.00 |
| Robert Poteete | Attorney | 7.8 | 2.2 | $435.00/hour | $ 3,393.00 |
| Yathida Nipha | Paralegal | 5.7 | 3.1 | $225.00/hour | $ 1,425.00 |
| Peter Garza | Law Clerk | 0 | 0.4 | $200.00/hour | $0.00 |
| TOTAL | | 50.1 | 7.5 | | $23,666.00 |

# EXHIBIT 8

Law Offices of Michael Jay Berger
9454 Wilshire Blvd.  6th Floor
Beverly Hills, CA 90212-2929


Invoice submitted to:
Bassem Essam Elmallakh Chapter 11
Bassem Essam Elmallakh
116 Rockefeller
Irvine, CA 92612


June 12, 2023


Invoice #1146


Additional Charges :

| | | Amount |
|---|---|---|
| 1/11/2023 | 2 pages for 19 mailings<br>Notice of motion to extend the debtor's exclusivity period | 3.80 |
| | 19 mailings at .57 each<br>Notice of motion to extend the debtor's exclusivity period | 10.83 |
| 1/12/2023 | 2 pages for 19 mailings<br>Supplemental notice of hearing to be held remotely using zoomgov audio and video | 3.80 |
| | 19 mailings at .57 each<br>Supplemental notice of hearing to be held remotely using zoomgov audio and video | 10.83 |
| | Judge's copy sent ups<br>Supplemental notice of hearing to be held remotely using zoomgov audio and video | 11.69 |
| 1/26/2023 | 19 pages for 1 mailing<br>First interim application for compensation and reimbursement of expenses of MJB | 1.90 |
| | 4 pages for 19 mailings<br>Notice of hearing on application for payment of interim fees and or expenses<br>Supplemental notice of hearing to be held remotely using zoomgov audio and video | 7.60 |
| | 19 mailings at .60 each<br>Notice of hearing on application for payment of interim fees and or expenses<br>Supplemental notice of hearing to be held remotely using zoomgov audio and video | 11.40 |
| | 1 mailing at .84<br>First interim application for compensation and reimbursement of expenses of MJB | 0.84 |

Bassem Essam Elmallakh Chapter 11                                        Page    2

| | | Amount |
|---|---|---|
| 1/26/2023 | Judge's copy sent ups<br>First interim application for compensation and reimbursement of expenses of MJB<br>Notice of hearing on application for payment of interim fees and or expenses<br>Supplemental notice of hearing to be held remotely using zoomgov audio and video | 11.67 |
| 2/9/2023 | 13 pages for 21 mailings<br>Ex-Parte motion to extend deadline to file debtor's plan of reorganization<br>Notice of continued hearing on debtor's motion to avoid belguim lien<br>Supplemental notice of hearing to be held remotely<br>Motion to withdraw as debtor's bankruptcy counsel<br>Notice of motion for withdraw as bankruptcy counsel<br>Supplemental notice of hearing to be held remotely | 27.30 |
| | 21 mailings at .84 each<br>Ex-Parte motion to extend deadline to file debtor's plan of reorganization<br>Notice of continued hearing on debtor's motion to avoid belguim lien<br>Supplemental notice of hearing to be held remotely<br>Motion to withdraw as debtor's bankruptcy counsel<br>Notice of motion for withdraw as bankruptcy counsel<br>Supplemental notice of hearing to be held remotely | 17.64 |
| | Judge's copy sent ups<br>Ex-Parte motion to extend deadline to file debtor's plan of reorganization<br>Notice of continued hearing on debtor's motion to avoid belguim lien<br>Supplemental notice of hearing to be held remotely<br>Motion to withdraw as debtor's bankruptcy counsel<br>Notice of motion for withdraw as bankruptcy counsel<br>Supplemental notice of hearing to be held remotely | 11.69 |
| 2/13/2023 | Judge's copy sent ups<br>Declaration of PG re service of the order setting hearings | 11.67 |
| 2/28/2023 | 2 pages for 21 mailings<br>Voluntary dismissal of the motion to withdraw as debtor's bankruptcy counsel | 4.20 |
| | 21 mailings at .60 each<br>Voluntary dismissal of the motion to withdraw as debtor's bankruptcy counsel | 12.60 |
| | Judge's copy sent ups<br>Voluntary dismissal of the motion to withdraw as debtor's bankruptcy counsel | 11.64 |
| 3/2/2023 | 21 mailings at .60 each<br>Debtor's opposition to motion by ust to dismiss and or convert to chapter 7 | 12.60 |
| | 3 pages for 21 mailings<br>Debtor's opposition to motion by ust to dismiss and or convert to chapter 7 | 6.30 |
| | Judge's copy sent out ups<br>Debtor's opposition to motion by ust to dismiss and or convert to chapter 7 | 11.64 |

