Bert Briones (SBN 237594)
**RED HILL LAW GROUP**
15615 Alton Pkwy, Suite 210
Irvine, CA 92618
Tel: (888) 733-4455
Fax: (714) 733-4450
Email: bb@redhilllawgroup.com

Attorneys for Debtor Bassem Victor El Mallakh

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)

| | |
|---|---|
| In re:<br><br>BASSEM VICTOR EL MALLAKH,<br><br>Debtor | Case No. 8:22-bk-11605-TA<br><br>Chapter 7<br><br>**MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BERT BRIONES IN SUPPORT THEREO**<br><br>**HEARING:**<br><br>[NO HEARING REQUIRED – LBR 9013-1(p)(4)] |

**TO THE UNITED STATES BANKRUPTCY JUDGE THEODOR C. ALBERT, THE OFFICE OF THE UNITED STATES TRUSTEE, WENETA M.A. KOSMALA, CHAPTER 7 TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

Bert Briones hereby submits this Motion for Leave to Withdraw as Counsel of Record for BASSEM VICTOR EL MALLAKH ("Debtor") (the "Motion") in the above-captioned bankruptcy case. This Motion is necessitated by Debtor's failure to abide by the terms of the representation agreement, difficulty in communications with the debtor and other factual circumstances which cannot be fully disclosed herein without violation of the attorney client privilege and, as such, Attorney can no longer continue representation.

**I.    Memorandum of Points and Authorities**

The Rules of Professional Conduct of the State Bar of California ("State Bar Rules") contain provisions regarding withdrawal of counsel. Rule 1.16 [formerly Rule 3-700(C)] provides that a member of the Bar may request permission to withdraw if the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively," or "insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment or advice of the member but not prohibited under these rules or the State Bar Act." Rule 3-700(C)(1)(d) and (e).

It is within the Court's sound discretion to allow an attorney to withdraw from a case. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). When a reason is offered, an attorney should be permitted to withdraw, unless prejudice to any party would result, or some other compelling reason exists forcing him or her to continue with the case. *Federal Home Loan Mortg. Corp. v. 41-50 78th St. Corp.*, No. 92-CV-5692, 1997 WL 177862, 2 (E.D.N.Y. April 14, 1997); *Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 914-16 (1994); Model Rules of Professional Conduct Rule 1.16.

Here, to begin with communication with the debtor has been difficult because he is in Egypt on a vacation. When the attorney-client relationship began in early June 2023, it was the understanding of counsel that the debtor would be returning to his home in Irvine, California by mid-July. Counsel now believes that in order to adequately represent this debtor he would need to meet him in person for in-office meetings in Irvine.

Additionally, the Debtor is in breach of the Attorney-Client Fee Agreement ("Agreement") fully executed on June 10, 2023. The initial trust deposit of $9,000 was due upon execution of the Agreement but instead was paid in three increments ($4,000 on or about June 12,

2023, $4,000 on or about July 3, 2023, and $1,000 on or about July 11, 2023) resulting in the agreed upon original deposit being tendered four weeks in arrears.  Moreover, the replenishment clause in now in default with a 15-day demand made by the attorney pursuant to the Agreement is now also in default.   This puts an undue financial burden on this solo-practitioner attorney. Attorney would potentially be compelled to work this case for half (or less) of the standard compensation.

Finally, withdrawal will not prejudice any party herein. Attorney has scheduled and will complete (unless the Debtor elects to substitute in a successor attorney) a meet and confer with opposing counsel, Patrick Miller at 11:00 a.m. on August 7, 2023.  Attorney has drafted and will be filing the following pleading either before or within 24-hours after the meet and confer meeting:

- Direct Testimony Declarations in Opposition to Objection to Homestead Exemption
- Supplemental Brief in Support of Opposition to Objection to Homestead Exemption
- Opposition to Motion for Sanctions Due to Debtors Perjury
- Opposition to Motion to Dismiss
- Response to Motion Regarding the Automatic Stay

Debtor has failed to abide by the terms of the representation agreement, and other factual events which counsel believes he cannot disclose without violating the attorney client privilege. Withdrawal is appropriate in the instant case. This is a situation where Attorney should not be compelled to continue as attorneys of record.

Debtor has been advised of the intent of attorney to file the instant motion and therefore may be in the process of seeking alternative counsel.

/ / /

**CONCLUSION**

For all the foregoing reasons, Attorney respectfully requests that this Court issue an Order granting this Motion for leave to withdraw as counsel in the above case and that Attorney be removed as attorneys of record. Attorney requests that this Order be issued on or as soon after August 8, 2023, as the Court deems appropriate.

