United States Bankruptcy Court
Central District of California

| | |
|---|---|
| In re: | Case No. 22-11605-TA |
| Bassem Victor El Mallakh | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Sep 06, 2023 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 08, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Bassem Victor El Mallakh, 116 Rockefeller, Irvine, CA 92612-8114 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2023        Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 6, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Interested Party Benjamin Heston bhestonecf@gmail.com  benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Bert Briones | on behalf of Other Professional Bert Briones bb@redhilllawgroup.com helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net |
| Chad L Butler | on behalf of Interested Party Courtesy NEF caecf@tblaw.com |
| Michael Jay Berger | on behalf of Attorney Michael Jay Berger michael.berger@bankruptcypower.com yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com |
| Nancy S Goldenberg | on behalf of U.S. Trustee United States Trustee (SA) nancy.goldenberg@usdoj.gov |

District/off: 0973-8 | User: admin | Page 2 of 2

Date Rcvd: Sep 06, 2023 | Form ID: pdf042 | Total Noticed: 1

Patrick Miller
   on behalf of Creditor Belgium Investments 960 Bay Dr LLC A California Corp. patrick.miller@impactadvocateslaw.com

Randall P Mroczynski
   on behalf of Creditor TD Bank N.A., successor in interest to TD Auto Finance LLC randym@cookseylaw.com

United States Trustee (SA)
   ustpregion16.sa.ecf@usdoj.gov

Weneta M.A. Kosmala (TR)
   ecf.alert+Kosmala@titlexi.com wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

TOTAL: 9

**FILED & ENTERED**

**SEP 06 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:22-bk-11605-TA |
| BASSEM VICTOR EL MALLAKH | Chapter: 7 |
| Debtor, | **MEMORANDUM OF DECISION ON OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION**<br><br>Date: August 24, 2023<br>Time: 11:00 a.m.<br>Location: 5B |

The evidentiary hearing on Creditor Belgium Investments 960 Bay Dr., LLC's ("Belgium") objection to Debtor Bassem Victor El Mallakh's ("El Mallakh" or "Debtor") claim of a homestead exemption occurred on August 24, 2023. Attorney Patrick Miller appeared on behalf of Belgium. El Mallakh appeared on his own behalf. This hearing took place in person, with one witness, Reem Hanna, Debtor's sister, temporarily appearing (but not testifying) via ZoomGov. Belgium seeks a ruling sustaining its objection to El Mallakh's claim of a homestead exemption in the property known as 116 Rockefeller Dr., Irvine, CA, 02612 ("Rockefeller Property"). The question raised is whether El Mallakh met his burden to prove that he resided at the Rockefeller Property at the time of the bankruptcy petition on September 19, 2022, with intent to make that his

1

permanent residence, thereby establishing eligibility to claim the $626,400 listed in his schedules as a homestead exemption.

## I. BACKGROUND

Belgium and El Mallakh have a long and tumultuous history dating back to 2018, where Belgium attempted substitute service upon Debtor by delivering to Reem Hanna, Debtor's sister, a summons on complaint filed in the 11th Circuit Court of Florida at the Rockefeller Property. [Objection to Homestead Exemption p. 8 at lines 20-22]. A default judgment was entered in the Florida action, and the notice of entry was served on Reem again at the Rockefeller Property. [*Id.* p.9 at lines 1-3] When El Mallakh filed a motion to vacate the judgment, he stated in a declaration under penalty of perjury that service of process was deficient because he had been residing full time at his apartment residence in Santa Monica ("Santa Monica Property") since 2016. [*Id.* at lines 10-13].

