PATRICK MILLER
Email: Patrick.miller@impactadvocateslaw.com
Impact Advocates APC
121 S Oak Ave
Pasadena, CA 91107
Telephone:    213-364-7581


Attorney for Judgement Creditor
BELGIUM INVESTMENTS 960 BAY DR,
LLC A CALIFORNIA CORP.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re Bassem Victor El Mallakh

Case No 8:22-bk-11605-TA
Chapter 7

**NOTICE OF MOTION &
MOTION FOR RULING ON
OUTSTANDING MOTIONS**

**Date**: 7 Nov 2023
**Time**: 11:00am

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES
BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE
DEBTOR AND HIS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on 7 November 2023 at 11:00 am, or as soon thereafter

as the Court may hear the matter, in Courtroom 5B (or via Zoom) of the United States

Bankruptcy Court located at 411 West Fourth Street, Santa Ana, CA 92701, the Court will

conduct a hearing on the **MOTION FOR RULING ON OUTSTANDING MOTIONS** filed by

the Creditor Belgium Investments 960 Bay Dr, LLC, a California Corp. ("**Belgium**")

This Motion for Ruling on Outstanding Motions is based on this Notice, the

accompanying Memorandum of Points and Authorities, all pleadings on file in this case, all other

matters of which this Court may take judicial notice pursuant to Rule 201 of the Federal Rules of

Evidence, and such other arguments and/or evidence as may be presented at or prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that any response/opposition to the Motion for Ruling on Outstanding Motions must be in writing, filed with the Court, and served on counsel for Belgium at the address listed above, at least 14 days prior to the hearing date of 7 November 2023.

**PLEASE TAKE FURTHER NOTICE** that the failure to respond in writing by the above referenced deadline may be deemed by the Court to be a lack of opposition to the relief requested in the Motion.

Dated:        11 Oct 2023                                    Impact Advocates APC

By_____
Patrick Miller
Attorney for Belgium Investments

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PATRICK MILLER<br>Email: Patrick.miller@impactadvocateslaw.com<br>Impact Advocates APC<br>121 S Oak Ave<br>Pasadena, CA 91107<br>Telephone:    213-364-7581<br><br>Attorney for Judgment Creditor and Movant<br><br>☐ **Attorney for Movant**<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -Central DIVISION**

| In re: El Mallakh | CASE NO.: 8:22-bk-11605-TA |
|---|---|
| | CHAPTER:  7 |
| Debtor(s) | **SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |
| | HEARING DATE:  7 Nov 2023<br>HEARING TIME: 11:00am |

**Movant:**

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

> **MOTION FOR RULING ON OUTSTANDING MOTIONS**

2. Notwithstanding any language in the Notice advising or suggesting that the hearing will be held physically in one of the Court's courtrooms, **please be advised that due to the COVID-19 pandemic, the Court will conduct the hearing remotely, using ZoomGov audio and video technology.**  Individuals will not be permitted access to the courtroom.  Information on how to participate in the hearing remotely using ZoomGov is provided on the following page of this notice.

3. Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

4. Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. Individuals also may connect to the hearing by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

9. The following is the unique ZoomGov connection information for the above-referenced hearing:

Video/audio web address:

https://cacb.zoomgov.com/j/1611801765

ZoomGov meeting number: 161 180 1765

Password: 800680

Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

10. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address:  https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants.

Date:  10/11/23

Impact Advocates APC

Printed name of law firm (if applicable)

Patrick Miller Attorney for Creditor Movant

Printed name of individual Movant or attorney for Movant

## POINTS & AUTHORITIES

There are currently three outstanding Motions filed by Belgium on which the Court has not yet provided a ruling. These Motions are:

- Belgium's Motion for Sanctions due to Debtor's Perjury [Dckt 154];

- Belgium's Motion for Relief from Stay of Enforcement [Dckt 184]; and

- Belgium's Motion for Dismissal [Dckt 190].

It was intended that these Motions would be addressed on the same day that the evidentiary hearing on Belgium's Homestead Objection took place (on 24 August 2023). But as matters occurred, these Motions have not yet been resolved.

The Court issued its decision on Debtor's Homestead Exemption on 6 September 2023, although there has not yet been a ruling filed in connection with this decision.  Notwithstanding the Court's decision on the homestead issue, the outstanding Motions still require a decision.