Bassem Essam Elmallakh Chapter 11                                    Page    3

| | Amount |
|---|---|
| 3/9/2023 3 pages for 20 mailings<br>Debtor's status report no. 3 | 6.00 |
| 20 mailings at .60 each<br>Debtor's status report no. 3 | 12.00 |
| Judge's copy sent ups<br>Debtor's status report no. 3 | 11.62 |
| 3/15/2023 95 pages for 1 mailing<br>Debtor's chapter 11 plan of reorganization<br>Debtor's disclosure statement describing chapter 11 plan of reorganization | 9.50 |
| 1 mailing at $1.98<br>Debtor's chapter 11 plan of reorganization<br>Debtor's disclosure statement describing chapter 11 plan of reorganization | 1.98 |
| 3/21/2023 Judge's copy sent ups<br>Supplemental declaration of Bassam in support of debtor's opposition to belgium<br>Declaration of RH in support of debtor's opposition to belgium<br>Declaration of EEM in support of debtor's opposition to belgium | 11.62 |
| Total additional charges | $254.36 |

# EXHIBIT 9

# MICHAEL JAY BERGER

9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212
Telephone: 310.271.6223  |  Fax: 310.271.9805  |  E: michael.berger@bankruptcypower.com
Website: www.bankruptcypower.com

## EDUCATION

**Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California**
Certified on September 1, 2006 and continuously certified since then.

Law School – HASTINGS COLLEGE OF LAW, San Francisco, California
    J.D. with Honors, May 1981;
    Class Standing: Top 10%

Main Honors and Activities
    Order of the Coif             Law Review
    Thurston Honor Society     Phi Alpha Delta

Undergraduate – DUKE UNIVERSITY, Durham, North Carolina
    B.A. Graduated with Honors, 1978 Major: English

Main Honors and Activities
    Captain of the Duke Debate Team
    Chairman, Duke Branch of the North Carolina Public Interest Research Group
    Member, National Honorary Society
    Delta Sigma Rho Tau Kappa Alpha

## WORK EXPERIENCE

40 years of experience representing accountants, actors, advertising agencies, ambulance companies, bail bond companies, book stores, car washes, churches and synagogues, clothing companies, construction companies, construction supply companies, contractors, cosmetic companies, dentists, designers, doctors, entrepreneurs, film companies, gas stations, hospitals, hotels, insurance agencies, insurance sales people, investors, landlords and tenants, landscape companies, lawyers, lenders, magazines, manufacturing companies, musicians, nightclubs, online sales companies, pawn shops, physical therapists, radio stations, real estate brokers, real estate developers, real estate investors, restaurants, retail stores, schools, screenwriters, security guard companies, shopping centers, song writers, stock brokers, students, teachers, television stations, trucking companies and veterinarians.

1996 to Now    LAW OFFICES OF MICHAEL JAY BERGER
    Beverly Hills, California
    Principal attorney in law firm specializing in bankruptcy practice.
    Extensive experience representing debtors, creditors and third parties in
    Chapter 7, 11 and 13 Cases and Adversary Proceedings

1983 to 1996    Attorney and Managing Partner, BERGER & STOLAR, INC.
    Beverly Hills, California
    Senior trial lawyer specializing in bankruptcy and civil litigation practice.
    Very knowledgeable and experienced in all types of civil litigation,
    including all types of collection, business, contract, entertainment, real
    estate, probate and bankruptcy cases. Extensive experience representing
    debtors and creditors in numerous Chapter 7, 11 and 13 proceedings.

1981 to 1983    Attorney, RIFKIND, STERLING & LEVIN, INC.
Beverly Hills, California
Practiced in all phases of civil litigation. Primarily responsible for
collection, bankruptcy, breach of contract, real estate and tort cases.