Dated: July 27, 2023

Respectfully submitted,
**RED HILL LAW GROUP**

By: _*/s/ Bert Briones*_
Bert Briones
Attorneys for Debtor Bassem Victor El Mallakh

## **DECLARATION OF BERT BRIONES**

I, Bert Briones, declare and state as follows:

1. The facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto. I make this Declaration in support of this Motion for Leave to Withdraw as Counsel of Record for Bassem Victor El Mallakh.

2. There has been unusual challenges in communications with the debtor who I have never met in person or via videoconference.  In early June 2023, the Debtor informed me he was in Egypt on vacation but would be returning to Irvine, California in mid-July however today he informed me that he would not be returning until mid-August.

3. Bassem Victor El Mallakh has failed to abide by the terms of the representation agreement.  Specifically, he failed to pay fees as agreed. The Attorney-Client Fee Agreement, fully executed on or about June 10, 2023 required a deposit of $9,000 which was not paid on time. Additionally, Attorney-Client Fee Agreement requires that when funds held in trust fall below $4,500 the attorney may make a demand payable within 15-days for additional deposits. Such a demand was made on June 10, 2023 and it now past due.   Moreover, the Debtor has not made a firm commitment to make the deposit.  His text message dated July 27, 2023 indicates that he will "try to send you a payment at the beginning of August once I get paid my rent money".

4. As to today I have informed the Debtor of my intent to file the instant motion to which his response was to ask for more time.  Due the payment history over the past five weeks, I am not agreeable to allow another time extension here.

5. As of today, the trust funds are completely exhausted and further no assurances have been made to secure funds necessary to provide future services.

6. To date the following have been drafted and filed in this case:
   - Substitution of Attorney
   - Disclousure of Compensation (Form 2330)
   - Ex Parte Motion to Continue Hearing on Motion to Dismiss Bankruptcy Case
   - Ex Parte Motion to Continue Hearing on Motion for Relief from Stay
   - Ex Parte Motion to Continue Hearing on Motion  re: Sanctions/Perjury

MOTION TO WITHDRAW AS ATTORNEY OF RECORD

7. To date the following have been drafted and are nearly ready to file:
- Direct Testimony Declarations in Opposition to Objection to Homestead Exemption
- Supplemental Brief in Support of Opposition to Objection to Homestead Exemption
- Opposition to Motion for Sanctions Due to Debtors Perjury
- Opposition to Motion to Dismiss
- Response to Motion Regarding the Automatic Stay

8. Attorney has committed to meet and confer with opposing counsel on August 7, 2023 at 11:00 a.m., shortly thereafter the pleadings and documents listed above in paragraph 7 will be filed, pending any changes pursuant to the meet and confer.

9. There are additional facts which I do not believe I can disclose which make it impossible for me to continue as counsel for Bassem Victor El Mallakh. I believe disclosure of these facts would violate the attorney client privilege.

10. I believe that if forced to continue as counsel of record and provide continued representation, I would be in breach of my ethical obligations under the Business and Professions Code and other applicable California Law.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on July 27, 2023 at Irvine, California.

*/s/* Bert Briones
Bert Briones

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15615 Alton Parkway, Suite 210, Irvine, CA 92618**

A true and correct copy of the foregoing document described **MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BERT BRIONES IN SUPPORT THEREOF** will be served in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF. On  07/27/23  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael Jay Berger on behalf of Attorney Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Chad L Butler on behalf of Interested Party Courtesy NEF caecf@tblaw.com
Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA) nancy.goldenberg@usdoj.gov
Benjamin Heston on behalf of Interested Party Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Weneta M.A. Kosmala (TR) ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com
Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr, LLC A California Corp. patrick.miller@impactadvocateslaw.com
Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC randym@cookseylaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☒ Service information continued on attached page

II. **TO BE SERVED BY U.S. MAIL:**
On  07/27/23  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, postage prepaid, addressed as follows.

**Debtor**
Bassem Victor El Mallakh
116 Rockefeller
Irvine, CA 92618-4298

☐ Service information continued on attached page

III. **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 07-27-23  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Debtor:** Served via electronic notification on secure encrypted client portal and email.
[Client email address is protected by the Attorney Client Privilege.]

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/27/23 | Bert Briones | /s/ Bert Briones |
|---------|--------------|------------------|
| *Date* | *Type Name* | *Signature* |