In February and March of 2021, El Mallakh testified in another declaration and by testimony in a deposition the same claims as above. [*Id.* at lines 4-6]. El Mallakh was unsuccessful in his efforts and the Orange County Superior Court in April of 2022, confirmed an order to sell the Rockefeller Property in satisfaction of the judgment, specifically finding that the Rockefeller Property was not subject to a valid homestead exemption. [*Id.* p.15 at lines 14-18]. On September 19, 2022, El Mallakh filed this chapter 11 bankruptcy petition wherein he again claimed the Rockefeller Property as an exempt homestead. At multiple §341(a) meetings of creditors, El Mallakh advanced an alternative story about how he always resided in the Rockefeller Property since he purchased it in 2013 but used the Santa Monica Property only occasionally when working late on a startup venture in Los Angeles. [*Id.* p. 8 at lines 4-10]. Belgium objected to the homestead exemption, contending that El Mallakh did not reside in the Rockefeller Property based

on his contradictory statements and testimony from 2018 and 2021 made in the Florida action and in a subsequent California action to recognize the sister state judgment. [*Id.* p.20 at lines 14-18].

During the evidentiary hearing in this bankruptcy proceeding, Belgium and the court questioned El Mallakh under oath about the inconsistencies in his previous statements. He explained that he had always resided at the Rockefeller Property with some overnight stays at the Santa Monica Property on occasion when he was working late or spending time with his girlfriend. To support his argument, he offers evidence of his tax returns, bank statements, car insurance declaration, mortgage payoff statement, gas and water bill, and a health insurance card, all of which list the Rockefeller Property as his residence address. He also listed the Rockefeller Property as his primary residence in his initial petition for chapter 13 (filed on July 12, 2022; dismissed on July 26, 2022) and again in this present bankruptcy case. Further, El Mallakh testified during the hearing that since before the petition date, all his personal belongings have been at the Rockefeller Property. When asked why he testified otherwise back in 2018 and 2021, he admitted that he was advised by his attorney at that time to lie that he resided at the Santa Monica Property to serve his interests during the Florida lawsuit (presumably to defeat the alleged substitute service). While it is undisputed that El Mallakh vacated his Santa Monica Property in January 2023, there is a critical gap in the evidence regarding where he resided from just before the petition date in 2022 until the termination of the lease of the Santa Monica Property. However, testimony and a declaration from El Mallakh's father, Essam El Mallakh ("Essam") provided that in the eight years that Essam and his wife (debtor's mother) have visited El Mallakh and Reem in the U.S., they have consistently stayed as a family at the Rockefeller Property and even celebrated many holidays and events there. Essam also corroborated his son's statement that all El Mallakh's personal belongings were in his room at the Rockefeller Property, and that Essam had never seen differently in all the years he visited.

## II. APPLICABLE LEGAL STANDARDS

Cal. Code Civ. Proc. § 704.730 provides:

(a) The amount of the homestead exemption is the greater of the following:

(1) The countywide median sale price for a single-family home in the calendar year prior to the calendar year in which the judgment debtor claims the exemption, not to exceed six hundred thousand dollars ($600,000).

(2) Three hundred thousand dollars ($300,000).

Cal. Code Civ. Proc. § 704.780 provides:

(a) The burden of proof at the hearing is determined in the following manner:

(1) If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead. If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, ***the burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead***. (emphasis added)

Cal. Code Civ. Proc. § 704.710 provides:

(c) "Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

But this provision at (c)(1) must be further evaluated considering bankruptcy law, as discussed below.

### III. ANALYSIS

**A. Burden of Proof**

Under Fed. R. Bankr. P. 4003(c), the burden of proof regarding a disputed claim of exemption based on provisions of the Bankruptcy Code normally rests on the objecting party. However, if the exemption is based on state law, then the burden of proof is governed by state law. Under Cal. Code Civ. Proc.§ 704.780(a)(1), the Debtor has the burden of establishing his exemption rights. In *Albert-Sheridan v. State Bar of California (In re Albert-Sheridan)*, 2019 WL 7372667, at *7 (B.A.P. 9th Cir. Dec. 18, 2019), the court found that where a debtor asserts exemption claims based on state law, the burden of proof becomes a substantive part of the claim. Consequently, where a state law exemption statute specifically allocates the burden of proof to the debtor, as California does here, the federal bankruptcy rules do not change the allocation. *Albert-Sheridan v. State Bar of California (In re Albert-Sheridan)*, 2019 WL 7372667, at *7 (B.A.P. 9th Cir. Dec. 18, 2019); *See also In re Rolland*, 317 B.R. 402, 412 (Bankr. C.D. Cal. 2004) (where the court found that California exemption law must be applied in California bankruptcies because "California has chosen to 'opt out' of the federal exemption scheme, so California residents filing for bankruptcy are limited to the exemptions afforded under state law.")