The bases for these Motions are set out in detail in the respective submissions and need not be replicated here other than the points below which follow from the homestead evidentiary hearing.

Belgium's position is that Debtor should face serious sanctions for his perjury irrespective as to the decision on homestead. Such sanctions should include dismissal, and any other relief the Court deems appropriate under the circumstances. This should certainly include a referral to criminal prosecutors. Debtor made clear before this Court the scope and extent of his perjury. Such conduct must not be tolerated.

While Belgium hopes that the bankruptcy case will be dismissed outright, Belgium would also request that relief from stay of enforcement be granted if this case is to continue.

The Court's decision following the homestead evidentiary hearing would indicate that Debtor is entitled to claim a homestead exemption over the Rockefeller Property. Nonetheless, Belgium still maintains a substantial claim against Debtor secured by the Rockefeller Property.

As is accepted by Debtor in its previous filings, Belgium holds a secured claim over the remaining equity in the Rockefeller Property totaling **$250,521.85**[1]. This is because:

- The Rockefeller Property is valued at $1,120,000.

- Debtor's Chapter 11 Plan of Reorganization shows that Freedom Mortgage Corporation holds a claim of $243,078.50 secured by the Rockefeller Property.

- Debtor's homestead exemption amounts to $626,400.

- Belgium holds a secured claim amounting to the remaining equity in Rockefeller.

Belgium wishes to continue its efforts to enforce its secured claim over the remaining equity in the Rockefeller Property. It therefore respectfully requests this Court to issue an order allowing it to take necessary steps to enforce the Sale Order received from the Orange County Superior Court dated 10 May 2022 (see Exhibit 2).

Dated:          11 Oct 2023                                        Impact Advocates APC

By_____
Patrick Miller
Attorney for Belgium Investments

---

[1] See footnote 1 of Debtor's Chapter 11 Plan of Reorganization at Exhibit 1.

PROOF OF ELECTRONIC SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is 121 S Oak Ave, Pasadena, CA 91107.

A true and correct copy of the foregoing described as **MOTION FOR RULING ON OUTSTANDING MOTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d) (through electronic filing); **(b)** on the Debtor through regular mail to his address at 116 Rockefeller, Irvine, CA, 92612; and **(c)** in the manner stated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/11/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chad L Butler on behalf of Interested Party Courtesy NEF
caecf@tblaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Benjamin Heston on behalf of Interested Party Benjamin Heston
bhestonecf@gmail.com,
benheston@recap.email,NexusBankruptcy@jubileebk.net

Patrick Miller on behalf of Creditor Belgium Investments 960 Bay Dr,

LLC A California Corp.

patrick.miller@impactadvocateslaw.com


Randall P Mroczynski on behalf of Creditor TD Bank, N.A., successor in

interest to TD Auto Finance LLC

randym@cookseylaw.com


United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov


Weneta M.A. Kosmala (TR)

c/o Law Offices of Weneta M.A. Kosmala

ecf.alert+Kosmala@titlexi.com

(Trustee)

I declare under penalty of perjury under the laws of the State of California that the above is true

and correct.

Executed on this 10/11/2022, at Pasadena, California.

Patrick Miller

# EXHIBIT "1"

1  MICHAEL JAY BERGER (State Bar # 100291)
   SOFYA DAVTYAN (State Bar # 259544)
2  LAW OFFICES OF MICHAEL JAY BERGER
   9454 Wilshire Blvd. 6th Floor
3  Beverly Hills, CA 90212-2929
   Telephone:    (310) 271-6223
4  Facsimile:    (310) 271-9805
   Michael.Berger@bankruptcypower.com
5  Sofya.Davtyan@bankruptcypower.com

6  Attorneys for Debtor and Plan Proponent
   Bassem Victor El Mallakh
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SANTA ANA DIVISION