## ACTIVITIES AND ASSOCIATIONS

"AV" rated lawyer as rated by Martindale Hubbell legal directory 1995-2023[*]

"Superb Rated Attorney" By Avvo
Former Judge Pro Tem, Beverly Hills Municipal Court
Former Arbitrator, Beverly Hills Bar Association
Former Editor of the Beverly Hills Bar Association Journal
Member of the Bankruptcy Section of the Beverly Hills Bar Association
Member of the Los Angeles Bankruptcy Forum
Member of the California Bankruptcy Forum
Member of the American Bankruptcy Institute
Member of Mensa, The High IQ Society
Member of Track Club Los Angeles
Marathon and Ultramarathon Runner
Guitar Player and Lead Singer for the Rock and Roll Band DTF

## AREA SERVED

I serve all of California, with the majority of my cases being in the Central District of California
downtown Los Angeles, San Fernando Valley, Santa Ana and Riverside branch courts.

---

[*] The Martindale-Hubbell "AV" rating indicates very high to preeminent legal ability and very high ethical standards
as established by confidential opinions from members of the bar.

EXHIBIT 10

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212
Tel: 310-271-6223 | Fax: 310-271-0985

LAW OFFICES OF MICHAEL J. BERGER (the "Firm") limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation and transactional matters. The Firm's legal representation, involves extensive involvement with consumers and businesses, as Debtors and Debtors-in-Possession in chapter 7, 11 and 13 Bankruptcies.

## DESCRIPTION OF RESPONSIBILITIES OF BANKRUPTCY ATTORNEYS

The Firm's Bankruptcy Department currently employs four full-time attorneys whose duties include, but are not limited to, attendance at the client's initial debtor interview, 341(a) meeting of creditors and confirmation hearing. The Firm's attorneys also prepare petitions, schedules and other documents that are critical to the success of each case.

The attorneys, under the supervision of the Firm's principal attorney, Michael Jay Berger, are responsible for the research, preparation and filing of applications, motions and other documents throughout the course of a client's bankruptcy. More specifically, the attorneys draft applications to employ professionals and applications for attorney compensation, as well as budget motions, motions for the interim use of cash collateral, motions to value and Chapter 11 and 13 plans of reorganization and disclosure statements.

The Firm's attorneys also ensure compliance with the Bankruptcy Code and Local Bankruptcy Rules. The attorneys are often required to prepare and file: applications for orders shortening time, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, and proofs of claim.

Immediately following is a brief description of the qualifications of the Firm's Attorneys.

**Michael Jay Berger – _Principal Attorney_**, admitted to the State Bar of California, 1981; Central District of California, 1982. Mr. Berger is a Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California.

University of California Hastings, San Francisco, CA (1981)
Duke University, Durham, NC (1978).

1

**Sofya Davtyan – *Partner*:** Admitted to the State Bar of California, 2008; Central District of California, 2008. Ms. Davtyan joined the firm in February of 2009. Ms. Davtyan is a Certified Specialist in Bankruptcy Law, Certified by the California Board of Legal Specialization.

Ventura College of Law, Ventura, CA (2008)
University of Southern California, Los Angeles, CA (2002)

**Carolyn M. Afari – *Mid-Level Associate*:** Admitted to the State Bar of California, 2012; Central District of California, 2012. Ms. Afari joined the firm in June of 2017.

University of West Los Angeles School of Law, Los Angeles, CA (2011)
University of Southern California, Los Angeles, CA (2005)

**Robert Poteete – *Mid-Level Associate*:** Admitted to the State Bar of California, 2007; Central District of California, 2008. Mr. Poteete joined the firm in 2022.

UCLA School of Law, Los Angeles, CA (2006)
University of Pennsylvania, Philadelphia, PA (2003)

**Angeline Smirnoff – *Associate*** Admitted to the State Bar of California in 2022. Ms. Smirnoff joined the firm in April 2023.

Ukraine at National University ONUA (2007)
UCLA School of Law, Los Angeles, CA (2013)

## DESCRIPTION OF RESPONSIBILITIES OF PARALEGALS & LEGAL ASSISTANTS

The Firm's Bankruptcy Department currently employs four full-time paralegals and legal assistants whose duties include, but are not limited to, the following:

Attendance at initial attorney/client meetings, preparation of petitions, schedules, statement of affairs and rendering assistance to client in meeting the requirements of the United States Trustee.