El Mallakh is claiming a homestead exemption under CCP § 704.730, a state law that allocates the burden to the debtor. Thus, El Mallakh bears the allocated burden of proof in showing he is entitled to exemption rights pursuant to Cal. Code Civ. Proc. §704.780(a)(1).

5

**B. Entitlement to Homestead Exemption**

Under Cal. Code Civ. Proc., § 704.710(c), a homestead is defined as: (a) the principal dwelling (1) in which the judgment debtor or judgment debtor's spouse *resided on the date the judgment creditor's lien attached to the dwelling*, and (2) in which the judgment debtor or the judgment debtor's spouse *resided continuously* thereafter until the date of the court determination that the dwelling is a homestead. (Emphasis added).

Bankruptcy courts have interpreted this statute to require debtors to reside in homestead property *at the time of a forced sale*, and that filing a bankruptcy petition constitutes an implicit forced sale for purposes of an automatic homestead exemption. *Diaz v. Kosmala (In re Diaz),* 547 B.R. 329, 334 (9th Cir. BAP 2016). *See also Kelley v. Locke (In re Kelley),* 300 B.R. 11, 21 (9th Cir. BAP 2003). Belgium acknowledges that one could argue the filing date as the operative date under California law. However, it contends that this is not applicable in this case because its pre-petition judgment lien had already attached (recorded November 9,2020) and under CCP §704.710(c)(1), the facts as existed then should govern. But Belgium's argument is not the law.

The court in *Bruton v. Locke (In re Bruton)*, 167 B.R. 923, 925 (Bankr. S.D. Cal. 1994) addresses this issue. In *Bruton,* the debtor claimed a homestead exemption under CCP § 704.710. The creditor contended that debtor was not entitled to the homestead exemption because he did not reside at the dwelling on the date the judgment lien attached. *Bruton*, 167 B.R. at 925. The court held that the nature and extent of the exemption rights are determined *as of the date of petition*, and that the debtor's residency prior to the petition date need not be determined. *Id. Cisneros v. Kim (In re Kim),* 257 B.R. 680, 684 (9th Cir. BAP 2000), held that although Congress afforded significant deference to state law by allowing bankruptcy debtors to choose state exemptions, this deference does not permit a state to enact a procedural mechanism that defeats well-established law that exemption rights are determined on the petition date. *Kim,* 257 B.R. at 688. The court in

*Patriot Portfolio, LLC v. Weinstein (In re Weinstein),* 164 F.3d 677,683 (1st Cir. 1999), as cited by *Kim*, further reasoned on preemption grounds that "when discussing the interplay between § 522(f) and state exemption exceptions, the state's ability to define its exemptions is not absolute and must yield to conflicting policies in the Bankruptcy Code." *Weinstein,* 164 F.3d at 683. The *Bruton* court also cites to *Nadel v. Mayer (In re Mayer)*, 167 B.R. 186, 189 (9th Cir. BAP 1994), a case with facts parallel to ours. In *Mayer*, the Nadels recorded their judgment lien against Debtor Mayer, and tried to force a sale until Mayer filed a Chapter 7 bankruptcy petition. *Nadel v. Mayer (In re Mayer)*, 167 B.R. 186, 189 (9th Cir. BAP 1994). Mayer then claimed homestead exemption under CCP § 704.710. The Nadels objected to the homestead exemption on grounds that the debtor did not reside in the house at the time the judgment lien attached to the property. *Id.* The *Mayer* court held that the Nadels' judgment lien was irrelevant to whether Mayer was entitled to a homestead exemption. *Id.* The court reasoned that the filing of the petition constitutes in legal effect an attempt by the trustee to levy on the property, and it is this hypothetical levy the court must focus on in analyzing entitlement to homestead exemption, not the date when the judgment lien attached. *Id.* In sum, despite the language of CCP § 704.710(c)(1), under principles of preemption this court is obliged to consider facts *as they existed on the petition date in determining the exemption*.