11  In re:                          )  CASE NO.:8:22-BK-11605-TA
12                                  )
                                    )  Chapter 11
13                                  )
                                    )  **DEBTOR'S CHAPTER 11 PLAN OF**
14  Bassem Victor El Mallakh,       )  **REORGANIZATION**
                                    )
15              Debtor-in-Possession.)  Continued Status Hearing
16                                  )
                                    )  Date: March 23, 2023
17                                  )  Time:10:00 a.m.
                                    )  Ctrm: 5B [via ZoomGov]
18                                  )  411 West Fourth Street
                                    )  Santa Ana, CA 92701-4593
19                                  )
20                                  )
                                    )
21  _____  )
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

                              1

## Table of Contents

I.    INTRODUCTION ..................................................................................................... 3

I.    INTERPRETATIONS AND RULES OF CONSTRUCTION ................................. 3

1)    Rules of Interpretation ........................................................................................ 3

Class 1 – Secured Claims ...................................................................................... 6

Class 2 - General Unsecured Claims ..................................................................... 9

III.    MEANS OF PERFORMING THEPLAN ........................................................... 9

i.    *Funding for the Plan* ...................................................................................... 9

ii.    *Management of the Reorganized Debtor* ..................................................... 9

iii.    *Disbursing Agent* ......................................................................................... 9

A.    RISK FACTORS .................................................................................................. 10

B.    SECTION 1111(B) ELECTION .......................................................................... 10

C.    OTHER PROVISIONS OF THEPLAN .............................................................. 10

1.    EXECUTORY CONTACTS AND UNEXPIRED LEASES ........................... 10

i.    *Assumptions* ................................................................................................. 10

ii.    *Rejections* .................................................................................................... 10

IV.    EFFECT OF CONFIRMATION OFPLAN ....................................................... 11

1.    DISCHARGE ...................................................................................................... 11

2.    REINVESTING OF PROPERTY IN THE DEBTOR .................................... 11

3.    MODIFICATION OF THEPLAN .................................................................... 11

4.    POST-CONFIRMATION EMPLOYMENT AND COMPENSATION OF
REORGANIZED DEBTOR'S PROFESSIONAL ............................................... 11

5.    POST-CONFIRMATION CONVERSION/DISMISSAL ............................... 12

6.    FINAL DECREE ................................................................................................ 12

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

## I.    INTRODUCTION

Debtor, Bassem Victor El Mallakh (the "Debtor"), Debtor-in-Possession in the above-referenced Chapter 11 case, commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on September 19, 2022. He is hereinafter referred to as the "Debtor."

*The Effective Date of the Plan shall be the first business day that is fourteen (14) calendar days after the entry of the order confirming the Plan, with payment beginning by the first day of the following month. Debtor's Plan provides for certain payments to be made on the Effective Date.*

Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Plan of Reorganization. The Plan of Reorganization may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. *The Debtor in this case is the proponent (the "Proponent") of a Reorganization Plan* (the " Plan").

In summary, this is a reorganizing plan that provides for payment to holders of allowed claims over time. The timing of plan payments to particular creditor groups will depend upon their classification under the Plan.

THE DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION (hereinafter the "Disclosure Statement") also accompanies this Plan. The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.

## I.    INTERPRETATIONS AND RULES OF CONSTRUCTION

**a) Interpretation, Computation of Time and Governing Law**

**1) Rules of Interpretation**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit fled or to be filed means such document or Exhibit, as it may have been or may be , modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in §102 of the Bankruptcy Code shall apply.

**2) Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**3) Section Numbers.**

References in this Plan and the Disclosure Statement to a code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### a)  General Overview

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The

Plan also describes the treatment each class will receive under the Plan. The Proponent will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

### 1. Unclassified Claims

Certain types of claims are not placed into voting classes; instead, they are unclassified. Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

### i. ADMINISTRATIVE CLAIMS

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. The following is an estimate of the §507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Michael Jay Berger (Debtor's bankruptcy counsel) | $30,000.00 (estimated); subject to court approval | To be paid upon approval of the fee application, unless an alternate agreement is reached between Debtor and Debtor's Bankruptcy Counsel. |
| Clerk's Office Fees | $0.00 (estimated) | Paid when due. |

| Office of the U.S. Trustee | $250.00 (estimated). Actual amount to be determined per quarter. | Quarterly fees, as required by 28 U.S.C. §1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
|---|---|---|

## Court Approval of Fees Required

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court. Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

### ii.    PRIORITY TAX CLAIMS

Priority tax claims are certain unsecured income, employment and other taxes described by §507(a)(8). The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the petition date.