After filing of the petition, the Paralegals, under the supervision of the attorneys, prepare drafts of motions, applications and other documents, including, but not limited to the following:

Application for authorization to employ professional persons, applications for compensation of attorneys' fees, motions to compromise controversies, stipulations, motions for extension of time for the debtor to file schedules, motions for extension of exclusivity periods [Bankruptcy Code §1121], motions for extension of the time in which the debtor may assume or reject nonresidential real property leases, motions for authorization to sell assets of the debtor's estate, applications for orders shortening time for serving notices to creditors, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports and account [Bankruptcy Rule 1019 (6)], notices as required by the Bankruptcy Rules, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, final decrees, statements

2

of indebtedness and declarations in adversary proceedings, collection complaints, notices o f appeals, proofs of claims, and any other documents which may appropriately be drafted at the legal assistant level.

Immediately following is a brief description of the qualifications of the Firm's Paralegals and Legal Assistants.

**Yathida Nipha (Senior Paralegal):** Ms. Nipha is a senior paralegal with over twelve years of experience in Chapters 7, 11 and 13. Ms. Nipha joined the firm in January 2010.

University of Phoenix, Los Angeles, CA (2008)

**Karine Manvelian (Senior Paralegal):** Mrs. Manvelian joined the firm in 2014 and has returned in December 2015. Mrs. Manvelian worked with the United States Bankruptcy Court for over 20 years.

**Peter Garza (Paralegal):** Mr. Garza joined the firm in May 2015. Prior to joining the firm, Mr. Garza was a customer service supervisor with Williams Lea, Inc. at O'Melveny & Myers for 15 years. Mr. Garza prepares declarations of service and Applications to Employ Professionals. Mr. Garza has experience preparing bankruptcy schedules in chapter 7, 11, and 13.

# EXHIBIT 11

MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

Former Counsel for Debtor,
Bassem Victor El Mallakh

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Bassem Victor El Mallakh<br><br>Debtor. | CASE NO.: 8:22-bk-11605-TA<br><br>Chapter 7<br><br>**NOTICE OF HEARING OF SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER**<br><br>Date:   July 26, 2023<br>Time:   10:00 a.m.<br>Place:  Courtroom 5B<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on July 26, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5B of the abo1ve-entitled Court located at 411

1

West Fourth Street, Santa Ana, CA 92701, Applicant Michael Jay Berger ("Applicant")

shall and does hereby move the Court for an Order Approving his Second and Final Fee

Application for his fees as Debtor's General Bankruptcy Counsel.

A summary of all fees sought from all previous Fee Applications including the

current Second and Final Application, pursuant to 11 U.S.C. §§ 330 and 331, is as follows:

| Professional | Fee Application | Period | Fees | Costs |
|---|---|---|---|---|
| Law Offices of Michael Jay Berger | First Interim Fee Application | 9/30/2022 – 1/10/2023 | $32,658.50 | $497.68 |
| Law Offices of Michael Jay Berger | Second Final Fee Application | 1/11/2023 – 3/30/2023 | $23,666.00 | $254.36 |

The Application is based upon this Notice of Application, the separately filed

Application, the declarations, all pleadings and records on file in this case, and upon such

other evidentiary matters as may be presented to the Court regarding the Application. If

you desire a copy of the Application, please advise Applicant in writing and a copy will be

provided to you by mail or email. Requests should be sent to:

**MICHAEL JAY BERGER**
**LAW OFFICES OF MICHAEL JAY BERGER**
**9454 Wilshire Boulevard, 6th Floor**
**Beverly Hills, California 90212**
**T: 1.310.271.6223**
**E: michael.berger@bankruptcypower.com**

PLEASE TAKE FURTHER NOTICE that pursuant to *Bankruptcy Local Rule*

*9013-1*, any party opposing the relief sought by the Application must file a written

opposition setting forth the facts and law upon which the opposition is based and must

appear at the hearing on the Application. Any factual allegations set forth in such written

response must be supported by competent and admissible evidence. Any response or

opposition to the Application must be filed with the Court and served on the Debtors'

counsel at least 14 days prior to the scheduled hearing date on the Application (not

excluding Saturdays, Sundays or legal holidays). Such responses, if any, must be served

on the Debtors' counsel at the address noted in upper left-hand corner of the first page of

2

1  this notice. Pursuant to *Local Bankruptcy Rule 9013-1*, any response not timely filed and

2  served may be deemed by the Court to be consent to the granting of the relief requested by

3  the Application.