Belgium also raises what is effectively a collateral estoppel argument based on the California court's determination that a homestead did not apply. But it is unavailing. The Ninth Circuit BAP found in *Morgan v. FDIC (In re Morgan),* 149 B.R. 147, 153 (9th Cir. BAP 1993) that a state court determination that a debtor was not entitled to a California homestead exemption could not be given *res judicata* effect where the state court decision was rendered 14 months before bankruptcy was filed. *Morgan,* 149 B.R. at 153. This was because the state court could not have been able to consider whether debtor would have been entitled to bankruptcy on the petition

7

date. *Id.* Similarly, in this case, the judgment lien was recorded on November 9, 2020, almost two years prior to the bankruptcy filing on September 19, 2022. In the intervening time, El Mallakh's circumstances changed significantly, and his testimony that he decided to move and permanently reside in the Rockefeller Property is not implausible and is not rebutted by any evidence closer in time to the critical date.

The above-stated cases emphasize that *timing is crucial here*. Although the CCP § 704.710 provides that the homestead is determined on the date the judgment lien attached to the dwelling, preemptive bankruptcy case law indicates that this court must determine where El Mallakh resided *at the time he filed his bankruptcy petition on September 19, 2022*. Below the court will analyze the two elements established in California law for determination of that homestead eligibility, but as of the petition date:

**1.  First Element**, **Residency Including Physical Occupancy**

Although not expressly defined under the statute, bankruptcy courts have identified two essential factors to determine "residency" for homestead purposes: (a) physical occupancy of the property and (b) intent to live there. *Ellsworth v. Marshall*, 196 Cal.App.2d 471, 474, 16 Cal.Rptr. 588 (1961). *See also In re Dodge*, 138 B.R. 602, 607 (Bankr.E.D.Cal.1992). These mirror the requirements of CCP §704.710 (c).

The evidence provided indicates that as of September 19, 2022, El Mallakh occupied the Rockefeller Property. This is supported by his father Essam's declaration and testimony in court that whenever he visits El Mallakh, his daughter Reem, and his grandson, they always stay as a family at the Rockefeller Property. [Essam Dec. p. 2 at lines 5-11]. Essam stated at the hearing that all El Mallakh's personal belongings are in his bedroom in Irvine, and that he has never noticed any changes.  Further, Essam also testified that, on the date of petition, September 19,

2022, he was visiting the U.S., and he witnessed El Mallakh living at the Rockefeller Property. [*Id.* p. 2 at lines 11-14]. While it is plausible that El Mallakh may have only stayed briefly in Irvine when his parents visited, as Belgium contends, this calls for evaluation of the second issue of intent, i.e., to permanently reside instead of mere temporary physical occupancy.

Intent to reside at the Rockefeller Property is the central requirement in a claim for homestead exemption, and unfortunately in this case, this is where the evidence is most lacking. The evidence El Mallakh has presented includes tax returns, bank statements, car insurance declaration, mortgage payoff statement, a gas and water bill, and a health insurance card that all provide the Rockefeller Property address. But none of this is conclusive that he intended to reside at Rockefeller since the petition date. El Mallakh also provides testimony that he always regarded Rockefeller as his primary residence, and the Santa Monica Property as a "work home" where he would stay for business and sometimes slept when he worked late nights. He states that his personal belongings, including his clothes, passport, prescriptions, and even his Invisalign retainer, were located at the Rockefeller Property. Belgium, in rebuttal, argues that the evidence of an updated driver's license and car registration for January 18, 2023, that expired several months prior, provide a possible interpretation that El Mallakh may have terminated the lease for the Santa Monica Property in January 2023, and only then decided to move into Rockefeller well after the petition date. However, this is more speculative than persuasive.