Debtor has the following priority tax claims:

(1) Internal Revenue Service: $27.97 [POC #5].  This claim will be paid in full in one lump-sum payment on the Effective Date at the applicable interest rate, currently 7%.

### iii.    Classified Claims and Interests

### Class 1 – Secured Claims

**CLASS 1(A)**

**Claim/Collateral:** Freedom Mortgage Corporation ("Freedom Mortgage") holds a claim secured by Debtor's principal residence located at 116 Rockefeller, Irvine, CA 92612 (the "Property") for $243,078.15 [POC #8]. The claim includes $63,820.41 in pre-petition arrears.

**Impaired/Not Impaired:** Impaired.

**Treatment:** Debtor has been making the post-petition regular mortgage payments to Freedom Mortgage and will stay current with the monthly contractual payments, currently $1,961.41. Debtor also proposes to cure the pre-petition arrears of $63,820.41 over 60 months by tendering equal monthly payments of $1,063.67 each, with the first payment of $1,063.67 due on the first of the month following the effective date, and continuing monthly for an additional 59 months until the arrears are paid in full.

**CLASS 1(B)**

**Claim/Collateral:** Belgium Investments 960 Bay Dr. LLC ("Belgium") filed a claim secured through a recorded abstract of judgment against Debtor's Property for $5,436,919.76 [POC #9]. Belgium's POC #9 acknowledges the value of Debtor's Property at $1,120,000.00, bifurcates its own claim into $876,921.85 secured claim and $4,559,997.91 unsecured claim.

**Impaired/Not Impaired:** Impaired.

**Treatment:** Through the Plan, Debtor bifurcates Belgium's claim into $250,521.85[1] secured claim ("secured claim") and $5,186,397.91 as a general unsecured claim. Debtor proposes to pay Belgium's $250,521.85 secured claim over 60 months from the effective date at 10% interest, by offering monthly payments of $5,322.85, with the first payment of $5,322.85 due on the effective date, followed by 59 consecutive payments thereafter, each in the amount of $5,322.85, until the secured claim is paid in full.

**CLASS 1(C)**

**Claim/Collateral:** TD Bank, N.A., successor in interest to TD Auto Finance LLC ("TD Bank") holds a claim secured by Debtor's 2016 Mercedes C300 for $6,732.97 [POC #2]. POC #2 reflects $6,392.74 in pre-petition arrears.

---

[1] **Debtor has a pending motion to avoid Belgium's Lien per 11 U.S.C. Section 522(f) which is set for a hearing on March 23, 2023 concurrently with Belgium's Motion Objecting to Debtor's Claimed Homestead Exemption. The value of $250,521.85 is computed by deducting the balance owed to Freedom Mortgage from the value of the Property ($1,120,000.00 which Belgium did not dispute and in fact used in its proof of claim #9) less the Debtor's homestead exemption, which reduced Belgium's lien to $250,521.85. The Property has two additional junior liens, The Townes at Central Park West Assn [POC #3] and Central Park West Community Association [POC #6], both of which are being avoided through the plan as they are junior to Belgium's claim and are fully undersecured.**

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

**Impaired/Not Impaired:** Impaired.

**Treatment:** Debtor entered into a Stipulation with TD Bank for Resolution of Motion for Relief From the Automatic Stay, For Maintenance of Adequate Protection Payments and For Resolution of Claim Treatment Issues ("TD Stipulation") [docket no.: 49], and order approving TD Stipulation [docket no.: 50]. A true and correct copies of the TD Stipulation and order approving TD Stipulation are attached hereto as **Exhibit-F** to the Disclosure Statement, and the terms of the TD Stipulation are incorporated herein by this reference.  Pursuant to TD Stipulation, Debtor shall pay TD Bank the secured claim of $6,732.97 at 8.25% interest rate. Debtor shall make monthly pre-confirmation adequate protection payments and post-confirmation plan payments to TD Bank in the amount of $211.76 commencing November 15, 2022 and continuing on the 9th day of each month thereafter until the secured claim is paid in full.

## SECURED CLAIMS WHICH ARE FULLY UNDERSECURED AND TREATED IN CLASS 2 AS GENERAL UNSECURED CLAIMS

1. **The Townes at Central Park West Assn** ("Townes") filed a claim secured by Debtor's Property in the amount of $7,276.60 [POC #3], which claim arises from February 4, 2022 judgment with the abstract of judgment recorded on February 9, 2022.  Since Townes' claim is junior to Belgium's abstract of judgment which was recorded on November 9, 2020, it is fully undersecured, is avoided through Debtor's Plan, and treated in Class 2 as a general unsecured claim.

2. **Central Park West Community Association** ("Central Park") filed a claim secured by Debtor's Property in the amount of $2,878.93 [POC #6], which claim arises from a notice of delinquent assessment which was recorded on May 16, 2022. Since Central Park's claim is junior to Belgium's abstract of judgment which was recorded on November 9, 2020, it is fully undersecured, is avoided through Debtor's Plan, and treated in Class 2 as a general unsecured claim.

## Class 2 - General Unsecured Claims

**Claim:**

General unsecured claims are unsecured claims not entitled to priority under Code §507(a). In the present case, the Debtor estimates that there are approximately $5,209,476.19 in general unsecured debts. See **Exhibit B-3** of Disclosure Statement for details regarding the treatment of each creditor's claim. General unsecured claims classified in **Class 2** will receive a total of approximately 1.25%[2] of their claims in monthly payments over 60 months.

**Impaired/Not Impaired:** Impaired.

**Treatment**: Holders of General Unsecured Claims will receive their pro-rata share of $1,085.56 per month for 60 months for a total of $65,133.76. The first payment of $1,085.56 will be due on the Effective Date, followed by 59 consecutive monthly payments thereafter, with each payment due by the first of the month.

## III.    MEANS OF PERFORMING THE PLAN

i.    *Funding for the Plan*

The Debtor will fund the Plan from the rental income and the contribution from his father (Essam El Mallakh) until Debtor finds an employment, at which time the contribution will either end or will be reduced as needed.

ii.    *Management of the Reorganized Debtor*

This provision is not applicable as this is an individual case.

iii.    *Disbursing Agent*

Debtor shall act as the disbursing agent for the purpose of making the distributions to all classes provided for under the Plan. He shall not be compensated for performing these services.

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent.

---

[2] See the Absolute Priority Rule section for further analysis re New Value Contribution and Exhibit-E (liquidation analysis).

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be re-vested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

## A. RISK FACTORS

The Plan contemplates payments to certain classes of creditors over time following the Effective Date. The Debtor believes that he will be able to meet all of his financial obligations under the Plan because he intends to continue to receive the rental income from his sister and the family contribution from his father. When Debtor finds an employment, the contribution will either seize or will be reduced as needed. The contributions to be provided by Debtor's father are gift contributions to the Debtor, for which no repayment will be sought from the Debtor.

## B. SECTION 1111(B) ELECTION

Under §1111(b) of the Bankruptcy Code, a creditor holding a nonrecourse claim or a partially secured creditor may elect to be considered a full recourse creditor. Holders of secured claims are advised to consult their own counsel to evaluate whether or not it is in their best interest to make the election. Federal Rule of Bankruptcy Procedure 3014 states that such election must be made prior to the conclusion of the hearing on the Disclosure Statement.

## C. OTHER PROVISIONS OF THEPLAN

1. EXECUTORY CONTACTS AND UNEXPIRED LEASES

   *i.    Assumptions*

The Debtor is a party to a Retail Installment Sale Contract with TD Bank for the 2016 Mercedes C300.  Debtor intends to retain the vehicle and assume the contract.

   *ii.    Rejections*

Any unexpired lease or executory contract not expressly rejected shall be deemed assumed as of the Effective Date. Debtor does not have any unexpired leases or executory contracts it intends to reject.

RETENTION OF JURISDICTION

The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court. At that time the bankruptcy case will be closed.

## IV.    EFFECT OF CONFIRMATION OF PLAN

### 1.  DISCHARGE

Debtor is eligible for a discharge upon completion of the payments required under the Plan.

### 2.  REINVESTING OF PROPERTY IN THE DEBTOR

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

From and after the Effective Date, the Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and are free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

### 3.  MODIFICATION OF THE PLAN

Debtor may modify the Plan pursuant to 11 U.S.C. §1127.

### 4.  POST-CONFIRMATION EMPLOYMENT AND COMPENSATION OF REORGANIZED DEBTOR'S PROFESSIONAL

After the Confirmation Date, the Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-confirmation Professionals") as it may desire to render services on such terms as it deems reasonable. With respect to services rendered by the Post-Confirmation Professionals, the

Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

In the event there is a default by Debtor in its payment of fees to Law Offices of Michael Jay Berger ("Berger"), Berger will give the Debtor notice of the default by electronic mail and advise the Debtor that it has ten (10) days to cure the default. If Debtor does not cure within that time period, Berger will be permitted to accelerate the balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it including the costs and expenses related to the recording of the order and costs of collection. Berger shall not be required to get any further approval of this Court for payments related to outstanding fees.

Berger and Debtor are permitted to communicate and agree to payment of Berger's administrative claim on an expedited basis, if the ability to pay arises.

## 5. **POST-CONFIRMATION CONVERSION/DISMISSAL**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within one hundred and eighty (180) days after the entry of the order of confirmation.

## 6. **FINAL DECREE**

The Debtor reserves the right to request an entry of the Final Decree once the Plan has been substantially consummated.

DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

1    Dated: March 14, 2023                    LAW OFFICES OF MICHAEL JAY BERGER

2

3                                    By:    _____

4                                           MICHAEL JAY BERGER
                                            SOFYA DAVTYAN
5                                           Attorneys for Debtor and Plan Proponent
                                            Bassem Victor El Mallakh
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/14/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Counsel for Debtor: Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee; Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Interested Party: Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Chad L Butler caecf@tblaw.com
Counsel for TD Bank: Randall P Mroczynski randym@cookseylaw.com
Counsel for Belgium Investments 960 Bay Dr, LLC: Patrick Miller    patrick.miller@impactadvocateslaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 3/14/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
U.S. Trustee
Nancy S. Goldenberg
411 W. Fourth St., Ste. 7160
Santa Ana, CA 92701

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 3/14/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Honorable Theodore Albert**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5085 / Courtroom 5B**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/14/2023 | Peter Garza | /s/Peter Garza |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "2"**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 10 2022

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

1  Patrick Miller: State Bar # 301819
P Miller Legal Services
2  121 S Oak Ave
Pasadena, CA 91107
3  213-364-7581
Patrick.miller@pmillerlegal.com
4

5

Attorney for the Judgement Creditor
6  Belgium Investments 960 Bay Dr, LLC, a California Corp.

7

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
**IN AND FOR THE COUNTY OF ORANGE**
9

10

| | |
|---|---|
| **Belgium Investments 960 Bay Dr, LLC, a California Corp.** | Case Number: 30-2020-01148745-CU-EN-CJC |
| Plaintiff(s), | **ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING** |
| vs. | |
| **Bassem Essam El Mallakh** | DATE: |
| Defendant(s). | TIME: |
| | DEPARTMENT: C12 |

The application of Plaintiff Belgium Investments 960 Bay Dr, LLC, a California Corp. for an order for sale of a certain dwelling, namely: the real property located at 116 Rockefeller, Irvine, CA 92612 and owned by the Judgement Debtor, Bassem Essam El Mallakh, (hereinafter, the "Rockefeller Property"), came on regularly for hearing by the court on 21 April 2022. Plaintiff appeared by counsel Patrick Miller; opposing party, Defendant Bassem Essam El Mallakh, appeared by counsel Michael Sayer.

ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING

1  On proof made to the satisfaction of the court that the property is not subject to any homestead

2  exemption and that the application ought to be granted,

3  IT IS ORDERED that the application be, and it hereby is, granted. The clerk shall forthwith

4  transmit a copy of the order in accordance with Code of Civil Procedure Section 704.780.

5

6  IT IS FURTHER ORDERED that the property be sold in the manner provided in Code of Civil

7  Procedure Sections 701.510-701.680.

8

9  Date: _____  MAY 1 0 2022

10                                          _____
                                            Layne H. Melzer
                                            JUDGE OF THE SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING APPLICATION FOR ORDER OF SALE OF DWELLING