4      WHEREFORE, the Applicant respectfully requests that the Court enter its order

5  approving the fees described herein and granting such other and further relief as is just and

6  proper under the circumstances.

7

8  Dated: 6/15/2023          **LAW OFFICES OF MICHAEL JAY BERGER**

9

10      By:

11          Michael Jay Berger
            Former Counsel for Debtor
12          Bassem Victor El Mallakh

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF HEARING OF SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A True And Correct Copy Of The Foregoing Document Entitled (*Specify*): **NOTICE OF HEARING OF SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER** Will Be Served Or Was Served **(A)** On The Judge In Chambers In The Form And Manner Required By LBR 5005-2(D); And **(B)** In The Manner Stated Below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/28/23 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 6/28/23 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Bassem Victor El Mallakh
116 Rockerfeller St.
Irvine, CA 92612

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/28/23 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodore Albert**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5085 / Courtroom 5B**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/28/23 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

Bassem El Mallakh
116 Rockefeller
Irvine CA 92612

**SECURED CREDITORS**

**Belgium Investments 960 Bay Dr, LLC**
c/o Patrick Miller, Esq.
P. Miller Legal Services
121 S Oak Avenue
Pasadena, CA 91107

**Central Park West Community Association**
c/o Tinnelly Law Group
27101 Puerta Real, Suite 250
Mission Viejo, CA 92691

**Central Park West Community HOA**
401 Rockefeller #208
Irvine, CA 92612

**Central Park West Community HOA**
Alterra Assessment Recovery, LLC
27101 Puerta Real, Ste. 250
Mission Viejo, CA 92691 (Address from POC)

**First Service Residential**
15241 Laguna Canyon Rd.
Irvine, CA 92618

**First Service Residential**
c/o Community Legal Advisors
509 N. Coast Highway
Oceanside, CA 92054

**Freedom Mortgage**
951 Yamato Rd.
Boca Raton, FL 33431

**Freedom Mortgage**
PO Box 50428
Indianapolis, IN 46250

**Freedom Mortgage Corporation**
1455 Frazee Road, Suite 820
San Diego, CA 92108

**INTERNAL REVENUE SERVICE**
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**TD Auto Finance**
6 Atlantis Way
Lewiston, ME 04240

**Td Auto Finance**
Attn: Bankruptcy
Po Box 9223
Farmington Hills, MI 48333

**TD Bank, N.A.**
successor in interest to TD Auto Finance
P.O. Box 16041
Lewiston, ME 04243

**TD Bank N.A.**
c/o CTGD&W
Attn: Randall P. Mroczynski, Esq.
535 Anton Blvd., 10th Fl.
Costa Mesa, CA 92626 (Address from POC)

**The Tones at Central**
Pak West Ass
15241 Laguna Canyon Rd
Irvine, CA 92618

**The Townes at Central Park West Association**
c/o Community Legal Advisors Inc.
509 N. Coast Highway
Oceanside, CA 92054 (Address from POC)

**20 LARGEST UNSECURED CREDITORS:**

**Wells Fargo Bank NA**
1 Home Campus Mac X2303-01a
3rd Floor
Des Moines, IA 50328

**Wells Fargo Bank, N.A.**
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438 (Address from POC)

**Wells Fargo Bank, N.A.**
Small Business Lending Division
P.O. Box 29482 MAC S4101-08C
Phoenix, AZ 85038

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (specify): **SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER; DECLARATIONS OF MICHAEL JAY BERGER AND BASSEM VICTOR EL MALLAKH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 6/28/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On 6/28/23, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Bassem Victor El Mallakh
116 Rockerfeller St.
Irvine, CA 92612

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/28/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodore Albert**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5085 / Courtroom 5B**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/28/23 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          **F 9013-3.1.PROOF.SERVICE**