Undermining El Mallakh's testimony is that he has testified otherwise in the past when it served his purposes and admitted that he lied to support his defense of the Florida lawsuit. Consequently, El Mallakh lacks credibility. Perhaps the only reliable source here is his father Essam's testimony, as he is the only person on debtor's side that provides persuasive testimony, as stated above, for the court to believe that El Mallakh both occupied and intended to reside at the

9

Rockefeller Property as of the petition date.[1] When viewing all the circumstantial evidence and witness testimony provided by El Mallakh, who bears the burden here, the court finds that there is just barely enough to show that he both physically occupied and had the intent to reside at the Rockefeller Property as of the petition date.

This was a challenging decision, but it should not have been. The issue is simple, where did El Mallakh reside when he filed for bankruptcy, and where did he intend to live? What makes this case so difficult is that El Mallakh has proven himself to be an untrustworthy witness. Because the court cannot rely on his word, it is forced to base its decision on the scarce objective evidence otherwise provided and Essam's testimony. Frustrating this court even more is that the evidence concerning facts as of the petition date is limited because the parties, particularly Belgium, focused on the events that occurred well pre-petition. While Belgium was admirably comprehensive in showing background information and El Mallakh's lack of credibility, it was not helpful to Belgium's case as it could not establish whether El Mallakh resided at the Rockefeller Property *at the time of the petition*. Although the burden of proof is on El Mallakh, bankruptcy courts must "liberally construe the law and facts to promote the beneficial purposes of the homestead legislation and to benefit the debtor." *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 964 (9th Cir. 2018). The court does not condone El Mallakh's self-serving approach of saying anything to win, and, mostly for those reasons, observes that Debtor came within an inch of losing the exemption. But the reality is that even perjurers may be entitled to a homestead exemption.

// //

---

[1] Reem also submitted a declaration supporting El Mallakh's argument, but her failure to testify at trial severely undermined its value as evidence.

10

**2. Second Element, Continuous Residency**

One of Belgium's contentions is that even if El Mallakh had been residing at the Rockefeller Property as of the petition date, his residency was not continuous because he left for Egypt soon after (from March 2023) and was absent for several months before returning to the Rockefeller Property. [Belgium Pre-Hearing Brief p. 33 at lines 16-21]. Thus, Belgium argues, Debtor fails the second element found in cases like *Ellsworth* and *Dodge*. The court is not persuaded by this argument. In *Dodge,* temporary absence from the property was permitted, so long as the debtor intended to occupy the property as a principal dwelling. *Dodge,* 138 B.R. at 607; s*ee also, In re Anderson, 824 F.2d 754, 756 (9th Cir.1987)*; *In re Yau*, 115 B.R. 245, 249 (Bankr.C.D.Cal.1990). Further, an amendment to CCP § 704.710, subd. (c) deleted the word "actually" from before the word "reside" for the purpose of "avoiding a possible construction that a person temporarily absent (such as a person on vacation or in the hospital) could not claim a dwelling exemption for his or her principal dwelling…, merely because the person is temporarily absent, even though the dwelling is the person's principal dwelling and residence." Cal. Law Revision Com. com., 17 West's Ann.Code Civ. Proc. (2009 ed.) foll. § 704.710, p. 131.

In this case, leaving for Egypt for a few months does not necessarily break the required continuity. Despite his general lack of credibility, the court is sympathetic to El Mallakh's reasons given in live testimony that he had not been back to Egypt in years and wanted to visit relatives and spend quality time with his ailing mother. It is not uncommon for individuals to travel to other parts of the world for extended periods of time but still with the intent to return to their primary residence in the United States. Given that there is no evidence that El Mallakh purchased another home on his visit or made any effort to move his life to Egypt on a permanent basis, the court finds that El Mallakh occupied the Rockefeller Property and intended to continuously reside there at the time of the bankruptcy filing; he thus qualifies for the exemption.

11

## IV. CONCLUSION

Belgium' objection is overruled and El Mallakh shall be entitled to his claim of $626,400 as a homestead exemption pursuant to Cal. Code Civ. Proc. § 704.730. This memorandum shall constitute the writing required under Fed. R. Civ. P. 52(a)(1). El Mallakh shall submit an order consistent with this memorandum.

###

Date: September 6, 2023

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge